IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MOBILEMEDIA IDEAS LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. _____ |
| | ) | |
| APPLE INC., | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff MobileMedia Ideas LLC ("MMI"), by and through its undersigned

attorneys, demands a trial by jury on all issues and hereby alleges as follows for its Complaint

against Defendant Apple Inc. ("Apple" or "Defendant"):

### PARTIES

1.     Plaintiff MMI is a limited liability company organized and existing under

the laws of the State of Delaware and has its principal place of business in Chevy Chase,

Maryland.  MMI owns the patents at issue in this litigation.

2.     Defendant Apple is a corporation organized and existing under the laws of

the State of California and has its principal place of business in Cupertino, California.  Apple is

engaged in the design, manufacture, marketing and sale of, among other things, smartphone

devices and personal media players, including but not limited to the iPhone 3G, iPhone 3GS,

iPod touch, iPod nano, iPod classic and iPod shuffle.  Apple sells its devices throughout the

United States and specifically in this district through its retail location at 166 Christiana Mall,

Newark, Delaware 19702.

## JURISDICTION AND VENUE

3.      This action arises under the patent laws of the United States.  MMI asserts claims for patent infringement under 35 U.S.C. §§ 271 and 281.

4.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

5.      This Court has personal jurisdiction over Apple because, by placing its electronic devices into the stream of commerce including into the State of Delaware, Apple has sufficient minimum contacts with the State of Delaware, making it amenable to suit in this district.

6.      Apple does business in this district, including making, using, selling, offering to sell and/or importing products for sale in Delaware, including but not limited to through sales at its retail store in Newark, Delaware where Apple sells its infringing devices. Venue is therefore appropriate pursuant to 28 U.S.C. § 1400(b) and 28 U.S.C. § 1391(c).

## SUMMARY OF CLAIMS

7.      This is a patent infringement action brought by MMI against Defendant for Defendant's infringement of MMI's patents.

8.      MMI owns all of the patents-in-suit and offers non-exclusive licenses under the MMI patents.

9.      Defendant is infringing the patents-in-suit by, among other things, making, importing, using, offering to sell and/or selling in the United States and in this judicial district Defendant's smartphone and personal media player products, which employ MMI patented technology.

10.     In making, importing, using, offering to sell and/or selling the infringing products, providing customers with instructions about the use of such products and continuing

- 2 -

such acts, Defendant knew or should have known the products would be used in an infringing

manner.  Defendant intended to encourage this infringement and continues to do so.

## FACTS

### Patents-In-Suit

11.     United States Patent No. 6,253,075 (the "'075 Patent") was duly and

legally issued on June 26, 2001 and was assigned to MMI on January 11, 2010 for an invention

entitled "Method and apparatus for incoming call rejection."  Plaintiff MMI owns and holds the

rights to the '075 Patent, a copy of which is attached hereto as Exhibit A.

12.     United States Patent No. 6,427,078 (the "'078 Patent") was duly and

legally issued on July 30, 2002 and was assigned to MMI on January 11, 2010 for an invention

entitled "Device for personal communications, data collection and data processing, and a circuit

card."  Plaintiff MMI owns and holds the rights to the '078 Patent, a copy of which is attached

hereto as Exhibit B.

13.     United States Patent No. Re. 39231 (the "'231 Patent") was duly and

legally issued on August 8, 2006 and was assigned to MMI on January 11, 2010 for an

invention entitled "Communication terminal equipment and call incoming control method."

Plaintiff MMI owns and holds the rights to the '231 Patent, a copy of which is attached hereto

as Exhibit C.

14.     United States Patent No. 5,737,394 (the "'394 Patent") was duly and

legally issued on April 7, 1998 and was assigned to MMI on January 11, 2010 for an invention

entitled "Portable telephone apparatus having a plurality of selectable functions activated by the

use of dedicated and/or soft keys."  Plaintiff MMI owns and holds the rights to the '394 Patent,

- 3 -

a copy of which is attached hereto as Exhibit D.

15.     United States Patent No. 6,002,390 (the "'390 Patent") was duly and legally issued on December 14, 1999 and was assigned to MMI on January 11, 2010 for an invention entitled "Text input device and method." Plaintiff MMI owns and holds the rights to the '390 Patent, a copy of which is attached hereto as Exhibit E.

16.     United States Patent No. 6,070,068 (the "'068 Patent") was duly and legally issued on May 30, 2000 and was assigned to MMI on January 11, 2010 for an invention entitled "Communication terminal device and method for controlling a connecting state of a call into a desired connection state upon a predetermined operation by a user." Plaintiff MMI owns and holds the rights to the '068 Patent, a copy of which is attached hereto as Exhibit F.

17.     United States Patent No. 6,393,430 (the "'430 Patent") was duly and legally issued on May 21, 2002 and was assigned to MMI on January 11, 2010 for an invention entitled "Method and system for automatically recording music data files by using the hard drive of a personal computer as an intermediate storage medium." Plaintiff MMI owns and holds the rights to the '430 Patent, a copy of which is attached hereto as Exhibit G.

18.     United States Patent No. 6,441,828 (the "'828 Patent") was duly and legally issued on August 27, 2002 and was assigned to MMI on January 11, 2010 for an invention entitled "Image display apparatus." Plaintiff MMI owns and holds the rights to the '828 Patent, a copy of which is attached hereto as Exhibit H.

19.     United States Patent No. 6,446,080 (the "'080 Patent") was duly and legally issued on September 3, 2002 and was assigned to MMI on January 11, 2010 for an invention entitled "Method for creating, modifying, and playing a custom playlist, saved as a

- 4 -

virtual CD, to be played by a digital audio/visual actuator device." Plaintiff MMI owns and holds the rights to the '080 Patent, a copy of which is attached hereto as Exhibit I.

20.    United States Patent No. 6,549,942 (the "'942 Patent") was duly and legally issued on April 15, 2003 and was assigned to MMI on January 11, 2010 for an invention entitled "Enhanced delivery of audio data for portable playback." Plaintiff MMI owns and holds the rights to the '942 Patent, a copy of which is attached hereto as Exhibit J.

21.    United States Patent No. 6,760,477 (the "'477 Patent") was duly and legally issued on July 6, 2004 and was assigned to MMI on January 11, 2010 for an invention entitled "Method and apparatus for entering data strings including Hangul (Korean) and ASCII characters." Plaintiff MMI owns and holds the rights to the '477 Patent, a copy of which is attached hereto as Exhibit K.

22.    United States Patent No. 7,313,647 (the "'647 Patent") was duly and legally issued on December 25, 2007 and was assigned to MMI on January 11, 2010 for an invention entitled "Storage and reproduction apparatus." Plaintiff MMI owns and holds the rights to the '647 Patent, a copy of which is attached hereto as Exhibit L.

23.    United States Patent No. 7,349,012 (the "'012 Patent") was duly and legally issued on March 25, 2008 and was assigned to MMI on January 11, 2010 for an invention entitled "Imaging apparatus with higher and lower resolution converters and a compression unit to compress decreased resolution image data." Plaintiff MMI owns and holds the rights to the '012 Patent, a copy of which is attached hereto as Exhibit M.

24.    United States Patent No. 5,915,239 (the "'239 Patent") was duly and legally issued on June 22, 1999 and was assigned to MMI on January 11, 2010 for an invention

- 5 -

entitled "Voice-controlled telecommunication terminal." Plaintiff MMI owns and holds the rights to the '239 Patent, a copy of which is attached hereto as Exhibit N.

**Notice to Defendant**

25.     On February 22, 2010, Apple was notified by letter that its smartphone products, including the iPhone 3G and iPhone 3GS, and personal media player products, including the iPod touch, iPod nano, iPod classic and iPod shuffle, have infringed and continue to infringe the patents-in-suit.

## FIRST CAUSE OF ACTION

(Infringement of the '075 Patent)

26.     MMI repeats and realleges paragraphs 1 through 25 of its Complaint as though fully set forth in this paragraph.

27.     MMI is the legal owner by assignment of all rights, title and interest in and to the validly issued '075 Patent.

28.     Apple has infringed and continues to infringe, directly or indirectly, this patent by making, using, selling, offering to sell and/or importing smartphone models iPhone 3G and iPhone 3GS in violation of 35 U.S.C. § 271.

29.     Apple's infringement of the '075 Patent is willful and in deliberate disregard of MMI's rights under the patent.

30.     As a result of Defendant's patent infringement, MMI has suffered and will continue to suffer damages and irreparable injury as Apple continues broadly distributing its infringing devices in the marketplace.

DB02:9442398.1                                                    069353.1002

## SECOND CAUSE OF ACTION

(Infringement of the '078 Patent)

31.     MMI repeats and realleges paragraphs 1 through 30 of its Complaint as though fully set forth in this paragraph.

32.     MMI is the legal owner by assignment of all rights, title and interest in and to the validly issued '078 Patent.

33.     Apple has infringed and continues to infringe, directly or indirectly, this patent by making, using, selling, offering to sell and/or importing smartphone models iPhone 3G and iPhone 3GS in violation of 35 U.S.C. § 271.

34.     Apple's infringement of the '078 Patent is willful and in deliberate disregard of MMI's rights under the patent.

35.     As a result of Defendant's patent infringement, MMI has suffered and will continue to suffer damages and irreparable injury as Apple continues broadly distributing its infringing devices in the marketplace.

## THIRD CAUSE OF ACTION

(Infringement of the '231 Patent)

36.     MMI repeats and realleges paragraphs 1 through 35 of its Complaint as though fully set forth in this paragraph.

37.     MMI is the legal owner by assignment of all rights, title and interest in and to the validly issued '231 Patent.

38.     Apple has infringed and continues to infringe, directly or indirectly, this patent by making, using, selling, offering to sell and/or importing smartphone models iPhone 3G and iPhone 3GS in violation of 35 U.S.C. § 271.

- 7 -

39.     Apple's infringement of the '231 Patent is willful and in deliberate disregard of MMI's rights under the patent.

40.     As a result of Defendant's patent infringement, MMI has suffered and will continue to suffer damages and irreparable injury as Apple continues broadly distributing its infringing devices in the marketplace.

## FOURTH CAUSE OF ACTION

### (Infringement of the '394 Patent)

41.     MMI repeats and realleges paragraphs 1 through 40 of its Complaint as though fully set forth in this paragraph.

42.     MMI is the legal owner by assignment of all rights, title and interest in and to the validly issued '394 Patent.

43.     Apple has infringed and continues to infringe, directly or indirectly, this patent by making, using, selling, offering to sell and/or importing smartphone models iPhone 3G and iPhone 3GS in violation of 35 U.S.C. § 271.

44.     Apple's infringement of the '394 Patent is willful and in deliberate disregard of MMI's rights under the patent.

45.     As a result of Defendant's patent infringement, MMI has suffered and will continue to suffer damages and irreparable injury as Apple continues broadly distributing its infringing devices in the marketplace.

## FIFTH CAUSE OF ACTION

### (Infringement of the '390 Patent)

46.     MMI repeats and realleges paragraphs 1 through 45 of its Complaint as though fully set forth in this paragraph.

- 8 -

47.   MMI is the legal owner by assignment of all rights, title and interest in and to the validly issued '390 Patent.

48.   Apple has infringed and continues to infringe, directly or indirectly, this patent by making, using, selling, offering to sell and/or importing smartphone models iPhone 3G and iPhone 3GS and personal media player model iPod touch in violation in violation of 35 U.S.C. § 271.

49.   Apple's infringement of the '390 Patent is willful and in deliberate disregard of MMI's rights under the patent.

50.   As a result of Defendant's patent infringement, MMI has suffered and will continue to suffer damages and irreparable injury as Apple continues broadly distributing its infringing devices in the marketplace.

## SIXTH CAUSE OF ACTION

### (Infringement of the '068 Patent)

51.   MMI repeats and realleges paragraphs 1 through 50 of its Complaint as though fully set forth in this paragraph.

52.   MMI is the legal owner by assignment of all rights, title and interest in and to the validly issued '068 Patent.

53.   Apple has infringed and continues to infringe, directly or indirectly, this patent by making, using, selling, offering to sell and/or importing smartphone models iPhone 3G and iPhone 3GS in violation of 35 U.S.C. § 271.

54.   Apple's infringement of the '068 Patent is willful and in deliberate disregard of MMI's rights under the patent.

DB02:9442398.1                                                        069353.1002

55.     As a result of Defendant's patent infringement, MMI has suffered and will continue to suffer damages and irreparable injury as Apple continues broadly distributing its infringing devices in the marketplace.

## SEVENTH CAUSE OF ACTION

(Infringement of the '430 Patent)

56.     MMI repeats and realleges paragraphs 1 through 55 of its Complaint as though fully set forth in this paragraph.

57.     MMI is the legal owner by assignment of all rights, title and interest in and to the validly issued '430 Patent.

58.     Apple has infringed and continues to infringe, directly or indirectly, this patent by making, using, selling, offering to sell and/or importing smartphone models iPhone 3G and iPhone 3GS and personal media player models iPod touch, iPod nano, iPod classic and iPod shuffle in violation of 35 U.S.C. § 271.

59.     Apple actively induces the infringement of this patent by providing step-by-step instructions of how to use the smartphones and personal media players in an infringing manner in connection with computers sold by Apple or others and using the iTunes software provided by Apple.  These instructions are found (1) in the product instructions packaged with the smartphones and personal media players ("packaged instructions"), (2) the on-line product manuals found on Apple's website and referenced by the packaged instructions, and (3) the iTunes help pages in the iTunes software, which may be downloaded from Apple's website and are referenced by the on-line product manuals.

60.     At least since the February 22, 2010 actual notice of infringement, Apple knew or should have known that the smartphones and/or personal media players would be used

- 10 -

in an infringing manner, and Apple intended to encourage this infringement and continues to do so.

61. Apple's infringement of the '430 Patent is willful and in deliberate disregard of MMI's rights under the patent.

62. As a result of Defendant's patent infringement, MMI has suffered and will continue to suffer damages and irreparable injury as Apple continues broadly distributing its infringing devices in the marketplace.

## EIGHTH CAUSE OF ACTION

(Infringement of the '828 Patent)

63. MMI repeats and realleges paragraphs 1 through 62 of its Complaint as though fully set forth in this paragraph.

64. MMI is the legal owner by assignment of all rights, title and interest in and to the validly issued '828 Patent.

65. Apple has infringed and continues to infringe, directly or indirectly, this patent by making, using, selling, offering to sell and/or importing smartphone models iPhone 3G and iPhone 3GS and personal media player models iPod touch and iPod nano in violation of 35 U.S.C. § 271.

66. Apple's infringement of the '828 Patent is willful and in deliberate disregard of MMI's rights under the patent.

67. As a result of Defendant's patent infringement, MMI has suffered and will continue to suffer damages and irreparable injury as Apple continues broadly distributing its infringing devices in the marketplace.

DB02:9442398.1 069353.1002

## NINTH CAUSE OF ACTION

(Infringement of the '080 Patent)

68.     MMI repeats and realleges paragraphs 1 through 67 of its Complaint as though fully set forth in this paragraph.

69.     MMI is the legal owner by assignment of all rights, title and interest in and to the validly issued '080 Patent.

70.     Apple has infringed and continues to infringe, directly or indirectly, this patent by making, using, selling, offering to sell and/or importing smartphone models iPhone 3G and iPhone 3GS and personal media player models iPod touch, iPod nano, iPod classic and iPod shuffle in violation of 35 U.S.C. § 271.

71.     Apple actively induces the infringement of this patent by providing step-by-step instructions of how to use the smartphones and personal media players in an infringing manner in connection with computers sold by Apple or others and using the iTunes software provided by Apple.  These instructions are found (1) in the packaged instructions, (2) the on-line product manuals found on Apple's website and referenced by the packaged instructions, and (3) the iTunes help pages in the iTunes software, which may be downloaded from Apple's website and are referenced by the on-line product manuals.

72.     At least since the February 22, 2010 actual notice of infringement, Apple knew or should have known that the smartphones and/or personal media players would be used in an infringing manner, and Apple intended to encourage this infringement and continues to do so.

73.     Apple's infringement of the '080 Patent is willful and in deliberate disregard of MMI's rights under the patent.

- 12 -

74.     As a result of Defendant's patent infringement, MMI has suffered and will continue to suffer damages and irreparable injury as Apple continues broadly distributing its infringing devices in the marketplace.

## TENTH CAUSE OF ACTION

(Infringement of the '942 Patent)

75.     MMI repeats and realleges paragraphs 1 through 74 of its Complaint as though fully set forth in this paragraph.

76.     MMI is the legal owner by assignment of all rights, title and interest in and to the validly issued '942 Patent.

77.     Apple has infringed and continues to infringe, directly or indirectly, this patent by making, using, selling, offering to sell and/or importing smartphone models iPhone 3G and iPhone 3GS, personal media player models iPod touch, iPod nano and iPod classic, and docking stations, including but not limited to, the Apple Universal Dock, in violation of 35 U.S.C. § 271.

78.     Apple actively induces the infringement of this patent by providing step-by-step instructions of how to use the smartphones and personal media players in an infringing manner in connection with computers sold by Apple or others and using the iTunes software provided by Apple.  These instructions are found (1) in the packaged instructions, (2) the on-line product manuals found on Apple's website and referenced by the packaged instructions, and (3) the iTunes help pages in the iTunes software, which may be downloaded from Apple's website and are referenced by the on-line product manuals.

79.     At least since the February 22, 2010 actual notice of infringement, Apple knew or should have known that the smartphones and/or personal media players would be used

in an infringing manner, and Apple intended to encourage this infringement and continues to do so.

80.    Apple's infringement of the '942 Patent is willful and in deliberate disregard of MMI's rights under the patent.

81.    As a result of Defendant's patent infringement, MMI has suffered and will continue to suffer damages and irreparable injury as Apple continues broadly distributing its infringing devices in the marketplace.

### ELEVENTH CAUSE OF ACTION

(Infringement of the '477 Patent)

82.    MMI repeats and realleges paragraphs 1 through 81 of its Complaint as though fully set forth in this paragraph.

83.    MMI is the legal owner by assignment of all rights, title and interest in and to the validly issued '477 Patent.

84.    Apple has infringed and continues to infringe, directly or indirectly, this patent by making, using, selling, offering to sell and/or importing smartphone models iPhone 3G and iPhone 3GS and personal media player model iPod touch in violation of 35 U.S.C. § 271.

85.    Apple's infringement of the '477 Patent is willful and in deliberate disregard of MMI's rights under the patent.

86.    As a result of Defendant's patent infringement, MMI has suffered and will continue to suffer damages and irreparable injury as Apple continues broadly distributing its infringing devices in the marketplace.

## TWELFTH CAUSE OF ACTION

### (Infringement of the '647 Patent)

87.     MMI repeats and realleges paragraphs 1 through 86 of its Complaint as though fully set forth in this paragraph.

88.     MMI is the legal owner by assignment of all rights, title and interest in and to the validly issued '647 Patent.

89.     Apple has infringed and continues to infringe, directly or indirectly, this patent by making, using, selling, offering to sell and/or importing personal media player models iPod nano and iPod classic in violation of 35 U.S.C. § 271.

90.     Apple's infringement of the '647 Patent is willful and in deliberate disregard of MMI's rights under the patent.

91.     As a result of Defendant's patent infringement, MMI has suffered and will continue to suffer damages and irreparable injury as Apple continues broadly distributing its infringing devices in the marketplace.

## THIRTEENTH CAUSE OF ACTION

### (Infringement of the '012 Patent)

92.     MMI repeats and realleges paragraphs 1 through 91 of its Complaint as though fully set forth in this paragraph.

93.     MMI is the legal owner by assignment of all rights, title and interest in and to the validly issued '012 Patent.

94.     Apple has infringed and continues to infringe, directly or indirectly, this patent by making, using, selling, offering to sell and/or importing smartphone models iPhone 3G and iPhone 3GS in violation of 35 U.S.C. § 271.

- 15 -

95.     Apple's infringement of the '012 Patent is willful and in deliberate disregard of MMI's rights under the patent.

96.     As a result of Defendant's patent infringement, MMI has suffered and will continue to suffer damages and irreparable injury as Apple continues broadly distributing its infringing devices in the marketplace.

### FOURTEENTH CAUSE OF ACTION

(Infringement of the '239 Patent)

97.     MMI repeats and realleges paragraphs 1 through 96 of its Complaint as though fully set forth in this paragraph.

98.     MMI is the legal owner by assignment of all rights, title and interest in and to the validly issued '239 Patent.

99.     Apple has infringed and continues to infringe, directly or indirectly, this patent by making, using, selling, offering to sell and/or importing smartphone model iPhone 3GS in violation of 35 U.S.C. § 271.

100.    Apple's infringement of the '239 Patent is willful and in deliberate disregard of MMI's rights under the patent.

101.    As a result of Defendant's patent infringement, MMI has suffered and will continue to suffer damages and irreparable injury as Apple continues broadly distributing its infringing devices in the marketplace.

WHEREFORE, MMI prays for judgment and seeks relief against Apple, as follows:

(a)     That the Court find and declare that Defendant is infringing each of the patents-in-suit in violation of 35 U.S.C. § 271;

(b)     That the Court find and declare that this infringement was and continues to be willful;

(c)     That the Court issue a permanent injunction against further infringement of the patents-in-suit pursuant to 35 U.S.C. § 283;

(d)     That the Court award Plaintiff damages adequate to compensate for the infringement of the patents-in-suit in an amount to be determined at trial, together with interest and costs as fixed by this Court; all of those damages to be enhanced in an amount up to treble the amount of compensatory damages as this Court finds proper, for example, due to Defendant's willful infringement, as provided by 35 U.S.C. § 284;

(e)     That the Court find and declare this to be an exceptional case entitling Plaintiff to reasonable attorneys' fees, costs, and disbursements pursuant to 35 U.S.C. § 285; and

(f)     That the Court grant Plaintiff such other and further relief as this Court may deem just and proper.

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

*Michele Budicak*

John W. Shaw (No. 3362)
C. Barr Flinn (No. 4092)
Michele Sherretta Budicak (No. 4651)
Pilar G. Kraman (No. 5199)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
jshaw@ycst.com
bflinn@ycst.com
mbudicak@ycst.com
pkraman@ycst.com

OF COUNSEL:

Garrard R. Beeney
Adam R. Brebner
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000

Kenneth Rubenstein
Evan L. Kahn
PROSKAUER ROSE LLP
1585 Broadway
New York, New York 10036
(212) 969-3000

Dated:  March 31, 2010

*Attorneys for Plaintiff*
*MobileMedia Ideas LLC*

DB02:9442398.1                                                                                                   069353.1002