IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MOBILEMEDIA IDEAS LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 10-258-SLR |
| | ) | |
| APPLE INC., | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S REPLY TO DEFENDANT'S COUNTERCLAIMS IN APPLE INC.'S FIRST AMENDED ANSWER TO COMPLAINT AND COUNTERCLAIMS**

Plaintiff MobileMedia Ideas LLC ("MMI"), by and through its undersigned attorneys, for its Reply to the Counterclaims asserted by Defendant Apple Inc. ("Apple" or "Defendant") in Defendant Apple Inc.'s First Amended Answer to Complaint and Counterclaims dated May 9, 2010 (the "Amended Counterclaims") replies to Apple's Amended Counterclaims as follows:

Unless otherwise expressly admitted, MMI denies each and every allegation in the Amended Counterclaims including, without limitation, any allegations in the headings, subheadings, preamble, and prayer for relief.

**NATURE AND BASIS OF THE ACTION**

146. MMI admits the allegations set forth in paragraph 146.

**JURISDICTION AND PARTIES**

147. MMI admits the allegations set forth in paragraph 147.

148. On information and belief, MMI admits the allegations set forth in

paragraph 148.

149. MMI admits the allegations set forth in paragraph 149.

150. MMI admits the allegations set forth in paragraph 150.

## FIRST COUNTERCLAIM FOR RELIEF

151. MMI incorporates by reference the answers set forth in paragraphs 146-150.

152. MMI admits the allegations set forth in paragraph 152.

153. MMI admits that it is the legal owner by assignment of all rights, title and interest in and to the '075 Patent.

154. Paragraph 154 states a legal conclusion to which no response is required.

155. MMI denies the allegations set forth in paragraph 155.

## SECOND COUNTERCLAIM FOR RELIEF

156. MMI incorporates by reference the answers set forth in paragraphs 146-150.

157. MMI admits the allegations set forth in paragraph 157.

158. MMI admits that it is the legal owner by assignment of all rights, title and interest in and to the '078 Patent.

159. Paragraph 159 states a legal conclusion to which no response is required.

160. MMI denies the allegations set forth in paragraph 160.

## THIRD COUNTERCLAIM FOR RELIEF

161. MMI incorporates by reference the answers set forth in paragraphs

146-150.

      162.    MMI admits the allegations set forth in paragraph 162.

      163.    MMI admits that it is the legal owner by assignment of all rights, title and interest in and to the '231 Patent.

      164.    Paragraph 164 states a legal conclusion to which no response is required.

      165.    MMI denies the allegations set forth in paragraph 165.

### FOURTH COUNTERCLAIM FOR RELIEF

      166.    MMI incorporates by reference the answers set forth in paragraphs 146-150.

      167.    MMI admits the allegations set forth in paragraph 167.

      168.    MMI admits that it is the legal owner by assignment of all rights, title and interest in and to the '394 Patent.

      169.    Paragraph 169 states a legal conclusion to which no response is required.

      170.    MMI denies the allegations set forth in paragraph 170.

### FIFTH COUNTERCLAIM FOR RELIEF

      171.    MMI incorporates by reference the answers set forth in paragraphs 146-150.

      172.    MMI admits the allegations set forth in paragraph 172.

      173.    MMI admits that it is the legal owner by assignment of all rights, title and interest in and to the '390 Patent.

      174.    Paragraph 174 states a legal conclusion to which no response is required.

175. MMI denies the allegations set forth in paragraph 175.

### SIXTH COUNTERCLAIM FOR RELIEF

176. MMI incorporates by reference the answers set forth in paragraphs 146-150.

177. MMI admits the allegations set forth in paragraph 177.

178. MMI admits that it is the legal owner by assignment of all rights, title and interest in and to the '068 Patent.

179. Paragraph 179 states a legal conclusion to which no response is required.

180. MMI denies the allegations set forth in paragraph 180.

### SEVENTH COUNTERCLAIM FOR RELIEF

181. MMI incorporates by reference the answers set forth in paragraphs 146-150.

182. MMI admits the allegations set forth in paragraph 182.

183. MMI admits that it is the legal owner by assignment of all rights, title and interest in and to the '430 Patent.

184. Paragraph 184 states a legal conclusion to which no response is required.

185. MMI denies the allegations set forth in paragraph 185.

### EIGHTH COUNTERCLAIM FOR RELIEF

186. MMI incorporates by reference the answers set forth in paragraphs 146-150.

187. MMI admits the allegations set forth in paragraph 187.

188. MMI admits that it is the legal owner by assignment of all rights, title and interest in and to the '828 Patent.

189. Paragraph 189 states a legal conclusion to which no response is required.

190. MMI denies the allegations set forth in paragraph 190.

## NINTH COUNTERCLAIM FOR RELIEF

191. MMI incorporates by reference the answers set forth in paragraphs 146-150.

192. MMI admits the allegations set forth in paragraph 192.

193. MMI admits that it is the legal owner by assignment of all rights, title and interest in and to the '080 Patent.

194. Paragraph 194 states a legal conclusion to which no response is required.

195. MMI denies the allegations set forth in paragraph 195.

## TENTH COUNTERCLAIM FOR RELIEF

196. MMI incorporates by reference the answers set forth in paragraphs 146-150.

197. MMI admits the allegations set forth in paragraph 197.

198. MMI admits that it is the legal owner by assignment of all rights, title and interest in and to the '942 Patent.

199. Paragraph 199 states a legal conclusion to which no response is required.

200. MMI denies the allegations set forth in paragraph 200.

## ELEVENTH COUNTERCLAIM FOR RELIEF

201. MMI incorporates by reference the answers set forth in paragraphs 146-150.

202. MMI admits the allegations set forth in paragraph 202.

203. MMI admits that it is the legal owner by assignment of all rights, title and interest in and to the '477 Patent.

204. Paragraph 204 states a legal conclusion to which no response is required.

205. MMI denies the allegations set forth in paragraph 205.

**TWELFTH COUNTERCLAIM FOR RELIEF**

206. MMI incorporates by reference the answers set forth in paragraphs 146-150.

207. MMI admits the allegations set forth in paragraph 207.

208. MMI admits that it is the legal owner by assignment of all rights, title and interest in and to the '647 Patent.

209. Paragraph 209 states a legal conclusion to which no response is required.

210. MMI denies the allegations set forth in paragraph 210.

**THIRTEENTH COUNTERCLAIM FOR RELIEF**

211. MMI incorporates by reference the answers set forth in paragraphs 146-150.

212. MMI admits the allegations set forth in paragraph 212.

213. MMI admits that it is the legal owner by assignment of all rights, title and interest in and to the '012 Patent.

214. Paragraph 214 states a legal conclusion to which no response is required.

215. MMI denies the allegations set forth in paragraph 215.

### FOURTEENTH COUNTERCLAIM FOR RELIEF

216. MMI incorporates by reference the answers set forth in paragraphs 146-150.

217. MMI admits the allegations set forth in paragraph 217.

218. MMI admits that it is the legal owner by assignment of all rights, title and interest in and to the '239 Patent.

219. Paragraph 219 states a legal conclusion to which no response is required.

220. MMI denies the allegations set forth in paragraph 220.

### FIFTEENTH COUNTERCLAIM FOR RELIEF

221. MMI incorporates by reference the answers set forth in paragraphs 146-150.

222. MMI denies the allegations set forth in paragraph 222. MMI admits that on April 20, 2004, the USPTO issued to Yoshikazu Takahashi, Yasuhiko Kato, Kenichiro Kobayashi, Masanori Omote, and Ai Kato the '155 Patent, titled "Method and apparatus for information processing, and medium for information processing."

223. MMI admits that it is the legal owner by assignment of all rights, title and interest in and to the '155 Patent.

224. Paragraph 224 states a legal conclusion to which no response is required.

225. MMI denies the allegations set forth in paragraph 225.

## SIXTEENTH COUNTERCLAIM FOR RELIEF

226. MMI incorporates by reference the answers set forth in paragraphs 146-150.

227. MMI admits the allegations set forth in paragraph 227.

228. MMI admits that it is the legal owner by assignment of all rights, title and interest in and to the '170 Patent.

229. Paragraph 229 states a legal conclusion to which no response is required.

230. MMI denies the allegations set forth in paragraph 230.

## APPLE'S REQUEST FOR JURY TRIAL

231. Paragraph 231 is a request for a jury trial to which no response is required.

## APPLE'S PRAYER FOR RELIEF

MMI denies that Apple is entitled to dismissal, judgment, fees, costs, or any other form of relief requested.

## MMI'S AFFIRMATIVE DEFENSE

Apple's Counterclaims fail to state a cause of action for which relief may be granted.


                              YOUNG CONAWAY STARGATT
                                      &amp; TAYLOR, LLP

                              */s/ Michelle Sherretta Budicak*
                              John W. Shaw (No. 3362)
                              C. Barr Flinn (No. 4092)
                              Michele Sherretta Budicak (No. 4651)
                              The Brandywine Building
                              1000 West Street, 17th Floor
                              Wilmington, Delaware 19801
                              (302) 571-6600
                              jshaw@ycst.com
                              mbudicak@ycst.com

Garrard R. Beeney
Adam R. Brebner
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000

Kenneth Rubenstein
PROSKAUER ROSE LLP
1585 Broadway
New York, New York 10036
(212) 969-3000

                              *Attorneys for Plaintiff*
Dated:  May 23, 2010                *MobileMedia Ideas LLC*

## **CERTIFICATE OF SERVICE**

I, Michele Sherretta Budicak, Esquire, hereby certify that on May 23, 2011, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Richard K. Herrmann, Esquire
> Mary B. Matterer, Esquire
> Amy A. Quinlan, Esquire
> Morris James, LLP
> 500 Delaware Avenue, Suite 1500
> P.O. Box 2306
> Wilmington, DE 19899-2306
> *rherrman@morrisjames.com*
> *mmatterer@morrisjames.com*
> *aquinlan@morrisjames.com*

I further certify that on May 23, 2011**,** I caused a true and correct copy of the foregoing document to be served by e-mail on the above-listed counsel of record and on the following:

> George Riley, Esquire
> Luann L. Simmons, Esquire
> O'Melveny & Myers
> Two Embarcadero Center, 28th Floor
> San Francisco, CA  9411103823
> *griley@omm.com*
> *lsimmons@omm.com*

2

       YOUNG CONAWAY STARGATT
        & TAYLOR, LLP

        /s/ *Michele Sherretta Budicak*
       _____
       John W. Shaw (No. 3362)
       jshaw@ycst.com
       C. Barr Flinn (No. 4092)
       bflinn@ycst.com
       Michele Sherretta Budicak (No. 4651)
       mbudicak@ycst.com
       The Brandywine Building
       1000 West Street, 17th Floor
       Wilmington, Delaware 19899
       (302) 571-6600

2