## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MOBILEMEDIA IDEAS LLC, | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 10-258-SLR |
| | § | |
| APPLE INC., | § | **JURY TRIAL DEMANDED** |
| | § | |
| Defendants. | § | |
| | § | |
| | § | |
| | § | |

## AGREED PROTECTIVE ORDER
## REGARDING THE DISCLOSURE AND USE OF DISCOVERY MATERIALS

Plaintiff MobileMedia Ideas LLC ("MMI") and Defendant Apple Inc. ("Apple") anticipate that documents, testimony, and information containing or reflecting confidential, proprietary, trade secret, and/or commercially sensitive information are likely to be disclosed or produced during the course of discovery, initial disclosures, and supplemental disclosures in this case and request that the Court enter this Order.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure ("Rules"), the Court finds good cause for the following Agreed Protective Order Regarding the Disclosure and Use of Discovery Materials ("Order" or "Protective Order").

1. **PURPOSES AND LIMITATIONS**

    (a)    Protected Material designated under the terms of this Protective Order shall be used by a Receiving Party solely for this case, and shall not be used directly or indirectly for any other purpose whatsoever, and its disclosure is prohibited except as expressly provided in this Order.

(b)     The Parties acknowledge that this Order does not confer blanket protections on all disclosures during discovery, or in the course of making initial or supplemental disclosures under Rule 26(a).  Designations under this Order shall be made with care and shall not be made absent a good faith belief that the designated material satisfies the criteria set forth below.  If it comes to a Producing Party's attention that designated material does not qualify for protection at all, or does not qualify for the level of protection initially asserted, the Producing Party must promptly notify all other Parties that it is withdrawing or changing the designation.

2.     **DEFINITIONS**

(a)     "Discovery Material" means all items and information, including from any non-Party, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced, disclosed, or generated in connection with discovery or Rule 26(a) disclosures in this case.

(b)     "Party" means MMI and Apple and their respective officers, directors, employees, consultants, retained experts, and outside counsel and their support staffs.

(c)     "Producing Party" means any Party or third-party entity that discloses or produces any Discovery Material in this case.

(d)     "Protected Material" means any Discovery Material that is designated as "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE," as provided for in this Order.  Protected Material shall not include materials that have been publicly disseminated or any information which a receiving Party received, whether before or after the disclosure, from a source who obtained the information lawfully and under no obligation of confidentiality to the Producing Party.

**AGREED PROTECTIVE ORDER**
**– PAGE 2**

(e)      "Receiving Party" means any Party who receives Discovery Material from a Producing Party.

(f)      "Source Code" means computer code, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs.  Source code includes, without limitation, computer code, scripts, assembly, object code, source code listings and descriptions of source code, object code listings and descriptions of object code, Hardware Description Language (HDL) or Register Transfer Level (RTL) files that describe the hardware design of any ASIC or other chip, and similarly sensitive implementation details.

3.      **COMPUTATION OF TIME**

The computation of any time period prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Rules 6(a) and 6(e) and D. Del. LR 5.1(b).

4.      **SCOPE**

(a)      The protections conferred by this Order cover not only Discovery Material governed by this Order as addressed herein, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or their counsel in court or in other settings that might reveal Protected Material.

(b)      Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Discovery Material for any purpose.

(c)     This Order is without prejudice to the right of any Party to seek further or

additional protection of any Discovery Material or to modify this Order in any way, including,

without limitation, an order that certain matter not be produced at all.

5.     **DURATION**

Even after the termination of this case, the confidentiality obligations imposed by this

Order shall remain in effect until a Producing Party agrees otherwise in writing or a court order

otherwise directs.

6.     **ACCESS TO AND USE OF PROTECTED MATERIAL**

(a)     Basic Principles. All Protected Material shall be used solely for this case or any

related appellate proceeding, and not for any other purpose whatsoever, including without

limitation any other litigation, patent prosecution or acquisition, patent reexamination or reissue

proceedings, or any business or competitive purpose or function. Protected Material shall not be

distributed, disclosed or made available to anyone except as expressly provided in this Order.

(b)     Prosecution Bar. In the event a Producing Party produces documents or tangible

things designated CONFIDENTIAL—ATTORNEYS' EYES ONLY or CONFIDENTIAL—

OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE that the Producing Party in good

faith believes contain technical information requiring a prosecution bar (such as information

related to new inventions and technology under development), the Producing Party may add the

designation "PROSECUTION BAR" to such materials. At the time of the production of such

materials, the Producing Party shall specifically identify in a covering communication or the like

the materials designated "PROSECUTION BAR" by production number (or, with respect to

unnumbered materials, other specific designation). The Producing Party shall also identify the

software or hardware feature(s) of any portable communications or multimedia devices to which

**AGREED PROTECTIVE ORDER**
**– PAGE 4**

such Discovery Materials pertain.  Subject to the provision of the foregoing identification, and

absent the written consent of the Producing Party, any counsel (outside or in-house) that actually

reviews material designated PROSECUTION BAR shall not be involved in the prosecution of

patents or patent applications relating to the identified software or hardware feature(s) of

portable communication and/or multimedia devices before any foreign or domestic agency,

including the United States Patent and Trademark Office.  For purposes of this paragraph,

"prosecution" means preparing or advising on the drafting or amending of patent claims, or

supervising the drafting or amending of patent claims, in the course of patent prosecution or

reissue proceedings.  "Prosecution" does not include reexamination proceedings.  This

prohibition on patent prosecution shall begin when material designated as PROSECUTION BAR

is first reviewed by the affected individual, and shall end one (1) years after the final resolution

of this action, including all appeals.  This prosecution bar is personal to the person reviewing

such Protected Material, limited to the identified subject matter of the Discovery Materials

actually reviewed by such person and shall not be imputed to any other person or entity.

(c)     <u>Secure Storage</u>. Protected Material must be stored and maintained by a Receiving

Party at a location and in a secure manner that ensures that access is limited to the persons

authorized under this Order.

(d)     <u>Legal Advice Based on Protected Material</u>. Nothing in this Protective Order shall

be construed to prevent Counsel from advising their clients with respect to this case based in

whole or in part upon Protected Materials, provided Counsel does not disclose the Protected

Material itself except as provided in this Order.

(e)     <u>Limitations</u>.  Nothing in this Order shall restrict in any way a Producing Party's

use or disclosure of its own Protected Material.  Nothing in this Order shall restrict in any way

**AGREED PROTECTIVE ORDER**
**– PAGE 5**

the use or disclosure of Discovery Material by a Receiving Party: (i) that is or has become publicly known through no fault of the Receiving Party; (ii) that is lawfully acquired by or known to the Receiving Party independent of the Producing Party; (iii) previously produced, disclosed and/or provided by the Producing Party to the Receiving Party or a non-party without an obligation of confidentiality and not by inadvertence or mistake; (iv) with the consent of the Producing Party; or (v) pursuant to Order of the Court.

7.    **DESIGNATING PROTECTED MATERIAL**

(a)    <u>Available Designations</u>.  Any Producing Party may designate Discovery Material with any of the following designations, provided that it meets the requirements for such designations as provided for herein:  "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE."

(b)    <u>Written Discovery and Documents and Tangible Things</u>.  Written discovery, documents (which include "electronically stored information," as that phrase is used in Federal Rule of Procedure 34), and tangible things that meet the requirements for the confidentiality designations listed in Paragraph 7(a) may be so designated by placing the appropriate designation on each page of the written material prior to production.  For digital files being produced, the Producing Party may mark each viewable page or image with the appropriate designation, and mark the medium, container, and/or communication in which the digital files were contained.  For electronic files produced in native format, the Producing Party may mark the medium, container, and/or communication in which the electronic files were contained without altering the native file.  For tangible things, the Producing Party may label the thing or otherwise provide notice by means of covering communication or the like.  In the event that

original documents are produced for inspection, the original documents shall be presumed to be designated CONFIDENTIAL – ATTORNEYS' EYES ONLY during the inspection and, if copied, designated as appropriate during the copying process.

(c)     Depositions and Testimony.  Parties or testifying persons or entities may designate depositions and other testimony with the appropriate designation by indicating on the record at the time the testimony is given or by sending written notice of how portions of the transcript of the testimony is designated within thirty (30) days of receipt of the transcript of the testimony.  If no indication on the record is made, all information disclosed during a deposition shall be deemed CONFIDENTIAL – ATTORNEYS' EYES ONLY until the time within which it may be appropriately designated as provided for herein has passed.  Any Party that wishes to disclose the transcript, or information contained therein, may provide written notice of its intent to treat the transcript as non-confidential, after which time, any Party that wants to maintain any portion of the transcript as confidential must designate the confidential portions within fourteen (14) days, or else the transcript may be treated as non-confidential.  Any designated Discovery Material that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with such Discovery Material.  In such cases the court reporter shall be informed of this Protective Order and shall be required to operate in a manner consistent with this Protective Order.  In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, substantially along the lines of "This videotape contains confidential testimony subject to protective order and may not be viewed except in accordance with that Order, by further order of the Court, or pursuant to stipulation of the Parties."  Counsel for any Producing Party shall have

the right to exclude from oral depositions, other than the deponent, deponent's counsel, the

reporter and videographer (if any), any person who is not authorized by this Protective Order to

receive or access Protected Material based on the designation of such Protected Material.  Such

right of exclusion shall be applicable only during periods of examination or testimony regarding

such Protected Material.

8.      **DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL"**

        (a)     A Producing Party may designate Discovery Material as "CONFIDENTIAL" if it

contains or reflects confidential, proprietary, and/or commercially sensitive information.

        (b)     Unless otherwise ordered by the Court, Discovery Material designated as

"CONFIDENTIAL" may be disclosed only to the following:

                (i)     The Receiving Party's outside counsel of record, their paralegals and staff,

and any copying or clerical litigation support services working at the direction of such counsel,

paralegals, and staff.

                (ii)    Not more than three (3) representatives of the Receiving Party who are

officers or employees of the Party, who may be, but need not be, in-house counsel for the Party,

as well as their paralegals and support staff, to whom disclosure is reasonably necessary for this

case, provided that:  (a) such representative has agreed to be bound by the provisions of the

Protective Order by signing a copy of Exhibit A; and (b) no unresolved objections to such

disclosure exist after proper notice has been given to all Parties as forth in Paragraph 12(b)

below.

                (iii)   Any outside expert or consultant retained by the Receiving Party to assist

in this action, provided that disclosure is only to the extent necessary to perform such work; and

provided that:  (a) such expert or consultant has agreed to be bound by the provisions of the

Protective Order by signing a copy of Exhibit A, and (b) no unresolved objections to such

disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 12(b)

below.

(iv)     Court reporters, stenographers and videographers retained to record

testimony taken in this action.

(v)     The Court, jury, and court personnel.

(vi)     Graphics, translation, design, and/or trial consulting services, having first

agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A.

(vii)     Any persons who:  (a) appear on the face of the designated Protected

Material as an author, addressee or recipient thereof, (b) are witnesses during a deposition, court

hearing, or trial where specific documentary or testimonial evidence establishes that the

designated Protected Material was authored or received by the witness or is or was accessible to

the witness in the ordinary course by virtue of the witness' current or former employment or

association with the Producing Party.

(viii)     Any witness who has been designated as a Federal Rule 30(b)(6) witness

of the Producing Party with respect to the subject matter of such Protected Material.

(ix)     Any mediator who is assigned to hear this matter, and his or her staff,

subject to their agreement to maintain confidentiality to the same degree as required by this

Protective Order.

(x)     Any other person with the prior written or on the record consent of the

Producing Party.

**AGREED PROTECTIVE ORDER**
**– PAGE 9**

9. **DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL – ATTORNEYS' EYES ONLY"**

(a)     A Producing Party may designate Discovery Material as CONFIDENTIAL – ATTORNEYS' EYES ONLY if it contains or reflects information that is extremely confidential and/or sensitive in nature and the Producing Party reasonably believes that the disclosure of such Discovery Material is likely to cause economic harm or significant competitive disadvantage to the Producing Party. The Parties agree that the following information, if non-public, shall be presumed to merit the "CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation: trade secrets, pricing information, financial data, sales information, sales or marketing forecasts or plans, business plans, sales or marketing strategy, product development information, engineering documents, testing documents, employee information, CONFIDENTIAL Discovery Material previously obtained from a nonparty pursuant to a current non-disclosure agreement or express obligation of confidentiality, and other non-public information of similar competitive and business sensitivity.

(b)     Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed only to:

(i)     The Receiving Party's outside counsel of record, their paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff.

(ii)     Not more than one (1) designated in-house counsel who are directly responsible for this action, and their paralegals and staff provided that: (a) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 12(b) below, and (b) such representative has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A.

**AGREED PROTECTIVE ORDER**
**– PAGE 10**

(iii)   Any outside expert or consultant retained by the Receiving Party to assist in this action, provided that:  (a) disclosure is only to the extent necessary to perform such work, (b) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 12(b) below, and (c) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A.

(iv)   Court reporters, stenographers and videographers retained to record testimony taken in this action.

(v)   The Court, jury, and court personnel.

(vi)   Graphics, translation, design, and/or trial consulting services, having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A.

(vii)   Any persons who:  (a) appear on the face of the designated Protected Material as an author, addressee or recipient thereof, or (b) are witnesses during a deposition, court hearing, or trial where specific documentary or testimonial evidence establishes that the designated Protected Material was authored or received by the witness or is or was accessible to the witness in the ordinary course by virtue of the witness' current or former employment or association with the Producing Party.

(viii)   Any witness who has been designated as a Federal Rule 30(b)(6) witness of the Producing Party with respect to the subject matter of such Protected Material.

(ix)   Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order.

(x)   Any other person with the prior written or on the record consent of the Producing Party.

**AGREED PROTECTIVE ORDER**
**– PAGE 11**

10.   **DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE"**

(a)     To the extent production of Source Code becomes necessary to the prosecution or defense of the case, a Producing Party may designate Source Code as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" if it comprises or includes confidential, proprietary and/or trade secret Source Code.

(b)     Nothing in this Order shall be construed as a representation or admission that Source Code is properly discoverable in this action, or to obligate any Party to produce any Source Code.

(c)     Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" shall be subject to the provisions set forth in Paragraph 11 below, and may be disclosed, subject to Paragraph 11 below, solely to:

(i)     The Receiving Party's outside counsel of record, their paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff.

(ii)     Any outside expert or consultant retained by the Receiving Party to assist in this action, provided that:  (a) disclosure is only to the extent necessary to perform such work, (b) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 12(b) below, and (c) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A.

(iii)     Court reporters, stenographers and videographers retained to record testimony taken in this action.

(iv)     The Court, jury, and court personnel.

(v)     Graphics, translation, design, and/or trial consulting services, having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A.

(vi)    Any persons who:  (a) appear on the face of the designated Protected Material as an author, addressee or recipient thereof, or (b) are witnesses during a deposition, court hearing, or trial where specific documentary or testimonial evidence establishes that the designated Protected Material was authored or received by the witness or is or was accessible to the witness in the ordinary course by virtue of the witness' current or former employment or association with the Producing Party.

(vii)   Any witness who has been designated as a Federal Rule 30(b)(6) witness of the Producing Party with respect to the subject matter of such Protected Material.

(viii)  Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order.

(ix)    Any other person with the prior written or on the record consent of the Producing Party.

## 11.   **DISCLOSURE AND REVIEW OF SOURCE CODE**

(a)     Any Source Code shall be made available for inspection in electronic format at location mutually agreed by the Parties.  If the Parties cannot agree on a location source code shall be located on a computer with an independent escrow agent, the cost of such to be shared by the Parties.  If the Parties cannot agree on an agent, each Party shall submit to the court the name and qualifications of their respective proposed agents and the court will choose from among the proposed agents.

(b)     Before the first inspection of any requested piece of Source Code, the requesting

Party shall provide thirty (30) days notice of the Source Code that it wishes to inspect.  The

requesting Party shall provide reasonable notice before any additional inspections.

(c)     Source code that is designated "CONFIDENTIAL – OUTSIDE ATTORNEYS'

EYES ONLY - SOURCE CODE" shall be produced for inspection and review subject to the

following provisions, unless otherwise agreed by the Producing Party:

(i)     All Source Code shall be made available by the Producing Party to the

Receiving Party's outside counsel and/or experts in a secure room on a secured computer without

Internet access or network access to other computers, as necessary and appropriate to prevent

and protect against any unauthorized copying, transmission, removal or other transfer of any

Source Code outside or away from the computer on which the Source Code is provided for

inspection (the "Source Code Computer" in the "Source Code Review Room").  The Producing

Party shall install utilities or tools that are sufficient for viewing and searching the code

produced, on the platform produced, if such tools exist and are presently used in the ordinary

course of the Producing Party's business.  At a minimum, the utilities or tools should provide the

ability to (a) view, search, and line-number any source file, (b) search for a given pattern of text

through a number of files, and (c) compare two files and display their differences.  The

Receiving Party may request that commercially available software tools for viewing and

searching Source Code be installed on the secured computer, provided, however, that such other

software tools are reasonably necessary for the Receiving Party to perform its review of the

Source Code consistent with all of the protections herein.  The Receiving Party must provide the

Producing Party with the CD or DVD containing such licensed software tool(s) at least five (5)

days in advance of the date upon which the Receiving Party wishes to have the additional

software tools available for use on the Source Code Computer.

(ii)     No recordable media or storage devices, including without limitation

sound recorders, scanner, camera, CDs, DVDs, or external drives of any kind, shall be permitted

into the Source Code Review Room.  The Receiving Party's counsel and/or experts shall be

entitled to take notes relating to the Source Code but may not copy the Source Code into the

notes and may not take such notes on the Source Code Computer itself.  No copies of all or any

portion of the Source Code may leave the room in which the Source Code is inspected except as

otherwise provided herein.  Further, no other written or electronic record of the Source Code is

permitted except as otherwise provided herein.  During the remainder of discovery, no one from

the Producing Party shall be permitted to log on to, boot up or otherwise access any files on the

stand-alone computer.

(iii)     The Producing Party shall provide a manifest of the contents of the stand-

alone computer. This manifest shall be supplied in both printed and electronic form and shall list

the name and location of every source and executable file on the computer.

(iv)     The Producing Party shall make available a laser printer with

commercially reasonable printing speeds for on-site printing during inspection of the Source

Code.  The Receiving Party may print limited portions of the Source Code only when reasonably

necessary to prepare court filings or pleadings or other papers (including a testifying expert's

expert report or for use as deposition exhibits).  Absent agreement of the Producing Party or

further order of the Court, the Receiving Party may print out no more than 10% of a specific

software release and no print-out may exceed 50 continuous pages. The Receiving Party shall

not print Source Code to review blocks of Source Code elsewhere in the first instance, i.e., as an

**AGREED PROTECTIVE ORDER**
**– PAGE 15**

alternative to reviewing that Source Code electronically on the Source Code Computer. At the time the Receiving Party prints any portion of Source Code, the Receiving Party shall provide to the Producing Party a copy of the printed pages. The Receiving Party may maintain one copy of the printed pages pending receipt of numbered pages from the Producing Party or Order of the Court subject to the following restrictions: (a) the Receiving Party may not make any copies of the printed pages, (b) the printed pages shall be subject to the provisions set forth in Paragraph 10 above, and (c) the printed pages may be disclosed, subject to Paragraph 10 above, solely to persons to whom "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" material may be disclosed. The Producing Party shall add production numbers, copy, and label "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" any pages printed by the Receiving Party. If the Producing Party objects that the printed portions are excessive and/or not done for a permitted purpose, the Producing Party shall make such objection known to the Receiving Party within four (4) days. If, after meeting and conferring, the Producing Party and the Receiving Party cannot resolve the objection, the Producing Party shall be entitled to seek a Court resolution of whether the printed Source Code in question was printed for a permitted purpose. In the absence of any objection, or upon resolution of any such dispute by the Court, the Producing Party shall provide one copy set of such pages to the Receiving Party within four (4) days of the Receiving Party's request. Upon receipt of the numbered pages, the unnumbered pages retained by the Receiving Party in accordance with this paragraph shall be returned to the Producing Party. The printed pages shall constitute part of the Source Code produced by the Producing Party in this action.

(v)     All persons viewing Source Code shall sign on each day they view Source Code a log, which will be maintained by the Producing Party, that will include the names of

persons who enter the locked room to view the Source Code. Such a log shall not be admissible into evidence in this action or used for any purpose other than ensuring compliance with this Protective Order and any disputes pertaining thereto. Both parties shall be entitled to review the log.

(vi)   Other than as provided herein, the Receiving Party will not copy, remove, or otherwise transfer any Source Code from the Source Code Computer including, without limitation, copying, removing, or transferring the Source Code onto any recordable media or recordable device, including without limitation sound recorders, computers, cellular telephones, scanners, cameras, CDs, DVDs, or external drives of any kind.

(vii)   The Receiving Party's outside counsel of record and any person receiving a copy of any Source Code shall maintain and store any copies of the Source Code at their offices in a manner that prevents duplication of or unauthorized access to the Source Code, including, without limitation, storing the Source Code in a locked room or cabinet at all times when it is not in use.

(viii)   Except as provided in this sub-paragraph, absent express written permission from the Producing Party, the Receiving Party may not create electronic images or electronic copies of the Source Code from any paper copy of Source Code for use in any manner (including by way of example only, the Receiving Party may not scan the Source Code to a PDF or photograph the code). The Receiving Party may make paper copies of printed source code as reasonably necessary for use in the prosecution or defense of this action, subject to the limitations set forth in this Protective Order. Images or copies of Source Code shall not be included in correspondence between the Parties (references to production numbers shall be used instead), and shall be omitted from pleadings and other papers whenever possible. If a Party

reasonably believes that it needs to submit a portion of Source Code as part of a filing with the Court, the Party may make such a filing under seal in accordance with the Court's procedures and may create electronic images or electronic copies solely for use with such filing. If a Producing Party agrees to produce an electronic copy of all or any portion of its Source Code or the Receiving Party makes such an electronic copy for a Court filing or pursuant to the written permission of the Producing Party, the Receiving Party's communication and/or disclosure of electronic files or other materials containing any portion of Source Code (paper or electronic) shall at all times be limited to solely individuals who are expressly authorized to view Source Code under the provisions of this Protective Order. In cases where the Producing Party has provided the express written permission required under this provision for a Receiving Party to create electronic copies of Source Code, any such electronic copies must be labeled "CONFIDENTIAL - ATTORNEYS' EYES ONLY - SOURCE CODE" as provided for in this Order.

12.    **NOTICES CONCERNING PROTECTED MATERIAL**

(a)    Experts or consultants receiving Protected Material shall not be a current officer, director or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director or employee of a Party or of a competitor of a Party.

(b)    Before disclosing any Protected Material to any person described in Paragraphs 8(b)(ii), 8(b)(iii), 9(b)(ii), 9(b)(iii), and 10(c)(ii) ("Person"), the Party seeking to disclose such information shall provide the Producing Party or Parties with written notice that includes: (i) the name of the Person; (ii) the present employer and title of the Person; and (iii) an identification of the Person's employment relationships for the past four years, including direct relationships and relationships through entities owned or controlled by the Person. With respect to any Person

described in Paragraphs 8(b)(iii), 9(b)(iii), or 10(c)(ii), the written notice shall also include (iv) an up-to-date curriculum vitae of the Person and (v) a list of the cases in which the Person has testified as an expert at deposition or trial within the last four (4) years.

(c)     Within ten (10) days of receipt of the disclosure of the Person, the Producing Party or Parties may object in writing to the Person for good cause.  In the absence of an objection at the end of the ten (10) day period, the Person shall be deemed approved under this Protective Order.  There shall be no disclosure of Protected Material to the Person before expiration of this ten (10) day period.  If the Producing Party objects to disclosure to the Person within such ten (10) day period, the Parties shall meet and confer within five (5) days following the objection and attempt in good faith to resolve the dispute on an informal basis.  If the dispute is not resolved, the Party objecting to the disclosure will have five (5) days from the date of the meet and confer to seek relief from the Court.  If relief is not sought from the Court within that time, the objection shall be deemed withdrawn.  If relief is sought, designated materials shall not be disclosed to the Person in question until the objection is resolved by the Court.

(d)     For purposes of this section, "good cause" shall include an objectively reasonable concern that the Person will, advertently or inadvertently, use or disclose Discovery Materials in a way or ways that are inconsistent with the provisions contained in this Order.

(e)     Before receiving any Protected Material under this Order, the Person must execute a copy of the "Agreement to Be Bound by Protective Order" (Exhibit A hereto) and provide it to all Parties.

(f)     An initial failure to object to a Person under this Paragraph 12 shall not preclude the Producing Party from later objecting to continued access by that Person for good cause.  If an objection is made, the Parties shall meet and confer within five (5) days following the objection

and attempt in good faith to resolve the dispute informally.  If the dispute is not resolved, the

Party objecting to the disclosure will have five (5) days from the date of the meet and confer to

seek relief from the Court.  The designated Person may continue to have access to information

that was provided to such Person before the date of the objection.  If a later objection is made, no

further Protected Material shall be disclosed to the Person until the Court resolves the matter or

the Producing Party withdraws its objection.  Notwithstanding the foregoing, if the Producing

Party fails to seek relief from the Court within five (5) business days after the meet and confer,

further Protected Material may thereafter be provided to the Person.

13.   **MOCK JURORS**

(a)     A Party may not disclose to mock jurors any original, as-produced materials or

information (including, for example, documents, deposition testimony, or interrogatory

responses) produced by another Party designated as CONFIDENTIAL, CONFIDENTIAL -

ATTORNEYS' EYES ONLY, or CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY

– SOURCE CODE.  A Party may, however, disclose to mock jurors arguments and materials

prepared by its outside counsel that are derived from such information, so long as the derivative

materials do not include the as-produced information itself.

(b)     Before hearing arguments or reviewing materials that were derived from

Protected Material, each mock juror must sign an undertaking or agreement agreeing not to

publicly disclose such arguments and materials and to keep such arguments and materials

confidential.

14. **CHALLENGING DESIGNATIONS OF PROTECTED MATERIAL**

(a)     A Party shall not be obligated to challenge the propriety of any designation of Discovery Material under this Order at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.

(b)     Any challenge to a designation of Discovery Material under this Order shall be written, shall be served on outside counsel for the Producing Party, shall particularly identify the documents or information that the Receiving Party contends should be differently designated, and the grounds for the objection.  Thereafter, further protection of such material shall be resolved in accordance with the following procedures:

(i)     The objecting Party shall confer either in person, in writing, or by telephone with the Producing Party claiming protection (as well as any other interested Party) in a good faith effort to resolve the dispute.  The designating Party shall have the burden of justifying the disputed designation;

(ii)     Failing agreement, the objecting Party may bring a motion to the Court for a ruling that the Discovery Material in question is not entitled to the status and protection of the Producing Party's designation.  The Parties' entry into this Order shall not preclude or prejudice either Party from arguing for or against any designation, establish any presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information;

(iii)     Notwithstanding any challenge to a designation, the Discovery Material in question shall continue to be treated as designated under this Protective Order until one of the following occurs: (a) the Party who designated the Discovery Material in question withdraws

such designation in writing or on the record; or (b) the Court rules that the Discovery Material in question is not entitled to the designation.

15. **SUBPOENAS OR COURT ORDERS**

      If at any time Protected Material is subpoenaed by any court, arbitral, administrative, or legislative body, the Party to whom the subpoena or other request is directed shall promptly give written notice thereof to the Producing Party to provide the Producing Party with an opportunity to move for a protective order regarding the production of Protected Materials.

16. **FILING PROTECTED MATERIAL**

      (a)    Absent written permission from the Producing Party or a court Order secured after appropriate notice to all interested persons, a Receiving Party may not file in the public record any Protected Material.

      (b)    Any Receiving Party is authorized to file under seal with the Court any brief, document or materials that are designated as Protected Material under this Order in accordance with the Court's procedures for filing documents under seal.

17. **INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL**

      (a)    The inadvertent production by a Party of Discovery Material subject to the attorney-client privilege, work-product protection, or any other applicable privilege or protection will not waive the applicable privilege and/or protection if a request for return of such inadvertently produced Discovery Material is made promptly after the Producing Party learns of its inadvertent production.

      (b)    Upon a request from any Producing Party who has inadvertently produced Discovery Material that it believes is privileged and/or protected, each Receiving Party shall

**AGREED PROTECTIVE ORDER**
**– PAGE 22**

immediately return such Protected Material or Discovery Material and destroy, delete or dispose of all copies.

      (c)    Nothing herein shall prevent the Receiving Party from preparing a record for its own use containing the date, author, addresses, and topic of the inadvertently produced Discovery Material and such other information as is reasonably necessary to identify the Discovery Material and describe its nature to the Court in any motion to compel production of the Discovery Material.

18.    **INADVERTENT FAILURE TO DESIGNATE PROPERLY**

      (a)    The inadvertent failure by a Producing Party to designate Discovery Material as Protected Material with one of the designations provided for under this Order, or the inadvertent failure by a Producing Party to designate Discovery Material with the correct confidentiality designation, shall not waive any such designation provided that the Producing Party notifies all Receiving Parties with the proper confidentiality designation within ten (10) days of the Producing Party learning of the inadvertent failure to so designate.

      (b)    A Receiving Party shall not be in breach of this Order for any use of such inadvertently-non-designated or inadvertently-mis-designated Discovery Material before the Receiving Party receives notice of the inadvertent failure to designate. Once a Receiving Party has received notice of the inadvertent failure to designate pursuant to this provision, the Receiving Party shall treat such Discovery Material at the appropriately designated level pursuant to the terms of this Protective Order.

19.    **INADVERTENT DISCLOSURE NOT AUTHORIZED BY ORDER**

      (a)    In the event of a disclosure of any Discovery Material pursuant to this Order to any person or persons not authorized to receive such disclosure under this Protective Order, the

Party responsible for having made such disclosure, and each Party with knowledge thereof, shall immediately notify counsel for the Producing Party whose Discovery Material has been disclosed and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure. The responsible disclosing Party shall also promptly take all reasonable measures to retrieve the improperly disclosed Discovery Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made

(b)     Unauthorized or inadvertent disclosure does not change the status of Discovery Material or waive the right to hold the disclosed document or information as Protected.

20.     **FINAL DISPOSITION**

(a)     Not later than ninety (90) days after the final disposition of this case, (including after any appeals), each Party shall return all Discovery Material of a Producing Party to the respective outside counsel of the Producing Party or destroy such Material, at the option of the Producing Party. Each Party shall also delete, destroy or redact any copies of such Material, including copies maintained by any persons acting under the direction of the Receiving Party.

(b)     At the request of the Producing Party, all Parties that have received any such Discovery Material shall certify in writing that all such materials have been returned or destroyed. Notwithstanding the provisions for return of Discovery Material, outside counsel may retain court papers (including exhibits), correspondence and attorney and consultant work product (but not document productions), written discovery requests and responses, expert reports and exhibits, trial transcripts and exhibits introduced into evidence at trial for archival purposes, but must redact and delete or destroy Source Code designated "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" from any retained materials.

21.   **DISCOVERY FROM EXPERTS OR CONSULTANTS**

(a)   Absent further order of the Court, testifying experts are not subject to discovery about any draft report and such draft reports and notes or outlines for draft reports are also exempt from discovery.

(b)   Discovery of materials provided to testifying experts is limited to those materials, facts, consulting expert opinions, and other matters actually relied upon by the testifying expert in formulating a final report, trial or deposition testimony or any opinion in this action.  No discovery may be taken from or about any consulting expert except to the extent that consulting expert has provided information, opinions or other materials that a testifying expert relied on in formulating a final report, trial or deposition testimony or any opinion in this action.

(c)   No conversations or communications between counsel and any testifying or consulting expert will be subject to discovery unless the conversations or communications are actually relied upon by a testifying expert in formulating a final report, trial or deposition testimony or any opinion in this action.

22.   **MISCELLANEOUS**

(a)   <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.  By stipulating to this Order, the Parties do not waive the right to argue that certain material may require additional or different confidentiality protections than those set forth herein.

(b)   <u>Termination of Matter and Retention of Jurisdiction</u>.  The Parties agree that the terms of this Protective Order shall survive and remain in effect after the termination of the above-captioned matter.  The Court shall retain jurisdiction after termination of this matter to hear and resolve any disputes arising out of this Protective Order.

(c)     Successors.  This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

(d)     Right to Assert Other Objections. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.  This Order shall not constitute a waiver of the right of any Party to claim in this action or otherwise that any Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any other proceeding.

(e)     Burdens of Proof.  Notwithstanding anything to the contrary above, nothing in this Protective Order shall be construed to change the burdens of proof or legal standards applicable in disputes regarding whether particular Discovery Material is confidential, which level of confidentiality is appropriate, whether disclosure should be restricted, and if so, what restrictions should apply.

(f)     Modification by Court.  This Order is subject to further court order based upon public policy or other considerations, and the Court may modify this Order *sua sponte* in the interests of justice.  The United States District Court for the District of Delaware is responsible for interpreting and enforcing this Order.

(g)     Discovery Rules Remain Unchanged.  Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any other form of

discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the

Local Rules for the United States District Court for Delaware, or the Court's own orders.

**SO ORDERED.**

United States ~~District Court~~ Judge
Magistrate

## EXHIBIT A

I, _____, acknowledge and declare that I have received a

copy of the Protective Order ("Order") in MobileMedia Ideas LLC v. Apple, Inc., United States

District Court, District of Delaware, Civil Action No. 10-258-SLR.  Having read and understood

the terms of the Order, I agree to be bound by the terms of the Order and consent to the

jurisdiction of said Court for the purpose of any proceeding to enforce the terms of the Order.

Name of individual: _____

Present occupation/job description: _____

_____

_____

Name of Company or Firm: _____

Address: _____

Dated: _____

_____

[Signature]