IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MOBILEMEDIA IDEAS LLC, | : |
| Plaintiff, | : |
| v. | : C. A. No. 10-258-SLR/MPT |
| APPLE INC., | : |
| Defendant. | : |

**<u>MEMORANDUM ORDER</u>**

Presently before the court is a proposed order filed by plaintiffs, MobileMedia Ideas LLC ("MMI") and objections and a counter proposed order by defendant, Apple, Inc. ("Apple").

The parties dispute the production of Apple's source code relating to particular features and functionality of its products.[1] Apple argues MMI has not identified specific versions of its software accused of infringement.[2] Since the patents-in-suit are systems patents, Apple contends any "Accused Products" must be identified in any order. It maintains to purportedly avoid improperly shifting the burden to Apple to identify and prove which products infringe, the accused products must be defined as including, for each patent, the specific hardware devices identified in MMI's infringement contentions running the specific versions of the software. MMI argues it identified in its original infringement contentions, served over a year ago, those "Accused Products," such as

---

[1] D.I. 214.
[2] D.I. 210 at 1.

iPhone 3G, iPhone 3GS, iPhone 4, iPod touch, ipad 2 without any limitation based on the specific versions of the software used in those products. Rather, MMI identified the accused features and functionality. It notes the iOS 4.3 source code was finally produced by Apple in October 2011. Importantly, MMI points to correspondence from Apple's counsel agreeing on September 21, 2011 to produce "all relevant source code," defined as "the Apple source code that relates to (1) the accused *functionality and features* identified in [MMI's infringement contentions] and (2) the *functionality and features* of the accused products on which Apple relies for its non-infringement arguments."[3] Apple does not dispute MMI's representation of the September 2011 correspondence. MMI's concern is Apple will later claim MMI failed to review certain source code which was not previously produced.

The dispute relating to the source code has involved at least three teleconferences beginning with the November 21, 2011 teleconference.[4] Subsequently, during a telephone conference on December 22, 2011, MMI again requested to limit the source code to what had been produced. The arguments by the parties during the November and December 2011 teleconferences emphasized the functionality and features of the "Accused Products," as being the commercial products identified herein rather than the particular iOS or operating system. After the parties presented their arguments, the court essentially granted MMI's request and directed the parties to work out the language of the stipulation.[5]

---

[3] Emphasis added by the court.
[4] D.I. 205
[5] December 21, 2011 Tr. at 37-40.

The parties were unable to reach any agreement regarding a stipulation on limiting the source code, which lead to a flurry of letters and another teleconference on March 2, 2012.  For the first time, the court learned at least Apple did not view the "Accused Products" as being those products identified by MMI in its infringement contentions, but rather the operating systems related the accused features and functionality.  Prior to that time the court had understood the accused products accepted by the parties as those identified by MMI in its infringement contentions, including the accused features and function.  Apple maintained it could not agree to the final proposal by MMI that iOS 4.3 is an appropriate representative product.  In light of the purported "confusion" regarding the accused products, Apple proposed to produce all source code for the various operating systems applicable to the accused commercial products identified for the time involved.[6]  Accordingly, such production would involve at least two months of review time by MMI's experts at tremendous cost for the amount of source code Apple proposed to produce (that is, millions of lines of source code).  At the time of the March 2012 teleconference, the parties were completing their exchange of expert reports.  The close of expert discovery is now May 4, 2012.

As a result of the discussions with and representations made by counsel, the court expressed its concern and disbelief regarding the alleged confusion as to what constitutes the accused products, particularly in light of the focus of the prior teleconferences on features and function and Apple's emphasis in the September 2011 correspondence (before production of any source code) on features and functionality in

---

[6] See March 2, 2012 Transcript.

relation to the accused products as referenced in MMI's infringement contentions.

At the conclusion of the March 2 teleconference, the court ordered the parties to produce their respective proposed stipulations. From the court's view, MMI's focus is on the source code actually produced and reviewed by its experts as noted in paragraph 1, leaving Apple the option to rely on other source code recently produced from iOS 4.2, iOS 3.1 and iOS 2.2 as noted in paragraph 2. Apple's proposal combines the source code produced in October with that source code produced thereafter in the December 2011 time frame providing both parties may rely on all source code produced to date for determining liability. MMI's proposal appears to separate the source code produced in the October time frame from that code produced thereafter, requiring Apple to identify the source code it intends to rely on from the later production. Should that occur, then MMI may chose to rely on that source code for determining liability. The court understands the limitation to paragraph 1 in the MMI proposal reflects that its expert reports were looming at that time and puts the onus on Apple to first identify whether it intends to rely on the later produced source code in support of its position. Therefore,

IT IS ORDERED that MMI's final proposed order (D.I. 215) is granted with the following addition to paragraph 2. "Should MMI rely on that Apple Source Code for the purposes of determining liability of that accused functionality, it shall provide a supplemental opinion to Apple limited to that Apple Source Code from its previously identified expert(s) including the bases and reasons for that opinion consistent with Fed. R. Civ. P. 26(2)(B) on or before May 1, 2012."

IT IS FURTHER ORDERED that MMI shall provide an Order for review and

signature by the Court consistent with the provisions herein.


April 11, 2012                                        /s/ Mary Pat Thynge
                                                      United States Magistrate Judge