# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

(302) 658-9200
(302) 658-3989 FAX

Rodger D. Smith II
(302) 351-9205
(302) 498-6209 FAX
rsmith@mnat.com

July 26, 2012

**BY ELECTRONIC FILING**

The Honorable Mary Pat Thynge
United States District Court
844 N. King Street
Wilmington, DE 19801

Re: *MobileMedia Ideas LLC v. Apple, Inc.*, C.A. No. 10-258 (SLR) (MPT)

Dear Judge Thynge:

We write on behalf of plaintiff MobileMedia Ideas LLC in response to defendant Apple Inc.'s July 25, 2012 letter (D.I. 428) regarding purported violations of the Protective Order by MobileMedia and its experts. Apple has not identified either any unauthorized disclosure of its source code or any violation of the Protective Order by MobileMedia or its experts. Accordingly, Apple's request for relief should be denied.

### I. There Has Been No "Unauthorized Disclosure" Of Apple's Source Code

Apple begins its letter by stating that "the unauthorized disclosure" of its source code "would cause substantial and irreparable harm to Apple" (*id.* at 1). But Apple does not suggest that there has been any unauthorized disclosure, or identify any harm suffered by Apple. *See, e.g., MKS Instruments, Inc. v. Advanced Energy Indus., Inc.*, C.A. No. 03-469-JJF, slip op. at 7 (D. Del. June 27, 2005) (refusing to impose sanctions for a "technical" violation of a protective order where protected information "did not fall into the hands of the public nor cause injury to" the producing party) (attached hereto as Ex. A). Apple does not argue that it suffered any harm whatsoever.

Indeed, Apple's own actions – and inaction – belie any suggestion that there has been an unauthorized disclosure or that Apple has suffered substantial or irreparable harm. First, the three MobileMedia experts and consultants discussed in Apple's letter – Dr. Timothy Williams, Dr. Sigurd Meldal, and Mr. Patrick Finch – were each disclosed to Apple under the terms of the Protective Order, and Apple did not object. Second, despite raising these source

code issues in a November 23, 2011 email (D.I. 428, Ex. 1), Apple continued to permit MobileMedia and its experts to have access to the source code on over 60 subsequent occasions in November, December and January (*see id.*, Ex. 3), continued to provide MobileMedia with Bates-numbered paper to print out the source code, made copies of every page that MobileMedia took from the room – and waited seven months to bring these issues to the Court's attention.

## II. There Has Been No Violation Of The Protective Order

The agreed-upon Protective Order addresses precisely the issue raised by Apple. It provides that MobileMedia may print up to 10% of a specific software release, so long as it does not print out more than 50 continuous pages. *See* D.I. 221, ¶ 11(c)(iv) ("[T]he Receiving Party may print out no more than 10% of a specific software release and no print-out may exceed 50 continuous pages."). It also provides that MobileMedia may print the Source Code deemed "reasonably necessary to prepare court filings or pleadings or other papers (including a testifying expert's expert report or for use as deposition exhibits." *Id.* The limits specified for printing were negotiated by the parties as part of the agreed-upon Protective Order, and establish that the total number of pages printed by MobileMedia and its experts was presumptively reasonable. Apple has not shown that MobileMedia or its experts printed more than was permitted under the Protective Order, or that the source code that Dr. Williams instructed Mr. Finch to look for was not reasonably necessary to prepare his analyses in this case.[1]

The Protective Order also states that "[t]he **Receiving Party** shall not print Source Code to review blocks of Source Code elsewhere in the first instance …" (D.I. 221 at ¶ 11(c)(iv) (emphasis added)). The Protective Order does not require (as Apple seems to suggest) that each individual expert must review the source code electronically in the first instance. To the extent MobileMedia decided to have its non-testifying expert, Mr. Finch, conduct the electronic review of the source code "in the first instance," that was not a violation of the Protective Order. Further, Dr. Williams spent a considerable amount of time reviewing the source code himself at Apple's counsel's San Francisco office (D.I. 428, Ex. 2 at 20:25-21:11). As Dr. Williams testified, he identified relevant portions of the source code, and Mr. Finch had those portions printed for Dr. Williams' further review (*id.* at 17:23-20:24).

Finally, Apple suggests that Dr. Meldal violated the Protective Order because he "kept photocopies of printed Apple source code 'for safekeeping' and then sent the originally-printed copies of the code by FedEx to [MobileMedia's] counsel's New York offices." Apple does not explain how this is a violation of the Protective Order, alleging only that this "evinces a lack of respect." This is not a basis for relief.

---

[1] Any suggestion by Apple that Mr. Finch was not applying his own expertise in determining what was reasonably necessary is simply not correct. Mr. Finch is an expert in computer technology and programming in his own right, having worked as a NASA research scientist for more than seven years and having expertise in various programming languages (*see* Ex. B). MobileMedia hired Mr. Finch as a non-testifying expert on the recommendation of Dr. Williams.

The Honorable Mary Pat Thynge
July 26, 2012
Page 3

\* \* \*

Having failed to identify any unauthorized disclosure of its source code or any violation of the Protective Order, Apple's requests for "relief" should be denied.[2]

Respectfully,

*[signature]*

Rodger D. Smith II (#3778)

Encls.

cc:   Clerk of Court (via e-filing)
      Counsel of Record (via e-mail)

6110659

---

[2]   Even if Apple were able to establish a violation of the Protective Order (which it cannot), preclusion is not the proper remedy. *See, e.g., Tuff Torq Corp. v. Hydro Gear LP*, C.A. No. 93-414-SLR, slip op. at 9 (D. Del. June 9, 1994) (finding that the plaintiff violated the protective order by failing to have its expert sign the acknowledgement of the order prior to reviewing confidential documents, but finding that precluding the expert from testifying was not appropriate unless "the nonmoving party had blatantly and intentionally misled the other party and court or the moving party had suffered a severe prejudice") (attached hereto as Ex. C).