

Mary B. Matterer
302.888.6960
mmatterer@morrisjames.com

August 6, 2012


**BY ELECTRONIC FILING**
**AND HAND DELIVERY**

The Honorable Mary Pat Thynge
United States District Court
844 N. King Street
Wilmington, Delaware 19801

  Re: *MobileMedia Ideas LLC v. Apple Inc.*, Case No. 10-258-SLR

Dear Judge Thynge:

  Defendant Apple submits this request for its fees pursuant to this Court's instructions and findings at the July 30, 2012 hearing regarding Plaintiff MMI's violations of the Court's May 16, 2011 Protective Order (D.I. 221) in connection with MMI's experts' review of Apple's source code.

  As explained in Apple's July 25, 2012 letter to the Court, Apple's source code constitutes extraordinarily sensitive trade secrets, the unauthorized disclosure of which – whether intentional or not – would cause substantial and irreparable harm to Apple.  Accordingly, the Protective Order includes provisions controlling the access to Apple's source code and the amount of source code that may be printed and distributed.  During the July 30 hearing, the Court found that MMI violated at least one of these provisions.  Specifically, the Court found that MMI's expert, Dr. Timothy Williams, violated ¶ 11(c)(iv) of the Protective Order, which permits printing "limited portions of the Source Code only when reasonably necessary to prepare court filings or pleadings or other papers (including a testifying expert's expert report or for use as deposition exhibits)" but provides that "the Receiving Party shall not print Source Code to review blocks of Source Code elsewhere in the first instance, i.e., as an alternative to reviewing that Source Code electronically on the Source Code Computer."  (07/30/2012 Transcript at 26:6-24.)  The Court also found that MMI's violation of this provision is not a "no harm, no [foul] situation."  (*Id.*)

  Rule 37 provides that if a party "fails to obey an order to provide or permit discovery," the court may issue "further just orders," and "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(b)(2)(A), (C).  An award of Apple's attorney's fees incurred and such other monetary sanction as the Court finds appropriate for MMI's violations of the Protective Order is appropriate under Rule 37 of the Federal Rules of Civil Procedure and the Court's inherent authority to enforce its orders.  In particular, such an award is



The Honorable Mary Pat Thynge
August 6, 2012
Page 2

appropriate at least because MMI's counsel expressly assured Apple that MMI's experts were not violating the Protective Order when in fact they were and because MMI continues to evince an unwillingness to acknowledge that such a violation occurred.

First, Apple promptly notified MMI in November 2011 of Apple's concerns that MMI was printing an excessive amount of source code and requested a meet and confer.  In response, MMI's counsel assured Apple that "given the extensive time the experts have spent at your offices [the source code print-outs] clearly were not printed 'to review blocks of Source Code elsewhere in the first instance, i.e., as an alternative to reviewing that Source Code electronically in the Source Code Computer.'"  (D.I. xx, Ex. 1.)  MMI further explained that to discuss Apple's concerns "in more detail (e.g., file-by-file or in some other fashion) would be an extraordinarily time-consuming activity that … we do not believe is reasonable in these circumstances."  (*Id.*)

Yet contrary to MMI's assurances, at least one of MMI's experts, Mr. Finch, was printing blocks of Apple's source code so that Dr. Williams could review that printed source code in New York in the first instance.  Neither MMI nor its counsel disclosed this fact, nor did they disclose that Mr. Finch was not reviewing Apple's source code for the purpose of preparing an expert report.  In direct reliance on MMI's counsel's representations that its experts were reviewing the source code on the Source Code Computers, not in printed form elsewhere in the first instance, Apple allowed MMI to continue to print source code, resulting in MMI printing a total of over 7,000 pages of source code.  It was not until MMI served its initial expert reports on January 13, 2012, that Apple first became aware that (1) Mr. Finch did not prepare an expert report and (2) Dr. Williams reviewed large amounts of source code notwithstanding the fact that, according to the source code review log, he spent only six hours on a single day reviewing source code on the Source Code Computer.  Had MMI disclosed these facts to Apple in November 2011, when Apple first objected to the amount of source code being printed, Apple would have raised its objections with this Court at that time and sought relief before thousands of additional pages of code were printed.

Second, in meeting and conferring, MMI steadfastly maintained its position that willfully allowed a non-testifying consultant to print blocks of source code for review by the expert in printed form elsewhere in the first instance does not constitute a violation of the Protective Order.  In fact, at the July 30 hearing before this Court, MMI characterized its conduct as "there was no harm and there was no foul."  (07/30/2012 Transcript at 18:14-15.)  By its own admission, MMI's conduct was within its control and was willful. Because MMI's arguments and characterizations demonstrate an unwillingness to acknowledge that its willful conduct violated the Protective Order, an award of fees and a monetary sanction is appropriate.

Apple, therefore, respectfully requests that the Court order MMI to pay a monetary sanction and Apple's legal fees in bringing this motion, as detailed in the attached Declaration of Luann Simmons, and any other relief that the Court finds is justified.

MorrisJames<sub>LLP</sub>

The Honorable Mary Pat Thynge
August 6, 2012
Page 3

Respectfully,

*/s/ Mary B. Matterer*

Mary B. Matterer (#2696)
*mmatterer@morrisjames.com*

cc:  Counsel of record (via email and ecf)

3