# MORRIS, NICHOLS, ARSHT & TUNNELL LLP

1201 NORTH MARKET STREET
P.O. BOX 1347
WILMINGTON, DELAWARE 19899-1347

302 658 9200
302 658 3989 FAX

RODGER D. SMITH II
302 351 9205
302 498 6209 FAX
rsmith@mnat.com

August 13, 2012

The Honorable Mary Pat Thynge
United States District Court
844 N. King Street
Wilmington, DE 19801

Re:     *MobileMedia Ideas LLC v. Apple Inc.*, C.A. No. 10-258-SLR-MPT

Dear Judge Thynge:

I am writing on behalf of plaintiff MobileMedia Ideas LLC ("MobileMedia") in response to defendant Apple Inc.'s ("Apple") request for attorneys' fees (D.I. 436). Apple's request should be denied. Apple has identified no willful violation of the Protective Order, and MobileMedia's interpretation of the Order was substantially justified.

Under its inherent power, the Court may assess attorneys' fees against a party only if the Court finds that there has been "willful disobedience of a court order" or the party has acted in "bad faith, vexatiously, wantonly or for oppressive reasons." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991);[1] *see also Dow Chem. Canada, Inc. v. HRD Corp.*, C.A. No. 05-023-RGA, 2012 WL 3150379, at *4 (D. Del. Aug. 2, 2012) ("Bad faith is a necessary prerequisite" for awarding attorneys' fees.). Under Fed. R. Civ. P. 37, the Court may assess such sanctions only if there is no "substantial justification" for the party's actions, or "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C); *Grider v. Keystone Health Plan Cent., Inc.*, 580 F.3d 119, 141 (3d Cir. 2009).

Under Rule 37, a party's position is substantially justified if reasonable minds can disagree about whether the actions violated a discovery order. *See High Point SARL v. Sprint Nextel Corp.*, 280 F.R.D. 586, 597-98 (D. Kan. 2012) ("A position is substantially justified in the context of Rule 37 if it is justified to a degree that could satisfy a reasonable person or where reasonable people could differ as to the appropriateness of the objection or response.") (internal quotation marks and citation omitted); *Leonard v. Stemtech Health Sci., Inc.*, 269 F.R.D. 427,

---

[1]     A third basis for fees permitted by *Chambers* – the "common fund exception" – is irrelevant here. *See Chambers*, 501 U.S. at 45.

The Honorable Mary Pat Thynge
August 13, 2012
Page 2

428 (D. Del. 2010) (refusing to award fees for discovery order violation where party "acted in good faith and with substantial justification"); *Imageware, Inc. v. U.S. West Commc'ns*, 219 F.3d 793, 796-97 (8th Cir. 2000) (sanctions for alleged misuse of highly confidential information not merited where party could "reasonably, even if perhaps erroneously, have believed" it was in compliance with a Protective Order).

MobileMedia was substantially justified in believing it was in compliance with the Protective Order, and MobileMedia did not willfully violate the Protective Order. The Protective Order provides that "[t]he **Receiving Party** shall not print Source Code to review blocks of Source Code elsewhere in the first instance, i.e., as an alternative to reviewing the Source Code electronically on the Source Code Computer" (D.I. 221, ¶ 11(c)(iv)). MobileMedia was substantially justified in believing that the term "Receiving Party" referred to MobileMedia and not each individual expert. The term "Receiving Party" is defined in the Protective Order as "any Party who receives Discovery Material from a Producing Party" (D.I. 221, ¶ 2(e)). And the Protective Order makes clear that outside experts and consultants are retained by a "Receiving Party," and are not themselves "Receiving Parties." *See, e.g., id.*, ¶ 10(c)(ii) (source code may be disclosed to "[a]ny outside expert or consultant retained by the Receiving Party to assist in this action").

Moreover, the evidence established that MobileMedia did not print "blocks of source code . . . as an alternative to reviewing that Source Code on the Source Code Computer." MobileMedia hired Mr. Finch and Dr. Williams to review the source code in the first instance on the computer. Dr. Williams testified that he spent several days reviewing the source code on the computer at Apple's counsel's offices (D.I. 428, Ex. 2 at 20-21). Mr. Finch spent numerous days reviewing source code on the computer and used his expertise to select relevant portions for use in the case (*id.*, Ex. 3). Moreover, to the extent Mr. Finch printed portions of the source code for Dr. Williams to review, MobileMedia reasonably believed that it was in compliance with the Protective Order, because MobileMedia (i.e., Mr. Finch) had reviewed the source code in the first instance on the computer. Indeed, the Protective Order makes clear that a "Party" (or "Receiving Party") acts through its agents, including its "retained experts." *See* D.I. 221, ¶ 2(b) ("'Party' means MMI and Apple and their respective officers, directors, employees, consultants, retained experts, and outside counsel and their support staffs.").

Apple argues that MobileMedia should be charged with attorneys' fees because it "expressly assured Apple that [MobileMedia]'s experts were not violating the Protective Order" and because it "continues to evince an unwillingness to acknowledge" an alleged violation that justifies sanctions under Rule 37. *See* D.I. 436 at 1-2. Essentially, Apple argues that MobileMedia should have to pay attorneys' fees because it did not agree in December 2011 with Apple's interpretation of the Protective Order. Apple does not cite a single case standing for the proposition that a party should be charged with attorneys' fees because it legitimately disagreed with the other party and the Court ultimately ruled in the other party's favor. (In fact, it cites no cases at all in its letter.) Indeed, if Apple's position were correct, the American Rule governing attorneys' fees would be meaningless. *See Chambers*, 501 U.S. at 45-46 (describing exceptions to American Rule).

The Honorable Mary Pat Thynge
August 13, 2012
Page 3


      During the July 30, 2012 teleconference, the Court stated that "[t]o sit there and say I think it's a willful or intentional violation, I can't get to that stage."  D.I. 434 at 33:22-23.  Apple has since added nothing to the record and cited no authority to alter that conclusion.  Because Apple has not shown that MobileMedia willfully or in bad faith violated the Protective Order, and MobileMedia was substantially justified in believing its review of the source code was in compliance with the Protective Order, Apple's request for attorneys' fees should be denied.[2]


      Respectfully,

      Rodger D. Smith II


RDS/bac


---

[2]      To the extent the Court considers awarding the fees Apple has requested, MobileMedia objects to certain of Apple's time entries.  For example, numerous time entries include time spent on matters not at issue here.  *See, e.g.,* D.I. 437, Ex. 2 (6/28/2012 entry for Shivon Meblin) ("Assist with redactions for public filing of the motion to strike . . ."); *id.* (5/24/2012 entry for Luann Simmons) ("Confer with R. Herrmann regarding . . . motion to strike supplemental Loy report"); *id.*, Ex. 3 (5/31/2012 entry for Richard Herrmann) ("Correspond with counsel regarding discovery issues").  Moreover, it is unclear how Shivon Meblin's June 28, 2012 entry can relate to redacting a letter to the Court that was not filed until July 25, 2012 (D.I. 428).