EXHIBIT F

# EXHIBIT 14

Prepared by: iPhone Finance Team

APL7940014663269

| OEM | **Apple** | | |
|-----|-----------|---|---|
| **HANDSET MODEL** | | **iPhone (3G)** | **iPhone** |

Note: not exhaustive




| | | **iPhone (3G)** | **iPhone** |
|---|---|---|---|
| **GENERAL** | 2G Network | GSM 850 / 900 / 1800 / 1900 | GSM 850 / 900 / 1800 / 1900 |
| | 3G Network | HSDPA 850 / 1900 / 2100 | |
| | Announced | 2008, June | 2007, January |
| | Status | Coming soon. Exp. release 2008, July | Available. Released 2007, June |
| **SIZE** | Dimensions | 115.5 x 62.1 x 12.3 mm | 115 x 61 x 11.6 mm |
| | Weight | 133 g | 135 g |
| **DISPLAY** | Type | Touchscreen, 16M colors | Touchscreen, 16M colors |
| | Size | 320 x 480 pixels, 3.5 inches | 320 x 480 pixels, 3.5 inches |
| | | - Multi-touch input method | - Multi-touch input method |
| | | - Accelerometer sensor for auto-rotate | - Accelerometer sensor for auto-rotate |
| | | - Proximity sensor for auto turn-off | - Proximity sensor for auto turn-off |
| | | - Ambient light sensor | |
| **RINGTONES** | Type | Polyphonic, MP3 | Polyphonic, MP3 |
| | Vibration | Download | Download |
| | | Yes | Yes |
| **MEMORY** | Phonebook | - 3.5 mm headset Jack | - 3.5 mm headset Jack |
| | | Practically unlimited entries and fields, | Practically unlimited entries and fields, |
| | | Photocall | Photocall |
| | Call records | 100 received, dialed and missed calls | 100 received, dialed and missed calls |
| | Card slot | No | No |
| **DATA** | GPRS | - 8/16 GB shared memory | - 4/8/16 GB shared memory |
| | HSCSD | Yes | Yes |
| | EDGE | No | No |
| | 3G | Yes | Yes |
| | WLAN | HSDPA | No |
| | Bluetooth | Wi-Fi 802.11b/g | Wi-Fi 802.11b/g |
| | Infrared port | Yes, v2.0, headset support only | Yes, v2.0, headset support only |
| | USB | No | No |
| | OS | Yes, v2.0 | Yes, v2.0 |
| **FEATURES** | Messaging | Mac OS X v10.4.10 | Mac OS X v10.4.8 |
| | Browser | SMS, Email | SMS, Email |
| | Games | HTML (Safari) | HTML (Safari) |
| | Colors | No | No |
| | Camera | Black(8/16 GB), White (16 GB) | Black |
| | Other | 2 MP, 1600x1200 pixels | 2 MP, 1600x1200 pixels |
| | | - Built-in GPS receiver | - Google Maps |
| | | - A-GPS function | - Widgets support |
| | | - Google Maps | - iPod audio/video player |
| | | - Widgets support | - PIM including calendar, to-do list |
| | | - iPod audio/video player | - TV output (firmware 1.1.1) |
| | | - PIM including calendar; to-do list | - Photo Browser/editor |
| | | - TV output | - Voice memo |
| | | - Photo Browser/editor | - Integrated handsfree |
| | | - Voice memo | |
| | | - Integrated handsfree | |
| **BATTERY** | Stand-by | Standard battery, Li-Ion | Standard battery, Li-Ion |
| | Talk time | Up to 300 h | Up to 250 h |
| | | Up to 10 h | Up to 8 h |

APPLE CONFIDENTIAL BUSINESS INFORMATION,
SUBJECT TO PROTECTIVE ORDER

EXHIBIT NO. 17
DATE: 2.23.12
G. Joswiak
Y. FENNELLY CSR 5495

| OEM | Nokia *(Note: not exhaustive)* | | | | | |
|---|---|---|---|---|---|---|
| **HANDSET MODEL** | **N95 (8GB)** | **N95** | **N78** | **N81 (8GB)** | **N81** | **6600 Slide** |
| **GENERAL** | | | | | | |
| 2G Network | GSM 850 / 900 / 1800 / 1900 | GSM 850 / 900 / 1800 / 1900 | GSM 850 / 900 / 1800 / 1900 | GSM 850 / 900 / 1800 / 1900 | GSM 850 / 900 / 1800 / 1900 | GSM 850 / 900 / 1800 / 1900 |
| 3G Network | HSDPA 2100 (HSDPA 850 / 1900 - US version) | HSDPA 2100 HSDPA 850 / 1900 - US version | HSDPA 2100 | UMTS 2100 | UMTS 2100 | UMTS 850 / 2100 |
| Announced | 2007, August | 2007, January | 2008, February | 2007, August | 2007, August | 2008, April |
| Status | Available. Released 2007, October | Available. Released 2007, March | Available. Released 2008, May | Available. Released 2007, November | Available. Released 2007, November | Coming soon. Exp. release 2008, 3Q |
| **SIZE** | | | | | | |
| Dimensions | 99 x 53 x 21 mm, 90 cc | 99 x 53 x 21 mm, 94 cc | 113 x 49 x 15.1 mm, 76.5 cc | 102 x 50 x 17.9 mm, 86 cc | 102 x 50 x 17.9 mm, 86 cc | 93 x 45 x 14 mm, 32 cc |
| Weight | 120 g | 120 g | 101.8 g | 140 g | 140 g | 110 g |
| **DISPLAY** | | | | | | |
| Type | TFT, 16M colors | TFT, 16M colors | TFT, 16M colors | TFT, 16M colors | TFT, 16M colors | TFT, 16M colors |
| Size | 240 x 320 pixels, 2.8 inches | 240 x 320 pixels, 2.6 inches | 240 x 320 pixels, 2.4 inches | 240 x 320 pixels, 2.4 inches - Navi wheel interface | 240 x 320 pixels, 2.4 inches - Navi wheel interface | 240 x 320 pixels, 2.2 inches |
| **RINGTONES** | | | | | | |
| Type | Polyphonic (64 channels), Monophonic, True Tones, MP3 | Polyphonic (64 channels), Monophonic, True Tones, MP3 | Polyphonic (64 channels), MP3 | Polyphonic (64 channels), Monophonic, True Tones, MP3 | Polyphonic (64 channels), Monophonic, True Tones, MP3 | Polyphonic (64 channels), MP3 |
| Customization | Download | Download | Download | Download | Download | Download |
| Vibration | Yes | Yes | Yes - Stereo speakers | Yes | Yes | Yes |
| **MEMORY** | | | | | | |
| Phonebook | Practically unlimited entries and fields, Photocall | Practically unlimited entries and fields, Photocall | Practically unlimited entries and fields, Photocall | Practically unlimited entries and fields, Photocall | Practically unlimited entries and fields, Photocall | Practically unlimited entries and fields, Photocall |
| Call records | Detailed, max 30 days | Detailed, max 30 days | Detailed, max 30 days | Detailed, max 30 days | Detailed, max 30 days | Detailed, max 30 days |
| Card slot | No - Accelerometer sensor for auto-rotate - 8 GB internal memory - 128 MB SDRAM memory - Dual ARM 11 332 MHz CPU - 3D Graphics HW Accelerator | microSD (TransFlash), hotswap, 128 MB card included, buy memory - Accelerometer sensor for auto-rotate - 160 MB internal memory - 64 MB SDRAM memory - Dual ARM 11 332 MHz CPU - 3D Graphics HW Accelerator | microSD (TransFlash), hotswap, buy memory - 76 MB internal memory - 96 MB SDRAM memory - ARM 11 369 MHz processor | No - 8 GB internal flash memory - 96 MB SDRAM memory - ARM 11 369 MHz processor | microSD (TransFlash), up to 8GB, hotswap, 2 GB card included, buy memory - 2 MB internal memory - 96 MB SDRAM memory - ARM 11 369 MHz processor | microSD (TransFlash), up to 4GB - 18 MB internal memory |
| **DATA** | | | | | | |
| GPRS | Class 10 (4+1/3+2 slots), 32 - 48 kbps | Class 10 (4+1/3+2 slots), 32 - 48 kbps | Class 11, 118.4 kbps | Class 10 (4+1/3+2 slots), 32 - 48 kbps | Class 10 (4+1/3+2 slots), 32 - 48 kbps | Class 32, 88 kbps |
| HSCSD | Yes | Yes | Yes | Yes | Yes | Yes |
| EDGE | Class 32, 296 kbps; DTM Class 11, 177 kbps | Class 32, 296 kbps; DTM Class 11, 177 kbps | Class 32, 296 / 177.6 kbps | Class 32, 296 kbps | Class 32, 296 kbps | Class 32, 296 kbps |
| 3G | HSDPA | HSDPA | HSDPA, 3.6 Mbps | Yes, 384 kbps | Yes, 384 kbps | Yes, 384 kbps |
| WLAN | Wi-Fi 802.11 b/g, UPnP technology | Wi-Fi 802.11 b/g, UPnP technology | Wi-Fi 802.11 b/g, UPnP technology | Wi-Fi 802.11 b/g with UPnP | Wi-Fi 802.11 b/g with UPnP | No |
| Bluetooth | Yes, v2.0 with A2DP | Yes, v2.0 with A2DP | Yes, v2.0 with A2DP | Yes, v2.0 with A2DP | Yes, v2.0 with A2DP | Yes, v2.0 |
| Infrared port | Yes | Yes | No | No | No | No |
| USB | Yes, v2.0 microUSB | Yes, v2.0 miniUSB | Yes, v2.0 microUSB | Yes, v2.0 microUSB | Yes, v2.0 microUSB | Yes, v2.0 microUSB |
| **FEATURES** | | | | | | |
| OS | Symbian OS 9.2, S60 rel. 3.1 | Symbian OS 9.2, S60 rel. 3.1 | Symbian OS 9.3, Series 60 v3.2 | Symbian OS 9.2, Series 60 v3.1 UI | Symbian OS 9.2, Series 60 v3.1 UI | |
| Messaging | SMS, MMS, Email, Instant Messaging | SMS, MMS, Email, Instant Messaging | SMS, MMS, Email, Instant Messaging | SMS, MMS, Email, Instant Messaging | SMS, MMS, Email, Instant Messaging | SMS, MMS, Email, Instant Messaging |
| Browser | WAP 2.0/xHTML, HTML | WAP 2.0/xHTML, HTML | WAP 2.0/xHTML, HTML, RSS feeds | WAP 2.0/xHTML, HTML | WAP 2.0/xHTML, HTML | WAP 2.0/xHTML, HTML, (Opera mini 4) |
| Games | Yes + downloadable, order now | Yes + downloadable, order now | Yes + Java downloadable, order now | Yes + downloadable, order now | Yes + Java downloadable, order now | Yes + downloadable |
| Camera | 5 MP, 2592 x 1944 pixels, Carl Zeiss optics, autofocus, video(VGA 30fps), flash; secondary CIF videocall camera - Built-in GPS receiver | 5 MP, 2592 x 1944 pixels, Carl Zeiss optics, autofocus, video(VGA 30fps), flash; secondary CIF videocall camera - Built-in GPS receiver | 3.15 MP, 2048x1536 pixels, autofocus, Carl Zeiss optics, video(QVGA 30fps), flash; secondary CIF videocall camera - Built-in GPS receiver | 2 MP, 1600x1200 pixels, video(QVGA 15fps); flash; secondary CIF videocall camera - Cobalt blue, Graphite black | 2 MP, 1600x1200 pixels, video(QVGA 15fps); flash; secondary CIF videocall camera - Cobalt blue, Graphite black | 3.15 MP, 2048x1536 pixels, autofocus, video(VGA 15fps), flash; secondary camera - Black |
| Other | - A-GPS function - Installed Maps application covering over 100 countries - Dual slide design - Java MIDP 2.0 - MP3/AAC/AAC+/eAAC+/WMA player - 3.5 mm audio output jack - TV out - Stereo FM Radio - Organizer - Office document viewer - T9 - Push to talk - Voice dial/memo - Built-in handsfree | - A-GPS function - Installed Maps application covering over 100 countries - Dual slide design - Java MIDP 2.0 - MP3/AAC/AAC+/eAAC+/WMA player - 3.5 mm audio output jack - TV out - Stereo FM Radio - Organizer - Office document viewer - T9 - Push to talk - Voice dial/memo - Built-in handsfree | - A-GPS support - Stereo FM Radio with RDS - N-Gage - TV transmitter - Voice dial/memo - 3.5 mm audio output jack - Push to talk - Voice command/dial - PIM including calendar, to-do list and printing - Built-in document viewer | - Java MIDP 2.0 - MP3/AAC/MPEG4 player - Rotating gallery with Navi wheel - Stereo FM Radio - N10 - Push to talk - Voice dial/memo - PIM including calendar, to-do list - 3.5 mm audio output jack - Built-in handsfree | - Java MIDP 2.0 - MP3/AAC/MPEG4 player - Rotating gallery with Navi wheel - Stereo FM Radio - N10 - Push to talk - Voice dial/memo - PIM including calendar, to-do list - 3.5 mm audio output jack - Built-in handsfree | - Java MIDP 2.0 - MP3/AAC/AAC+/eAAC+/WMA player - Accelerometer - Nokia Maps - T9 - Built-in handsfree - Voice memo/commands |
| **BATTERY** | | | | | | |
| Standard battery | Standard battery, Li-Ion 1200 mAh (BL-6F) | Standard battery, Li-Ion 950 mAh (BL-5F) | Standard battery, Li-Ion 1200 mAh (BP-6MT) | Standard battery, Li-Po 1050 mAh (BP-6MT) | Standard battery, Li-Ion 1000 mAh (BL-6C) | Standard battery, Li-Ion 1000 mAh (BL-4U) |
| Stand-by | Up to 280 h | Up to 220 h | Up to 309 h | Up to 410 h | Up to 340 h | Up to 340 h |
| Talk time | Up to 6 h | Up to 6 h 30 min | Up to 4 h 20 min | Up to 6 h | Up to 6 h | Up to 6 h |

APPLE CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER

APL7940014663270

APL7940014663271

| OEM | **Nokia** | | |
| HANDSET MODEL | **E90** | **COMING SOON N96** | **COMING SOON E66** |
|---|---|---|---|
| **GENERAL** 2G Network | GSM 850 / 900 / 1800 / 1900 | GSM 850 / 900 / 1800 / 1900 | GSM 850 / 900 / 1800 / 1900 |
| 3G Network | HSDPA 2100 | HSDPA 2100 / 900 | HSDPA 850 / 900 / 1800 / 1900, HSDPA 2100 / 900 |
| Announced | 2007, February | 2008, June | 2008, June |
| Status | Available, Released 2007, June | Coming soon. Exp. release 2008, Q3 | Coming soon. Exp. release 2008, Q3 |
| **SIZE** Dimensions | 132 x 57 x 20 mm, 140 cc | 103 x 55 x 18 mm, 92 cc | 107.5 x 49.5 x 13.6 mm, 62.6 cc |
| Weight | 210 g | 125 g | 121 g |
| **DISPLAY** Type | TFT, 16M colors | TFT, 16M colors | TFT, 16M colors |
| Size | 800 x 352 pixels, 4 inches - Second external 16M colors display (240 x 320 pixels), 2 inches - Full QWERTY keyboard | 240 x 320 pixels, 2.8 inches - Accelerometer sensor for auto-rotate | 240 x 320 pixels, 2.4 inches |
| **RINGTONES** Type | Polyphonic (64 channels), MP3 | Polyphonic (64 channels), Monophonic, True Tones, MP3 | Polyphonic, Monophonic, MP3, True Tones |
| Customization | Download | Download | Download |
| Vibration | Yes | Yes | Yes |
| **MEMORY** Phonebook | Practically unlimited entries and fields, Photocall | Practically unlimited entries and fields, Photocall | Practically unlimited entries and fields, Photocall |
| Call records | Detailed, max 30 days | Detailed, max 30 days | Detailed, max 30 days |
| Card slot | microSD (TransFlash), up to 8GB, hotswap, buy memory<br>- 128 MB shared memory<br>- 330 MHz ARM processor | microSD (TransFlash), up to 8GB<br>- 16 GB internal memory<br>- 128MB RAM, 256MB storage memory<br>- Dual ARM 9 264 MHz CPU | microSD (TransFlash), up to 8GB, hotswap<br>- 110 MB internal memory<br>- 128 MB SDRAM Memory<br>- ARM 11 369 MHz processor |
| **DATA** GPRS | Yes | Class 32, 107 / 64.2 kbps | Class 32, 100 kbps |
| HSCSD | Yes | | |
| EDGE | Yes | Class 32, 296 kbps; DTM Class 11, 177 kbps | Class 32, 296 kbps |
| 3G | | Yes | Yes |
| WLAN | HSDPA, 3.6 Mbps<br>Wi-Fi 802.11b/g | HSDPA, 3.6 Mbps<br>Wi-Fi 802.11 b/g | HSDPA, 3.6 Mbps<br>Wi-Fi 802.11 b/g |
| Bluetooth | Yes, v2.0 with A2DP | Yes, v2.0 with A2DP | Yes, v2.0 with A2DP |
| Infrared port | Yes | No | Yes |
| USB | Yes, v2.0, miniUSB | Yes, v2.0 microUSB | Yes, v2.0 microUSB |
| **FEATURES** OS | Symbian OS v9.2, S60 rel. 3.1 | Symbian OS 9.3, S60 rel. 3.2 | Symbian OS 9.2, Series 60 v3.1 UI |
| Messaging | SMS, MMS, Email, Instant Messaging | SMS, MMS, Email, Instant Messaging | SMS, MMS, Email, Instant Messaging |
| Browser | Yes + Java downloadable, order row | WAP 2.0/xHTML, HTML, RSS reader<br>Downloadable | WAP 2.0/xHTML, HTML<br>Java downloadable |
| Games | Yes, + Java downloadable | Downloadable | Java downloadable |
| Colors | Red, Mocha | Black | White Steel, Grey Steel |
| Camera | 3.15 MP, 2048x1536 pixels, autofocus, video(VGA 30fps), flash; secondary QCIF videocall camera | 5 MP, 2592x1944 pixels, Carl Zeiss optics, autofocus, video(VGA 30fps), flash; secondary VGA videocall camera | 3.15 MP, 2048x1536 pixels, autofocus, video(QVGA 220fps), flash; secondary videocall camera |
| Other | - Built-in GPS receiver (with eGPS/Assisted Maps)<br>- Push to talk<br>- Video calling<br>- Java MIDP 2.0<br>- MP3/WMA/AAC/AAC+/WMA player<br>- FM Radio<br>- Voice command/dial<br>- PIM including calendar, to-do list and memos<br>- Photo/video editor<br>- Integrated handsfree | - Built-in GPS receiver<br>- A-GPS function<br>- DVB-H TV broadcast receiver<br>- Dual slide design<br>- Java MIDP 2.0<br>- MP3/AAC/AAC+/eAAC+/WMA player<br>- 3.5 mm audio output jack<br>- TV out<br>- Stereo FM Radio with RDS<br>- Organizer<br>- Office document viewer<br>- T9 | - VoIP<br>- Built-in GPS receiver<br>- A-GPS function<br>- Java MIDP 2.0<br>- MP3/AAC/MPEG4 player<br>- Office applications<br>- FM Radio<br>- Push to talk<br>- Voice command/dial<br>- turn-to-mute<br>- PIM including calendar, to-do list and memos<br>- Built-in handsfree |
| **BATTERY** Standby | Standard battery, Li-Ion 1500 mAh | Standard battery, Li-Ion 950 mAh (BL-5F) | Standard battery, Li-Ion 1000 mAh (BL-4U) |
| Talk time | Up to 330 h<br>Up to 5 h | Up to 220 h<br>Up to 3 h 40 min | Up to 264 h<br>Up to 7 h 30 m |

APPLE CONFIDENTIAL BUSINESS INFORMATION,
SUBJECT TO PROTECTIVE ORDER

APL794014663272

| OEM | RIM | | | | |
|---|---|---|---|---|---|
| **HANDSET MODEL** *Note: not exhaustive* | **8820** Same as 8800 but incl WiFi | **8800** | **Curve 8310** Note: 8300, 8320 don't have GPS | **Pearl 8110** Note: 8120 doesn't have GPS | **COMING SOON** **Bold** |
| **GENERAL** 2G Network | GSM 850 / 900 / 1800 / 1900 | GSM 850 / 900 / 1800 / 1900 | GSM 850 / 900 / 1800 / 1900 | GSM 850 / 900 / 1800 / 1900 | GSM 850 / 900 / 1800 / 1900 |
| 3G Network | | | | | HSDPA 850 / 1900 / 2100 |
| Announced | 2007, July | 2007, February | 2007, August | 2008, January | 2008, May |
| Status | Available | Available | Available | Available, Released 2008, January | Coming soon |
| **SIZE** Dimensions | 114 x 66 x 14 mm | 114 x 66 x 14 mm | 107 x 60 x 15.5 mm | 107 x 50 x 14 mm | 114 x 66 x 14 mm |
| Weight | 134 g | 134 g | 111 g | 91 g | 133 g |
| **DISPLAY** Type | 65K colors | 65K colors | 65K colors | 65K colors | 65K colors |
| Size | 320 x 240 pixels - Full QWERTY keyboard - Trackball navigation | 320 x 240 pixels - Full QWERTY keyboard - Trackball navigation | 320 x 240 pixels - Full QWERTY keyboard - Trackball navigation | 240 x 260 pixels - QWERTY keyboard - Trackball navigation - Wallpapers | 480 x 320 pixels - Full QWERTY keyboard - Trackball navigation - Wallpapers |
| **RINGTONES** Type | Polyphonic, MP3 | Polyphonic, MP3 | Polyphonic (32 channels), MP3 | Polyphonic (32 channels), MP3 | Polyphonic, MP3 |
| Customization | | | Download, order now | Download, order now | Download |
| Vibration | Yes | Yes | Yes | Yes | Yes |
| Phonebook | Yes | Yes | Yes | Yes | Yes, Protocall |
| Call records | Yes | Yes | Yes, Protocall | Yes | Yes |
| **MEMORY** Card slot | microSD (TransFlash), buy memory | microSD (TransFlash), buy memory | microSD (TransFlash), buy memory | microSD (TransFlash), buy memory | microSD (TransFlash), microSDHC, up to 8 GB |
| | - 64 MB flash memory - 16 MB SRAM | - 64 MB flash memory - 16 MB SRAM | - 64 MB flash memory | - 64 MB flash memory | - 128 MB flash memory - 1 GB storage memory - 624 MHz processor |
| **DATA** GPRS | Yes | Yes | Yes | Yes | Yes |
| HSCSD | No | No | No | No | No |
| EDGE | Yes | Yes | Yes | Yes | Class 10 (4+1/3+2 slots), 32 - 48 kbps |
| 3G | No | No | No | No | No |
| WLAN | WiFi 802.11b/g | No | No | No | Wi-Fi 802.11 a/b/g |
| Bluetooth | Yes, v2.0 w AZDP | Yes, v2.0 | Yes, v2.0 with A2DP | Yes, v2.0 with A2DP | Yes, v2.0 |
| Infrared port | No | No | No | No | No |
| USB | Yes, miniUSB | Yes, miniUSB | Yes, miniUSB | Yes, miniUSB | Yes, v2.0 |
| **FEATURES** OS | BlackBerry OS | BlackBerry OS | BlackBerry OS | BlackBerry OS | BlackBerry OS |
| Messaging | SMS, MMS, Email, Instant Messaging WAP 2.0/xHTML, HTML - order now | SMS, MMS, Email, Instant Messaging WAP 2.0/xHTML, HTML - order now | SMS, MMS, Email, Instant Messaging HTML | SMS, MMS, Email, Instant Messaging HTML | SMS, MMS, Email, Instant Messaging HTML |
| Browser | Silver | Silver | Yes + downloadable, order now | Yes + downloadable, order now | Yes + downloadable |
| Games | No | No | Silver | Silver | Black |
| Colors | | | | Black, Blue | Black |
| Camera | | | 2 MP, 1600x1200 pixels, flash | 2 MP, 1600x1200 pixels, video, flash | 2 MP, 1600x1200 pixels, video, flash |
| Other | - Built-in GPS navigation with BlackBerry Maps - Java - Media player - Organizer - Built-in handsfree - to-do list - document viewer (Microsoft Word, Excel and PowerPoint, Corel WordPerfect and Adobe PDF) - Voice dial | - Built-in GPS navigation with BlackBerry Maps - Java - Media player - Organizer - Built-in handsfree - to-do list - document viewer (Microsoft Word, Excel and PowerPoint, Corel WordPerfect and Adobe PDF) - Voice dial | - Integrated GPS - Java - Media player - BlackBerry Maps - Organizer - Calculator - Voice dial - Built-in handsfree - to-do list | - Built-in GPS - Java - document viewer (Word, Excel), PowerPoint, PDF) - Media player - SureType keyboard software - Organizer - Calculator - Built-in handsfree - 3.5 mm stereo jack | - BlackBerry Maps - DataViz document viewer/editor - Java - Media player MP3/WMA/AAC+ - Video player DivX/WMV/XviD/3gp - Organizer - Calculator - Voice dial - Built-in handsfree - Voice memo |
| **BATTERY** | Standard battery, Li-Ion | Standard battery, Li-Ion | Standard battery, Li-Ion 1100 mAh | Standard battery, Li-Ion 900 mAh | Standard battery, Li-Ion 1500 mAh |
| Stand-by | Up to 530 h | Up to 530 h | Up to 408 h | Up to 360 h | Up to 310 h |
| Talk time | Up to 5 h | Up to 5 h | Up to 4 h | Up to 4 h 10 min | Up to 5 h |

APPLE CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER

APL7940014663273

| OEM | **Motorola** | | |
|---|---|---|---|
| HANDSET MODEL | | **Q 9h** | **Z9** |
| *Note: not exhaustive* | | Also known as Motorola Q q9 | AT&T exclusive |
| | | AT&T version is called Q 9h global and has GPS and WCDMA 850/900 support | |
| | | |  |
| | |  | |
| **GENERAL** | 2G Network | GSM 850 / 900 / 1800 / 1900 | GSM 850 / 900 / 1800 / 1900 |
| | 3G Network | HSDPA 2100 - Q 9h HSDPA 850 / 1900 - Q 9h global | HSDPA 850 / 1900 |
| | Announced | 2007, February | 2008, April |
| | Status | Available | Available. Released 2008, April |
| **SIZE** | Dimensions | 118 x 67 x 11.8 mm, 85 cc | 114 x 53 x 14 mm |
| | Weight | 134 g | 129 g |
| **DISPLAY** | Type | TFT, 65K colors | TFT, 256K colors |
| | Size | 320 x 240 pixels, 2.4 inches | 240 x 320 pixels, 2.4 inches |
| | | - Full QWERTY keyboard | - screensavers and Wallpapers |
| | | - 5-way navigation button | - Downloadable logos |
| | | - Downloadable wallpaper and screensavers | |
| **RINGTONES** | Type | Polyphonic, MP3 | Polyphonic, MP3 |
| | Customization | Yes | Polyphonic (64 channels) |
| | | - Dual Stereo speakers | Download, order now |
| | Vibration | Yes | Yes |
| **MEMORY** | Phonebook | Practically unlimited entries and fields, Photocall | 2000 entries, Photocall |
| | Call records | Practically unlimited | 20 dialed, 20 received, 20 missed calls |
| | Card slot | microSD (TransFlash), up to 8GB, buy memory | microSD (TransFlash), buy memory |
| | | - 96 MB RAM, 256 MB flash | |
| **DATA** | GPRS | Class 12 (4+1/3+2/2+3/1+4 slots), 32 - 48 kbps | Class 10 (4+1/3+2 slots), 32 - 48 kbps |
| | HSCSD | No | No |
| | EDGE | Class 10, 296 / 177.6 kbits | Class 10, 236.8 kbps |
| | 3G | HSDPA, 3.6 Mbps | HSDPA, 3.6 Mbps |
| | WLAN | No | No |
| | Bluetooth | Yes, v2.0 with A2DP | Yes, v2.0 with A2DP |
| | Infrared port | No | No |
| | USB | Yes, v2.0 microUSB | Yes, v2.0, miniUSB |
| **FEATURES** | OS | Microsoft Windows Mobile 6.0 Standard | |
| | Messaging | SMS, MMS, Email, Instant Messaging | SMS, EMS, MMS, Email, Instant Messaging |
| | Browser | HTML, (Opera) | WAP 2.0/xHTML, HTML (Opera 8) |
| | Games | Yes, order now | Yes, order now |
| | Colors | Silver, Black | Burgundy Red |
| | Camera | 2 MP, 1600x1200 pixels, video(30fps), flash | 2 MP, 1600x1200 pixels, video |
| | Other | - GPS (Q 9h global version only) | - Built-in GPS receiver |
| | | - Java MIDP 2.0 | - Java MIDP 2.0 |
| | | - MP3/AAC music player | - MP3/WMA/eAAC+ player |
| | | - MPEG4/H.263/RMV/H.264 video recording & playback | - T9 |
| | | - Voice memo | - Organizer |
| | | - Voice dial | - Calculator |
| | | - Built-in handsfree | - Built-in handsfree |
| | | | - Voice dial |
| | | | - Voice memo |
| **BATTERY** | | Standard battery, Li-Ion 1170 mAh | Standard battery, Li-Ion 920 mAh |
| | Stand-by | Up to 480 h | Up to 310 h |
| | Talk time | Up to 6 h 30 min | Up to 4 h |

APPLE CONFIDENTIAL BUSINESS INFORMATION,
SUBJECT TO PROTECTIVE ORDER

APL79400114663274

| OEM **Samsung** | | | | | |
|---|---|---|---|---|---|
| **HANDSET MODEL** Note: not exhaustive | **i900 Omnia** | **F480** Samsung Tocco | **F490** | **G810** | **i640** |
| **GENERAL** | | | | | |
| 2G Network | GSM 850 / 900 / 1800 / 1900 | GSM 900 / 1800 / 1900 | GSM 900 / 1800 / 1900 | GSM 900 / 1800 / 1900 | GSM 900 / 1800 / 1900 |
| 3G Network | HSDPA 850 / 1900 / 2100 | HSDPA 2100 | HSDPA 2100 | HSDPA 900 / 1800 / 1900 | HSDPA 2100 |
| Announced | 2008, June | 2008, February | 2008, January | 2008, February | 2008, February |
| Status | Coming soon. Exp. release 2008, June | Available. Released 2008, May | Available. Released 2008, March | Available. Released 2008, April | Available. Released 2008, February |
| **SIZE** | | | | | |
| Dimensions | 112 x 56.9 x 12.5 mm | 98.4 x 55 x 11.6 mm | 98.4 x 55.5 x 11.8 mm | 115 x 53.5 x 11.8 mm | 94.4 x 61 x 16.9 mm |
| Weight | 120.6 g | 100.6 g | 102 g | 139 g | 149 g |
| **DISPLAY** | | | | | |
| Type | TFT touchscreen, 256K colors (65K effective) | TFT touchscreen, 256K colors | TFT touchscreen, 256K colors | TFT, 256K colors | TFT, 65K colors |
| Size | 240 x 400 pixels, 3.2 inches - Accelerometer sensor for auto-rotate - Handwriting recognition | 240 x 320 pixels, 2.8 inches | 240 x 320 pixels, 3.3 inches | 240 x 320 pixels, 2.6 inches | 320 x 240 pixels, 2.4 inches - QWERTY keyboard, Jog dial |
| **RINGTONES** | | | | | |
| Type | Polyphonic, MP3 | Polyphonic (64 channels), MP3 | Polyphonic, MP3 | Polyphonic, MP3 | Polyphonic (40 channels), MP3 |
| Customization | Download | Download, order now | Download, order now | Download, order now | Download, order now |
| Vibration | Yes | Yes | Yes | Yes | Yes |
| **MEMORY** | | | | | |
| Phonebook | Practically unlimited entries and fields, Photocall | 1000 entries, Photocall | 1000 entries, Photocall | Practically unlimited entries and fields, Photocall | Practically unlimited entries and fields, Photocall |
| Call records | Practically unlimited | 30 dialed, 30 received, 30 missed calls | 30 dialed, 30 received, 30 missed calls | Detailed, max 30 days | Practically unlimited |
| Card slot | microSD (TransFlash), up to 8GB - 128 MB RAM, 256 MB ROM - 624MHz Marvell PXA312 processor - 8 GB/16 GB internal memory | microSD (TransFlash), up to 8GB, buy memory - 232 MB of internal memory | microSD (TransFlash), buy memory - 130 MB shared memory | microSD (TransFlash), buy memory - 130 MB shared memory - 330 MHz ARM1136 processor (TI OMAP 2430 chipset) | microSD (TransFlash), buy memory - 128MB ROM, 64MB RAM |
| **DATA** | | | | | |
| GPRS | Class 12 (4+1/3+2/2+3/1+4 slots), 32 - 48 kbps | Class 12 (4+1/3+2/2+3/1+4 slots), 32 - 48 kbps | Class 10 (4+1/2+2 slots), 32 - 48 kbps | Class 10 (4+1/3+2 slots), 32 - 48 kbps | Class 10 (4+1/3+2 slots), 32 - 48 kbps |
| HSCSD | No | No | No | No | No |
| EDGE | Class 12 | Class 12 | Class 10, 236.8 kbps | Class 10, 236.8 kbps | Class 10, 236.8 kbps |
| 3G | HSDPA, 7.2 Mbps | HSDPA, 7.2 Mbps | HSDPA, 3.6 Mbps | HSDPA, 3.6 Mbps | HSDPA, 3.6 Mbps |
| WLAN | Wi-Fi 802.11 b/g | No | No | Wi-Fi 802.11 b/g | No |
| Bluetooth | Yes, v2.0 with A2DP | Yes, v2.0 with A2DP | Yes, v2.0 with A2DP | Yes, v2.0 with A2DP | Yes, v2.0 with EDR |
| Infrared port | No | No | No | No | No |
| USB | Yes, v2.0 | Yes, v2.0 | Yes, v2.0 | Yes, v2.0 | Yes, v1.1 |
| OS | Microsoft Window Mobile 6.1 Professional | | | Symbian OS v9.2, Series 60 rel. 3.0 | Microsoft Windows Mobile 6.0 Standard |
| **FEATURES** | | | | | |
| Messaging | SMS, EMS, MMS, Email, Instant Messaging | SMS, EMS, MMS, Email, Instant Messaging | SMS, EMS, MMS, Email, Instant Messaging | SMS, MMS, Email | SMS, MMS, Email, Instant Messaging |
| Browser | WAP 2.0/xHTML, HTML, RSS feeds | WAP 2.0/xHTML, HTML, RSS feeds | WAP 2.0/xHTML, HTML (NetFront 3.4) | WAP 2.0/xHTML, HTML, RSS reader | WAP 2.0/xHTML, HTML, RSS feeds |
| Games | Yes + Java downloadable | Yes + Java downloadable | Yes, order now | Yes + downloadable, order now | Yes, order now |
| Colors | Silver | Black | Black | Titan Grey | Silver |
| Camera | 5 MP, 2592x1944 pixels, autofocus, image stabilizer, video; secondary videocall camera | 5 MP, 2592x1944 pixels, autofocus, video(QVGA), flash | 5 MP, 2592x1944 pixels, autofocus, video(QVGA 15fps), flash; secondary videocall camera | 5 MP, 2560x1920 pixels, video; face detection, video(VGA), xenon flash, 3x optical zoom | 2 MP, 1600x1200 pixels, video; secondary VGA videocall camera |
| Other | - Java MIDP 2.0 - FM Radio with RDS - MP3/AAC/AAC+/WMA/OGG/AMR player - DivX/XviD/WMV/MP4 player - TV out - Voice memo - Built-in handsfree | - Java MIDP 2.0 - H.264/H.263/MPEG4 player - MP3/AAC/AAC+ player - Camera face detection - FM Radio with RDS - Organiser - document viewer - Built-in handsfree | - Java MIDP 2.0 - 3.5mm audio jack - WMV/MPEG4/H.263/H.264 player (VGA@30fps) - MP3/AAC/AAC+/WMA player - Voice recorder - Organiser - Priced document viewer - Google Search - Built-in handsfree - Multitasking | - Java MIDP 2.0 - Navigon GPS navigation software - Camera images geo-tagging - Java MIDP 2.0 - Stereo FM Radio - 3.5mm audio output jack - Bluetooth printing - Document Viewer - Voice memo - Built-in handsfree | - Java MIDP 2.0 - WMV/3GP/MPEG4 player - WMA/MP3/AAC+ player - Organiser - document viewer (MS Word, Excel, PPT, PDF) - Imass viewer (jpeg/gif/bmp/png) - Voice memo - Built-in handsfree |
| **BATTERY** | Standard battery, Li-Ion 1440 mAh | Standard battery, Li-Ion 1000 mAh | Standard battery, Li-Ion 880 mAh | Standard battery, Li-Ion 1200 mAh | Standard battery, Li-Ion 1000 mAh |
| Stand-by | Up to 500 h | Up to 250 h | Up to 220 h | Up to 400 h | Up to 250 h |
| Talk time | Up to 5 h 30 min | Up to 3 h | Up to 6 h | Up to 5 h 30 min | Up to 6 h |

APPLE CONFIDENTIAL BUSINESS INFORMATION,
SUBJECT TO PROTECTIVE ORDER

APL79400146863275

| OEM | Samsung | | | |
|---|---|---|---|---|
| **HANDSET MODEL** | | **i617 BlackJack II** | **i780** | **F700** |
| *Note: not exhaustive* | | | | |

| **GENERAL** | |  |  |  |
|---|---|---|---|---|
| | 2G Network | GSM 850 / 900 / 1800 / 1900 | GSM 900 / 1800 / 1900 | GSM 900 / 1800 / 1900 |
| | 3G Network | HSDPA 850 / 1900 / 2100 | HSDPA 2100 | HSDPA 2100 |
| | Announced | 2007, October | 2007, September | 2007, February |
| | Status | Available | Available. Released 2008, February | Available. Released 2007, December |
| **SIZE** | Dimensions | 114 x 61 x 13 mm | 115.9 x 61.3 x 12.9 mm | 112 x 56 x 15.9 mm |
| | Weight | 116 g | 120 g | 139 g |
| **DISPLAY** | Type | TFT, 65K colors | TFT touchscreen, 65K colors | TFT touchscreen, 256K colors |
| | Size | 320 x 240 pixels, 2.4 inches | 320 x 320 pixels, 2.55 inches | 240 x 440 pixels, 3.2 inches |
| | | - QWERTY keyboard | - QWERTY keyboard | - QWERTY keyboard |
| **RINGTONES** | Type | Polyphonic (40 channels), MP3, WAV | Polyphonic (64 channels), MP3 | Polyphonic, MP3 |
| | Customization | Download, order now | Download, order now | Download, order now |
| | Vibration | Yes | Yes | Yes |
| **MEMORY** | Phonebook | Practically unlimited entries and fields, | Practically unlimited entries and fields, | 1000 entries, Photocall |
| | | Photocall | Photocall | |
| | Call records | Practically unlimited | Practically unlimited | 30 dialed, 30 received, 30 missed calls |
| | Card slot | microSD (TransFlash), up to 4 GB | microSD (TransFlash), buy memory | microSD (TransFlash), buy memory |
| | | supported, buy memory | | |
| | | - ROM 256 MB, RAM 128MB | 256MB ROM and 128MB RAM | - 112 MB shared memory |
| | | - Dual Core ARM 9 (260 MHZ) | | |
| | | processor | | |
| **DATA** | GPRS | Class 10 (4+1/3+2 slots), 32 - 48 kbps | Class 10 (4+1/3+2 slots), 32 - 48 kbps | Class 12 (4+1/3+2/2+3/1+4 slots), 32 |
| | | | | - 48 kbps |
| | HSCSD | No | No | No |
| | EDGE | Class 10, 236.8 kbps | Class 10, 236.8 kbps | Class 12 |
| | 3G | HSDPA, 3.6 Mbps | HSDPA, 3.6 Mbps | HSDPA, 3.6 Mbps |
| | WLAN | No | Wi-Fi 802.11b/g | No |
| | Bluetooth | Yes, v2.0 with A2DP | Yes, v2.0 with A2DP | Yes, v2.0 with A2DP |
| | Infrared port | No | No | No |
| | USB | Yes, v2.0 | Yes | Yes |
| | OS | Microsoft Windows Mobile 6.0 | Microsoft Windows Mobile 6.0 | |
| | | | Professional | |
| **FEATURES** | Messaging | SMS, EMS, MMS, Email, Instant | SMS, MMS, EMail, Instant Messaging | SMS, EMS, MMS, Email, Instant |
| | | Messaging | | Messaging |
| | Browser | WAP 2.0/xHTML, HTML, RSS feeds | WAP 2.0 / HTML, Opera Mobile 8.65 | WAP 2.0/xHTML, HTML |
| | Games | Yes, order now | Yes, order now | Yes, order now |
| | Colors | Black | Black | Black |
| | Camera | 2 MP, 1600x1200 pixels, video | 2 MP, 1600x1200 pixels, video, | 3.15 MP, 2048x1536 pixels, autofocus, |
| | | | secondary VGA videocall camera | flash, video; secondary VGA videocall |
| | | | | camera |
| | Other | - Built-in GPS receiver | - Java MIDP 2.0 | - Java MIDP 2.0 |
| | | - Mobile TV receiver | - Built-in GPS navigation | - H.264/H.263/MPEG4 player |
| | | - Java support for application | - A-GPS support | - MP3/AAC/AAC+ player |
| | | Download | | |
| | | - WMV/3GP/H.263/MPEG4 player | - Finger Mouse | - Organiser |
| | | - Organiser | - Side bar | - Google Maps |
| | | - document viewer (MS Word, Excel, | - MS Office Mobile | - document viewer |
| | | PPT, PDF) | - Voice memo | - Built-in handsfree |
| | | - Built-in handsfree | | |
| | | | - Calita player, Calita Reader | |
| | | | - Photo Slides | |
| | | | - Search | |
| | | | - SmartConverter | |
| | | | - Mini player | |
| | | | - Windows Media player | |
| **BATTERY** | | Standard battery, Li-Ion 1700 mAh | Standard battery, Li-Ion 1480 mAh | Standard battery, Li-Ion 1000 mAh |
| | Stand-by | Up to 330 h | Up to 400 h | Up to 300 h |
| | Talk time | Up to 7 h | Up to 7 h | Up to 4 h 30 min |

APPLE CONFIDENTIAL BUSINESS INFORMATION,
SUBJECT TO PROTECTIVE ORDER

APL794014663276

| OEM: HTC | | Touch Diamond | X7510 | Touch Cruise | Touch Dual | P6500 | P3600 (Older P3600 may not include GPS) |
|---|---|---|---|---|---|---|---|
| **GENERAL** | 2G Network | GSM 900 / 1800 / 1900 for Europe/Asia; GSM 850 / 1800 / 1900 for Americas | GSM 900 / 900 / 1800 / 1900 | GSM 850 / 900 / 1800 / 1900 | GSM 900 / 1800 / 1900 | GSM 850 / 900 / 1800 / 1900 | GSM 900 / 1800 / 1800 / 1900 |
| | 3G Network | HSDPA 2100 / 1900 for Europe/Asia; HSDPA 850 / 1900 for Americas | HSDPA 2100 | HSDPA 2100 | HSDPA 2100 | HSDPA 2100 | HSDPA 2100; HSDPA 850 / 1900 - US version |
| | Announced | 2008, May | 2008, June | 2007, November | 2007, October | 2007, October | 2007, August |
| | Status | Available. Released 2008, May | Available. Released 2008, June | Available. Released 2008, January | Available. Released 2007, November | Available. Released 2008, April | Available |
| **SIZE** | Dimensions | 102 x 51 x 11.5 mm | 133 x 98 x 16 mm | | 107 x 55 x 15.8 mm | 137.4 x 72.9 x 20.5 mm | 108 x 58.2 x 18.4 mm |
| | Weight | 110 g | 176 g | | 120 g | 220 g | 150 g |
| **DISPLAY** | Type | TFT touchscreen, 65K colors | TFT touchscreen, 256K colors (65K effective) | TFT touchscreen, 65K colors | TFT touchscreen, 65K colors | TFT touchscreen, 65K colors | TFT touchscreen, 65K colors |
| | Size | 480 x 640 pixels, 2.8 inches; - Touch-sensitive navigation controls; - Accelerometer sensor for auto-rotate | 640 x 480 pixels, 5 inches; - QWERTY keyboard; - Handwriting recognition | 240 x 320 pixels, 2.8 inches; - TouchFLO Finger swipe navigation; - Handwriting recognition; - 4-way navigation wheel | 240 x 320 pixels, 2.6 inches; - TouchFLO finger swipe navigation; - 16-key standard or 20-key QWERTY keyboard; - Handwriting recognition | 240 x 320 pixels, 3.5 inches; - Handwriting recognition; - 5-way navigation | 240 x 320 pixels, 2.8 inches; - Handwriting recognition |
| **RINGTONES** | Type | Polyphonic (40 channels), MP3, WAV, WMA | Polyphonic (40 channels), MP3, AAC | Polyphonic (40 channels), MP3, AAC | Polyphonic (40 channels), MP3 | Polyphonic (40 channels), MP3 | Polyphonic (40 channels), MP3 |
| | Customization | Download, order now | Download, order now | Download, order now | Download, order now | Download, order now | Download, order now |
| | Vibration | Yes | Yes, w/ loud speakers | Yes | Yes | Yes | Yes |
| **MEMORY** | Phonebook | Practically unlimited entries and fields, Photocall | Practically unlimited entries and fields, Photocall | Practically unlimited entries and fields, Photocall | Practically unlimited entries and fields, Photocall | Practically unlimited entries and fields, Photocall | Practically unlimited entries and fields, Photocall |
| | Call records | Practically unlimited | Practically unlimited | Practically unlimited | Practically unlimited | Practically unlimited | Practically unlimited |
| | Card slot | No | microSD (TransFlash) | microSD (TransFlash), SD 2.0 compatible, buy memory | microSD (TransFlash), buy memory | microSD, buy memory | miniSD, buy memory |
| | | - 4 GB user available memory; - 192 MB DDR SDRAM, 256 MB ROM | - 128 MB RAM, 256 MB ROM; - 16 GB flash memory | - 128 MB RAM, 256 MB ROM | - 128 MB RAM, 256 MB ROM | - 1 GB internal memory | - 64 MB SDRAM, 256 MB ROM |
| | | - Qualcomm MSM7201A 528 MHz processor | - Marvell PXA270 624 MHz, Qualcomm MSM6275 processor | - Qualcomm MSM7200, 400 MHz processor | - Qualcomm MSM7200, 400 MHz processor | - Qualcomm MSM7200, 400 MHz processor | - Samsung 500 MHz processor |
| **DATA** | GPRS | Class 10 (4+1/3+2 slots), 32 - 48 kbps | Class 10 (4+1/3+2 slots), 32 - 48 kbps | Class 10 (4+1/3+2 slots), 32 - 48 kbps | Class 10 (4+1/3+2 slots), 32 - 48 kbps | Class 10 (4+1/3+2 slots), 32 - 48 kbps | Class 10 (4+1/3+2 slots), 32 - 48 kbps |
| | HSCSD | No | No | No | No | No | No |
| | EDGE | Class 10, 236.8 kbps | Class 10, 236.8 kbps | Class 10, 236.8 kbps | Class 10, 236.8 kbps | Class 10, 236.8 kbps | Class 10, 236.8 kbps |
| | 3G | HSDPA, 7.2 Mbps | HSDPA, 3.6 Mbps | HSDPA, 3.6 Mbps | HSDPA, 3.6 Mbps | HSDPA, 3.6 Mbps | HSDPA, 3.6 Mbps |
| | WLAN | Wi-Fi 802.11 b/g | Wi-Fi 802.11 b/g | Wi-Fi 802.11 b/g | No | Wi-Fi 802.11 b/g | Wi-Fi 802.11 b/g |
| | Bluetooth | Yes, v2.0 with A2DP | Yes, v2.0 with A2DP | Yes, v2.0 with A2DP | Yes, v2.0 | Yes, v2.0 | Yes, v2.0 with A2DP |
| | Infrared port | No | No | No | No | No | No |
| | USB | Yes, miniUSB | Yes, miniUSB | Yes, miniUSB | Yes, miniUSB | Yes, miniUSB | Yes, HTC ExtUSB (11-pin mini-USB) |
| | OS | Microsoft Windows Mobile 6.1 Professional | Microsoft Windows Mobile 6.0 | Microsoft Windows Mobile 6.0 Professional | Microsoft Windows Mobile 6.0 Professional | Microsoft Windows Mobile 6.0 Professional | Microsoft Windows Mobile 6.0 Professional |
| **FEATURES** | Messaging | SMS, MMS, Email, Instant Messaging | SMS, MMS, Email, Instant Messaging | SMS, MMS, Email, Instant Messaging | SMS, MMS, Email, Instant Messaging | SMS, MMS, Email, Instant Messaging | SMS, MMS, Email, Instant Messaging |
| | Browser | WAP 2.0/xHTML, HTML | WAP 2.0/xHTML, HTML (Opera 9) | WAP 2.0/xHTML, HTML (PocketIE) | WAP 2.0/xHTML, HTML (PocketIE) | WAP 2.0/xHTML, HTML (PocketIE) | WAP 2.0/xHTML, HTML (PocketIE) |
| | Games | Yes, order now | Yes, order now | Yes, order now | Yes, order now | Yes, order now | Yes, order now |
| | Colors | Black | | | Silver | Silver | |
| | Camera | 3.15 MP, 2048x1536 pixels, autofocus, video; secondary VGA videocall camera | 3.15 MP, 2048x1536 pixels, autofocus, video; secondary VGA videocall camera | 3.15 MP, 2048x1536 pixels, autofocus, video; secondary VGA videocall camera | 2 MP, 1600x1200 pixels, video; secondary CIF video call camera | 2 MP, 1600x1200 pixels, video; secondary CIF video call camera | 2 MP, 1600x1200 pixels, video; secondary CIF video call camera |
| | Other | - Built-in GPS with A-GPS; - Stereo FM Radio with RDS; - Pocket Office(Word, Excel, Outlook, PDF viewer); - Java MIDP 2.0; - Voice memo; - MP3 player; - Built-in handsfree | - Built-in GPS navigator; - Java MIDP 2.0; - 3.5 mm stereo audio jack; - Voice memo; - Windows media player 10; - Video/audio album; - Built-in handsfree; - TV out | - Built-in GPS receiver; - TomTom map; - Pocket Office(Word, Excel, Outlook, PDF viewer); - FM Radio; - Voice memo; - MP3/AAC/WMA/WAV/AMR-NB player; - Video/audio album; - Built-in handsfree | - Pocket Office(Word, Excel, Outlook, PDF viewer); - Voice memo; - MP3/AAC player; - Video/audio album; - Built-in handsfree | - GPS navigation; - Pocket Office(Word, Excel, Outlook, PDF viewer); - Fingerprint reader; - Barcodes/BusinessCard Reader applications; - Java MIDP 2.0; - Voice memo; - MP3/AAC player; - Video/audio album | - Built-in GPS(Qualcomm MSM 6275); - Video call; - Pocket Office(Word, Excel, Outlook); - Java MIDP 2.0; - Voice memo; - MP3/AAC player; - Video/audio album; - Built-in handsfree |
| **BATTERY** | Stand-by | Standard battery, Li-Ion 900 mAh; Up to 285 h | Standard battery, Li-Po 2100 mAh; Up to 500 h | Standard battery, Li-Ion 1350 mAh; Up to 250 h | Standard battery, Li-Ion 1120 mAh; Up to 350 h | Standard battery, Li-Ion 1500 mAh; Up to 250 h | Standard battery, Li-Ion 1500 mAh; Up to 200 h |
| | Talk time | Up to 5 h 30 min | Up to 8 h | Up to 5 h | Up to 8 h | Up to 7 h 40 min | Up to 7 h 40 min |

APPLE CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER

APL79400114663277

APPLE CONFIDENTIAL BUSINESS INFORMATION,
SUBJECT TO PROTECTIVE ORDER

| OEM | HTC | |
|---|---|---|
| **HANDSET MODEL** | **TyTN II** | |
| *Note: not exhaustive* | Older TyTN has no GPS | |

| **GENERAL** | 2G Network | GSM 850 / 900 / 1800 / 1900 |
| | 3G Network | HSDPA 850 / 1900 / 2100 |
| | Announced | 2007 July |
| | Status | Available |
| **SIZE** | Dimensions | 112 x 59 x 19 mm |
| | Weight | 190 g |
| **DISPLAY** | Type | TFT touchscreen, 65K colors |
| | Size | 240 x 320 pixels, 2.8 inches |
| | | - Handwriting recognition |
| | | - QWERTY keypad |
| **RINGTONES** | Type | Polyphonic (72 channels), MP3 |
| | Customization | Download, order now |
| | Vibration | Yes |
| **MEMORY** | Phonebook | Practically unlimited entries and fields, Photocall |
| | Call records | Practically unlimited |
| | Card slot | microSD (TransFlash), buy memory |
| | | - 128 MB RAM, 256 MB ROM |
| | | - Qualcomm MSM7200, 400 MHz processor |
| **DATA** | GPRS | Class 10 (4+1/3+2 slots), 32 - 48 kbps |
| | HSCSD | No |
| | EDGE | Class 10, 236.8 kbps |
| | 3G | HSDPA 3.6 Mbps |
| | WLAN | Wi-Fi 802.11b/g |
| | Bluetooth | Yes, v2.0 |
| | Infrared port | No |
| | USB | Yes, v2.0 |
| | OS | Microsoft Windows Mobile 6.0 Professional |
| **FEATURES** | Messaging | SMS, MMS, Email, Instant Messaging |
| | Browser | WAP 2.0/xHTML, HTML, (Pocket IE) |
| | Games | Yes, order now |
| | Colors | Silver |
| | Camera | 3.15 MP, 2048x1536 pixels, autofocus, video; secondary VGA videocall camera |
| | Other | - Built-in GPS receiver |
| | | - A-GPS function |
| | | - video call |
| | | - Pocket Office(Word, Excel, Outlook) |
| | | - Java MIDP 2.0 |
| | | - Voice memo |
| | | - Media Player 10 |
| | | - video/audio album |
| | | - Built-in handsfree |
| **BATTERY** | | Standard battery, Li-Po 1350 mAh |
| | Stand-by | Up to 400 h |
| | Talk time | Up to 6 h |

APL79400144663278

| OEM | LG | | | | |
|---|---|---|---|---|---|
| **HANDSET MODEL** *Note: not exhaustive* | | KF750 Secret | KF700 | CU915 Vu *AT&T exclusive* | KU990 Viewty |
| **GENERAL** | 2G Network | GSM 900 / 1800 / 1900 | GSM 900 / 1800 / 1900 | GSM 850 / 900 / 1800 / 1900 | GSM 900 / 1800 / 1900 |
| | 3G Network | HSDPA 2100 | HSDPA 2100 | HSDPA 850 / 1900 | HSDPA 2100 |
| | Announced | 2008, April | | 2008, March | 2007, August |
| | Status | Available. Released 2008, June | Available. Released 2007, June | Coming soon | Available. Released 2007, October |
| **SIZE** | Dimensions | 102.8 x 50.8 x 11.8 mm | 102 x 51 x 14.5 mm | 108 x 54.9 x 13 mm | 103.5 x 54.4 x 14.8 mm |
| | Weight | 116 g | 110 g | 89.6 g | 112 g |
| **DISPLAY** | Type | TFT touchscreen, 256K colors | TFT touchscreen, 256K colors | TFT touchscreen, 256K colors | TFT touchscreen, 256K colors |
| | Size | 240 x 400 pixels, 3 inches | 240 x 480 pixels, 3 inches | 240 x 400 pixels, 3 inches | 240 x 400 pixels, 3 inches |
| | | - flash UI | - Shortcut Dial | - flash UI | - flash UI |
| | | - Downloadable Wallpapers | | - Downloadable Wallpapers | - Downloadable Wallpapers |
| **RINGTONES** | Type | Polyphonic (72 channels), MP3 | Polyphonic, MP3 | Polyphonic (40 channels), MP3 | Polyphonic (40 channels), MP3 |
| | Customization | Download | Download | Composer, Download | Composer, Download |
| | Vibration | Yes | Yes | Yes | Yes |
| **MEMORY** | Phonebook | 1000 entries, Photocall | Yes, Photocall | 500 entries | 500 entries, Photocall |
| | Call records | 40 dialed, 40 received, 40 missed calls | 40 dialed, 40 received, 40 missed calls | 40 dialed, 40 received, 40 missed calls | 40 dialed, 40 received, 40 missed calls |
| | Card slot | microSD (TransFlash), up to 4 GB, buy memory | microSD (TransFlash), buy memory | microSD (TransFlash) | microSD (TransFlash), up to 2GB, buy memory |
| | | - 100 MB user available memory | | - 128 MB shared memory | - 100 MB shared memory |
| **DATA** | GPRS | Class 10 (4+1/3+2 slots), 32 - 48 kbps | Class 10 (4+1/3+2 slots), 32 - 48 kbps | Yes | Class 10 (4+1/3+2 slots), 32 - 48 kbps |
| | HSCSD | No | No | Yes | No |
| | EDGE | Class 10, 236.8 kbps | Class 10, 236.8 kbps | Yes | Yes |
| | 3G | HSDPA, 3.6 Mbps | HSDPA, 7.2 Mbps | HSDPA, 3.6 Mbps | HSDPA, 3.6 Mbps |
| | WLAN | No | No | No | No |
| | Bluetooth | Yes, v2.0 with A2DP | Yes, v1.2 with A2DP | Yes, v1.2 with A2DP | Yes, v1.2 with A2DP |
| | Infrared port | No | No | No | No |
| | USB | Yes, v2.0 | Yes, v2.0 | Yes, v2.0 | Yes, v2.0 |
| **FEATURES** | Messaging | SMS, EMS, MMS, Email | SMS, EMS, MMS, Email | SMS, EMS, MMS, Email | SMS, EMS, MMS, Email |
| | Browser | WAP 2.0/xHTML, HTML | WAP 2.0/xHTML, HTML | WAP 2.0/xHTML, HTML | WAP 2.0/xHTML, HTML |
| | Games | 6 + downloadable, order now | Yes, order now | Yes | Yes, order now |
| | Colors | Black | Black | Black | Black, Dark Silver, Purple, Pink, Hot Red |
| | Camera | 5 MP, 2592 x 1944 pixels, autofocus, face detection, video (VGA 30fps, QVGA 120fps), flash; secondary videocall camera | 3.15 MP, 2048x1536 pixels, autofocus, image stabilizer, video (QVGA 15fps); secondary videocall camera | 2 MP, 1600x1200 pixels, video(QVGA), flash | 5 MP, 2592x1944 pixels, autofocus, video(VGA 30fps, QVGA up to 120fps), strobe flash; secondary VGA videocall camera |
| | Other | - Carbon fiber BATTERY cover - Java MIDP 2.0 - MP3/WMA/AAC/AAC+ player - MPEG4/DivX(up to 640x480) player - TV-out | - Java MIDP 2.0 - MP3/WMA/AAC/AAC+/MPEG4 player - FM Radio - T9 - Organiser | - Java MIDP 2.0 - MP3/AAC/AAC+/eAAC+/WMA player - video player - FM Radio - Document viewer (.ppt, .doc, .xls, .pdf, .txt) - AT&T Mobile TV (CU921 only) - Organiser | - Java MIDP 2.0 - MP3/MPEG4/WMV/WAV/DivX player - FM Radio with RDS - Organiser - document viewer (DOC, XLS, PDF) |
| | | - FM Radio with RDS - document viewer (txt, PDF, DOC, PPT, XLS) - T9 - Organiser - Voice memo - Built-in handsfree | - Voice memo - Built-in handsfree | - Voice memo - Built-in handsfree | - Voice memo - Built-in handsfree |
| **BATTERY** | | Standard battery, Li-Ion 800 mAh | Standard battery, Li-Ion 800 mAh | Standard battery, Li-Ion 1000 mAh | Standard battery, Li-Ion 1000 mAh |
| | Stand-by | Up to 260 h | | Up to 250 h | Up to 430 h |
| | Talk time | Up to 4 h | | Up to 3 h | Up to 4 h |

APPLE CONFIDENTIAL BUSINESS INFORMATION,
SUBJECT TO PROTECTIVE ORDER

APL7940014663279

| OEM / HANDSET MODEL (Note: not exclusive) | | XPERIA X1 | G502 | G900 | C905 (COMING SOON) |
|---|---|---|---|---|---|
| **GENERAL** | 2G Network | GSM 850 / 900 / 1800 / 1900 | GSM 850 / 900 / 1800 / 1900 | GSM 900 / 1800 / 1900 | GSM 850 / 900 / 1800 / 1900 |
| | 3G Network | HSDPA 850 / 1900 / 2100 | HSDPA 2100 - C905 | UMTS 2100 | HSDPA 2100 - C905 |
| **SIZE** | Announced | 2008, February | 2008, June | 2008, February | 2008, June |
| | Status | Coming soon | Coming soon. Exp. release 2008, Q4 | Available. Released 2008, May | Coming soon. Exp. release 2008, Q4 |
| | Dimensions | 110.5 x 52.6 x 17 mm | 104 x 49 x 18-19.5 mm | 106 x 49 x 13 mm | 104 x 49 x 18-19.5 mm |
| | Weight | 158 g | 136 g | 99 g | 136 g |
| **DISPLAY** | Type | TFT touchscreen, 65K colors | TFT, 256K colors | TFT, 256K colors | TFT, 256K colors |
| | Size | 800 x 480 pixels, 3 inches<br>- Full QWERTY keyboard<br>- Optical touchpad navigation | 240 x 320 pixels, 2.4 inches<br>- Accelerometer sensor for auto-rotate | 240 x 320 pixels, 2.4 inches<br>- Wallpapers, accessories | 240 x 320 pixels, 2.4 inches<br>- Accelerometer sensor for auto-rotate |
| **RINGTONES** | Type | Polyphonic, MP3 | Polyphonic, MP3 | Polyphonic, MP3 | Polyphonic, MP3 |
| | Customization | Composer, download | Download | Download | Download |
| | Vibration | Yes | Yes | Yes | Yes |
| **MEMORY** | Phonebook | Practically unlimited entries and fields, Photo call | 1000 x 20 fields, Photo call | Practically unlimited entries and fields, Photo call | 1000 x 20 fields, Photo call |
| | Call records | Practically unlimited | 30 received, dialed and missed calls | Practically unlimited | 30 received, dialed and missed calls |
| | Card slot | microSD (TransFlash)<br>- 400 MB internal memory<br>- 256MB RAM, 512MB Ericsson memory<br>- Qualcomm MSM7200 528MHz processor | Memory Stick Micro (M2), 2 GB card included<br>- 160 MB internal memory | Memory Stick Micro (M2), buy memory<br>- 160 MB internal memory | Memory Stick Micro (M2), 2 GB card included<br>- 160 MB internal memory |
| **DATA** | GPRS | Class 10 (4+1/3+2 slots), 32 - 48 kbps | Class 10 (4+1/3+2 slots), 32 - 48 kbps | Class 10 (4+1/3+2 slots), 32 - 48 kbps | Class 10 (4+1/3+2 slots), 32 - 48 kbps |
| | HSCSD | No | No | No | No |
| | EDGE | Yes | Class 10, 236.8 kbps | No | Class 10, 236.8 kbps |
| | 3G | HSDPA, 7.2 Mbps | HSDPA | Yes, 384 kbps | HSDPA |
| | WLAN | Wi-Fi 802.11 b/g | Wi-Fi 802.11 b/g | Wi-Fi 802.11 b/g | Wi-Fi 802.11 b/g |
| | Bluetooth | Yes, v2.0 with A2DP | Yes, v2.0 with A2DP | Yes, v2.0 with A2DP | Yes, v2.0 with A2DP |
| | Infrared port | No | No | No | No |
| | USB | Yes, v2.0 miniUSB | Yes | Yes, v2.0 | Yes |
| | OS | Microsoft Windows Mobile 6.1 Professional | | Symbian OS, UIQ | |
| **FEATURES** | Messaging | SMS, MMS, Email, Push E-Mail, IM | SMS, MMS, Email, Instant Messaging | SMS, MMS, Email, Push Email, Instant Messaging | SMS, MMS, Email, Instant Messaging |
| | Browser | WAP 2.0/HTML (IE), RSS feeds | WAP 2.0/HTML (NetFront), RSS reader | WAP 2.0/HTML (Opera), RSS reader | WAP 2.0/HTML (NetFront), RSS reader |
| | Games | Yes + downloadable | Yes + downloadable | Yes + downloadable; order now | Yes + downloadable |
| | Colors | Solid Black, Steel Silver | Night Black, Ice Silver, Copper Gold | Dark Red, Dark Brown | Night Black, Ice Silver, Copper Gold |
| | Camera | 3.15 MP, 2048x1536 pixels, autofocus, video(VGA@30fps), flash; secondary videocall camera | 8 MP, 3264x2448 pixels, autofocus, image stabilizer, video(QVGA 30fps), xenon flash; secondary videocall camera | 5 MP, 2592x1944 pixels, autofocus, image stabilizer, video, flash; secondary videocall camera | 8 MP, 3264x2448 pixels, autofocus, image stabilizer, video(QVGA 30fps), xenon flash; secondary videocall camera |
| | Other | - Built-in GPS receiver<br>- A-GPS function<br>- Java MIDP 2.0<br>- MP3/AAC/MPEG4 player<br>- Motion sensor (with UI auto-rotate)<br>- TrackID music recognition<br>- Picture editor/blogging<br>- Organiser<br>- T9<br>- Built-in handsfree<br>- Voice memo/dial | - Built-in GPS receiver<br>- A-GPS function<br>- Camera images geo-tagging<br>- Java MIDP 2.0<br>- FM Radio with RDS<br>- MP3/AAC/MPEG4 player<br>- TrackID music recognition<br>- Picture editor/blogging<br>- TV out<br>- Organiser<br>- Built-in handsfree<br>- Voice memo/dial | - Java MIDP 2.0<br>- FM Radio with RDS<br>- MP3/AAC/MPEG4 player<br>- Handwriting recognition<br>- Business card scanner<br>- TrackID music recognition<br>- Picture editor/blogging<br>- Document Reader/editor<br>- Organiser<br>- Stopwatch<br>- Built-in handsfree<br>- Voice memo/dial | - Built-in GPS receiver<br>- A-GPS function<br>- Camera images geo-tagging<br>- Java MIDP 2.0<br>- FM Radio with RDS<br>- MP3/AAC/MPEG4 player<br>- TrackID music recognition<br>- Picture editor/blogging<br>- TV out<br>- Organiser<br>- Built-in handsfree<br>- Voice memo/dial |
| **BATTERY** | | Standard battery, Li-Po 1500 mAh (BST-41) | Standard battery, Li-Pol 930 mAh (BST-38) | Standard battery, Li-Ion 950 mAh (BST-33) | Standard battery, Li-Ion 930 mAh (BST-38) |
| | Stand-by | Up to 833 h | Up to 360 h | Up to 380 h | Up to 360 h |
| | Talk time | Up to 10 h | Up to 9 h | Up to 12 h | Up to 9 h |

APPLE CONFIDENTIAL BUSINESS INFORMATION,
SUBJECT TO PROTECTIVE ORDER

# EXHIBIT G

**Daniels, Justin J.**

| | |
|---|---|
| **From:** | Simmons, Luann [LSimmons@OMM.com] |
| **Sent:** | Monday, August 20, 2012 11:36 AM |
| **To:** | Daniels, Justin J. |
| **Subject:** | RE: MobileMedia/Apple |

Justin,

Thank you for clarifying the scope of the new document search that MMI is requesting. And while we understand that documents such as those described in your email below may be relevant to secondary considerations of non-obviousness in the abstract, that still does not provide a basis for MMI's claim that the requested documents are relevant to any "Product Feature" at issue in this case. Despite our several requests, MMI has yet to identify any Product Feature to which the requested documents relate. The Samsung trial brief dose not describe any documents relevant to this case, and we are not aware of any such documents relevant to this case.

Moreover, as noted in my email below, the parties met and conferred extensively regarding Apple's search for responsive documents. Apple performed the agreed-upon searches and produced millions of pages of documents. The deadline for MMI to request discovery from additional custodians passed over a year and half ago, and discovery closed almost ten months ago. And, contrary to your argument, MMI's untimely requests are not somehow rendered timely because a trial brief in some other case discusses a category of documents that are not even relevant to this suit.

I am back in the office this week and am happy to schedule a telephonic meet and confer to discuss this further. Please let me know your availability.

Thanks,
Luann

---

**From:** Daniels, Justin J. [mailto:JDaniels@proskauer.com]
**Sent:** Friday, August 10, 2012 4:21 PM
**To:** Simmons, Luann
**Subject:** RE: MobileMedia/Apple

Luann,

Just to be clear, we are requesting that Apple conduct a narrowly-tailored search to identify and produce (1) any instances of Sony or Nokia "tear downs" and (2) any "competitive tracker" information (which supposedly "keeps close tabs on competing smartphones and tablets, compiling data on competitors processors, memory, display screen and camera specifications, wireless capabilities, and battery life") with respect to Sony or Nokia products. As I said previously, we are willing to discuss ways to limit that search in order to minimize the burden on Apple, including limiting by timeframe; however, we do believe such information should be produced and is timely requested given that MobileMedia was unaware of the existence of this information until very recently.

To answer your specific question, the relevance of this information should be apparent. Among other things, it goes to several of the factors for secondary considerations of non-obviousness, including (1) commercial success, (2) long felt need, (3) copying of the claimed invention, and (4) unexpected superior results. Such information can be central to invalidity issues. *See Spectralytics, Inc. v. Cordis Corp.*, 649 F.3d 1336, 1344 (Fed. Cir. 2011) ("[E]vidence of secondary considerations *may often be the most probative and cogent evidence* in the record. It may often establish that an invention appearing to have been obvious in light of the prior art was not.") (citations and internal quotations omitted) (emphasis added).

Moreover, in addition to the document requests we identified previously, all of the requested documents relate to MobileMedia's Document Request No. 36, that requested all documents referenced in Apples' Initial Disclosures. In those initial disclosures, Apple identified within its possession:

> Documents related to the design, operation, and development of Apple's accused products (the iPhone 3G, iPhone 3Gs, iPod touch, iPod nano, iPod classic, iPod shuffle, iPad WiFi, iPad WiFi + 3G, Apple Universal Dock, Apple iPad Dock, and Apple iPad

Keyboard Dock) (Oct. 8, 2012 Apple Initial Disclosures, at 8.)

Further, the documents that we now demand be produced (and that were requested long ago), are relevant to MobileMedia's rebuttal of Apple's design and development story that Apple may wish to present at trial.  If Apple wishes to present at trial its story on the design and development of the accused products in this case, it simply must produce all documents relating to such development under the broad relevancy provisions of the Federal Rules of Civil Procedure.  Therefore, should Apple continue to refuse to produce these documents, MobileMedia reserves all of its rights to move the Court to bar Apple from presenting its design and development story at trial.

Please let us know Apple's position as soon as possible.

Thanks,
Justin

**Justin J. Daniels**
Proskauer
One International Place
Boston, MA 02110-2600
d 617.526.9430
f  617.526.9899
jdaniels@proskauer.com

greenspaces
Please consider the environment before printing this email.

---

**From:** Simmons, Luann [mailto:LSimmons@OMM.com]
**Sent:** Thursday, August 09, 2012 1:42 PM
**To:** Daniels, Justin J.
**Subject:** RE: MobileMedia/Apple

Hi Justin,

Thanks for forwarding Adam's letter.  Based on my notes, we held a telephonic meet and confer on June 10, 2011, with Adam, Jane and Victoria from S&C regarding, among other issues, Adam's February 9, 2011 letter.  With respect to Request No. 34, we still did not agree that the requested documents are relevant, but we did inform MMI that we would not exclude documents otherwise located through the agreed-upon searches based on our objections.  In other words, we collected from the agreed-upon custodians and ran the agreed-upon search terms on those collections: we then reviewed and produced documents identified through that process.  We agreed not to exclude any documents located in that process based on our objections to Request No. 34.  We did not agree to perform any separate or additional collections or searches.  Before now, MMI did not object to that approach or request any additional searches.

Regarding the reference to "tear-downs" in the Samsung trial brief, MMI has still failed to explain any basis for believing that the documents described are relevant to any "Product Feature" currently at issue in this phase of the litigation, as requested in my August 1, 2012 letter.  Please provide the basis for MMI's claim that these documents are relevant.  Further, we do not agree with your claim that Apple should have conducted a search for any such documents "many months ago."  The parties engaged in extensive meet and confer discussions regarding the scope of Apple's search for and collection of documents.  Based on the agreements reached between the parties, Apple then spent over a million dollars collecting, reviewing and producing millions of pages of documents.  MMI's request that Apple now expand the previously agreed-upon scope of its search is untimely.

We, nonetheless, remain willing to discuss MMI's requests but, as previously indicated, we believe that such discussion would be more productive if MMI could first identify the basis for its claims that the requested documents are relevant.

Thanks,
Luann

---

**From:** Daniels, Justin J. [mailto:JDaniels@proskauer.com]
**Sent:** Tuesday, August 07, 2012 4:28 PM
**To:** Simmons, Luann
**Subject:** MobileMedia/Apple

Luann --

Following up on our discussion, and in the hopes of trying to resolve this dispute, attached is what we have as the most recent correspondence on Document Request 34, a February 9, 2011 letter from S&C (Brebner) to O'Melveny (Simmons).  In it, Adam explains the relevance of the requested documents (which, notably, are not limited to just the "Product Features").  If you believe there was follow-up by Apple to this correspondence, I would appreciate seeing it.  (As you know, we are sometimes hampered by the lack of institutional knowledge.)

In addition, as I alluded to, the Samsung trial brief (copy attached) makes reference to Apple conducting "tear-downs" of Samsung products and maintaining "competitive tracker" information, which supposedly "keeps close tabs on competing smartphones and tablets, compiling data on competitors processors, memory, display screen and camera specifications, wireless capabilities, and battery life."  See page 5.  We believe that if it has not done so already, Apple should conduct a reasonable and targeted search for purposes of this litigation, which we would contend it was required to do many months ago.  Obviously, since we did not know these facts previously, there is a good argument as to why our requests are still timely.

That said, we appreciate the current schedule in the case and would be happy to reach an accommodation that would make any search as narrowly tailored as possible.  Perhaps a search directed to these areas for a particular timeframe and related specifically to only Sony and Nokia products during that timeframe.  And if you have another suggestion, we would be happy to hear it too.

Please let me know as soon as you can when we can speak again.


<<2011-02-09 Letter from Brebner to Simmons re Apple's resp. and obj. to MMI 1st request for prod..pdf>> <<Dkt No 1322 (ND Cal).pdf>>


Thanks,
Justin

**Justin J. Daniels**
Proskauer
One International Place
Boston, MA 02110-2600
d 617.526.9430
f  617.526.9899
jdaniels@proskauer.com

greenspaces
Please consider the environment before printing this email.


**********************************************************
To ensure compliance with requirements imposed by U.S.
Treasury Regulations, Proskauer Rose LLP informs you that
any U.S. tax advice contained in this communication
(including any attachments) was not intended or written to
be used, and cannot be used, for the purpose of (i)
avoiding penalties under the Internal Revenue Code or (ii)
promoting, marketing or recommending to another party any
transaction or matter addressed herein.

**********************************************************
This message and its attachments are sent from a law firm
and may contain information that is confidential and
protected by privilege from disclosure. If you are not the
intended recipient, you are prohibited from printing,
copying, forwarding or saving them. Please delete the
message and attachments without printing, copying,
forwarding or saving them, and notify the sender
immediately.
=======================================================================================================
**********************************************************
To ensure compliance with requirements imposed by U.S.
Treasury Regulations, Proskauer Rose LLP informs you that
any U.S. tax advice contained in this communication
(including any attachments) was not intended or written to
be used, and cannot be used, for the purpose of (i)
avoiding penalties under the Internal Revenue Code or (ii)
promoting, marketing or recommending to another party any
transaction or matter addressed herein.

**********************************************************
This message and its attachments are sent from a law firm
and may contain information that is confidential and
protected by privilege from disclosure. If you are not the
intended recipient, you are prohibited from printing,
copying, forwarding or saving them. Please delete the
message and attachments without printing, copying,
forwarding or saving them, and notify the sender
immediately.

=======================================================================================================

# EXHIBIT H

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MOBILEMEDIA IDEAS, LLC,                    )
                                           )
                    Plaintiff,             )
                                           )
          v.                               )        Civil Action No. 10-258-SLR-MPT
                                           )
APPLE, INC.,                               )
                                           )
                    Defendant.             )

## PLAINTIFF'S FIRST REQUEST FOR THE
## PRODUCTION OF DOCUMENTS AND THINGS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff

MobileMedia Ideas LLC ("MMI") hereby requests that Defendant Apple, Inc. produce for

inspection and copying the following documents and things in its possession, custody, or control,

within thirty (30) days of the date hereof, at the offices of Young Conaway Stargatt & Taylor,

LLP, 1000 West Street, 17th Floor, Wilmington, DC 19801, or at such other place and time as

may be mutually agreed between the parties or ordered by the Court:

## DEFINITIONS

1.      "Apple," "you" and "your" refer to Defendant Apple, Inc., its successors,

predecessors, parents, subsidiaries, affiliates and divisions and their officers, directors,

employees, representatives, attorneys, agents and/or all other persons acting or purporting to act

on their behalf, collectively and individually.

2.      "Communication" means any manner or means of disclosure, transfer or

exchange, and every disclosure, transfer or exchange of information, whether orally, by

document or by other electronic means, and whether face-to-face, in person, by telephone,

telecopy, mail, delivery service, personal delivery, e-mail or otherwise, and includes correspondence, memoranda, reports and records of telephone calls, reports of meetings and all accounts or summaries of oral conversations.

3.    "Complaint" means the Amended Complaint filed by MMI in this action dated July 16, 2010.

4.    "Answer" means the Answer to Complaint and Counterclaims filed by Apple in this action dated August 9, 2010.

5.    "Concerning" means directly or indirectly mentioning, discussing, pertaining to, referring to, relating to, describing, embodying, evidencing, constituting, or being in any way legally, logically, or factually concerned with the matter or document described, referred to or discussed.

6.    "Documents" shall have the broadest possible meaning accorded to it by Rule 34 of the Federal Rules of Civil Procedure and includes, without limitation, any writings, drawings, graphs, charts, photographs, sound recordings, images, other data or data compilations and any recording in any tangible form of any information, whether handwritten, typed, printed, stored on computer memory, electronic storage devices, disks, tapes, or databases, or otherwise stored or reproduced. A draft or non-identical copy is a separate document within the meaning of this term.

7.    "Action" means this action (1:10-cv-00258-SLR (D. Del.)).

8.    "MMI" means Plaintiff MobileMedia Ideas, LLC including its officers, directors, employees and/or all other persons acting or purporting to act on its behalf, collectively and individually.

-2-

9.     "Sony" means Sony Corporation, Sony Electronics Inc., and their successors, predecessors, parents, subsidiaries, affiliates and divisions and their officers, directors, employees, representatives, attorneys, agents and/or all other persons acting or purporting to act on their behalf, collectively and individually.

10.    "Nokia" means Nokia Corporation, Nokia Mobile Phones Ltd., and their successors, predecessors, parents, subsidiaries, affiliates and divisions and their officers, directors, employees, representatives, attorneys, agents and/or all other persons acting or purporting to act on their behalf, collectively and individually.

11.    "Audio Highway" means Audiohighway.com and its successors, predecessors, parents, subsidiaries, affiliates and divisions and their officers, directors, employees, representatives, attorneys, agents and/or all other persons acting or purporting to act on their behalf, collectively and individually

12.    "Patents-in-Suit" refers to any of United States Patent Nos. 6,253,075; 6,427,078; RE39,231; 5,737,394; 6,002,390; 6,070,068; 6,393,430; 6,441,828; 6,446,080; 6,549,942; 6,760,477; 7,313,647; 7,349,012; 5,915,239; 6,725,155; 5,490,170, both individually and collectively.

13.    "Person" means any natural person or any business, legal or governmental entity or association in any form.

14.    "Reflects," "refers," "relates," "regards," and their cognates mean directly or indirectly mentioning, concerning, constituting, identifying, discussing or describing, pertaining to or being connected with, a stated subject matter.

15.    "Product" means any Apple iPhone, iPad or iPod device or related dock made, used or sold by Apple in the United States or imported into the United States from April 1,

-3-

2004 to the present, including but not limited to all models of the iPhone 3G, iPhone 3GS, iPhone 4, iPod Touch, iPod Nano, iPod Classic, iPod Shuffle, iPad Wi-Fi, iPad Wi-Fi+3G, Apple Universal Dock, Apple iPad Dock and Apple iPad Keyboard Dock, and any other product identified in response to MMI Interrogatory No. 1.

16.     "Product Feature" means any aspect of any Apple product relating to:

(a)     rejecting incoming calls or sending incoming calls to voice-mail;

(b)     silencing the ring of an incoming call;

(c)     use of keys (including a touch screen) that change functionality when an additional call, or information from an additional person, is received;

(d)     call handling when a second call is received during a first call, including placing one call on hold, connecting one call, swapping hold and connected calls, dropping one call, three-way call connection, sending one call to voice mail and/or rejecting one call;

(e)     voice dialing;

(f)     use of a camera in a device that can transmit pictures taken wirelessly or the wireless transfer of pictures taken with a device;

(g)     image resolution conversion, including manual or automatic image resolution conversion triggered by image transfer;

(h)     predictive text input (suggestion of words and phrases in any language);

(i)      entering/editing/displaying Korean characters;

(j)      creating, editing and/or saving a playlist for use with a portable device or computer and/or transfer of audio to a portable device;

(k)      use of rotational input (click wheel) to control portable device;

(l)      playback of encoded or compressed digital audio in a portable device or computer;

(m)      image display direction including display in landscape or portrait format according to the posture or orientation of the device; and

(n)      use of portable device or computer for mapping, obtaining geographic or positional information, providing travel directions or route searches.

## INSTRUCTIONS

1.      In construing this request for the production of documents (the "Request"): (i) the use of the singular form of any word shall include the plural and the plural shall include the singular; (ii) masculine, feminine or neuter pronouns shall not exclude other genders; (iii) the words "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Request all documents that might otherwise be construed to be outside its scope; (iv) the words "any," "each," "every," and "all" shall be construed as any, each, every, and/or all as necessary to bring within the scope of the Request all documents that might otherwise be construed to be outside of their scope; (v) if any request below may be read so as to permit more than one interpretation, the request shall be read so as to

include the broadest scope possible and to require the production of documents responsive to all reasonable interpretations.

2.     Each requested document shall be produced in its entirety, without abbreviation, redaction, or expurgation, along with any attachments, drafts and non-identical copies, including, without limitation, copies that differ by virtue of handwritten or other notes or markings. If a document responsive to any request cannot be produced in full, then it shall be produced to the extent possible with an explanation stating the precise reason why production of the remainder is not possible.

3.     Documents produced pursuant to the Request are to be produced as they are kept in the ordinary course of business or shall be organized and labeled to correspond to the paragraph or paragraphs of the Request to which they are responsive, all folders and metadata should also be produced.

4.     In the event that any document called for by the Request has been destroyed or discarded, state separately for each such document: (i) any address or addressee; (ii) any indicated or blind copies; (iii) the document's date, subject matter, number of pages and attachments or appendixes; (iv) all persons to whom the document was distributed, shown or explained; (v) the document's date of destruction or discard, manner of destruction or discard and reason for destruction or discard; (vi) the persons who authorized and carried out such destruction or discard; and (vii) whether any copies of the document presently exist and, if so, the name of the custodian of each copy.

5.     If you claim that any document called for herein is privileged, constitutes attorney work product or is otherwise immune from disclosure, submit on the time and date of production a written statement for each such document that identifies: (i) the nature and the

-6-

basis of the privilege or other ground asserted as justification for withholding such document; (ii) the nature of the document (e.g., letter, memorandum, notice, etc.); (iii) a general description of the subject matter of the document; (iv) the date or dates on which the document was created, sent, and/or received; (v) the full name of each person who created, prepared, or sent the document or any copy thereof; (vi) each person to whom the document or any copy thereof was directed or by whom received, including blind copy recipients; (vii) the number of pages; (viii) the paragraph or paragraphs of the Request to which such document relates; and (ix) the name and address of the present custodian. If the document reflects or refers to a meeting or conversations, then also identify (by listing the person's full name, present or last known address, and present or last known place of employment) all persons who were present at or were parties to the meeting or conversations.

      6.    If you cannot or will not respond to a portion of a request, then specifically set forth: (i) the fact that the response is incomplete; and (ii) the reasons or grounds for any omission or for your inability or refusal to completely respond.

      7.    If a refusal to answer a request purports to be on the grounds of undue burden, identify the appropriate number and nature of documents needed to be searched, the location of the documents, and the appropriate number of person hours and costs required to conduct the search.

      8.    If any request is considered by Apple to be ambiguous or unclear, plaintiffs hereby request that Apple contact and confer with the undersigned counsel as soon as possible, so that the request can be clarified and unnecessary delays in providing for the production of documents can be avoided. However, in the absence of an agreement between the

-7-

parties to the contrary, all requested information and documents within the scope of Rule 26 must be provided and produced.

      9.    "Document control procedures" refers to any policies or practices intended to control or limit the reproduction, distribution, or circulation of documents or information believed to be confidential or to contain competitively valuable or sensitive information.

      10.    The Request shall be deemed continuing as described by Rule 26(e) of the Federal Rules of Civil Procedure so as to require further and supplemental production if additional documents called for by the Request are discovered and/or obtained.

## DOCUMENTS REQUESTED

      1.    All documents relating to any of the Patents-in-Suit, related applications, related patents and foreign counterparts.

      2.    All documents relating to the research, design, development or testing of any aspect of any Product relating to any Product Feature (or the same or similar feature in any prior product, prototype, testing device, model or software), including laboratory notebooks, engineering studies and technical specifications.

      3.    All documents concerning the manufacture or implementation of any Product Feature in any Product, including specifications, software, hardware, firmware, manuals, descriptions, public or proprietary standards, flowcharts, circuit diagrams, pseudo-code and source code concerning each such feature.

      4.    All documents concerning any change, modification or elimination of any Product Feature in any Product, whether prior to or after the launch of each Product.

      5.    All documents relating to the use, function or operation of any Product Feature in any Product, including internal documents or communications, documents provided to

any person participating in the design manufacture or distribution of any Product, advertising or marketing materials, manuals, packaging and/or customer support documents.

      6.     Documents sufficient to identify the supplier, manufacturer, model, and year of manufacture of each of the Products.

      7.     Documents sufficient to identify (a) each audio format (e.g., MP3, AAC, AC-3, etc.), (b) audio decoder (e.g., MP3 decoder, AAC decoder, AC-3 decoder, etc.), and (c) the manufacturer provider, or source of each such audio decoder, used in any Product.

      8.     All documents concerning each audio decoder or how an audio output is generated from data that has been encoded or compressed using an encoding or compression algorithm in any Product including software, hardware, firmware, manuals, descriptions, specifications, public or proprietary standards, flowcharts, circuit diagrams, pseudo-code, and source code concerning such decoder.

      9.     All documents concerning communications with customers relating to any Product Feature in any Product, including all customer service or customer support communications (including all forms of electronic or telephonic communications and any logs, recordings or summaries thereof) and any summaries, analysis, communications or reports concerning the foregoing.

      10.     All documents relating to the marketing, advertising, promotion or launch of any Product, including (a) specimens of all advertising or marketing materials or media; (b) consumer preference, or consumer behavior studies, surveys, analysis or reports; (c) marketing or business plans; (d) sales forecasts or projections; (e) management or board reports or communications; (f) analysis of marketing or pricing strategies; (g) communications with advertising or market research agencies; (h) training and instructional materials provided to sales

staff or used with customers; (i) website and webpages; and (j) videotapes of presentations at conferences, trade shows or expos and any materials distributed in connection with any such presentations.

      11.    All documents concerning any attempt to design around or develop non-infringing alternatives to any Patent-in-Suit.

      12.    All patents or patent applications relating to the Product Features.

      13.    Documents sufficient to show the revenues, costs, sales (in units and dollar values), and gross, net and operating profits for each Product on a monthly and annual basis.

      14.    From January 1, 2003 to the present, your quarterly and annual reports to shareholders.

      15.    All documents concerning any patent license, settlement agreement, covenant not to sue or other agreement in any form entered into by you relating to patents or technology used in any Product or relating to any Product Feature.

      16.    From January 1, 2003 to the present, all expert reports and testimony in any patent infringement action in which you are or were a party asserting infringement.

      17.    All documents relating to any report, calculation, or analysis (whether, formal, informal, preliminary, *ad hoc*, or otherwise) of the value of any feature (including any Product Feature) in any Product.

      18.    All documents relating to the calculation or determination of any established or reasonable royalty for any Patent-in-Suit individually or collectively or that you otherwise believe or contend to have any bearing on a reasonable royalty for any Patent-in-Suit.

19.     All documents constituting any investigation, report, opinion, study or analysis of the patent rights held by any person relating to any Product or Product Feature.

20.     All agreements or documents setting forth any arrangement by which any person manufactures any Product on your behalf or at your direction.

21.     All non-privileged documents or communications relating to this Action.

22.     All documents concerning any license (including any implied license) or authorization concerning any Patent-in-Suit with respect to the manufacture, use or sale of any Product.

23.     From January 1, 2003 to the present, all documents concerning your policies or practices regarding the licensing of intellectual property rights.

24.     From January 1, 2003 to the present, all documents concerning your policies or practices with respect to investigating whether there are any intellectual property rights held by others relevant to your products (whether before or after product launch), or that otherwise relate to Apple's efforts, if any, to ensure that Apple does not commit patent infringement or to assess whether Apple's products infringe any patents.

25.     All documents relating to any formal or informal agreement between Apple and any other person relating to (i) indemnification with respect to any claims of patent infringement relating to the Products or this Action; (ii) joint or common defense of claims of patent infringement relating to the Products or this Action; or (iii) the sharing of costs related to the defense of patent infringement claims relating to the Products or the defense of this Action.

26.     All documents you believe are relevant to establishing the level of ordinary skill in the art at the time of the inventions claimed in any Patent-in-Suit.

27.     All documents concerning the scope and content of any prior art you have ever considered relevant to any of the Patents-in-Suit, related patents or foreign counterparts, including but not limited to documents concerning any validity or prior art investigation, search, study or analysis.

28.     All documents concerning the interpretation of the scope or meaning of any term or terms of any claim, or any claim as a whole, of any of the Patents-in-Suit, including but not limited to all documents that support or contradict your interpretation of any such claim or claim term or terms.

29.     All documents concerning infringement or the possible infringement of any of the Patents-in-Suit by any product made, used, sold or imported by you, including but not limited to any analysis of infringement or non-infringement of any claim of any Patent-in-Suit, related patent or foreign counterpart.

30.     All documents, including any opinions or memoranda, that refer to any study, report, evaluation or investigation of any Patent-in-Suit, related patent or foreign counterpart.

31.     All documents concerning the enforceability of any Patent-in-Suit, including, but not limited to, documents relating to Apple's contention that any Patent-in-Suit is unenforceable due to waiver, laches, estoppel, prosecution history estoppel, inequitable conduct, lack of complete ownership, or failure to join the owner or owners of one or more of the Patents-in-Suit in this Action.

32.     All documents concerning any technology that you contend is a substitute for any technology claimed in any Patent-in-Suit.

33.     All documents concerning MMI.

34.     All documents concerning cellular telephone (or smartphone), audio management, audio play back, wireless image transfer, image display, text input or geo-location or mapping technology developed by Sony, Nokia or Audio Highway or used in any Sony, Nokia or Audio Highway product, including all documents relating to the use of such technology in any Apple product; copying, reverse engineering, testing or analysis of such technology or such products; or any internal or external communications relating to such technology or products.

35.     From January 1, 2003 to the present, organizational charts or other documents sufficient to identify all employees, officers, directors, agents, subsidiaries, or affiliates of Apple involved in the design, operation, development, sales and marketing of the Products.

36.     All documents referenced in Apple's Rule 26(a)(1) Initial Disclosures dated October 8, 2010.

37.     All documents you referred to or identified in your response to any MMI interrogatory, including all documents and things supporting, underlying, forming a basis for, consulted or considered by you in responding to each such interrogatory.

38.     All documents you referred to or identified in your Answer, including all documents and things supporting, underlying, forming a basis for, consulted or considered by you in responding to the allegations of the Complaint.

39.     All documents related to your defenses, affirmative defenses and counterclaims in this Action.

40.     All documents you have provided or will provide to any expert(s) or

consultant(s) retained in connection with this Action.

41.     From January 1, 2003 to the present, documents sufficient to show

Apple's document retention or destruction policies or practices.

Dated:  October 25, 2010

*Of Counsel*

Garrard R. Beeney
Adam R. Brebner
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000

Kenneth Rubenstein
Evan L. Kahn
PROSKAUER ROSE LLP
1585 Broadway
New York, New York 10036
(212) 969-3000

YOUNG, CONAWAY, STARGATT
& TAYLOR, LLP

/s/ *Michele Sherretta Budicak*
John W. Shaw (No. 3362)
C. Barr Flinn (No. 4092)
Michele Sherretta Budicak (No. 4651)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
jshaw@ycst.com
bflinn@ycst.om
mbudicak@ycst.com

*Attorneys for Plaintiff*
*MobileMedia Ideas LLC*

069353.1002

## CERTIFICATE OF SERVICE

I, Michele Sherretta Budicak, Esquire, hereby certify that on October 25, 2010, I caused a true and correct copy of the foregoing document to be served on the to the following counsel in the manner indicated:

### BY E-MAIL

Richard K. Herrmann, Esquire
Mary B. Matterer, Esquire
Amy A. Quinlan, Esquire
Morris James, LLP
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE 19899-2306
*rherrman@morrisjames.com*
*mmatterer@morrisjames.com*
*aquinlan@morrisjames.com*

George Riley, Esquire
Luann L. Simmons, Esquire
O'Melveny & Myers
Two Emercadero Center, 28th Floor
San Francisco, CA 9411103823
*griley@omm.com*
*lsimmons@omm.com*

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

*/s/ Michele Sherretta Budicak*

John W. Shaw (No. 3362)
jshaw@ycst.com
C. Barr Flinn (No. 4092)
bflinn@ycst.com
Michele Sherretta Budicak (No. 4651)
mbudicak@ycst.com
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19899
(302) 571-6600

# EXHIBIT I

# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, NY 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.

FRANKFURT • LONDON • PARIS

BEIJING • HONG KONG • TOKYO

MELBOURNE • SYDNEY

February 9, 2011

Via E-mail

Luann L. Simmons, Esq.,
    O'Melveny & Myers LLP,
        Two Embarcadero Center, 28th Floor,
            San Francisco, CA 94111.

                    Re:    *MobileMedia Ideas LLC* v. *Apple Inc.*,
                           District of Delaware, C.A. No. 10-258-SLR

Dear Luann:

                    Further to our call on January 10, 2011, I write in connection with Apple's
Responses and Objections to MMI's First Request for the Production of Documents and
Things and Apple's Responses and Objections to MMI's First Set of Interrogatories.  As
discussed during the call, MMI wishes to further address the items below.

                    ***Document Request Nos. 7, 8 and Interrogatory No. 4.***  These requests
seek information concerning the audio decoder formats used in the accused products.
Your responses claim these requests are, *inter alia*, "overbroad, unduly burdensome,
oppressive, and not relevant to the claim or defense of any party to this action," but state
that "Apple will meet and confer with MMI to discuss MMI's basis for believing that any
documents sought by this Request are relevant to a claim or defense of any party to this
action.  To the extent the Request does seek documents relevant to the claim or defense
of any party to this action, Apple will search for and produce non-privileged documents,
to the extent any exist."  As we discussed during the January 10 call, these Requests are
relevant at least to Apple's infringement of the 5,490,170 patent, which concerns audio
decoding.  Please confirm that Apple will be producing the requested documents and
information.

                    ***Document Request No. 9.***  Request No. 9 seeks documents concerning
communications with customers relating to relevant product features.  Apple responded
that "Apple will meet and confer with MMI to discuss MMI's basis for believing that any
documents sought by this Request are relevant to a claim or defense of any party to this

Luann L. Simmons, Esq.                                                              -2-

action.  To the extent the Request does seek documents relevant to the claim or defense
of any party to this action, Apple will search for and produce non-privileged documents,
to the extent any exist."  As discussed during the call, communications with customers
relating to the product features are relevant at least to the issue of inducement of
infringement of the patents in suit.  Please confirm that Apple will be producing the
requested customer communications.

       ***Document Request No. 10.***  Request No. 10 seeks documents concerning
the marketing and advertising of the accused products.  Apple has objected to the
production of this material in this phase of the litigation on the ground that it relates to
damages.  As discussed during the January 10 call, and contrary to Apple's position,
however, at least subparts (a), (b), (h), (i) and (j) of this request are relevant to issues
relevant in this phase of the action, including inducement of infringement.  Please
confirm that Apple will be producing documents responsive to the foregoing subparts of
Request No. 10.

       ***Document Request No. 16.***  Request No. 16 seeks documents concerning
Apple's prior expert reports and testimony in actions in which Apple has asserted
infringement.  You respond that "Apple will meet and confer with MMI to discuss
MMI's basis for believing that any documents sought by this Request are relevant to a
claim or defense of any party to this action.  To the extent the Request does seek
documents relevant to the claim or defense of any party to this action, Apple will search
for and produce non-privileged documents, to the extent any exist."  As discussed during
the January 10 call, the materials sought in Request No. 16 are relevant to assessing the
credibility and consistency of Apple's expert reports in this action.  Please confirm that
Apple will be producing the requested documents at least as to subject matter other than
damages.

       ***Document Request No. 34.***  Request No. 34 seeks Apple documents
concerning the areas of technology at issue developed by the prior assignees of the
patents in suit.  You respond that "Apple will meet and confer with MMI to discuss
MMI's basis for believing that any documents sought by this Request are relevant to a
claim or defense of any party to this action.  To the extent the Request does seek
documents relevant to the claim or defense of any party to this action, Apple will search
for and produce non-privileged documents, to the extent any exist."  During our January
10 call, you stated that this request was redundant because Apple was already producing
information concerning the patents in suit.  As we noted during the call, however, this
Request is intended to capture relevant documents concerning Apple's awareness and/or
use of technology developed by the original assignees of the patents in suit and may
capture relevant documents not identified through searches limited to the patents.
Among other things, documents identified through these searches could be relevant to
issues of direct and indirect infringement and secondary considerations of non-
obviousness.

Luann L. Simmons, Esq.                                                                    -3-

*        *        *

In addition to the issues we addressed during the call, MMI notes the following general issues with respect to Apple's responses and objections:

***Apple's Objection that Requests "overbroad, unduly burdensome, oppressive, and not relevant."*** In Apple's responses to many of MMI's document requests, Apple has objected on the ground that the request is "overbroad, unduly burdensome, oppressive, and not relevant," while at the same time agreeing to search for and produce non-privileged documents. *See* Responses to Document Request Nos. 1, 2, 3, 4, 5, 6, 11, 12, 19, 20, 21, 22, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 35, 39, 40, 41; *see also* General Objection Nos. 4 and 8.   Please state whether Apple is excluding or withholding any documents or categories of documents or information from its searches and or production on the basis of these objections (or its other general or specific objections other than as to time period) in response to these requests.

***Apple's Objection that Requests Seek Privileged Documents.*** Where Apple has agreed to produce documents, it has stated that it will "search for and produce non-privileged documents." *See also* Apple General Objection No. 1. As discussed during the call, our understanding is that the parties will be exchanging privilege logs setting forth information with respect to documents withheld on the grounds of privilege. As further discussed our understanding is that the parties have agreed in principle that the parties will not log documents dated after the filing of the Complaint in this action (April 30, 2010), and MMI has further stated that it will not log documents concerning the preparation of the Complaint on the grounds that such logging is unnecessary and would tend to reveal attorney work product. Please confirm your agreement that Apple is not excluding responsive documents from its searches on the grounds of its privilege objections, but will be logging any withheld documents in accordance with the foregoing.

***Apple's Objection that Requests and Interrogatories Seek Confidential Information.*** Apple has objected to the requests on the grounds that they seek confidential information in its General Objection Nos. 9 and 10.  Please confirm that Apple is not excluding any categories of documents or information from its searches on the basis of these objections and further confirm that Apple will not be withholding documents or information on the basis of its confidentiality objection once an appropriate protective order is in place.

***Rule 33(d).*** In its responses to Interrogatory Nos. 1 and 3, Apple has invoked Rule 33(d) of the Federal Rules of Civil Procedure.  Please confirm that Apple will supplement its response to identify by production number the documents to which its responses refer in accordance with Rule 33(d)(1) when it has produced the responsive documents.

Luann L. Simmons, Esq.                                                                -4-

     ***Interrogatory Nos. 5 & 6.***  In its responses to MMI's interrogatories seeking identification of persons most knowledgeable or having substantial knowledge in relevant areas of inquiry, Apple has identified one person with knowledge in each area, but does not appear to have identified all persons with substantial knowledge.  To the extent that Apple is aware of other individuals with substantial knowledge concerning the subject matter of these interrogatories, please supplement Apple's responses to identify such individuals.  In addition, it does not appear that Apple has identified any persons with knowledge of image resolution conversion or image orientation (*see* MMI Interrogatory Definition 12(g) and (m)).  These technological features of the accused products are relevant to, at least, the infringement of U.S. Patent Nos. 6,441,828 and 7,349,012.  Please supplement Apple's responses to identify the persons most knowledgeable or having substantial knowledge relative to these product features.

     The above identification of areas in Apple's discovery responses MMI wishes to address at this time does not constitute a waiver of MMI's right to raise any other deficiencies in Apple's discovery responses at any time.  MMI reserves its rights under the Federal Rules, local rules and the Scheduling Order to raise further discovery issues as appropriate.

*    *    *

     During our call, we also discussed various MMI responses to Apple's document requests and interrogatories that Apple believed to be deficient or to require clarification, and you stated that Apple would prepare a letter summarizing these areas to facilitate further discussion.  We are awaiting your letter and remain willing to confer regarding MMI's responses.

     Once Apple has had the opportunity to consider the issues set forth above, we would suggest that the parties schedule a further call.

Sincerely,

Adam R. Brebner

EXHIBIT J

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

MOBILEMEDIA IDEAS LLC,

        Plaintiff,

    v.

APPLE INC.,

        Defendant.

Civil Action No. 10-258-SLR

**JURY TRIAL DEMANDED**

## DEFENDANT APPLE INC.'S RULE 26(A)(1) INITIAL DISCLOSURES

Pursuant to Federal Rule of Civil Procedure 26(a)(1), Defendant Apple Inc. ("Apple") hereby makes its initial disclosures. These initial disclosures are based on information currently available to Apple. Apple's disclosures are made without waiver of, or prejudice to, any objections that Apple may have regarding the subject matter of these disclosures or any documents or individuals identified herein. Because Apple's investigation and discovery are ongoing, Apple reserves the right to amend or supplement its disclosures pursuant to Federal Rule of Civil Procedure 26(e).

**I.    Initial Disclosures Under Fed.R.Civ.P. 26(a)(1)(A)(i)**

Apple identifies the following persons as individuals who may have discoverable information that Apple may use to support its claims or defenses. The below identified persons are employed by Apple and may only be contacted through Apple's counsel at O'Melveny & Myers LLP, Two Embarcadero Center, 28th Floor, San Francisco, California 94111.

| Individual | Potential Subject Matter |
|---|---|
| Greg Novick | Design, operation, and development of iOS software including features relating to making and receiving calls and voice control |
| meriko borogove | Design, operation, and development of camera technology in the iOS devices |
| Gordie Freeman | Design, operation, and development of features of iTunes, including use of playlists and sync/backup |
| Mike Cuthbert | Design, operation, and development of hardware for the iOS and iPod devices, including hardware components related to display, location, and compression |
| Steve Sinclair | Marketing of the iOS devices, software, and features |
| Chuck Lancaster | Revenues, costs, profits, and other financial information associated with Apple products |

The following additional individuals are likely to have discoverable information that Apple may use to support its claims or defenses.  The below identified persons are not employed by or associated with Apple.

| Individual | Potential Subject Matter |
|---|---|
| Justin Beghtol (named inventor) *Address Unknown* | Conception, reduction to practice, prosecution, and/or unenforceability of the '075 patent |
| Kenneth Mar (named inventor) *Address Unknown* | Conception, reduction to practice, prosecution, and/or unenforceability of the '075 patent |
| Brian T. Rivers (prosecuting attorney) *Address Unknown* | Prosecution, and/or unenforceability of the '075 patent |
| Kari-Pekka Wilska (named inventor) *Address Unknown* | Conception, reduction to practice, prosecution, and/or unenforceability of the '078 patent |
| Reijo Paajanen (named inventor) *Address Unknown* | Conception, reduction to practice, prosecution, and/or unenforceability of the '078 patent |
| Mikko Terho (named inventor) *Address Unknown* | Conception, reduction to practice, prosecution, and/or unenforceability of the '078 patent |
| Jari Hamalainen (named inventor) *Address Unknown* | Conception, reduction to practice, prosecution, and/or unenforceability of the '078 patent |

| Individual | Potential Subject Matter |
|---|---|
| Perman & Green LLP (prosecuting attorney) *Address Unknown* | Prosecution, and/or unenforceability of the '078 patent |
| Hiroshi Yasuda (named inventor) *Address Unknown* | Conception, reduction to practice, prosecution, and/or unenforceability of the '231 patent |
| Morihiko Hayashi (named inventor) *Address Unknown* | Conception, reduction to practice, prosecution, and/or unenforceability of the '231 patent |
| Michihiro Kaneko (named inventor) *Address Unknown* | Conception, reduction to practice, prosecution, and/or unenforceability of the '231 patent |
| Michihito Nakagawa (named inventor) *Address Unknown* | Conception, reduction to practice, prosecution, and/or unenforceability of the '231 patent |
| Jay H. Maioli (prosecuting attorney) *Address Unknown* | Prosecution, and/or unenforceability of the '231 patent, the '068 patent, and the '828 patent |
| Geoffrey T. Anderson (named inventor) *Address Unknown* | Conception, reduction to practice, prosecution, and/or unenforceability of the '394 patent |
| Sophie Klym (named inventor) *Address Unknown* | Conception, reduction to practice, prosecution, and/or unenforceability of the '394 patent |
| Andrew Todd Zidel (named inventor) *Address Unknown* | Conception, reduction to practice, prosecution, and/or unenforceability of the '394 patent |
| Masaaki Akahane (named inventor) *Address Unknown* | Conception, reduction to practice, prosecution, and/or unenforceability of the '394 patent |
| Eduardo Sciammarella (named inventor) *Address Unknown* | Conception, reduction to practice, prosecution, and/or unenforceability of the '394 patent |
| William S. Frommer (prosecuting attorney) *Address Unknown* | Prosecution, and/or unenforceability of the '394 patent |
| Alvin Sinderbrand (prosecuting attorney) *Address Unknown* | Prosecution, and/or unenforceability of the '394 patent |
| Toshiyuki Masui (named inventor) *Address Unknown* | Conception, reduction to practice, prosecution, and/or unenforceability of '390 patent |

| Individual | Potential Subject Matter |
|---|---|
| Seong-Kun Oh (prosecuting attorney)<br>*Address Unknown* | Prosecution, and/or unenforceability of the '390 patent |
| Limbach & Limbach LLP (prosecuting attorney)<br>*Address Unknown* | Prosecution, and/or unenforceability of the '390 patent and the '170 patent |
| Fukuharo Sudo (named inventor)<br>*Address Unknown* | Conception, reduction to practice, prosecution, and/or unenforceability of the '068 patent |
| John M Van Ryzin (named inventor)<br>*Address Unknown* | Conception, reduction to practice, prosecution, and/or unenforceability of U.S. Patent No. 6,393,430 (the "'430 patent"), and conception, reduction to practice, prosecution, and/or unenforceability of U.S. Patent No. 6,446,080 (the "'080 patent") |
| Harold T. Fujii (prosecuting attorney)<br>*Address Unknown* | Prosecution, and/or unenforceability of the '430 patent and the '080 patent |
| Haruo Oba (named inventor)<br>*Address Unknown* | Conception, reduction to practice, prosecution, and/or unenforceability of the '828 patent |
| Kunihito Sawai (named inventor)<br>*Address Unknown* | Conception, reduction to practice, prosecution, and/or unenforceability of the '828 patent |
| Yoshiaki Inoue (named inventor)<br>*Address Unknown* | Conception, reduction to practice, prosecution, and/or unenforceability of the '828 patent |
| Iwami Tsujimura (named inventor)<br>*Address Unknown* | Conception, reduction to practice, prosecution, and/or unenforceability of the '828 patent |
| Peter Duoma (named inventor)<br>*Address Unknown* | Conception, reduction to practice, prosecution, and/or unenforceability of the '080 patent |
| James M. Janky (named inventor)<br>*Address Unknown* | Conception, reduction to practice, prosecution, and/or unenforceability of the '942 patent |
| Nathan Schulhof (named inventor)<br>*Address Unknown* | Conception, reduction to practice, prosecution, and/or unenforceability of the '942 patent |
| Grant Jasmin (named inventor)<br>*Address Unknown* | Conception, reduction to practice, prosecution, and/or unenforceability of the '942 patent |
| William E. Pelton (prosecuting attorney)<br>*Address Unknown* | Prosecution, and/or unenforceability of the '942 patent |

| Individual | Potential Subject Matter |
|---|---|
| Donald S. Dowden (prosecuting attorney) *Address Unknown* | Prosecution, and/or unenforceability of the '942 patent |
| Cooper & Dunham LLP (prosecuting attorney) *Address Unknown* | Prosecution, and/or unenforceability of the '942 patent |
| Soon Ko (named inventor) *Address Unknown* | Conception, reduction to practice, prosecution, and/or unenforceability of U.S. Patent No. the '477 patent |
| Thomas F. Lebens (prosecuting attorney) *Address Unknown* | Prosecution, and/or unenforceability of the '477 patent |
| Fitch, Even, Tabin and Flannery (prosecuting attorney) *Address Unknown* | Prosecution, and/or unenforceability of the '477 patent |
| Kenishi Iida (named inventor) *Address Unknown* | Conception, reduction to practice, prosecution, and/or unenforceability of the '647 patent |
| Oblon, Spivak, McClelland, Maier & Neustadt, P.C. (prosecuting attorney) *Address Unknown* | Prosecution, and/or unenforceability of the '647 patent |
| Masayuki Takezawa (named inventor) *Address Unknown* | Conception, reduction to practice, prosecution, and/or unenforceability of the '012 patent |
| Yoichi Mizutani (named inventor) *Address Unknown* | Conception, reduction to practice, prosecution, and/or unenforceability of the '012 patent |
| Hideki Matsumoto (named inventor) *Address Unknown* | Conception, reduction to practice, prosecution, and/or unenforceability of the '012 patent |
| Ken Nakajima (named inventor) *Address Unknown* | Conception, reduction to practice, prosecution, and/or unenforceability of the '012 patent |
| Toshihisa Yamamoto (named inventor) *Address Unknown* | Conception, reduction to practice, prosecution, and/or unenforceability of the '012 patent |
| William S. Frommer (prosecuting attorney) *Address Unknown* | Prosecution, and/or unenforceability of the '012 patent and the '155 patent |
| Frommer Lawrence & Haug LLP (prosecuting attorney) *Address Unknown* | Prosecution, and/or unenforceability of the '012 patent and the '155 patent |

| Individual | Potential Subject Matter |
|---|---|
| Petri Haavisto (named inventor) *Address Unknown* | Conception, reduction to practice, prosecution, and/or unenforceability of the '239 patent |
| Kari Laurila (named inventor) *Address Unknown* | Conception, reduction to practice, prosecution, and/or unenforceability of the '239 patent |
| Markku Majaniemi (named inventor) *Address Unknown* | Conception, reduction to practice, prosecution, and/or unenforceability of the '239 patent |
| Perman & Green LLP (prosecuting attorney) *Address Unknown* | Prosecution, and/or unenforceability of the '239 patent |
| Yoshikazu Takahashi (named inventor) *Address Unknown* | Conception, reduction to practice, prosecution, and/or unenforceability of U.S. Patent No. the '155 patent |
| Yashuhiko Kato (named inventor) *Address Unknown* | Conception, reduction to practice, prosecution, and/or unenforceability of the '155 patent |
| Kenichiro Kobayashi (named inventor) *Address Unknown* | Conception, reduction to practice, prosecution, and/or unenforceability of the '155 patent |
| Masanori Omote (named inventor) *Address Unknown* | Conception, reduction to practice, prosecution, and/or unenforceability of the '155 patent |
| Ai Kato (named inventor) *Address Unknown* | Conception, reduction to practice, prosecution, and/or unenforceability of the '155 patent |
| Dennis M. Smid (prosecuting attorney) *Address Unknown* | Prosecution, and/or unenforceability of the '155 patent |
| Kenzo Akagiri (named inventor) *Address Unknown* | Conception, reduction to practice, prosecution, and/or unenforceability of the '170 patent |
| Kyoya Tsutsui (named inventor) *Address Unknown* | Conception, reduction to practice, prosecution, and/or unenforceability of the '170 patent |
| Ian Hardcastle (prosecuting attorney) *Address Unknown* | Prosecution, and/or unenforceability of the '170 patent |

Apple anticipates that additional witnesses may be located or identified during the course of discovery in this action, and if so, will supplement this initial disclosure.

## II.   **Initial Disclosures Under Fed.R.Civ.P. 26(a)(1)(A)(ii)**

At least the following categories of documents within Apple's possession, custody, or control may be used by Apple to support its claims or defenses:

1.      The sixteen patents-at-issue (the '075 patent, the '078 patent, the '231 patent, the '394 patent, the '390 patent, the '068 patent, the '430 patent, the '828 patent, the '080 patent, the '942 patent, the '477 patent, the '647 patent, the '012 patent, the '239 patent, the '155 patent, and the '170 patent);

2.      All patents and patent applications related to the sixteen patents-at-issue (the '075 patent, the '078 patent, the '231 patent, the '394 patent, the '390 patent, the '068 patent, the '430 patent, the '828 patent, the '080 patent, the '942 patent, the '477 patent, the '647 patent, the '012 patent, the '239 patent, the '155 patent, and the '170 patent);

3.      All continuations and foreign counterparts of the sixteen patents-at-issue (the '075 patent, the '078 patent, the '231 patent, the '394 patent, the '390 patent, the '068 patent, the '430 patent, the '828 patent, the '080 patent, the '942 patent, the '477 patent, the '647 patent, the '012 patent, the '239 patent, the '155 patent, and the '170 patent);

4.      Prosecution histories of the sixteen patents-at-issue (the '075 patent, the '078 patent, the '231 patent, the '394 patent, the '390 patent, the '068 patent, the '430 patent, the '828 patent, the '080 patent, the '942 patent, the '477 patent, the '647 patent, the '012 patent, the '239 patent, the '155 patent, and the '170 patent);

5.      Documents constituting or related to prior art for the sixteen patents-at-issue (the '075 patent, the '078 patent, the '231 patent, the '394 patent, the '390 patent, the '068 patent, the '430 patent, the '828 patent, the '080 patent, the '942 patent, the '477 patent, the '647 patent, the '012 patent, the '239 patent, the '155 patent, and the '170 patent);

6.      Document related to the inventorship, prosecution, and/or ownership of the sixteen patents-at-issue (the '075 patent, the '078 patent, the '231 patent, the '394 patent, the '390 patent, the '068 patent, the '430 patent, the '828 patent, the '080 patent, the '942 patent, the '477 patent, the '647 patent, the '012 patent, the '239 patent, the '155 patent, and the '170 patent);

7.      Documents related to the invalidity of the sixteen patents-at-issue (the '075 patent, the '078 patent, the '231 patent, the '394 patent, the '390 patent, the '068 patent, the '430 patent, the '828 patent, the '080 patent, the '942 patent, the '477 patent, the '647 patent, the '012 patent, the '239 patent, the '155 patent, and the '170 patent);

8.      Documents related to the unenforceability of the sixteen patents-at-issue (the '075 patent, the '078 patent, the '231 patent, the '394 patent, the '390 patent, the '068 patent, the '430 patent, the '828 patent, the '080 patent, the '942 patent, the '477 patent, the '647 patent, the '012 patent, the '239 patent, the '155 patent, and the '170 patent);

9.      Documents related to Apple's non-infringement of the sixteen patents-at-issue (the '075 patent, the '078 patent, the '231 patent, the '394 patent, the '390 patent, the '068 patent, the '430 patent, the '828 patent, the '080 patent, the '942 patent, the '477 patent, the '647 patent, the '012 patent, the '239 patent, the '155 patent, and the '170 patent);

10.     Documents related to the design, operation, and development of Apple's accused products (the iPhone 3G, iPhone 3Gs, iPod touch, iPod nano, iPod classic, iPod shuffle, iPad WiFi, iPad WiFi + 3G, Apple Universal Dock, Apple iPad Dock, and Apple iPad Keyboard Dock);

11.     Documents related to revenues, costs, sales, marketing, and profits of Apple's accused products (the iPhone 3G, iPhone 3Gs, iPod touch, iPod nano, iPod classic, iPod shuffle,

iPad WiFi, iPad WiFi + 3G, Apple Universal Dock, Apple iPad Dock, and Apple iPad Keyboard

Dock);

12.     Documents related to Apple's defenses of waiver, laches, estoppel, notice, and

failure to join all owners of the asserted patents.

The foregoing documents are located at Apple Inc., 1 Infinite Loop, Cupertino, California

95014, and/or O'Melveny & Myers LLP, Two Embarcadero Center, 28th Floor, San Francisco,

California 94111.

### III.     Initial Disclosures Under Fed.R.Civ.P. 26(a)(1)(A)(iii)

Apple is not currently seeking any damages in this case. However, Apple seeks an award

of attorneys' fees and costs as allowed.  Apple cannot compute its total attorneys' fees and costs

because the litigation is currently ongoing.

### IV.     Initial Disclosures Under Fed.R.Civ.P. 26(a)(1)(A)(iv)

Based upon information reasonably available at this time, Apple is unaware of any

insurance agreements relevant to this action.


Dated:  October 8, 2010                           */s/ Luann L. Simmons*
                                                  George A. Riley (pro hac vice)
                                                  Luann L. Simmons (pro hac vice)
                                                  O'Melveny & Myers LLP
                                                  2 Embarcadero Center, 28th Floor
                                                  San Francisco, CA  9411
                                                  (415) 984-8700
                                                  griley@omm.com
                                                  lsimmons@omm.com

                                                  *Attorneys for Defendant Apple Inc.*

EXHIBIT K

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

MOBILEMEDIA IDEAS LLC,

          Plaintiff,

      v.

APPLE INC.,

          Defendant.

Civil Action No. 10-258-SLR

**JURY TRIAL DEMANDED**

## DEFENDANT APPLE INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS AND THINGS

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendant Apple Inc., ("Apple") hereby provides its responses and objections to Plaintiff MobileMedia Ideas LLC's ("MMI's") First Request for the Production of Documents and Things.  This response represents the information known and available to Apple as of the date hereof.  Apple reserves the right to supplement its responses as further information is obtained in accordance with the Federal Rules of Civil Procedure, but does not acknowledge any duty to supplement beyond the applicable rules.

By these responses, Apple does not intend to waive, and does not waive, any objection to admitting these responses or any documents produced into evidence, in whole or in part.  Rather, Apple intends to preserve, and does preserve, all such objections, including without limitation, objections based on relevance, foundation, authenticity, or privilege.

## GENERAL OBJECTIONS

The following general objections apply to each and every Request MMI propounded, and are incorporated into each of the following responses by reference as if set forth fully herein.

1.    Apple objects to MMI's Requests to the extent that they seek information or documents that is protected from disclosure by the attorney-client privilege, the attorney work-

product doctrine, or any other applicable privilege, immunity, or doctrine.  Apple uses the word "privilege" in these responses and objections to refer to each of the above grounds for protection from disclosure.  Apple declines to produce such documents, and nothing in these responses and objections or in the document production is intended to be or is a waiver of the attorney-client privilege, attorney work-product immunity, or any other applicable privilege, immunity, or doctrine.  Apple reserves the right to retrieve and to prevent the use of any privileged or protected document inadvertently produced.

2.      Apple objects to these Requests as overly broad and unreasonably burdensome to the extent that they seek information or documents not in Apple's possession, custody, or control, or beyond that required by the Federal Rules of Civil Procedure.  An objection on this ground does not constitute a representation or admission that such information does, in fact, exist.

3.      Apple objects to these Requests to the extent that they seek publicly-available information or documents that MMI can obtain as easily as Apple or to the extent they seek information already in MMI's possession on the ground that it is unreasonably burdensome to compel Apple to provide such information to MMI.

4.      Apple objects to MMI's Requests to the extent that they are vague, ambiguous, overbroad, unduly burdensome, incomprehensible, harassing, duplicative, cumulative of other Requests, not limited to a relevant time period, seek information or documents that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and seek to impose burdens beyond those permitted by the Federal Rules of Civil Procedure.

5.      Apple objects to MMI's "Definitions" and "Instructions" to the extent that such definitions or instructions purport to enlarge, expand, or alter in any way the plain meaning and scope of any specific Request where such enlargement, expansion, or alteration renders the Request vague, ambiguous, overbroad, unduly burdensome, harassing, incomprehensible, and seeks information or documents that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

6.     Apple objects to MMI's definition of "Apple" as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  By offering to provide information or documents responsive to MMI's Requests, Apple shall be understood to offer only information and documents that are in its own possession, custody, or control, and not those of any other entity.

7.     Apple objects to MMI's definition of "Product" as vague, ambiguous and overbroad to the extent that it purports to include products other than those specifically identified in the definition.  Apple objects to each Request using this term as overbroad, unduly burdensome, oppressive, and not relevant to the claim or defense of any party to this litigation.  Apple will provide relevant information and documents about only those products specifically identified in MMI's First Amended Complaint and MMI's definition of "Product," namely:  iPhone 3G, iPhone 3GS, iPhone 4, iPod touch, iPod nano,  iPod classic, iPod shuffle, iPad Wi-Fi, iPad Wi-Fi+3G, Apple Universal Dock, iPad Dock, and iPad Keyboard Dock.

8.     Apple objects to MMI's definition of "Product Feature" as vague, ambiguous and overbroad.  Apple objects to each Request using this term as overbroad, unduly burdensome, oppressive, and not relevant to the claim or defense of any party to this litigation.

9.     Apple objects to these Requests to the extent that they seek confidential or proprietary business information or documents or protected information or documents of third parties, and/or would require Apple to breach a duty of confidentiality owed to a third party.

10.     Apple objects to these Requests to the extent they seek information or documents protected under the privilege for trade secrets and other confidential or proprietary information.  Apple will provide such information and documents only pursuant to the terms of an acceptable protective order entered in this case.  Nothing in these responses or objections is, is intended to be, or should be construed as a waiver of the privilege for trade secrets or any other applicable confidentiality protection.

11.     Apple further reserves its right to:

a.     object to the use and admissibility of these responses and their subject matter or any documents products on any ground in any proceeding in this action; and

b.     object on any ground at any time to any Request, as well as any interrogatories or any other discovery in this action relating to the subject matter of MMI's Requests.

12.    Apple's investigation, discovery, and evaluation of this matter are not yet complete and are ongoing.  Although these responses, subject to Apple's objections, are complete to the extent of Apple's knowledge based on its review of its files and records to date, Apple reserves the right to:

a.     rely on, make any use of, or introduce information, facts, documents, or other evidence that may develop or come to Apple's attention at a later time, including but not limited to any information obtained during discovery;

b.     assert additional objections and/or supplementary responses should Apple discover additional documents, information, or grounds for objections;

c.     use at trial in this action information that it may later determine to have been responsive to MMI's Requests; and

d.     revise, correct, supplement, or clarify any of its responses at any time pursuant to Federal Rule of Civil Procedure 26(e).

13.    Apple's response to each Request relates to information and documents currently in Apple's possession, custody, or control.  Neither a response nor an objection to a particular Request is a representation that any information or documents relevant to the particular Request in fact exists.

14.    To the extent that any of MMI's Requests are vague, ambiguous, and/or incomprehensible, Apple will not engage in fact-finding or draw conclusions beyond those required by the Federal Rules of Civil Procedure when responding to these Requests.

15.     Apple objects to MMI's Requests as premature to the extent that they seek information and documents that are likely to be the subject of expert testimony before the time set by the Court for expert witness disclosures.

16.     Apple objects to MMI's Requests to the extent they seek information outside of the six-year damages limitation period preceding the filing of the complaint in this action.  Except where otherwise noted, Apple will provide information and documents for the period of April 1, 2004, to the present only.

17.     Apple objects to MMI's Requests to the extent that they mischaracterize the allegations in Apple's Answer, Affirmative Defenses, and Counterclaims to the First Amended Complaint.

18.     Apple objects to any attempt to place on Apple the burden of proving that the accused products do not infringe the patents-in-suit.  The burden of proving infringement falls upon MMI as the patentee.  *See Nutrition Specialties & Food Ingredients GmbH v. U.S. Int'l Trade Comm'n*, 224 F.3d 1356, 1359 (Fed. Cir. 2000) ("As a general proposition, the law places the burden of proving infringement on the patentee who alleges it."); *Ultra-Tex Surfaces Inc. v. Hill Brothers Chemical Co.*, 204 F.3d 1360, 1364 (Fed. Cir. 2000) ("[I]t is axiomatic that the patentee bears the burden of proving infringement.").  Apple reserves all rights to respond to any infringement contentions of MMI after learning of them and having the opportunity to investigate and analyze them.  Nothing in its response should be construed as a waiver of the requirement that MMI satisfy its burden of proof as to every limitation of the claims of the patents-in-suit.

19.     Apple objects to the instructions that purport to require a privilege log that is inconsistent with the Federal Rules of Civil Procedure and that purport to require a description of privileged content, on the ground that these purported requirements are unreasonable, unduly burdensome, and violative of the attorney-client privilege and the work product doctrine. Notwithstanding the foregoing, Apple will make reasonable efforts prepare a privilege log

consistent with the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the local rules and orders of this Court.

**RESPONSE TO REQUESTS**

Without waiving any of its General Objections and incorporating each of them by reference into the response below, Apple responds to MMI's Requests as follows:

**REQUEST NO. 1:**

All documents relating to the Patents-in-Suit, related applications, related patents and foreign counterparts.

**RESPONSE TO REQUEST NO. 1:**

Apple objects to this Request on the basis of each and every General Objection set forth above.  Apple further objects to this Request as overbroad, unduly burdensome, oppressive, and not relevant to the claim or defense of any party to this action.  Apple further objects to this Request to the extent that it calls for the production of privileged documents.

Subject to and without waiving any of its objections, Apple responds as follows:  Apple will search for and produce non-privileged documents, to the extent any exist, responsive to this Request.

Apple reserves its right to supplement its response to this Request.

**REQUEST NO. 2:**

All documents relating to the research, design, development or testing of any aspect of any Product relating to any Product Feature (or the same or similar feature in any prior product, prototype, testing device, model or software), including laboratory notebooks, engineering studies and technical specifications.

**RESPONSE TO REQUEST NO. 2:**

Apple objects to this Request on the basis of each and every General Objection set forth above.  Apple also objects to this Request on the ground that the terms "Product" and "Product Feature" are vague and ambiguous as used in this Request, and render the Request overbroad, unduly burdensome, oppressive, and not relevant to the claim or defense of any party to this

action.  By responding to this Request, Apple does not admit and expressly denies that any of the accused products or supported features infringe any valid claim of any of the patents asserted in this action.  Apple further expressly denies that any of the accused products contain or permit use of one or more of the "Product Features" defined by MMI to the extent the "Product Features" are intended to represent or be equivalent to any claim of any of the patents asserted in this action.  Apple further objects to this Request as overbroad, unduly burdensome, oppressive, and not relevant to the claim or defense of any party to this action.  Apple further objects to this Request to the extent that it calls for the production of privileged documents.

Subject to and without waiving any of its objections, Apple responds as follows:  Apple will search for and produce non-privileged documents, to the extent any exist, responsive to this Request.

Apple reserves its right to supplement its response to this Request.

**REQUEST NO. 3:**

All documents concerning the manufacture or implementation of any Product Feature in any Product, including specifications, software, hardware, firmware, manuals, descriptions, public or proprietary standards, flowcharts, circuit diagrams, pseudo-code and source code concerning each such feature.

**RESPONSE TO REQUEST NO. 3:**

Apple objects to this Request on the basis of each and every General Objection set forth above.  Apple also objects to this Request on the ground that the terms "Product" and "Product Feature" are vague and ambiguous as used in this Request, and render the Request overbroad, unduly burdensome, oppressive, and not relevant to the claim or defense of any party to this action.  By responding to this Request, Apple does not admit and expressly denies that any of the accused products or supported features infringe any valid claim of any of the patents asserted in this action.  Apple further expressly denies that any of the accused products contain or permit use of one or more of the "Product Features" defined by MMI to the extent the "Product Features" are intended to represent or be equivalent to any claim of any of the patents asserted in this

action.  Apple further objects to this Request as overbroad, unduly burdensome, oppressive, and not relevant to the claim or defense of any party to this action.  Apple further objects to this Request to the extent that it calls for the production of privileged documents.

Subject to and without waiving any of its objections, Apple responds as follows:  Apple will search for and produce non-privileged documents, to the extent any exist, responsive to this Request.

**REQUEST NO. 4:**

All documents concerning any change, modification or elimination of any Product Feature in any Product, whether prior to or after the launch of each Product.

**RESPONSE TO REQUEST NO. 4:**

Apple objects to this Request on the basis of each and every General Objection set forth above.  Apple also objects to this Request on the ground that the terms "Product" and "Product Feature" are vague and ambiguous as used in this Request, and render the Request overbroad, unduly burdensome, oppressive, and not relevant to the claim or defense of any party to this action.  By responding to this Request, Apple does not admit and expressly denies that any of the accused products or supported features infringe any valid claim of any of the patents asserted in this action.  Apple further expressly denies that any of the accused products contain or permit use of one or more of the "Product Features" defined by MMI to the extent the "Product Features" are intended to represent or be equivalent to any claim of any of the patents asserted in this action.  Apple further objects to this Request as overbroad, unduly burdensome, oppressive, and not relevant to the claim or defense of any party to this action.  Apple further objects to this Request to the extent that it calls for the production of privileged documents.  Apple further objects to this Request as duplicative of Request Nos. 2 and 3.

Subject to and without waiving any of its objections, Apple responds as follows:  Apple will search for and produce non-privileged documents, to the extent any exist, responsive to this Request.

Apple reserves its right to supplement its response to this Request.

**REQUEST NO. 5:**

All documents relating to the use, function or operation of any Product Feature in any Product, including internal documents or communications, documents provided to any person participating in the design, manufacture or distribution of any Product, advertising or marketing materials, packaging and/or customer support documents.

**RESPONSE TO REQUEST NO. 5:**

Apple objects to this Request on the basis of each and every General Objection set forth above.  Apple also objects to this Request on the ground that the terms "Product" and "Product Feature" are vague and ambiguous as used in this Request, and render the Request overbroad, unduly burdensome, oppressive, and not relevant to the claim or defense of any party to this action.  By responding to this Request, Apple does not admit and expressly denies that any of the accused products or supported features infringe any valid claim of any of the patents asserted in this action.  Apple further expressly denies that any of the accused products contain or permit use of one or more of the "Product Features" defined by MMI to the extent the "Product Features" are intended to represent or be equivalent to any claim of any of the patents asserted in this action.  Apple further objects to this Request as overbroad, unduly burdensome, oppressive, and not relevant to the claim or defense of any party to this action.  Apple further objects to this Request to the extent that it calls for the production of privileged documents.

Subject to and without waiving any of its objections, Apple responds as follows:  Apple will search for and produce non-privileged documents, to the extent any exist, responsive to this Request.

Apple reserves its right to supplement its response to this Request.

**REQUEST NO. 6:**

Documents sufficient to identify the supplier, manufacturer, model, and year of manufacture of each of the Products.

**RESPONSE TO REQUEST NO. 6:**

Apple objects to this Request on the basis of each and every General Objection set forth above.  Apple also objects to this Request on the ground that the terms "Product," "supplier," "manufacturer" and "model" are vague and ambiguous as used in this Request, and render the Request overbroad, unduly burdensome, oppressive, and not relevant to the claim or defense of any party to this action.  Apple further objects to this Request as overbroad, unduly burdensome, oppressive, and not relevant to the claim or defense of any party to this action.  Apple further objects to this Request to the extent that it calls for the production of privileged documents.

Subject to and without waiving any of its objections, Apple responds as follows:  Apple will search for and produce non-privileged documents, to the extent any exist, responsive to this Request.

Apple reserves its right to supplement its response to this Request.

**REQUEST NO. 7:**

Documents sufficient to identify (a) each audio format (e.g., MP3, AAC, AC-3, etc.), (b) audio decoder (e.g., MP3 decoder, AAC decoder, AC-3 decoder, etc.), and (c) the manufacturer provider, or source of each such audio decoder, used in any Product.

**RESPONSE TO REQUEST NO. 7:**

Apple objects to this Request on the basis of each and every General Objection set forth above.  Apple also objects to this Request on the ground that the term "Product" is vague and ambiguous as used in this Request, and renders the Request overbroad, unduly burdensome, oppressive, and not relevant to the claim or defense of any party to this action.  Apple further objects to this Request as overbroad, unduly burdensome, oppressive, and not relevant to the claim or defense of any party to this action.  Apple further objects to this Request to the extent that it calls for the production of privileged documents.

Subject to and without waiving any of its objections, Apple responds as follows:  Apple will meet and confer with MMI to discuss MMI's basis for believing that any documents sought by this Request are relevant to a claim or defense of any party to this action.  To the extent the

Request does seek documents relevant to the claim or defense of any party to this action, Apple will search for and produce such non-privileged documents, to the extent any exist.

Apple reserves its right to supplement its response to this Request.

**REQUEST NO. 8:**

All documents concerning each audio decoder or how an audio output is generated from data that has been encoded or compressed using an encoding or compression algorithm in any Product including software, hardware, firmware, manuals, descriptions, specifications, public or proprietary standards, flowcharts, circuit diagrams, pseudo-code, and source code concerning such decoder.

**RESPONSE TO REQUEST NO. 8:**

Apple objects to this Request on the basis of each and every General Objection set forth above.  Apple also objects to this Request on the ground that the term "Product" is vague and ambiguous as used in this Request, and renders the Request overbroad, unduly burdensome, oppressive, and not relevant to the claim or defense of any party to this action.  Apple further objects to this Request as overbroad, unduly burdensome, oppressive, and not relevant to the claim or defense of any party to this action.  Apple further objects to this Request to the extent that it calls for the production of privileged documents.

Subject to and without waiving any of its objections, Apple responds as follows:  Apple will meet and confer with MMI to discuss MMI's basis for believing that any documents sought by this Request are relevant to a claim or defense of any party to this action.  To the extent the Request does seek documents relevant to the claim or defense of any party to this action, Apple will search for and produce such non-privileged documents, to the extent any exist.

Apple reserves its right to supplement its response to this Request.

**REQUEST NO. 9:**

All documents concerning communications with customers relating to any Product Feature in any Product, including all customer service or customer support communications (including all forms of electronic or telephonic communications and any logs, recordings or

summaries thereof) and any summaries, analysis, communications or reports concerning the foregoing.

**RESPONSE TO REQUEST NO. 9:**

Apple objects to this Request on the basis of each and every General Objection set forth above.  Apple also objects to this Request on the ground that the terms "Product" and "Product Feature" are vague and ambiguous as used in this Request, and render the Request overbroad, unduly burdensome, oppressive, and not relevant to the claim or defense of any party to this action.  In addition, Apple does not admit and expressly denies that any of the accused products or supported features infringe any valid claim of any of the patents asserted in this action.  Apple further expressly denies that any of the accused products contain or permit use of one or more of the "Product Features" defined by MMI to the extent the "Product Features" are intended to represent or be equivalent to any claim of any of the patents asserted in this action.  Apple further objects to this Request as overbroad, unduly burdensome, oppressive, and not relevant to the claim or defense of any party to this action.  Apple further objects to this Request to the extent that it calls for the production of privileged documents.

Subject to and without waiving any of its objections, Apple responds as follows:  Apple will meet and confer with MMI to discuss MMI's basis for believing that any documents sought by this Request are relevant to a claim or defense of any party to this action.  To the extent the Request does seek documents relevant to the claim or defense of any party to this action, Apple will search for and produce such non-privileged documents, to the extent any exist.

Apple reserves its right to supplement its response to this Request.

**REQUEST NO. 10:**

All documents relating to the marketing, advertising, promotion or launch of any Product, including (a) specimens of all advertising or marketing materials or media; (b) consumer preference, or consumer behavior studies, surveys, analysis or reports; (c) marketing or business plans; (d) sales forecasts or projections; (e) management or board reports or communications; (f) analysis of marketing or pricing strategies; (g) communications with advertising or market

research agencies; (h) training and instructional materials provided to sales staff or used with customers; (i) website and webpages; and (j) videotapes of presentations at conferences, trade shows or expos and any materials distributed in connection with any such presentations.

## RESPONSE TO REQUEST NO. 10:

Apple objects to this Request on the basis of each and every General Objection set forth above.  Apple also objects to this Request as premature on the ground that, to the extent it seeks discovery relevant to any claim or defense of any party to this action, it seeks discovery related to damages, which are not currently at issue pursuant to the Court's October 14, 2010 Scheduling Order bifurcating the issue of damages.  (D.E. 17 at ¶ 2(a).)  Apple also objects to this Request on the ground that the term "Product" is vague and ambiguous as used in this Request, and renders the Request overbroad, unduly burdensome, oppressive, and not relevant to the claim or defense of any party to this action.  Apple further objects to this Request as overbroad, unduly burdensome, oppressive, and not relevant to the claim or defense of any party to this action. Apple further objects to this Request to the extent that it calls for the production of privileged documents.

Subject to and without waiving any of its objections, Apple responds as follows:  To the extent this Request seeks documents relevant to damages related to any claim or defense of any party to this action, Apple will search for and produce such non-privileged documents, to the extent any exist, during the damages phase of this action.

Apple reserves its right to supplement its response to this Request.

## REQUEST NO. 11:

All document concerning any attempt to design around or develop non-infringing alternatives to any Patent-in-Suit.

## RESPONSE TO REQUEST NO. 11:

Apple objects to this Request on the basis of each and every General Objection set forth above.  Apple also objects to this Request on the ground that the term "design around" and phrase "develop non-infringing alternatives" are vague and ambiguous as used in this Request,

- 13 -

and render the Request overbroad, unduly burdensome, oppressive, and not relevant to the claim or defense of any party to this action.  Apple further objects to this Request as overbroad, unduly burdensome, oppressive, and not relevant to the claim or defense of any party to this action.  Apple further objects to this Request to the extent that it calls for the production of privileged documents.

Subject to and without waiving any of its objections, Apple responds as follows:  Apple will search for and produce non-privileged documents, to the extent any exist, responsive to this Request.

Apple reserves its right to supplement its response to this Request.

**REQUEST NO. 12:**

All patents or patent applications relating to the Product Features.

**RESPONSE TO REQUEST NO. 12:**

Apple objects to this Request on the basis of each and every General Objection set forth above.  Apple also objects to this Request on the ground that the term "Product Feature" is vague and ambiguous as used in this Request, and renders the Request overbroad, unduly burdensome, oppressive, and not relevant to the claim or defense of any party to this action.  By responding to this Request, Apple does not admit and expressly denies that any of the accused products or supported features infringe any valid claim of any of the patents asserted in this action.  Apple further expressly denies that any of the accused products contain or permit use of one or more of the "Product Features" defined by MMI to the extent the "Product Features" are intended to represent or be equivalent to any claim of any of the patents asserted in this action.  Apple further objects to this Request as overbroad, unduly burdensome, oppressive, and not relevant to the claim or defense of any party to this action.  Apple further objects to this Request to the extent that it calls for the production of privileged documents.

Subject to and without waiving any of its objections, Apple responds as follows:  Apple will search for and produce non-privileged documents, to the extent any exist, responsive to this Request.

Apple reserves its right to supplement its response to this Request.

**REQUEST NO. 13:**

Documents sufficient to show the revenues, costs, sales (in units and dollar values), and gross, net and operating profits for each Product on a monthly and annual basis.

**RESPONSE TO REQUEST NO. 13:**

Apple objects to this Request on the basis of each and every General Objection set forth above.  Apple also objects to this Request as premature on the ground that, to the extent it seeks discovery relevant to any claim or defense of any party to this action, it seeks discovery related to damages, which are not currently at issue pursuant to the Court's October 14, 2010 Scheduling Order bifurcating the issue of damages.  (D.E. 17 at ¶ 2(a).)  Apple also objects to this Request on the ground that the terms "Product" is vague and ambiguous as used in this Request, and renders the Request overbroad, unduly burdensome, oppressive, and not relevant to the claim or defense of any party to this action.  Apple further objects to this Request as overbroad, unduly burdensome, oppressive, and not relevant to the claim or defense of any party to this action. Apple further objects to this Request to the extent that it calls for the production of privileged documents.

Subject to and without waiving any of its objections, Apple responds as follows:  To the extent this Request seeks documents relevant to damages related to any claim or defense of any party to this action, Apple will search for and produce such non-privileged documents, to the extent any exist, during the damages phase of this action.

Apple reserves its right to supplement its response to this Request.

**REQUEST NO. 14:**

From January 1, 2003 to the present, your quarterly and annual reports to shareholders.

**RESPONSE TO REQUEST NO. 14:**

Apple objects to this Request on the basis of each and every General Objection set forth above.  Apple also objects to this Request as premature on the ground that, to the extent it seeks discovery relevant to any claim or defense of any party to this action, it seeks discovery related

to damages, which are not currently at issue pursuant to the Court's October 14, 2010 Scheduling Order bifurcating the issue of damages.  (D.E. 17 at ¶ 2(a).)  Apple also objects to this Request on the basis that it requests information and documents outside of the six-year damages limitation period preceding the filing of the complaint in this action; to the extent they are relevant to any claim or defense of any party to this action, Apple will provide documents for the period of April 1, 2004, to the present only.  Apple further objects to this Request as overbroad, unduly burdensome, oppressive, and not relevant to the claim or defense of any party to this action.  Apple further objects to this Request to the extent that it calls for the production of privileged documents.

Subject to and without waiving any of its objections, Apple responds as follows:  To the extent this Request seeks documents relevant to damages related to any claim or defense of any party to this action, Apple will search for and produce such non-privileged documents, to the extent any exist, during the damages phase of this action.

Apple reserves its right to supplement its response to this Request.

**REQUEST NO. 15:**

All documents concerning any patent license, settlement agreement, covenant not to sue or other agreement in any form entered into by you relating to patent or technology used in any Product or relating to any Product Feature.

**RESPONSE TO REQUEST NO. 15:**

Apple objects to this Request on the basis of each and every General Objection set forth above.  Apple also objects to this Request as premature on the ground that, to the extent it seeks discovery relevant to any claim or defense of any party to this action, it seeks discovery related to damages, which are not currently at issue pursuant to the Court's October 14, 2010 Scheduling Order bifurcating the issue of damages.  (D.E. 17 at ¶ 2(a).)  Apple also objects to this Request on the ground that the terms "Product" and "Product Feature" are vague and ambiguous as used in this Request, and render the Request overbroad, unduly burdensome, oppressive, and not relevant to the claim or defense of any party to this action.  In addition, Apple does not admit and

expressly denies that any of the accused products or supported features infringe any valid claim of any of the patents asserted in this action.  Apple further expressly denies that any of the accused products contain or permit use of one or more of the "Product Features" defined by MMI to the extent the "Product Features" are intended to represent or be equivalent to any claim of any of the patents asserted in this action.  Apple further objects to this Request as overbroad, unduly burdensome, oppressive, and not relevant to the claim or defense of any party to this action.  Apple further objects to this Request to the extent that it calls for the production of privileged documents.

Subject to and without waiving any of its objections, Apple responds as follows:  To the extent this Request seeks documents relevant to damages related to any claim or defense of any party to this action, Apple will search for and produce such non-privileged documents, to the extent any exist, during the damages phase of this action.

Apple reserves its right to supplement its response to this Request.

**REQUEST NO. 16:**

From January 1, 2003 to the present, all expert reports and testimony in any patent infringement action in which you are or were a party asserting infringement.

**RESPONSE TO REQUEST NO. 16:**

Apple objects to this Request on the basis of each and every General Objection set forth above.  Apple also objects to this Request on the basis that it requests information and documents outside of the six-year damages limitation period preceding the filing of the complaint in this action; to the extent they are relevant to any claim or defense of any party to this action, Apple will provide documents for the period of April 1, 2004, to the present only. Apple further objects to this Request as overbroad, unduly burdensome, oppressive, and not relevant to the claim or defense of any party to this action.  Apple further objects to this Request to the extent that it calls for the production of privileged documents.

Subject to and without waiving any of its objections, Apple responds as follows:  Apple will meet and confer with MMI to discuss MMI's basis for believing that any documents sought

- 17 -

by this Request are relevant to a claim or defense of any party to this action.  To the extent the Request does seek documents relevant to the claim or defense of any party to this action, Apple will search for and produce such non-privileged documents, to the extent any exist.

Apple reserves its right to supplement its response to this Request.

## REQUEST NO. 17:

All documents relating to any report, calculation, or analysis (whether formal, informal, preliminary, *ad hoc*, or otherwise) of the value of any feature (including any Product Feature) in any Product.

## RESPONSE TO REQUEST NO. 17:

Apple objects to this Request on the basis of each and every General Objection set forth above.  Apple also objects to this Request as premature on the ground that, to the extent it seeks discovery relevant to any claim or defense of any party to this action, it seeks discovery related to damages, which are not currently at issue pursuant to the Court's October 14, 2010 Scheduling Order bifurcating the issue of damages.  (D.E. 17 at ¶ 2(a).)  Apple also objects to this Request on the ground that the terms "Product" and "Product Feature" are vague and ambiguous as used in this Request, and render the Request overbroad, unduly burdensome, oppressive, and not relevant to the claim or defense of any party to this action.  In addition, Apple does not admit and expressly denies that any of the accused products or supported features infringe any valid claim of any of the patents asserted in this action.  Apple further expressly denies that any of the accused products contain or permit use of one or more of the "Product Features" defined by MMI to the extent the "Product Features" are intended to represent or be equivalent to any claim of any of the patents asserted in this action.  Apple further objects to this Request as overbroad, unduly burdensome, oppressive, and not relevant to the claim or defense of any party to this action.  Apple further objects to this Request to the extent that it calls for the production of privileged documents.

Subject to and without waiving any of its objections, Apple responds as follows:  To the extent this Request seeks documents relevant to damages related to any claim or defense of any

- 18 -

party to this action, Apple will search for and produce such non-privileged documents, to the extent any exist, during the damages phase of this action.

Apple reserves its right to supplement its response to this Request.

**REQUEST NO. 18:**

All documents relating to the calculation or determination of any established or reasonable royalty for any Patent-in-Suit individually or collectively or that you otherwise believe or contend to have any bearing on a reasonable royalty for any Patent-in-Suit.

**RESPONSE TO REQUEST NO. 18:**

Apple objects to this Request on the basis of each and every General Objection set forth above.  Apple also objects to this Request as premature on the ground that, to the extent it seeks discovery relevant to any claim or defense of any party to this action, it seeks discovery related to damages, which are not currently at issue pursuant to the Court's October 14, 2010 Scheduling Order bifurcating the issue of damages.  (D.E. 17 at ¶ 2(a).)  Apple further objects to this Request as overbroad, unduly burdensome, oppressive, and not relevant to the claim or defense of any party to this action.  Apple further objects to this Request to the extent that it calls for the production of privileged documents.

Subject to and without waiving any of its objections, Apple responds as follows:  To the extent this Request seeks documents relevant to damages related to any claim or defense of any party to this action, Apple will search for and produce such non-privileged documents, to the extent any exist, during the damages phase of this action.

Apple reserves its right to supplement its response to this Request.

**REQUEST NO. 19:**

All documents constituting any investigation, report, opinion, study or analysis of the patent rights held by any person relating to any Product or Product Feature.

**RESPONSE TO REQUEST NO. 19:**

Apple objects to this Request on the basis of each and every General Objection set forth above.  Apple also objects to this Request on the ground that the terms "Product" and "Product

- 19 -

Feature" are vague and ambiguous as used in this Request, and render the Request overbroad, unduly burdensome, oppressive, and not relevant to the claim or defense of any party to this action.  By responding to this Request, Apple does not admit and expressly denies that any of the accused products or supported features infringe any valid claim of any of the patents asserted in this action.  Apple further expressly denies that any of the accused products contain or permit use of one or more of the "Product Features" defined by MMI to the extent the "Product Features" are intended to represent or be equivalent to any claim of any of the patents asserted in this action.  Apple further objects to this Request as overbroad, unduly burdensome, oppressive, and not relevant to the claim or defense of any party to this action.  Apple further objects to this Request to the extent that it calls for the production of privileged documents.

Subject to and without waiving any of its objections, Apple responds as follows:  Apple will search for and produce non-privileged documents, to the extent any exist, responsive to this Request.

Apple reserves its right to supplement its response to this Request.

**REQUEST NO. 20:**

All agreements or documents setting forth any arrangement by which any person manufactures any Product on your behalf or at your direction.

**RESPONSE TO REQUEST NO. 20:**

Apple objects to this Request on the basis of each and every General Objection set forth above.  Apple also objects to this Request on the ground that the term "Product" is vague and ambiguous as used in this Request, and renders the Request overbroad, unduly burdensome, oppressive, and not relevant to the claim or defense of any party to this action.  Apple further objects to this Request as overbroad, unduly burdensome, oppressive, and not relevant to the claim or defense of any party to this action.  Apple further objects to this Request to the extent that it calls for the production of privileged documents.

Subject to and without waiving any of its objections, Apple responds as follows:  Apple will search for and produce non-privileged documents, to the extent any exist, responsive to this Request.

Apple reserves its right to supplement its response to this Request.

**REQUEST NO. 21:**

All non-privileged documents or communications relating to this Action.

**RESPONSE TO REQUEST NO. 21:**

Apple objects to this Request on the basis of each and every General Objection set forth above.  Apple further objects to this Request as overbroad, unduly burdensome, oppressive, and not relevant to the claim or defense of any party to this action.

Subject to and without waiving any of its objections, Apple responds as follows:  Apple will search for and produce non-privileged documents, to the extent any exist, responsive to this Request.

Apple reserves its right to supplement its response to this Request.

**REQUEST NO. 22:**

All documents concerning any license (including any implied license) or authorization concerning any Patent-in-Suit with respect to the manufacture, use or sale of any Product.

**RESPONSE TO REQUEST NO. 22:**

Apple objects to this Request on the basis of each and every General Objection set forth above.  Apple also objects to this Request as premature on the ground that, to the extent it seeks discovery relevant to any claim or defense of any party to this action, it seeks discovery related to damages, which are not currently at issue pursuant to the Court's October 14, 2010 Scheduling Order bifurcating the issue of damages.  (D.E. 17 at ¶ 2(a).)  Apple also objects to this Request on the ground that the term "Product" is vague and ambiguous as used in this Request, and renders the Request overbroad, unduly burdensome, oppressive, and not relevant to the claim or defense of any party to this action.  Apple further objects to this Request as overbroad, unduly burdensome, oppressive, and not relevant to the claim or defense of any party to this action.

- 21 -

Apple further objects to this Request to the extent that it calls for the production of privileged documents.

Subject to and without waiving any of its objections, Apple responds as follows:  Apple will search for and produce non-privileged documents, to the extent any exist, responsive to this Request.

Apple reserves its right to supplement its response to this Request.

**REQUEST NO. 23:**

From January 1, 2003 to the present, all documents concerning your policies or practices regarding the licensing of intellectual property rights.

**RESPONSE TO REQUEST NO. 23:**

Apple objects to this Request on the basis of each and every General Objection set forth above.  Apple also objects to this Request as premature on the ground that, to the extent it seeks discovery relevant to any claim or defense of any party to this action, it seeks discovery related to damages, which are not currently at issue pursuant to the Court's October 14, 2010 Scheduling Order bifurcating the issue of damages.  (D.E. 17 at ¶ 2(a).)  Apple also objects to this Request on the basis that it requests information and documents outside of the six-year damages limitation period preceding the filing of the complaint in this action; to the extent they are relevant to any claim or defense of any party to this action, Apple will provide documents for the period of April 1, 2004, to the present only.  Apple further objects to this Request as overbroad, unduly burdensome, oppressive, and not relevant to the claim or defense of any party to this action.  Apple further objects to this Request to the extent that it calls for the production of privileged documents.

Subject to and without waiving any of its objections, Apple responds as follows:  To the extent this Request seeks documents relevant to damages related to any claim or defense of any party to this action, Apple will search for and produce such non-privileged documents, to the extent any exist, during the damages phase of this action.

Apple reserves its right to supplement its response to this Request.

**REQUEST NO. 24:**

From January 1, 2003 to the present, all documents concerning your policies or practices with respect to investigating whether there are any intellectual property rights held by other relevant to your products (whether before or after product launch), or that otherwise relate to Apple's efforts, if any, to ensure that Apple does not commit patent infringement or to assess whether Apple's products infringe any patents.

**RESPONSE TO REQUEST NO. 24:**

Apple objects to this Request on the basis of each and every General Objection set forth above.  Apple also objects to this Request on the basis that it requests information and documents outside of the six-year damages limitation period preceding the filing of the complaint in this action; to the extent they are relevant to any claim or defense of any party to this action, Apple will provide documents for the period of April 1, 2004, to the present only. Apple also objects to this Request on the ground that the phrase "intellectual property rights held by other relevant to your products" is vague and ambiguous as used in this Request, and renders the Request overbroad, unduly burdensome, oppressive, and not relevant to the claim or defense of any party to this action.  Apple further objects to this Request as overbroad, unduly burdensome, oppressive, and not relevant to the claim or defense of any party to this action. Apple further objects to this Request to the extent that it calls for the production of privileged documents.

Subject to and without waiving any of its objections, Apple responds as follows:  Apple will search for and produce non-privileged documents, to the extent any exist, responsive to this Request.

Apple reserves its right to supplement its response to this Request.

**REQUEST NO. 25:**

All documents relating to any formal or informal agreement between Apple and any other person relating to (i) indemnification with respect to any claims of patent infringement relating to the Products or this Action; (ii) joint or common defense of claims of patent infringement

relating to the Products or this Action; or (iii) the sharing of costs related to the defense of patent infringement claims relating to the Products or the defense of this Action.

**RESPONSE TO REQUEST NO. 25:**

Apple objects to this Request on the basis of each and every General Objection set forth above.  Apple also objects to this Request as premature on the ground that, to the extent it seeks discovery relevant to any claim or defense of any party to this action, it seeks discovery related to damages, which are not currently at issue pursuant to the Court's October 14, 2010 Scheduling Order bifurcating the issue of damages.  (D.E. 17 at ¶ 2(a).)  Apple also objects to this Request on the ground that the terms "Product" is vague and ambiguous as used in this Request, and renders the Request overbroad, unduly burdensome, oppressive, and not relevant to the claim or defense of any party to this action.  Apple further objects to this Request as overbroad, unduly burdensome, oppressive, and not relevant to the claim or defense of any party to this action.  Apple further objects to this Request to the extent that it calls for the production of privileged documents.

Subject to and without waiving any of its objections, Apple responds as follows:  Apple will search for and produce non-privileged documents, to the extent any exist, responsive to this Request.

Apple reserves its right to supplement its response to this Request.

**REQUEST NO. 26:**

All documents you believe are relevant to establishing the level of ordinary skill in the art at the time of the inventions claimed in any Patent-in-Suit.

**RESPONSE TO REQUEST NO. 26:**

Apple objects to this Request on the basis of each and every General Objection set forth above.  Apple also objects to this Request on the ground that it seeks information properly the subject of expert reports, which are not yet due.  Apple further objects to this Request as overbroad, unduly burdensome, oppressive, and not relevant to the claim or defense of any party

- 24 -

to this action.  Apple further objects to this Request to the extent that it calls for the production of privileged documents.

Subject to and without waiving any of its objections, Apple responds as follows:  Apple will search for and produce non-privileged documents, to the extent any exist, responsive to this Request.

Apple reserves its right to supplement its response to this Request.

**REQUEST NO. 27:**

All documents concerning the scope and content of any prior art you have ever considered relevant to any of the Patents-in-Suit, related patents or foreign counterparts, including but not limited to document concerning any validity or prior art investigation, search, study or analysis.

**RESPONSE TO REQUEST NO. 27:**

Apple objects to this Request on the basis of each and every General Objection set forth above.  Apple also objects to this Request as premature on the ground that it seeks information properly the subject of expert reports and invalidity contentions, which are not yet due.  Apple further objects to this Request as overbroad, unduly burdensome, oppressive, and not relevant to the claim or defense of any party to this action.  Apple further objects to this Request to the extent that it calls for the production of privileged documents.

Subject to and without waiving any of its objections, Apple responds as follows:  Apple will search for and produce non-privileged documents, to the extent any exist, responsive to this Request.

Apple reserves its right to supplement its response to this Request.

**REQUEST NO. 28:**

All documents concerning the interpretation of the scope or meaning of any term or terms of any claim, or any claim as a whole, or any of the Patents-in-Suit, including but not limited to all documents that support or contradict your interpretation of any such claim or claim or terms.

**<u>RESPONSE TO REQUEST NO. 28:</u>**

Apple objects to this Request on the basis of each and every General Objection set forth above.  Apple also objects to this Request as premature on the ground that it seeks information properly the subject of expert reports and claim construction disclosures, which are not yet due.  Apple further objects to this Request as overbroad, unduly burdensome, oppressive, and not relevant to the claim or defense of any party to this action.  Apple further objects to this Request to the extent that it calls for the production of privileged documents.

Subject to and without waiving any of its objections, Apple responds as follows:  Apple will search for and produce non-privileged documents, to the extent any exist, responsive to this Request.

Apple reserves its right to supplement its response to this Request.

**<u>REQUEST NO. 29:</u>**

All documents concerning infringement or the possible infringement of any of the Patents-in-Suit by any product made, used, sold or imported by you, including but not limited to any analysis of infringement or non-infringement of any claim of any Patent-in-Suit, related patent or foreign counterpart.

**<u>RESPONSE TO REQUEST NO. 29:</u>**

Apple objects to this Request on the basis of each and every General Objection set forth above.  Apple also objects to this Request as premature on the ground that it seeks information properly the subject of expert reports, which are not yet due.  Apple further objects to this Request as overbroad, unduly burdensome, oppressive, and not relevant to the claim or defense of any party to this action.  Apple further objects to this Request to the extent that it calls for the production of privileged documents.

Subject to and without waiving any of its objections, Apple responds as follows:  Apple will search for and produce non-privileged documents, to the extent any exist, responsive to this Request.

Apple reserves its right to supplement its response to this Request.

**REQUEST NO. 30:**

All documents, including any opinions or memoranda, that refer to any study, report, evaluation or investigation of any Patent-in-Suit, related patent or foreign counterpart.

**RESPONSE TO REQUEST NO. 30:**

Apple objects to this Request on the basis of each and every General Objection set forth above.  Apple further objects to this Request as overbroad, unduly burdensome, oppressive, and not relevant to the claim or defense of any party to this action.  Apple further objects to this Request to the extent that it calls for the production of privileged documents.

Subject to and without waiving any of its objections, Apple responds as follows:  Apple will search for and produce non-privileged documents, to the extent any exist, responsive to this Request.

Apple reserves its right to supplement its response to this Request.

**REQUEST NO. 31:**

All documents concerning the enforceability of any Patent-in-Suit, including, but not limited to, documents relating to Apple's contention that any Patent-in-Suit is unenforceable due to waiver, laches, estoppel, prosecution history estoppel, inequitable conduct, lack of complete ownership, or failure to join the owner or owners of one or more of the Patents-in-Suit in this Action.

**RESPONSE TO REQUEST NO. 31:**

Apple objects to this Request on the basis of each and every General Objection set forth above.  Apple also objects to this Request as premature on the ground that it seeks information properly the subject of expert reports, which are not yet due.  Apple further objects to this Request as overbroad, unduly burdensome, oppressive, and not relevant to the claim or defense of any party to this action.  Apple further objects to this Request to the extent that it calls for the production of privileged documents.

Subject to and without waiving any of its objections, Apple responds as follows: Apple will search for and produce non-privileged documents, to the extent any exist, responsive to this Request.

Apple reserves its right to supplement its response to this Request.

**REQUEST NO. 32:**

All documents concerning any technology that you contend is a substitute for any technology claimed in any Patent-in-Suit.

**RESPONSE TO REQUEST NO. 32:**

Apple objects to this Request on the basis of each and every General Objection set forth above. Apple also objects to this Request on the ground that the term "substitute" and phrase "technology claimed in any Patent-in-Suit" are vague and ambiguous as used in this Request, and render the Request overbroad, unduly burdensome, oppressive, and not relevant to the claim or defense of any party to this action. Apple further objects to this Request as overbroad, unduly burdensome, oppressive, and not relevant to the claim or defense of any party to this action. Apple further objects to this Request to the extent that it calls for the production of privileged documents.

Subject to and without waiving any of its objections, Apple responds as follows: Apple will search for and produce non-privileged documents, to the extent any exist, responsive to this Request.

Apple reserves its right to supplement its response to this Request.

**REQUEST NO. 33:**

All documents concerning MMI.

**RESPONSE TO REQUEST NO. 33:**

Apple objects to this Request on the basis of each and every General Objection set forth above. Apple further objects to this Request as overbroad, unduly burdensome, oppressive, and not relevant to the claim or defense of any party to this action. Apple further objects to this Request to the extent that it calls for the production of privileged documents.

- 28 -

Subject to and without waiving any of its objections, Apple responds as follows:  Apple will search for and produce non-privileged documents, to the extent any exist, responsive to this Request.

Apple reserves its right to supplement its response to this Request.

**REQUEST NO. 34:**

All documents concerning cellular telephone (or smartphone), audio management, audio playback, wireless image transfer, image display, text input or geo-location or mapping technology developed by Sony, Nokia or Audio Highway or used in any Sony, Nokia or Audio Highway product, including all documents relating to the use of such technology in any Apple product; copying, reverse engineering, testing or analysis of such technology or such products; or any internal or external communications relating to such technology or products.

**RESPONSE TO REQUEST NO. 34:**

Apple objects to this Request on the basis of each and every General Objection set forth above.  Apple also objects to this Request on the ground that the terms "cellular telephone (or smartphone) … technology," "audio management … technology," "audio playback … technology," "wireless image transfer … technology," "image display … technology," "text input … technology," "geo-location … technology" and "mapping technology" are vague and ambiguous as used in this Request, and render the Request overbroad, unduly burdensome, oppressive, and not relevant to the claim or defense of any party to this action.  Apple further objects to this Request as overbroad, unduly burdensome, oppressive, and not relevant to the claim or defense of any party to this action.  Apple further objects to this Request to the extent that it calls for the production of privileged documents.

Subject to and without waiving any of its objections, Apple responds as follows:  Apple will meet and confer with MMI to discuss MMI's basis for believing that any documents sought by this Request are relevant to a claim or defense of any party to this action.  To the extent the Request does seek documents relevant to the claim or defense of any party to this action, Apple will search for and produce such non-privileged documents, to the extent any exist.

Apple reserves its right to supplement its response to this Request.

**REQUEST NO. 35:**

From January 1, 2003 to the present, organizational charts or other documents sufficient to identify all employees, officers, directors, agents, subsidiaries, or affiliates of Apple involved in the design, operation, development, sales and marketing of the Products.

**RESPONSE TO REQUEST NO. 35:**

Apple objects to this Request on the basis of each and every General Objection set forth above.  Apple also objects to this Request on the basis that it requests information and documents outside of the six-year damages limitation period preceding the filing of the complaint in this action; to the extent they are relevant to any claim or defense of any party to this action, Apple will provide documents for the period of April 1, 2004, to the present only. Apple also objects to this Request on the ground that the term "Product" is vague and ambiguous as used in this Request, and renders the Request overbroad, unduly burdensome, oppressive, and not relevant to the claim or defense of any party to this action.  Apple further objects to this Request as overbroad, unduly burdensome, oppressive, and not relevant to the claim or defense of any party to this action.  Apple further objects to this Request to the extent that it calls for the production of privileged documents.

Subject to and without waiving any of its objections, Apple responds as follows:  Apple will search for and produce non-privileged documents, to the extent any exist, responsive to this Request.

Apple reserves its right to supplement its response to this Request.

**REQUEST NO. 36:**

All documents referenced in Apple's Rule 26(a)(1) Initial Disclosures dated October 8, 2010.

**RESPONSE TO REQUEST NO. 36:**

Apple objects to this Request on the basis of each and every General Objection set forth above.

Subject to and without waiving any of its objections, Apple responds as follows:  Apple will search for and produce non-privileged documents, to the extent any exist, responsive to this Request.

Apple reserves its right to supplement its response to this Request.

**REQUEST NO. 37:**

All documents you referred to or identified in your response to any MMI interrogatory, including all documents and things supporting, underlying, forming a basis for, consulted or considered by you in responding to each such interrogatory.

**RESPONSE TO REQUEST NO. 37:**

Apple objects to this Request on the basis of each and every General Objection set forth above.  Apple also objects to this Request on the ground that the terms "supporting," "underlying," "forming a basis for," "consulted" and "considered" are vague and ambiguous as used in this Request, and render the Request overbroad, unduly burdensome, oppressive, and not relevant to the claim or defense of any party to this action.  Apple further objects to this Request to the extent that it calls for the production of privileged documents.

Subject to and without waiving any of its objections, Apple responds as follows:  Apple will search for and produce non-privileged documents, to the extent any exist, responsive to this Request.

Apple reserves its right to supplement its response to this Request.

**REQUEST NO. 38:**

All documents you referred to or identified in your Answer, including all documents and things supporting, underlying, forming a basis for, consulted or considered by your in responding to the allegations of the Complaint.

**RESPONSE TO REQUEST NO. 38:**

Apple objects to this Request on the basis of each and every General Objection set forth above.  Apple also objects to this Request on the ground that the terms "supporting," "underlying," "forming a basis for," "consulted" and "considered" are vague and ambiguous as

used in this Request, and render the Request overbroad, unduly burdensome, oppressive, and not relevant to the claim or defense of any party to this action.  Apple further objects to this Request to the extent that it calls for the production of privileged documents.

Subject to and without waiving any of its objections, Apple responds as follows:  Apple did not refer to or identify any documents in its Answer.

Apple reserves its right to supplement its response to this Request.

**REQUEST NO. 39:**

All documents related to your defenses, affirmative defenses and counterclaims in this Action.

**RESPONSE TO REQUEST NO. 39:**

Apple objects to this Request on the basis of each and every General Objection set forth above.  Apple also objects to this Request on the ground that the phrase "related to your defenses, affirmative defenses and counterclaims" is vague and ambiguous as used in this Request, and render the Request overbroad, unduly burdensome, oppressive, and not relevant to the claim or defense of any party to this action. Apple further objects to this Request as overbroad, unduly burdensome, oppressive, and not relevant to the claim or defense of any party to this action.  Apple further objects to this Request to the extent that it calls for the production of privileged documents.

Subject to and without waiving any of its objections, Apple responds as follows:  Apple will search for and produce non-privileged documents, to the extent any exist, responsive to this Request.

Apple reserves its right to supplement its response to this Request.

**REQUEST NO. 40:**

All documents you have provided or will provide to any expert(s) or consultant(s) retained in connection with this Action.

**RESPONSE TO REQUEST NO. 40:**

Apple objects to this Request on the basis of each and every General Objection set forth above.  Apple further objects to this Request as overbroad, unduly burdensome, oppressive, and not relevant to the claim or defense of any party to this action.  Apple further objects to this Request to the extent that it calls for the production of privileged documents.

Subject to and without waiving any of its objections, Apple responds as follows:  Apple will search for and produce non-privileged documents, to the extent any exist, responsive to this Request.

Apple reserves its right to supplement its response to this Request.

**REQUEST NO. 41:**

From January 1, 2003 to the present, documents sufficient to show Apple's document retention or destruction policies or practices.

**RESPONSE TO REQUEST NO. 41:**

Apple objects to this Request on the basis of each and every General Objection set forth above.  Apple also objects to this Request on the basis that it requests information and documents outside of the six-year damages limitation period preceding the filing of the complaint in this action; to the extent they are relevant to any claim or defense of any party to this action, Apple will provide documents for the period of April 1, 2004, to the present only.  Apple further objects to this Request as overbroad, unduly burdensome, oppressive, and not relevant to the claim or defense of any party to this action.  Apple further objects to this Request to the extent that it calls for the production of privileged documents.

Subject to and without waiving any of its objections, Apple responds as follows:  Apple will search for and produce non-privileged documents, to the extent any exist, responsive to this Request.

Apple reserves its right to supplement its response to this Request.

Date:  December 15, 2010                    Respectfully submitted,

                                            By:____/s/ *Luann L. Simmons*_____
                                                 Luann L. Simmons


                                                 Luann L. Simmons
                                                 O'MELVENY & MYERS LLP
                                                 Two Embarcadero Center, 28th Floor
                                                 San Francisco, California  94111-3823
                                                 Telephone:  (415) 984-8700
                                                 Facsimile:  (415) 984-8701
                                                 lsimmons@omm.com

                                                 Attorney for Defendant Apple Inc.

SF1:808400.3

- 34 -