

Mary B. Matterer
302.888.6960
mmatterer@morrisjames.com

September 21, 2012

**BY E-FILING & HAND DELIVERY**
The Honorable Mary Pat Thynge
United States District Court
844 N. King Street
Wilmington, Delaware 19801

Re:  *MobileMedia Ideas LLC v. Apple Inc.*, Case No. 10-258-SLR-MPT

Your Honor:

Defendant Apple writes in response to Plaintiff MMI's September 20, 2012 letter seeking to force Apple to search for and produce: (1) any "tear downs" or similar analysis of Sony or Nokia products and (2) any "competitive tracker" information regarding Sony or Nokia products (collectively, the "Requested Documents").  D.I. 450 at 3.

Almost a year after the close of fact discovery, MMI asks this Court to order Apple to search for and produce documents described by a third party in another litigation that MMI claims are responsive to a document request that MMI chose not to pursue during fact discovery.  Even if MMI's request sought documents relevant to the claims and defenses in this case, which it does not, the request comes almost a year too late.  As your Honor noted in the September 10, 2012 Order regarding a different discovery dispute, quoting Judge Robinson in *Stambler v. RSA Security*, 212 F.R.D. 470, 472 (D. Del. 2003), "[i]n every trial there comes a time when discovery must be closed for the issues to be resolved through summary judgment or trial.  In the case at bar, that time has long since passed."

### 1.    MMI's Request Does Not Seek Relevant Documents

As set forth in its letter, MMI's request is based on a third party's (i.e., Samsung's) description of certain documents produced by Apple in its lawsuit against Samsung in the Northern District of California.  As MMI is aware, the issues and technology at issue in the Samsung case were completely different from those at issue in this case.  In particular, as demonstrated by Samsung's trial brief and the purportedly exemplar documents attached to MMI's letter, that case dealt primarily with design patents and the design, i.e., the size and shape, of Apple's and Samsung's products – issues that are not at issue in this case.  Thus, there is no basis to conclude that the documents produced in the Samsung case, upon which MMI bases its current request, are relevant to any issue in this case.

And although MMI suggests, without any basis, that the Requested Documents are "related to Apple's copying, reverse engineering, and value analysis of Sony's and Nokia's products" and claims that "the requested documents are obviously relevant," MMI fails to even attempt to identify a single asserted patent or accused "Product Feature" to which it claims the requested documents might relate.[1]  MMI argues only that, in the abstract, the Requested Documents might be relevant to

---

[1] MMI similarly refused to provide this information during the parties' meet and confers.



The Honorable Mary Pat Thynge
September 21, 2012, Page 2

secondary considerations of non-obviousness. As referenced in the Federal Circuit opinion cited by MMI, there must be a nexus between the alleged merits of the claimed invention and the evidence that allegedly shows copying, praise by others, or commercial success. *See Spectralytics, Inc. v. Cordis Corp.*, 649 F.3d 1336, 1344 (Fed. Cir. 2001); *Stratoflex, Inc. v. Aeroquip Corp.*, 713 F.2d 1530, 1538–39 (Fed. Cir.1983). For example, if a company did a "tear-down" of another company's product to see how an antenna was situated within the body of the product, documents relating to that "tear-down" would only be relevant, if at all, to secondary considerations of non-obviousness for a patent that claimed a way of situating an antenna within the body of a product. MMI has failed to identify any nexus between the alleged merits of any of the claimed inventions at issue in this case and the Requested Documents. In fact, MMI does not argue, much less provide any evidence, that any of the claimed inventions are actually embodied in any Sony or Nokia product. Thus, even if documents describing "tear downs" or other analyses of Sony or Nokia products do exist, MMI has failed to demonstrate that such documents would be relevant to any of the inventions claimed in the asserted patents.

Because MMI cannot demonstrate that the Requested Documents are relevant to any of the issues in this case (and because, in fact, they are not), MMI's request should be denied.

**2.      MMI's Request Is Not Timely**

MMI served its first and only set of document requests in October 2010, and Apple timely served objections to those requests in December 2010. The parties then participated in months of meet and confer discussions regarding the scope of Apple's search for documents to be produced in this case and ultimately agreed on a list of custodians and search terms for Apple's search. Apple searched the files of those agreed-upon custodians using the agreed-upon search terms, reviewed the millions of documents collected from those searches, and produced over five million pages at a cost to Apple of over $1,000,000. Fact discovery closed in October of last year.

MMI argues that the Requested Documents are responsive to its Request No. 34.[2] D.I. 450 at 2. In its December 2010 objections, Apple objected to this request on the basis that, among other reasons, it sought documents not relevant to the claims or defenses of any party to this action. In February 2011, MMI's former counsel sent a letter regarding Apple's discovery responses, and on June 10, 2011, counsel for both parties met and conferred by telephone about this and many other discovery issues. During that meet and confer, Apple reiterated its position that the documents requested were not relevant and stated that it would not perform any separate searches for such documents. Apple's counsel did agree that if documents responsive to this request were located through the agreed-upon searches that Apple was performing, such documents would not be withheld on the basis of Apple's relevance objections. Both parties were completely aware of and,

---

[2] Although MMI asserts that the Requested Documents are also responsive to Request Nos. 2, 3, 5, 10, and 36, MMI only provides its arguments with respect to Request Nos. 34. Request Nos. 2, 3, 5 and 36 generally seek documents relating to the design, development, implementation and operation of specific features identified by MMI as allegedly representing the features claimed in the asserted patents. As discussed above, the Requested Documents are not relevant to the design, development, implementation, or operation of those identified features. Request No. 10 seeks documents relating to marketing and advertising. Even if the Requested Documents were responsive to this request – which they are not – Apple stated in its discovery responses that it would produce any responsive documents, to the extent relevant, during the damages phase of this action.



The Honorable Mary Pat Thynge
September 21, 2012, Page 3

in fact, agreed to the searches that Apple performed in response to MMI's discovery requests, and MMI chose not to pursue any further response to this request.

In its letter to Your Honor, MMI implies that Apple concealed the existence of the documents requested or "did not disclose to MobileMedia even the possibility that these documents existed" even though Apple "surely" knew of their existence.  D.I. 450 at 1, 3.  MMI even accuses Apple of "negotiating [search] terms it knew could exclude relevant evidence."  *Id*. at 3.  MMI's accusations are entirely without basis or merit.  As stated above, Apple timely objected to MMI's document requests and explained that it would not search for the requested documents.  In its objection, Apple stated that to the extent MMI could establish that the requested documents were relevant, Apple would search for and produce non-privileged documents "to the extent any exist."  D.I. 450-2 at 163.  Contrary to MMI's allegation, because Apple did not search for the requested documents (as it told MMI), Apple did not know if such documents did or did not exist.

Furthermore, Apple takes particular issue with MMI's unsupported accusation that Apple negotiated search terms that "it knew could exclude relevant evidence."  First, MMI has no basis to accuse Apple of failing to negotiate in good faith, particularly when both parties agreed to the search terms after extensive meet and confer discussion about what terms would be most likely to appear in relevant documents.  Second, the search terms are irrelevant to the Requested Documents because Apple timely objected to performing any targeted or separate search (with or without search terms) for the documents now requested by MMI.  Third, at the same time MMI makes this borderline reckless statement, MMI's other statements show that even now, neither party knows that documents bearing any relevance to the patents in this case do exist.  MMI merely speculates that Apple's documents "presumably includ[e] leading competitors Sony's and Nokia's products which may include the features patented in this case." D.I. 450 at 1.

MMI argues that its failure to pursue its request for the Requested Documents during fact discovery should be excused because it "first learned of the existence of the documents on or about July 25, 2012."  MMI's argument misses the point.  MMI knew of its document request seeking these documents and Apple's objection thereto, but it chose not to pursue the request or the documents requested during fact discovery.  MMI's request now is not rendered timely because some other litigation disclosed a category of documents that MMI alleges are responsive to a request it chose not to pursue (and, as shown above, a category of documents that is not even relevant to this case).

Apple, thus, respectfully requests that the Court deny MMI's request.[3]

Respectfully,

*/s/ Mary B. Matterer*

Mary B. Matterer (#2696)
*mmatterer@morrisjames.com*

cc:  Counsel of record (via email)

---

[3] Apple also will oppose any attempt by MMI to preclude Apple from presenting evidence at trial concerning relevant design and development processes.