IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MOBILEMEDIA IDEAS LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C. A. No. 10-258-SLR/MPT |
| | : | |
| APPLE INC., | : | |
| | : | |
| Defendant. | : | |

**REPORT AND RECOMMENDATION**

**Background**

      Previously, during a teleconference on July 30, 2012, a motion under FED. R. CIV. P. 37, whether the Protective Order was violated by the conduct of MobileMedia ("MMI") and its experts, was argued. That issue addressed whether MMI's experts, Drs. Timothy Williams and Sigurd Meldal violated ¶ 11 of the Protective Order by their dealings with, review and copying of Apple Inc.'s ("Apple") source code. Specifically, Apple's complaint was Dr. Williams did not directly review the source code on the source code computer. Rather the review was done by a non-testifying consultant of MMI, Mr. Finch, who then printed Apple's source code and provided it to Dr. Williams for review.[1] Apple's concern with Dr. Meldal was that additional copies of the source code

---

[1] Another issue raised during the teleconference regarded whether Dr. Williams gained information or knowledge concerning how Apple's source code is set up, operates or is organized through Mr. Finch, when such reliance was not identified in his expert report and during his deposition. That issue was not decided during the teleconference since Apple's speaking motion for violation of the Protective Order did not address this matter. *See* D.I. 428.

were made for purposes other than being "reasonably necessary" for the preparation of his report.[2] In finding a violation of the Protective Order occurred by the conduct of Dr. Williams, the court ordered the experts provide all copies of Apple's source code in their possession to MMI's counsel to limit future access to the source code to specific individuals and made counsel responsible for any future violations. Apple was allowed to proceed with its claim for fees and costs in relation to the violation. In that regard, the parties supplemented their previous submissions as to whether, in light of the court's ruling, fees and costs were warranted under Rule 37.

**Standard**

Although Rule 37 allows the award of attorneys fees and costs for violation of or the failure to comply with a court order, the court's discretionary power to award attorney fees is based on "when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons."[3] Thus, an award of sanctions should not be made "absent a finding that counsel's conduct resulted from bad faith, rather than misunderstanding, bad judgment, or well-intentioned zeal."[4] If substantial justification or other circumstances exist that would make an award of expenses unjust, under Rule 37(b)(2)(C), no expenses should be awarded.[5]

**Parties' Positions**

---

[2] Apple frankly admitted if the only issue had been the conduct of Dr. Meldal, it would not have brought the violation of the Protective Order matter before the court.
[3] *Chambers v. NASCO,* Inc., 501 U.S. 32, 45-46 (1991); *Martin v. Brown*, 63 F.3d 1252, 1265 (3d Cir. 1995); *see also, Grider v. Keystone Health Plan Central, Inc.*, 580 F.3d 119, 142 (3d Cir. 2009).
[4] *Martin*, 63 F.3d at 1265.
[5] *Leonard v. Stemtech Health Sciences, Inc.*, 269 F.R.D. 427, 428 (D. Del. 2010).

**Apple**

In its submission for request of fees, Apple emphasizes the sensitive nature of its source code arguing "the unauthorized disclosure of which-whether intentional or not- would cause substantial and irreparable harm . . . ." It notes the court's prior finding that Dr. Williams violation ¶ 11(c)(iv) of the Protective Order was not a "no harm, no foul" situation. Apple relies on Fed. R. Civ. P. 37(b)(A) and (C) which it suggests requires the court to sanction a party and/or its attorney, who fails to obey a discovery order, by paying reasonable expenses, including attorney's fees, unless such failure was substantially justified or other circumstances would make the sanction unjust. It further contends such a sanction is warranted because MMI is unwilling to accept responsibility or that a violation occurred. In support of his position, Apple points to its prompt response when it became aware of the situation, Mr. Finch's activities, MMI's and its counsel's failure to disclose Mr. Finch's involvement in relation to Dr. Williams and their assurances that the Protective Order was not being violated.[6]

**MMI**

MMI responds by relying on the law cited herein as supporting its argument where reasonable minds can differ on whether actions violated a discovery order, substantially justified is met. It argues the definition of Receiving Party in the Protective Order is limited to MMI or Apple and excludes outside experts and consultants, and therefore, *MMI* did not print blocks of the Source Code to review elsewhere.

---

[6] Specifically, Apple points to MMI's representation that "given the extensive time the experts have spent at your offices, [the source code printouts] clearly were not printed 'to review blocks of Source Code elsewhere in the first instance, i.e., as an alternative to reviewing that Source Code electronically in the Source Code Computer.'"

MMI, however, also contends Mr. Finch and Dr. Williams first reviewed the source code on computer, and Mr. Finch thereafter used his expertise to select relevant portions for use in this case including by Dr. Williams, although Mr. Finch did not prepare an expert report.[7] As a result, MMI argues it reasonably believed it complied with the Protective Order because, even though Mr. Finch printed portions of the source code for Dr. Williams to use, MMI, through Mr. Finch, initially reviewed the source code on the designated computer. MMI additionally notes the Protective Order acknowledges a Party or Receiving Party "acts through its agents, including 'retained experts.'"

**Discussion**

MMI's interpretation of the Protective Order is dizzying. In arguing substantial justification, MMI purports experts are not included in the definition of "Receiving Party" when determining who under the Protective Order is restricted from printing source code to review elsewhere in the first instance. Because its experts actually received the source code, and MMI, the Receiving Party as defined under MMI's interpretation of the Protective Order, did not, it was substantially justified in assuming such conduct by its experts was acceptable under a reasonable interpretation of that Order.

MMI, however, initially argued in its July 26 submission and again in its opposition to attorney's fees,[8] it did not violate the restriction of printing blocks of source

---

[7] The issue of Dr. Williams possibly relying on Mr. Finch as an unidentified source on which he based his analysis in his expert report was touched upon during the parties' argument on July 30, but not decided since that argument was obliquely referenced in the parties' submissions and appeared to be more directly relevant to a potential *Daubert* issue.

[8] *See* D.I. 432, 440.

4

code as an alternative to reviewing the source code on the designated computer because MMI, through Mr. Finch, its agent, initially reviewed the source code on the computer before printing it, and the Protective Order recognizes a Receiving Party may act through it retained experts, such as Mr. Finch.

MMI cannot have two interpretations of Receiving Party–one to argue no violation and another to argue why its violation was substantially justified to avoid the imposition of reasonable expenses.  MMI's approach is "heads I win, tails you lose," and it is not entitled to switch its argument after the court determined a violation of a discovery order occurred to justify why sanctions should not be imposed.  Further, the court's comment during the July 30 hearing regarding whether MMI's conduct was intentional and willful was based on MMI's initial argument, and a singular interpretation of Receiving Party.  Now, the court is aware that  MMI apparently has two interpretations of the meaning or application of the term "Receiving Party" under the Protective Order.  Therefore, with the differing applications of "Receiving Party" propounded by MMI, substantially justified has not been met under Rule 37, and reasonable expenses are warranted.

The operative word in awarding expenses is reasonable.  The court recognizes the matter deals with a patent discovery issue, which involved meet and confers, research and analysis of the applicable law, preparation of the submission and presentation of the oral argument.  The total time spent by Apple's counsel on this matter was over thirty hours (18.3 for outside counsel, O'Melveny & Myers, and 12.1 hours for local counsel, Morris, James, Hitchens & Williams).  Based on the billing records attached to the request for expenses, however, no time for outside counsel was

included for presentation of the initial motion, which lasted for thirty-eight minutes,[9] or for the time related to the preparation of the submission for the request for fees. MMI does not dispute the reasonableness of the various hourly rates charged by the those involved in the motion from O'Melveny & Myers or Morris, James. MMI does dispute certain entries,[10] that is, the 6/28/2012 entry for Shivon Meblin ("[a]ssist with redactions for public filing of the *motion to strike* . . . ), the 5/24/2012 entry of Ms. Simmons ("[c]onfer with R. Herrmann . . . motion to strike supplemental Loy report") and the 5/31/2012 entry by R. Herrmann ("[c]orrespond with counsel regarding discovery issues"). MMI also questions how Shivon Meblin's June 28, 2012 entry relates to redacting Apple's discovery dispute letter which was not filed until July 25, 2012.

Regarding O'Melveny & Myers' expenses, the 6/28/2012 entry does not distinguish between the time spent on redacting the discovery letter and the motion to strike.[11] Therefore, the charges for that entry are stricken. Because the entry at 5/24/2012 similarly fails to distinguish between attorney time spent on this discovery matter and the motion to strike, those expenses are not allowed. Concerning Morris, James' charges on 5/31/12, although that entry references discovery issue*s*, it follows on the heels of prior entries on 5/24/2012 and immediately precedes an entry on 6/11/2012 which clearly reference the Protective Order issues involved in the discovery

---

[9] The transcript of the July 30, 2012 notes Ms. Simmons' attendance and participation and the court independently recalls her involvement.
[10] *See* D.I. 440 n.2.
[11] The court was unable to locate any redactions to Apple's discovery letter including the attachments, while it found numerous redactions to Apple's motion to strike and the supporting affidavit of Mark Breverman. *See* D.I. 428, and *compare* 435; D.I. 392, 393.

matter at issue.  Therefore, that expense is allowed.

As result, the amount of expenses recommended to be awarded against MMI are $7,849.50 for O'Melveny & Myers and $5,832.58 for Morris, James for a total of $13,682.08.[12]

## IV.     ORDER AND RECOMMENDED DISPOSITION

For the reasons contained herein, the court recommends:

(1) Defendant's request for expenses under Rule 37 (D.I. 436) be granted in part and denied in part.  As a result, $13,682.08 in expenses is awarded to defendant against plaintiff.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), FED. R. CIV. P. 72(a), and D. Del. LR 72.1.  The parties may serve and file specific written objections within fourteen days after being served with a copy of this Report and Recommendation.  The objections and response to the objections are limited to ten pages each.

The parties are directed to the Court's Standing Order in Non-Pro Se matters for Objections Filed under FED. R. CIV. P. 72, dated November 16, 2009, a copy of which is available on the Court's website, www.ded.uscourts.gov.

Date: October 31, 2012                                  /s/ Mary Pat Thynge
                                                  UNITED STATES MAGISTRATE JUDGE

---

[12] The original amount of expenses claimed was $15,248.08.  *See* D.I. 437.  The fees and expenses disallowed equals $1,566.00.  Therefore, the total amount recommended to be awarded is $13,682.08.