IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MOBILEMEDIA IDEAS, LLC,            ) | |
|                                    ) | |
|     Plaintiff,                    ) | |
|                                    ) | |
| v.                                  ) | Civ. No. 10-258-SLR |
|                                    ) | |
| APPLE INC.,                         ) | |
|                                    ) | |
|     Defendant.                    ) | |

**MEMORANDUM ORDER**

At Wilmington this 15th day of November, 2012, having reviewed the materials regarding reexamined claims 1-3 of U.S. Patent No. 6,427,078 ("the '078 patent") (D.I. 465; D.I. 466);

IT IS ORDERED that claims 1-3 of the '078 patent are to be excluded at trial, for the reasons that follow:

1. **Background.** Plaintiff MobileMedia Ideas, LLC ("MobileMedia") filed a patent infringement complaint against Apple Inc. ("Apple") on March 31, 2010, alleging infringement of, among other patents, the '078 patent. (D.I. 1) Specifically, MobileMedia alleged certain Apple products of infringing claims 1, 2, 3, 8, and 73, as originally issued, of the '078 patent. (*Id.*) Apple has asserted affirmative defenses of, inter alia, non-infringement and invalidity. (D.I. 10)

2. Fact discovery closed October 31, 2011, and expert discovery closed May 4, 2012. (D.I. 135; D.I. 225) The parties filed their joint claim construction chart on March 23, 2012, and Apple moved for summary judgment of invalidity and non-infringement on

May 14, 2012 and June 4, 2012, respectively. (D.I. 239; D.I. 305; D.I. 328)

3. During the pendency of this case, the U.S. Patent & Trademark Office ("PTO") conducted an ex parte reexamination of the '078 patent. Neither party moved to stay proceedings, pending reexamination, with respect to the '078 patent. On September 4, 2012, a reexamination certificate for the '078 patent issued, determining claim 1 to be patentable as amended and claims 2 and 3 to be patentable as dependent from amended claim 1.[1] (D.I. 444-1)

4. The parties have identified a remaining substantive issue not addressed in the court's summary judgment memorandum opinion and order dated November 8, 2012. (D.I. 461; D.I. 462) Apple requests that the court exclude reexamined claims 1-3 ("the reexamined claims") of the '078 patent from trial or, in the alternative, permit Apple to supplement its expert opinions regarding the '078 patent. (D.I. 465) MobileMedia requests that the court allow substitution of the reexamined claims at trial.[2] (D.I. 466) A jury trial for the case is scheduled to begin on December 3, 2012. (D.I. 17)

5. As amended, claim 1 provides:

---

[1] Claims 2 and 3 of the '078 patent provide:

2. A device according to claim 1, wherein said means for transmitting image information comprises a cellular mobile phone unit.

3. A device according to claim 2, wherein the cellular mobile phone unit comprises equipment required by speech communications, such as a microphone and a loudspeaker, wherein said equipment is fitted in the housing of the device.

[2] MobileMedia also alleged infringement of claims 8 and 73 of the '078 patent. Claim 8 was cancelled in the reexamination and has been withdrawn from the litigation. As claim 73 is independent and remains unchanged after reexamination, MobileMedia may continue to assert infringement of that claim.

2

1. A [device] **portable cellular mobile phone**[3] for personal communication, data collection and data processing, which is a small-sized, portable and hand-held work station including a housing and comprising

a data processing unit **comprising a microprocessor**,

a display,

a user interface,

a number of peripheral device interfaces,

at least one memory unit;

a power source, and

application software,

wherein the device also comprises:

a camera unit for obtaining and outputting image information comprising:

a camera for receiving image information;

optics connected to said camera for passing said image information to the camera;

**means for processing and for storing at least a portion of said image information obtained by said camera unit for later recall and processing;**

at least one memory unit for storing said image information; and

an output coupled to said data processing unit for outputting image information from said memory unit to the processing unit; and

wherein at least a portion of said camera unit is located within said housing, and said data processing unit processes image information output by said camera unit,

---

[3] Matters enclosed in brackets appeared in the patent but have been deleted and are no longer a part of the patent; matters in bold indicate additions made to the patent.

**wherein said display presents image information obtained by said camera unit**, and

wherein said device further comprises means for transmitting image information processed by said processing unit to another location using a radio frequency channel.

6. **Discussion.** In determining whether, for purposes of infringement damages, reexamined claims are legally identical to their original counterpart, the Federal Circuit has looked at whether the reexamined claims are "without substantive change." *Laitram Corp. (Laitram II)*, 163 F.3d at 1346 (citing *Seattle Box Co. v. Indus. Crating & Packing*, 731 F.2d 818, 827-28 (Fed. Cir. 1984); *Slimfold Mfg. Co. v. Kinkead Indus.*, 810 F.2d 1113, 1115 (Fed. Cir. 1987)). To decide "whether substantive changes have been made, [the court] must discern whether the **scope** of the claims are identical . . . ." *Id.* Claims amended during reexamination are not deemed to be per se substantively changed; instead, "it is necessary to analyze the claims of the original and the reexamined patents in light of the particular facts, including the prior art, the prosecution history, other claims, and any other pertinent information." *Laitram Corp. v. NEC Corp. (Laitram I)*, 952 F.2d 1357, 1362 (Fed. Cir. 1991). The court finds this standard instructive for determining whether the reexamined claims should be excluded at trial.

7. The amendments to claim 1 incorporate limitations from other claims of the '078 patent, namely, a "portable cellular mobile phone," "microprocessor," "means for processing and for storing . . .," and "display [that] presents image information obtained by said camera unit." MobileMedia asserts that Apple's experts "have opined on all of the elements in the amended claim, in the course of responding to unamended claim 73 and dependent claim 8 (which depends from original claim 1)." (D.I. 466 at 1-2) While

Apple's experts addressed all of these limitations in the context of one asserted claim or another, the combination of elements in amended claim 1 did not exist in a single claim prior to the issuance of the reexamination certificate.

8. Asserted claim 8, now cancelled, disclosed a device comprising, among other things, a "camera unit" that in turn comprised "a camera," "optics," "at least one memory unit," "an output", "means for processing" and "means for storing." The "camera unit" limitation in amended claim 1 comprises those same limitations. However, claim 8 is substantively different from amended claim 1 in that it did not include a limitation for a "display." On the other hand, the "display" limitation does appear in claim 73, but claim 73 teaches a different "camera unit." The "camera unit" of claim 73 only requires "optics" and "means for processing and for storing."

9. In addition, in claim 73, the "microprocessor" is described as being part of the "camera unit" limitation. The "microprocessor" in amended claim 1, by its plain language, is part of the "data processing unit" limitation, not the camera unit. Finally, the "device" in the preamble of claim 1 was amended to "portable cellular mobile phone."

10. In light of the amendments described above, the scope of claim 1 was substantively changed during reexamination. Claim 1, as asserted, is significantly different from claim 1 as amended during reexamination. It is also significantly different from claims 8 and 73. As claims 2 and 3 are dependent from amended claim 1, they are also substantively changed for the same reasons.

11. The parties completed fact discovery, served expert reports, completed expert discovery, filed their joint claim construction chart, and completed briefing on

summary judgment regarding infringement and invalidity prior to the issuance of the reexamination certificate for the '078 patent on September 4, 2012. Because neither party has had the opportunity to offer infringement or invalidity opinions on the reexamined claims, proceeding with the reexamined claims at this stage may open the door to new infringement theories and opinions at trial that have not been vetted through discovery.[4]

12. In addition, Apple would be unduly prejudiced if the reexamined claims were to be substituted at this stage of litigation. For example, Apple has not had the opportunity to identify prior art that might anticipate claim 1, as amended. Apple framed its invalidity defenses for the '078 patent in light of the original claims.

13. **Conclusion.** For the foregoing reasons, the court excludes from trial claim 1, as amended during reexamination, as well as claims 2 and 3, of the '078 patent.

_____
United States District Judge

---

[4] As just one example of the significance of the changes in amended claim 1, neither party had a chance to consider the consequences of the "microprocessor" limitation added to claim 1. Apple's expert, Dr. Grimes, avers that MobileMedia's expert "does not appear to make any distinctions between the 'microprocessor' claimed in . . . claim element [73e] and the 'data processing unit' claimed in [original] claim 1." (D.I. 467, ex. D at 32) However, by its plain language, amended claim 1 seems to draw a distinction between "microprocessor" and "data processing unit," as it provides for "a data processing unit **comprising a microprocessor**." (emphasis added) Neither party has had the opportunity to take the amended claim language into account in their proposed claim constructions or positions on infringement and invalidity.