IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MOBILEMEDIA IDEAS LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 10-258 (SLR) (MPT) |
| ) | |
| APPLE INC., ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF MOBILEMEDIA IDEAS LLC'S OBJECTIONS TO THE
OCTOBER 31, 2012 REPORT AND RECOMMENDATION
<u>GRANTING ATTORNEYS' FEES TO DEFENDANT APPLE INC.</u>**

OF COUNSEL:

Steven M. Bauer
Justin T. Daniels
Safraz W. Ishmael
PROSKAUER ROSE LLP
One International Place
Boston, MA  02110-2600
(617) 526-9600

Kenneth Rubenstein
Anthony C. Coles
Alan Federbush
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY  10036-8299
(212) 969-3000

November 19, 2012

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
Jeremy A. Tigan (#5239)
Regina S.E. Murphy (#5648)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@mnat.com
rsmith@mnat.com
jtigan@mnat.com
rmurphy@mnat.com
   *Attorneys for Plaintiff MobileMedia Ideas, LLC*

TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................... ii

I. INTRODUCTION ...........................................................................................................1

II. STATEMENT OF FACTS ..............................................................................................1

III. ARGUMENT ...................................................................................................................5

    A.    Legal Standards.....................................................................................................5

    B.    MobileMedia Did Not Take Inconsistent Positions................................................6

    C.    There Was No Unauthorized Disclosure Of Apple's Source Code.........................8

IV. CONCLUSION ................................................................................................................9

## TABLE OF AUTHORITIES

Page(s)

**CASES**

*Chambers v. NASCO, Inc.*,
   501 U.S. 32 (1991) ............................................................................................................5

*Dow Chem. Canada, Inc. v. HRD Corp.*,
   C.A. No. 05-023-RGA, 2012 WL 3150379 (D. Del. Aug. 2, 2012) ....................................5

*Grider v. Keystone Health Plan Cent., Inc.*,
   580 F.3d 119 (3d Cir. 2009) ..............................................................................................5

*High Point SARL v. Sprint Nextel Corp.*,
   280 F.R.D. 586 (D. Kan. 2012) .........................................................................................5

*Imageware, Inc. v. U.S. West Commc'ns*,
   219 F.3d 793 (8th Cir. 2000) ........................................................................................5, 6

*Leonard v. Stemtech Health Sci., Inc.*,
   269 F.R.D. 427 (D. Del. 2010) .........................................................................................5

*Martin v. Brown*,
   63 F.3d 1252 (3d Cir. 1995) ..............................................................................................5

*MKS Instruments, Inc. v. Advanced Energy Indus., Inc.*,
   C.A. No. 03-469-JJF, slip op. (D. Del. June 27, 2005) .....................................................8

**RULES AND STATUTES**

28 U.S.C. § 636(b)(1) ....................................................................................................................5

Fed. R. Civ. P. 37 ...........................................................................................................................5

Fed. R. Civ. P. 72(b) ........................................................................................................... 1, 2, 3, 4

## I. INTRODUCTION

Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, plaintiff MobileMedia Ideas LLC ("MobileMedia") respectfully objects to the October 31, 2012 Report and Recommendation ("R&R") concluding that defendant Apple Inc. ("Apple") should be awarded its attorneys' fees for bringing its motion against MobileMedia for its alleged violation of the Protective Order in this case (D.I. 457).

The sole basis for the R&R's award of fees was that MobileMedia supposedly took inconsistent positions in its argument to the Court as to the proper interpretation of the term "Receiving Party" in the Protective Order. However, as further discussed below, MobileMedia's position was consistent throughout the proceeding. *See infra* § III.B. Further, since there was no showing of any unauthorized disclosure of source code, the R&R should not have awarded fees in any event. *See infra* § III.C.

## II. STATEMENT OF FACTS

The Protective Order provision at issue on this motion provides as follows:

> The Receiving Party shall not print Source Code to review blocks of Source Code elsewhere in the first instance, i.e., as an alternative to reviewing that Source Code electronically on the Source Code Computer.

(D.I. 221, ¶ 11(c)(iv)).

On July 25, 2012, Apple filed a discovery dispute letter with the Court arguing that MobileMedia violated this provision by having its non-testifying expert, Patrick Finch, review the source code in the first instance rather than its testifying expert Dr. Timothy Williams, who received limited portions of the code from Mr. Finch for review (D.I. 428 at 1-2).

In its July 26, 2012 response to the Court, MobileMedia argued that the review procedures of the source code provisions of the Protective Order apply directly to *MobileMedia* (as the "Receiving Party") rather than to each individual expert (D.I. 432 at 2):

> The Protective Order . . . states that "[t]he **Receiving Party** shall not print Source Code to review blocks of Source Code elsewhere in the first instance …" (D.I. 221 at ¶ 11(c)(iv) (emphasis added)). The Protective Order does not require (as Apple seems to suggest) that each individual expert must review the source code electronically in the first instance.

Thus, MobileMedia argued that the Protective Order had not been violated because MobileMedia (through its agent, Mr. Finch) had reviewed the source code on the computer in the first instance as required by the Protective Order (emphasis in original):

> To the extent MobileMedia decided to have its non-testifying expert, Mr. Finch, conduct the electronic review of the source code "in the first instance," that was not a violation of the Protective Order …

*Id.* (emphasis in original)*; see also* July 30, 2012 Tr. (D.I. 434) at 29:16-18 ("[W]e beg to differ as to . . . what the first instance provision says. We understood it to mean the receiving party."); *id.* at 30:19-21 ("[Apple] would have to rewrite the provision and say the testifying expert will not print and may not review later in the first instance. And that's not what it says.").

On July 30, 2012, the Court held a discovery teleconference (D.I. 434). During the conference, the Court found there was no showing there had been any willful violation of the Protective Order: "To sit there and say I think it's a willful or intentional violation, I can't get to that stage" (*id.* at 33). The Court permitted Apple to make a letter submission as to why it believed it was "still entitled," in light of the Court's ruling, to receive its attorneys' fees in bringing the motion (*id.* at 34-35).

On August 6, 2012, Apple filed a letter and declaration with the Court, in which it argued that MobileMedia should be sanctioned because MobileMedia was unwilling "to acknowledge that a violation occurred" (D.I. 436 at 2).

In its August 13, 2012 response (D.I. 440), MobileMedia explained why it was substantially justified in its interpretation of the Protective Order – based on the same argument from its initial submission, but including citations to the Protective Order for support:

> MobileMedia was substantially justified in believing it was in compliance with the Protective Order, and MobileMedia did not willfully violate the Protective Order. The Protective Order provides that "[t]he *Receiving Party* shall not print Source Code to review blocks of Source Code elsewhere in the first instance, i.e., as an alternative to reviewing the Source Code electronically on the Source Code Computer" (D.I. 221, ¶ 11(c)(iv)). MobileMedia was substantially justified in believing that the term "Receiving Party" referred to MobileMedia and not each individual expert. The term "Receiving Party" is defined in the Protective Order as "any Party who receives Discovery Material from a Producing Party" (D.I. 221, ¶ 2(e)). And the Protective Order makes clear that outside experts and consultants are retained by a "Receiving Party," and are not themselves "Receiving Parties." *See, e.g., id.*, ¶ 10(c)(ii) (source code may be disclosed to "[a]ny outside expert or consultant retained by the Receiving Party to assist in this action").

(D.I. 440 at 2). Further, MobileMedia, as it had done in its first submission, explained that MobileMedia did not violate the Protective Order because it permissibly acted through its agent Mr. Finch:

> . . . Moreover, to the extent Mr. Finch printed portions of the source code for Dr. Williams to review, MobileMedia reasonably believed that it was in compliance with the Protective Order, because MobileMedia (i.e., Mr. Finch) had reviewed the source code in the first instance on the computer. Indeed, the Protective Order makes clear that a "Party" (or "Receiving Party") acts through its agents, including its "retained experts." *See* D.I. 221, ¶ 2(b) ("'Party' means [MobileMedia] and Apple and their respective officers, directors, employees, consultants, retained experts, and outside counsel and their support staffs.").

(*Id.*).

The R&R appears to recognize that MobileMedia's letter submissions (D.I. 432, 440) were consistent:

> [MobileMedia] … initially argued in its July 26 submission and again in its opposition to attorney's fees, it did not violate the restriction of printing blocks of source code as an alternative to reviewing the source code on the designated computer because [MobileMedia], through Mr. Finch, its agent, initially reviewed the source code on the computer before printing it, and the Protective Order recognizes a Receiving Party may act through its retained experts, such as Mr. Finch.

(D.I. 457 at 4-5). However, without citation to a specific portion of MobileMedia's argument, the R&R also found that MobileMedia had taken an inconsistent position:

> In arguing substantial justification, [MobileMedia] purports experts are not included in the definition of "Receiving Party" when determining who under the Protective Order is restricted from printing source code to review elsewhere in the first instance. Because its experts actually received the source code, and [MobileMedia], the Receiving Party as defined under [MobileMedia]'s interpretation of the Protective Order, did not, it was substantially justified in assuming such conduct by its experts was acceptable under a reasonable interpretation of that Order.

(*Id.* at 4). Although, the R&R points to nowhere in the record that MobileMedia may have made such an argument, the R&R nevertheless awarded Apple its attorneys' fees because MobileMedia had supposedly taken two different positions concerning the definition of "Receiving Party" – "one to argue no violation and another to argue why its violation was substantially justified to avoid the imposition of reasonable expenses" (D.I. 457 at 5).

### III. ARGUMENT

#### A. Legal Standards

Under 28 U.S.C. § 636(b)(1), the Court must make "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."

The Court may assess attorneys' fees against a party only if it finds that there has been "willful disobedience of a court order" or the party has acted in "bad faith, vexatiously, wantonly or for oppressive reasons." *Chambers v. NASCO, Inc.,* 501 U.S. 32, 45-46 (1991); *see also Dow Chem. Canada, Inc. v. HRD Corp.*, C.A. No. 05-023-RGA, 2012 WL 3150379, at *4 (D. Del. Aug. 2, 2012) ("Bad faith is a necessary prerequisite" for awarding attorneys' fees). As the R&R recognized, "an award of sanctions should not be made 'absent a finding that counsel's conduct resulted from bad faith, rather than from misunderstanding, bad judgment, or well-intentioned zeal." D.I. 457 at 2 (quoting *Martin v. Brown*, 63 F.3d 1252, 1265 (3d Cir. 1995).

Under Fed. R. Civ. P. 37, the Court may assess sanctions only if there is no "substantial justification" for the party's actions. Fed. R. Civ. P. 37(b)(2)(C); *Grider v. Keystone Health Plan Cent., Inc.*, 580 F.3d 119, 141 (3d Cir. 2009). Under Rule 37, a party's position is substantially justified if reasonable minds can disagree about whether the actions violated a discovery order. *See High Point SARL v. Sprint Nextel Corp.*, 280 F.R.D. 586, 597-98 (D. Kan. 2012) ("A position is substantially justified in the context of Rule 37 if it is justified to a degree that could satisfy a reasonable person or where reasonable people could differ as to the appropriateness of the objection or response.") (internal quotation marks and citation omitted); *Leonard v. Stemtech Health Sci., Inc.*, 269 F.R.D. 427, 428 (D. Del. 2010) (refusing to award fees for discovery order violation where party "acted in good faith and with substantial justification"); *Imageware, Inc. v. U.S. West Commc'ns*, 219 F.3d 793, 796-97 (8th Cir. 2000)

(sanctions for misuse of confidential information not merited where party could "reasonably, even if perhaps erroneously, have believed" it was in compliance with Protective Order).

### B. MobileMedia Did Not Take Inconsistent Positions

The R&R found that an award of attorneys' fees was justified because MobileMedia had improperly advanced "two interpretations of Receiving Party – one to argue no violation and another to argue why its violation was substantially justified to avoid the imposition of reasonable expenses" (D.I. 457 at 5). It is not clear from the record where the where the R&R found that MobileMedia had taken an inconsistent position. MobileMedia respectfully submits that it did not advance two different interpretations of "Receiving Party," and that its interpretation of the term was consistent and substantially justified.

*First*, MobileMedia has consistently argued that the term "Receiving Party" was meant to refer to the parties to the lawsuit, not to the individual experts:

> *July 26, 2012*: "The Protective Order . . . states that '[t]he **Receiving Party** shall not print Source Code to review blocks of Source Code elsewhere in the first instance …' (D.I. 221 at ¶ 11(c)(iv) (emphasis added)). The Protective Order does not require (as Apple seems to suggest) that each individual expert must review the source code electronically in the first instance."
>
> *July 30, 2012*: "[W]e beg to differ as to . . . what the first instance provision says. We understood it to mean the receiving party … [Apple] would have to rewrite the provision and say the testifying expert will not print and may not review later in the first instance. And that's not what it says."
>
> *August 13, 2012*: The term "Receiving Party" is defined in the Protective Order as "any Party who receives Discovery Material from a Producing Party" (D.I. 221, ¶ 2(e)). And the Protective Order makes clear that outside experts and consultants are retained by a "Receiving Party," and are not themselves "Receiving Parties." See, e.g., id., ¶ 10(c)(ii) (source code may be disclosed to "[a]ny outside expert or consultant retained by the Receiving Party to assist in this action").

- 6 -

*Second*, MobileMedia has consistently argued that it can satisfy its obligations under the Protective Order by acting through its agents, including Mr. Finch:

> *July 26, 2012*: "To the extent MobileMedia decided to have its non-testifying expert, Mr. Finch, conduct the electronic review of the source code "in the first instance," that was not a violation of the Protective Order …"
>
> *August 13, 2012*: Moreover, to the extent Mr. Finch printed portions of the source code for Dr. Williams to review, MobileMedia reasonably believed that it was in compliance with the Protective Order, because MobileMedia (i.e., Mr. Finch) had reviewed the source code in the first instance on the computer. Indeed, the Protective Order makes clear that a "Party" (or "Receiving Party") acts through its agents, including its "retained experts." *See* D.I. 221, ¶ 2(b) ("'Party' means [MobileMedia] and Apple and their respective officers, directors, employees, consultants, retained experts, and outside counsel and their support staffs.").

Third, those two positions are not inconsistent with each other. Just like any principal-agency relationship, it has always been MobileMedia's view that under the Protective Order, the obligation regarding the review of source code runs to the "Receiving Party" (namely, MobileMedia) and not to individuals representing MobileMedia. Yet that position does not preclude MobileMedia from arguing that it is permitted to act through its agents; indeed, as a company, that is the only way it can act. Thus, it is perfectly consistent to say that Mr. Finch (or Dr. Williams) are not the ultimately responsible "Receiving Party" under the Protective Order even though they may act for MobileMedia.

As the R&R notes initially, MobileMedia's letter submissions (D.I. 432, 440) were consistent. (D.I. 457 at 4-5 (noting that in both its letters MobileMedia argued that it acted through its agent Mr. finch to review the Source Code on the source code machine in the first instance)). Yet, the R&R further states that MobileMedia *also* argued that "[b]ecause its experts actually received the source code, . . . [MobileMedia], the Receiving Party as defined under

[MobileMedia]'s interpretation of the Protective Order, did not." (D.I. 457 at 4). But MobileMedia never made such an argument, and the R&R does not point to anything in the record that would support such a finding. MobileMedia's argument is and has always been that there was no violation because Dr. Williams was not personally required to review all of the source code in the first instance, only that MobileMedia was required to review it in the first instance, and that MobileMedia satisfied this obligation through its consulting expert Mr. Finch.

Because MobileMedia did not offer two different interpretations of the Protective Order, and because the R&R did not identify any other basis for awarding attorneys' fees to Apple, MobileMedia respectfully requests that the Court sustain its objection and not adopt the recommendation that attorneys' fees be awarded to Apple.

### C. There Was No Unauthorized Disclosure Of Apple's Source Code

MobileMedia also objects to the attorneys' fee award here because Apple has not shown that there was any unauthorized disclosure of its source code, and the R&R did not find that there was any unauthorized disclosure. Indeed, both Dr. Williams and Mr. Finch were disclosed to Apple under the Protective Order, and Apple permitted both to have access to the source code for review. *See*, *e.g.*, *MKS Instruments, Inc. v. Advanced Energy Indus., Inc.*, C.A. No. 03-469-JJF, slip op. at 7 (D. Del. June 27, 2005) (refusing to impose sanctions for a "technical" violation of a protective order where protected information "did not fall into the hands of the public nor cause injury to" the producing party). Moreover, even after Apple raised its complaints about the source code review in a November 23, 2011 email (D.I. 428, Ex. 1), Apple continued to permit MobileMedia and its experts to have access to the source code on over 60 subsequent occasions in November, December and January (*see id.*, Ex. 3), continued to

provide MobileMedia with Bates-numbered paper to print out source code, and made copies of the pages that MobileMedia requested.

## IV.     CONCLUSION

For the foregoing reasons, MobileMedia respectfully requests that the Court sustain its objections and not adopt the recommendation that Apple should be awarded its attorneys' fees.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Regina S.E. Murphy*

Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
Jeremy A. Tigan (#5239)
Regina S.E. Murphy (#5648)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@mnat.com
rsmith@mnat.com
jtigan@mnat.com
rmurphy@mnat.com

OF COUNSEL:

Steven M. Bauer
Justin T. Daniels
Safraz W. Ishmael
PROSKAUER ROSE LLP
One International Place
Boston, MA  02110-2600
(617) 526-9600

*Attorneys for Plaintiff MobileMedia Ideas, LLC*

Kenneth Rubenstein
Anthony C. Coles
Alan Federbush
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY  10036-8299
(212) 969-3000

November 19, 2012
6725601.2

# CERTIFICATION TO PLAINTIFF MOBILEMEDIA IDEAS LLC'S OBJECTIONS TO THE OCTOBER 31, 2012 REPORT AND RECOMMENDATION

Plaintiff MobileMedia Ideas LLC ("MobileMedia"), by its attorneys and pursuant to § C.1.c of the Court's November 3, 2011 Order Relating to the Utilization of Magistrate Judges, certifies that MobileMedia's Objections to the October 31, 2012 Report and Recommendation ("R&R") granting attorneys' fees to Defendant Apple Inc., being filed herewith, do not raise new legal or factual arguments that were not raised before the Magistrate Judge.

Date: November 19, 2012

*/s/ Regina S.E. Murphy*
Regina S.E. Murphy (#5648)

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 19, 2012, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on November 19, 2012, upon the following in the manner indicated:

| | |
|---|---|
| Richard K. Herrmann, Esquire<br>Mary B. Matterer, Esquire<br>MORRIS JAMES LLP<br>500 Delaware Avenue, Suite 1500<br>Wilmington, DE  19801<br>*Attorneys for Apple Inc.* | *VIA ELECTRONIC MAIL* |
| Tara D. Elliott, Esquire<br>FISH & RICHARDSON P.C.<br>222 Delaware Avenue, 17th Floor<br>P.O. Box 1114<br>Wilmington, DE  19899-1114<br>*Attorneys for Apple Inc.* | *VIA ELECTRONIC MAIL* |
| Frank E. Scherkenbach, Esquire<br>FISH & RICHARDSON P.C.<br>One Marina Park Drive<br>Boston, MA  02110<br>*Attorneys for Apple Inc.* | *VIA ELECTRONIC MAIL* |
| George A. Riley, Esquire<br>Luann L. Simmons, Esquire<br>O'MELVENY & MYERS LLP<br>Two Embarcadero Center<br>San Francisco, CA  94111<br>*Attorneys for Apple Inc.* | *VIA ELECTRONIC MAIL* |
| Vision Winter, Esquire<br>Xin-Yi Zhou, Esquire<br>O'MELVENY & MYERS LLP<br>400 South Hope Street<br>Los Angeles, CA  90071<br>*Attorneys for Apple Inc.* | *VIA ELECTRONIC MAIL* |

            */s/ Regina S.E. Murphy*
            Regina S.E. Murphy (#5648)