
# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

(302) 658-9200
(302) 658-3989 FAX

**Jack B. Blumenfeld**
(302) 351-9291
(302) 425-3012 FAX
jblumenfeld@mnat.com

March 21, 2013

**BY E-FILING**

The Honorable Sue L. Robinson
U.S. District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street, Room 4124, Unit 31
Wilmington, DE 19801-3568

      Re:    <u>*MobileMedia Ideas LLC v. Apple Inc.*, C.A. No. 10-258 (SLR) (MPT)</u>

Dear Judge Robinson:

      On December 13, 2012, the jury rendered a verdict in favor of MobileMedia and against Apple as to infringement and validity of claims 23 and 24 of U.S. Patent No. 6,070,068, claims 5, 6 and 10 of U.S. Patent No. 6,253,075, and claim 73 of U.S. Patent No. 6,427,078. D.I. 507. The Court entered a Rule 54(b) judgment on December 17, 2012, D.I. 513, and briefing is complete on Apple's motion for judgment as a matter of law or, in the alternative, for a new trial.

      While the Court considers Apple's JMOL motion, MobileMedia would like to begin the discovery necessary to allow the parties to be prepared to try the damages case as soon after the Court rules (if in MMI's favor) as possible. In a meet and confer on this issue, Apple has taken the position that any damages discovery is premature. MobileMedia respectfully requests a status conference to discuss the next phases of the case.

      We are aware of the Court's recent order staying a case in a similar posture until after the Federal Circuit rules on the appropriateness of an interim liability appeal in the *Robert Bosch LLC v. Pylon Manufacturing Corp.* case (Nos. 2011-1363, 2011-1364). MobileMedia believes, however, that proceeding with damages discovery would be the most efficient course of action in this case. Apple continues to market and sell the infringing products. Thus, taking discovery now will preserve evidence that might otherwise be lost. Further, the issue of whether an interim appeal on the liability issues is appropriate is not yet ripe. Indeed, the approach MobileMedia proposes is consistent with the position Apple has taken in its case against Samsung pending in the Northern District of California:

The Honorable Sue L. Robinson
March 21, 2013
Page 2

>Further delay is fundamentally inconsistent with the patent system, which confers the exclusive right to use the patented invention or design and entitles the patentee to money damages for any past infringement. Further delay is fundamentally unjust. Samsung has infringed and continues to infringe, but it faces no immediate consequences. Under these circumstances, a prompt case management conference and a prompt new trial is appropriate so that the case may proceed to a final judgment.

Apple's March 19, 2013 Admin. Mot. Seeking An April 3 Case Management Conf., Dkt. No. 2283, *Apple v. Samsung*, No. 5:11-cv-01846-LHK (N.D. Cal.) at 2 (attached). Apple also argued to that court that the Federal Circuit cannot hear an interim appeal of an infringement verdict before a damages trial, because a Rule 54(b) judgment is not a final, appealable judgment on a separate claim for relief and that an interim appeal would "likely lead only to dismissal of the appeal with no substantive decision." *See id.* at 1.

MobileMedia seeks a prompt trial as to damages. It has offered to discuss a proposed pretrial schedule with Apple, but Apple refused to enter into such a discussion, saying such discussions are "premature"—the same position it criticized Samsung for taking in *Apple v. Samsung*.

MobileMedia is available at the Court's earliest convenience.

            Respectfully,

            */s/ Jack B. Blumenfeld*

            Jack B. Blumenfeld (#1014)

JBB/dam
Enclosure
cc: All Counsel of Record (*by email*)
7067329