IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MOBILEMEDIA IDEAS LLC, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) C.A. No. 10-258 (SLR)(MPT) |
| | ) |
| APPLE INC., | ) |
| | ) |
| Defendant. | ) |

## [PROPOSED] RULE 54(b) FINAL JUDGMENT

WHEREAS, on October 14, 2010, the Court bifurcated the issues of willfulness and damages from the issues of patent infringement and validity for purposes of discovery and trial (D.I. 17);

WHEREAS, on April 4, 2012, Plaintiff MobileMedia Ideas LLC ("MobileMedia") and Defendant Apple Inc. ("Apple") (collectively, the "Parties") stipulated to the dismissal with prejudice of all claims and counterclaims related to U.S. Patent Nos. 6,002,390 and 7,313,647 (MobileMedia's Fifth and Twelfth Causes of Action and Apple's Fifth and Twelfth Counterclaims for Relief) (D.I. 263) and, pursuant to the stipulation, the Court ordered all such claims and counterclaims dismissed with prejudice on April 5, 2012;

WHEREAS, on April 25, 2012, pursuant to the Parties' agreements and the Court's Orders at the April 17, 2012 status conference, all claims and counterclaims related to U.S. Patent Nos. 5,915,239, 6,446,080, 6,760,477, and 7,349,012 (MobileMedia's Ninth, Eleventh, Thirteenth, and Fourteenth Causes of Action and Apple's Ninth, Eleventh, Thirteenth, and Fourteenth Counterclaims for Relief) were bifurcated;

WHEREAS, on August 16, 2012, the Court denied Apple's motion to dismiss based on lack of standing (D.I. 226) (D.I. 441 & 442);

WHEREAS, on November 8, 2012, the Court issued a summary judgment and claim construction Order relating to U.S. Patent Nos. 6,253,075, 6,427,078, RE 39,231, 5,737,394, 6,070,068, 6,393,430, 6,441,828, 6,549,942, 6,725,155, and 5,490,170 (MobileMedia's First, Second, Third, Fourth, Sixth, Seventh, Eighth, Tenth, Fifteenth, and Sixteenth Causes of Action and Apple's First, Second, Third, Fourth, Sixth, Seventh, Eighth, Tenth, Fifteenth, and Sixteenth Counterclaims for Relief), granting MobileMedia's motion for summary judgment on certain of Apple's affirmative defenses (D.I. 300), granting in part and denying in part Apple's motion for summary judgment of invalidity (D.I. 305), granting in part and denying in part Apple's motion for summary judgment of non-infringement (D.I. 328), and granting in part and denying in part MobileMedia's motion for summary judgment of no invalidity (D.I. 329) (D.I. 461 & 462);

WHEREAS, on November 15, 2012, the Court excluded from trial claim 1, as amended during reexamination, as well as claims 2 and 3, of U.S. Patent No. 6,427,078 (D.I. 470);

WHEREAS, at the November 21, 2012 status conference (D.I. 497), the Court ordered all claims and counterclaims related to U.S. Patent Nos. 5,737,394, 6,393,430, 6,441,828, 6,549,942, 6,725,155, and 5,490,170 (MobileMedia's Fourth, Seventh, Eighth, Tenth, Fifteenth, and Sixteenth Causes of Action and Apple's Fourth, Seventh, Eighth, Tenth, Fifteenth, and Sixteenth Counterclaims for Relief) bifurcated;

WHEREAS, on December 3, 2012, the Court precluded MobileMedia from offering at trial MobileMedia's expert Dr. Sigurd Meldal's testimony regarding the "Release Complete" message constituting the "rejection message" claimed in U.S. Patent No. 6,253,075 (D.I. 498);

WHEREAS, on December 17, 2012, after a jury trial conducted between December 3 and December 13, 2012, the Court entered a Judgment Following A Jury Verdict (D.I. 507) in favor of MobileMedia and against Apple as to direct infringement and validity of claims 23 and 24 of U.S. Patent No. 6,070,068, claims 5, 6, and 10 of U.S. Patent No. 6,253,075, and claim 73 of U.S. Patent No. 6,427,078; and in favor of Apple and against MobileMedia as to induced infringement of claims 23 and 24 of U.S. Patent No. 6,070,068, and claims 5 and 6 of U.S. Patent No. 6,253,075 (D.I. 513);

WHEREAS, on September 5, 2013, the Court denied MobileMedia's motion for reargument regarding U.S. Patent No. RE 39,231 (D.I. 469) (D.I. 539 & 540);

WHEREAS, on September 5, 2013, the Court entered an Order granting in part and denying in part Apple's renewed motion for judgment as a matter of law and denying Apple's motion, in the alternative, for a new trial (D.I. 517), and denying as moot MobileMedia's motion for judgment as a matter of law (D.I. 503) and Apple's motion for judgment as a matter of law (D.I. 504) (D.I. 541 & 542);

THEREFORE, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, this Court now makes (a) "an express determination that there is no just reason for delay;" and (b) "an express direction for the entry of judgment" as further recited in D.I. 441, 442, 461, 462, 470, 498, 507, 513, 539, 540, 541 & 542. The Court is entering this Rule 54(b) judgment for the purpose of rendering a final judgment appealable to the Federal Circuit, *see Robert Bosch, LLC v. Pylon Mfg. Corp.*, 719 F.3d 1305 (Fed. Cir. 2013); *Nystrom v. Trex Co., Inc.*, 339 F.3d 1347, 1351 (Fed. Cir. 2003), which the Court believes will promote efficient judicial administration and will not result in any unfair prejudice to the parties. This Rule 54(b) judgment does not

include issues of willfulness, damages, or any causes of action relating to patents other than those expressly identified below; and

ACCORDINGLY, IT IS ORDERED AND ADJUDGED that judgment is hereby entered as follows:

<u>U.S. Patent No. 6,070,068</u>

1. Apple does not directly infringe or induce infringement of claims 1, 7, or 8 of U.S. Patent No. 6,070,068;

2. Apple directly infringes claim 23 of U.S. Patent No. 6,070,068;

3. Claim 23 of U.S. Patent No. 6,070,068 is not invalid;

4. Apple directly infringes claim 24 of U.S. Patent No. 6,070,068;

5. Apple does not induce infringement of claims 23 or 24 of U.S. Patent No. 6,070,068;

6. Claim 24 of U.S. Patent No. 6,070,068 is invalid;

<u>U.S. Patent No. 6,427,078</u>

7. Apple directly infringes claim 73 of U.S. Patent No. 6,427,078;

8. Claim 73 of U.S. Patent No. 6,427,078 is not invalid;

<u>U.S. Patent No. RE 39,231</u>

9. Apple does not directly infringe or induce infringement of claims 2, 3, 4 or 12 of U.S. Patent No. RE 39,231;

<u>U.S. Patent No. 5,737,394</u>

10. Apple does not directly infringe or induce infringement of claim 18 of U.S. Patent No. 5,737,394;

<u>U.S. Patent No. 6,441,828</u>

11. Claims 17 and 18 of U.S. Patent No. 6,441,828 are invalid;

U.S. Patent No. 6,549,942

12. Claims 1, 6, and 8 of U.S. Patent No. 6,549,942 are invalid;

U.S. Patent No. 6,253,075

13. Apple does not directly infringe or induce infringement of claims 5, 6 or 10 of U.S. Patent No. 6,253,075; and

14. Claims 5, 6, and 10 of U.S. Patent No. 6,253,075 are invalid.

IT IS SO ORDERED this 3rd day of October, 2013.

_____
United States District Judge