1              IN THE UNITED STATES DISTRICT COURT

2              IN AND FOR THE DISTRICT OF DELAWARE

3                          - - -

4

     MOBILEMEDIA IDEAS LLC,          :    CIVIL ACTION
5                                    :
                    Plaintiff,       :
6                                    :
         vs.                         :
7                                    :
     APPLE INC.,                     :
8                                    :
                    Defendant.       :    NO. 10-258-SLR-MPT
9

10                         - - -

11                              Wilmington, Delaware
                                Thursday, November 8, 2012
12                              3:00 o'clock, p.m.

13                         - - -

14   BEFORE:  HONORABLE SUE L. ROBINSON, U.S.D.C.J.

15                         - - -

16   APPEARANCES:

17

             MORRIS, NICHOLS,  ARSHT & TUNNELL
18           BY:  JACK B. BLUMENFELD, ESQ.

19
                     -and-
20

21

22

23

24                              Valerie J. Gunning
                                Official Court Reporter
25

```
 1    APPEARANCES (Continued):

 2
              PROSKAUER ROSE LLP
 3            BY:   STEVEN M.  BAUER, ESQ. and
                    JUSTIN J. DANIELS, ESQ.
 4                  (Boston, Massachusetts)

 5
                    Counsel for Plaintiff
 6

 7


 8            MORRIS JAMES LLP
              BY:  RICHARD K. HERRMANN, ESQ. and
 9                 MARY B. MATTERER, ESQ.

10
                       -and-
11

12            FISH & RICHARDSON
              BY:  FRANK E. SCHERKENBACH, ESQ.
13

14                     -and-

15
              FISH & RICHARDSON P.C.
16            BY:  RUFFIN B. CORDELL, ESQ.
                   (Washington, DC)
17

18                     -and-

19
              O'MELVENY & MYERS LLP
20            BY:  LUANN L. SIMMONS, ESQ.
                   (San Francisco, California)
21

22                  Counsel for Defendant

23
                       - - -
24

25
```

```
 1                    P R O C E E D I N G S

 2

 3              (Proceedings commenced in the courtroom at 3:00

 4    p.m.)

 5

 6              THE COURT:  Good afternoon, everyone.

 7              (Counsel respond, "Good afternoon, your Honor.")

 8              THE COURT:  I guess it makes sense to have some

 9    reintroductions, although I think I know most everyone.  But

10    why don't we have some reintroductions and then we'll start

11    talking about what's going on.

12              Mr. Blumenfeld?

13              MR. BLUMENFELD:  Good afternoon, your Honor.

14    Jack Blumenfeld for the plaintiff along with Justin Daniels

15    and Steve Bauer from the Proskauer firm in Boston.

16              THE COURT:  All right.  Thank you.

17              MR. BAUER:  Good afternoon.

18              MR. DANIELS:  Good afternoon.

19              MS. MATTERER:  Good afternoon, your Honor.  Mary

20    Matterer from Morris James, and I have Frank Scherkenbach

21    from Fish & Richardson, Luann Simmons from O'Melveny &

22    Myers, and Ruffin Cordell from Fish & Richardson, and

23    Richard Herrmann from Morris James.

24              THE COURT:  Hi.  How are you?

25              MR. HERRMANN:  Good afternoon.
```

1           MR. SCHERKENBACH:  Good afternoon.

2           MS. SIMMONS:  Good afternoon.

3           MR. CORDELL:  Good afternoon, your Honor.

4           THE COURT:  All right.  First of all, let me

5    say that with all the moving parts I have in my life and

6    have had this fall and with being down to one law clerk,

7    I'm sure that we missed things like the re-examination

8    certificate of the '078, so I'm sure that there are some

9    flaws and mistakes in here that are obvious that you don't

10   even dispute about what they are.  On the other hand, we

11   did make a herculean effort to address the issues and try

12   to help basically MobileMedia decide which patents are going

13   to be tried.

14           And I think that was basically -- I'm not sure I

15   will do this again, but clearly that's what the exercise is

16   for, to try to narrow the issues for trial and in this case

17   the patents for trial.

18           So I wanted to start off with that.  And I know

19   that you've got just -- I mean, I was actually shocked at

20   how few open matters you identified then.  Many of them have

21   been resolved.  Some of them have not.

22           I didn't sign off on your stipulation that you

23   filed.  Clearly, it made sense about the final instructions,

24   but with Vince's help, I have done a preliminary preview of

25   the voir dire and the preliminary instructions that you need

1    to look at.  And especially all the lawyers and the

2    witnesses, you need to get back to us on amended attachments

3    to the voir dire and to give us any more thoughts about

4    that, and maybe we need to specifically get a date for us to

5    get together again before the first day of trial in that

6    regard.

7              The trial schedule, I've got -- unfortunately, I

8    have a naturalization that I have to do on that first

9    Thursday of trial, and my son is actually going to be

10   admitted to the Bar on the 12th.  So there are two days of

11   trial that are interrupted.  And depending on what's

12   happening with how many patents are going forward, there is

13   some wiggle room, and we'll try to adjust, if need be.

14             So those are my preliminary statements.  I don't

15   know whether you each have preliminary statements before we

16   get to any issues that actually need to be resolved at this

17   time.

18             MR. BAUER:  Your Honor, Steve Bauer.

19             We appreciate the herculean effort and we have

20   promised that we would drop at least four patents, and we've

21   now dropped at least four patents.  So we have agreed, and

22   it's in the pretrial order that five days from today, which

23   would be Tuesday, we will give the other side -- and this is

24   in the pretrial order --

25             THE COURT:  Okay.

1              MR. BAUER:  -- by agreement, five days from

2    today, and that's five calendar days, so next Tuesday.  We

3    have a three-day holiday in between.  So as quickly as we

4    can, we will identify which of the remaining six patents

5    will go to trial.

6              My guess right now is four or five.  There's at

7    least one patent I think that given -- we just got the claim

8    construction.

9              THE COURT:  I understand that there's no way.

10   And I have not gone to trial with five or six patents, so I

11   think we need to really talk about how many patents,

12   depending on how related they are, I'm going to let you go

13   to trial with.

14             So what I'd like you to do when you make that

15   identification to defendant, you need to prioritize, and

16   then if there's a discussion about whether a jury can really

17   grasp the technology, which I find incredibly difficult just

18   because it's all about words and concepts and not about

19   anything real to me, I'm sure a jury will find the same

20   issues.

21             Again, I think we need to make sure we get

22   together for a conference, unless you all can work this out,

23   before the start of trial, well before the start of trial,

24   so that we're all on the same page.

25             MR. BAUER:  Okay.  So in that regard, your

1     Honor, so we are, like I said, looking hard.  I think it's

2     unlikely that we would even prioritize six, but I just can't

3     commit right now.

4                    THE COURT:  Sure.

5                    MR. BAUER:  I think we all understand that.

6                    THE COURT:  I understand that.

7                    MR. BAUER:  The other thing, looking at it

8     quickly, we had, I think, three experts for the patents,

9     but given some of these constructions, certainly some of

10    these experts are going to drop out entirely, so the case

11    will become simpler and we will identify that and explain

12    why these patents are related.  To the extent it's a

13    common expert, I think that will help.  But it does appear

14    that at least one of the experts no longer may have a role

15    here.

16                    In terms of the open issues, counsel, both

17    sides, we've spoken, and we'd like to report to your Honor

18    that given our preliminary review and our preliminary

19    discussions, most of those issues I think we're going to

20    make progress on, and so what we would like to do, we've

21    both spoken.  With your permission, defer argument on those

22    open issues, and if you're going to give us a later date,

23    if there are going to be open issues, we can address it

24    then.

25                    But many of the issues related to prior art, we

1    think those are resolved.  Several of the issues related to

2    exhibits, and we've made, each side has said we won't raise

3    those exhibits, certainly without prior notice.  So there's

4    a relevance objection.

5            THE COURT:  Right.

6            MR. BAUER:  For example, there were teardown,

7    questions about Apple having torn down products.  Our

8    representation to them is that we won't use them in the

9    opening and we won't use them with a witness unless we

10   present it to you in advance, and that would be -- come out

11   in the case, if they open the door.

12           THE COURT:  Right.

13           MR. BAUER:  So I think most of those issues we

14   both feel confident we'll resolve.

15           The one issue that we did identify -- your Honor

16   identified, the '078 re-exam.

17           THE COURT:  Yes.

18           MR. BAUER:  And we agreed to ask your Honor how

19   you would like to handle it, but the proposal, our proposal

20   would be that in this context of identifying what issues are

21   left open, that we would provide a three-page summary of

22   what that position is, and they could attach a three-page

23   opposition to that summary, and your Honor can make the

24   decision whether those claims are in or not.

25           Just, since you picked it up, you may have

1    remembered, claims were amended, but not substantively

2    different.  We argued it during the summary judgment

3    hearing.

4                 THE COURT:  All right.  Well, and,

5    unfortunately, my permanent law clerk left.  Vince came on.

6    This was his first assignment, if you can believe that.

7    It's more work than some of my law clerks do the entire

8    year.  So, yes.  There was just a lot going on.

9                 MR. BAUER:  I am actually surprised that you

10   caught that in that 110-page decision, that that issue got

11   missed.

12                THE COURT:  Well, I caught it, we caught it,

13   Vince caught it, because of your open issues.  And we said,

14   oh.

15                MR. BAUER:  Okay.

16                THE COURT:  So anyway...

17                MR. BAUER:  If that works, that's a substantive

18   disagreement that we're going to have and it's a clear

19   substantive.  We think that we should be able to slot in the

20   claims that were allowed in the re-exam.

21                And if you remember from the hearing, we said

22   there was no substantive change, it was just changing.  They

23   have their position, and we just thought it if we could

24   write three pages and summarize the position, and they can

25   do three pages and a joint letter and your Honor can decide

1    if those claims are in or not, or we are prepared to argue

2    it today.

3                  THE COURT:  Well, I think at this point, I need

4    a breathing space today.

5                  MR. BAUER:  All right.

6                  THE COURT:  So probably having something in

7    writing would be fine.

8                  MR. BAUER:  Okay.

9                  THE COURT:  And I will wait to hear from the

10   defendant.

11                 MR. BAUER:  We did argue it, so we would attach

12   the transcript from the last hearing.

13                 THE COURT:  All right.  You don't even have to

14   attach it.  I mean, I really do have it.

15                 MR. BAUER:  Okay.

16                 THE COURT:  So you can just identify the page.

17                 MR. BAUER:  I didn't mean the whole transcript,

18   but judge the pages.

19                 THE COURT:  I know.

20                 MR. BAUER:  Okay.  But that's the only

21   substantive disagreement, I believe.

22                 They'll correct me, but I believe from our

23   discussion, that's the one substantive -- substantive

24   disagreement.  The procedural issues, we have confidence

25   that we ought to be able to, if not resolve them, narrow

1    them a lot.

2                    THE COURT:  All right.

3                    MR. BAUER:  And I think that is probably it.

4                    So we do have the procedure that -- the

5    procedure was five days from today, we would identify the

6    patents.  I think this is on page 20 of the pretrial order.

7    Five days from today, we identify the claims, and -- well,

8    we identify the patents.  Three days later, that would be by

9    Friday, they would identify the defenses and prior art

10   references that remain, so we'll see what's still in there.

11   And then it's one day later, and because that is a weekend

12   now, I guess -- we have not talked about it, but that should

13   be a business day, unless you want to count Saturday.

14                   But one day later, the parties will meet and

15   confer to resolve disputes that remain open.  I would

16   propose that that be the following Monday.  And one day

17   later, the parties will inform the Court of anything that

18   remains open, which would be a week from next Tuesday.

19                   If you guys can get it back to us less than

20   three days, you've suggested -- they suggested they might be

21   able to do that three-day thing in less.  If they can do it

22   less than three, we'll be ready to move, so it would be even

23   faster.  But that's the thing that both sides agreed to last

24   week.

25                   THE COURT:  All right.  I'm just getting on my

1    computer to get my calendar.

2              So does that three-day, three-day, meet and

3    confer, is that when your submissions of the letters are in

4    connection with the '078 patent?

5              MR. BAUER:  So that would be -- we would defer

6    to your Honor.  We could do it all at the same time, that

7    Tuesday a week from Tuesday, and submit it then, or this

8    issue, because it's identified, if you prefer, we can get

9    that to you on -- get that to you this Monday.

10             I'm sure that we could both brief it and have it

11   to you on Monday as a joint letter, Monday or -- well,

12   Monday is a holiday.  You are closed on Monday.

13             THE COURT:  I am closed.

14             MR. BAUER:  We could have it on to your Honor on

15   that one issue.  I would suggest if your Honor wanted a

16   standalone letter brief on that one issue, I suggest that we

17   would probably submit it to you on Tuesday, if they think

18   it's okay, or anything after that, or if you prefer, it

19   could be a week from Tuesday, everything at the same time.

20             THE COURT:  Well, let me hear from defendant's

21   counsel, but I suspect that that is an issue that we might

22   want to think about, especially while it's still relatively

23   fresh in our minds.

24             MR. BAUER:  And I'm prepared to do that.

25             THE COURT:  All right.  Thank you so much, sir.

1               And Mr. Scherkenbach?

2               MR. SCHERKENBACH:  Good afternoon, your Honor.

3               THE COURT:  Good afternoon.

4               MR. SCHERKENBACH:  We, too, obviously very much

5    appreciate the order, no one more than me.  I know a lot

6    more about this case than I did this morning.

7               So to take up the two, I guess, primary issues,

8    first of all, what are we actually going to go to trial

9    on?  I guess it was our hope, I won't say expectation, but

10   hope that we'd be dealing with more like three patents and

11   not more like four or five patents.

12              Just to -- for obvious reasons, I think, I

13   believe there are still something like 16 asserted claims

14   left in the six patents that are left.  But maybe even more

15   relevant than that is that they're not related to one

16   another technologically.  At least from Apple's perspective,

17   we have a different expert witness for each of those six

18   patents.  That's a lot of witnesses.  It's a lot of

19   different technologies for a single jury to absorb.

20              So I'm sure they feel differently, and our

21   submissions, I suppose we'll comment on that, but we'd like

22   to see something more like three patents.

23              As to the timing of the exchange on this, which

24   ones they pick, we're fine living with what we spelled out

25   in the pretrial order.  This is in Paragraph 64.  I think

 1    Mr. Bauer stated it accurately.  We could do it sooner if

 2    the Court saw value in that.  I don't think it --

 3              THE COURT:  Well, I mean, you're the ones who

 4    need to drill down and present something to me.  So if

 5    you've agreed to something, that's fine with me.

 6              MR. SCHERKENBACH:  Okay.

 7              THE COURT:  But I do want to make sure -- I

 8    mean, if it's more helpful to you to have a discussion

 9    sooner rather than later, because trial isn't all that far

10    away, then I'm happy to meet as soon as you're ready to

11    submit things.

12              MR. SCHERKENBACH:  Okay.  Well, why don't we --

13    as a default, why don't we stick with this.

14              THE COURT:  Sure.

15              MR. SCHERKENBACH:  It may be that even if they

16    take their full five days, that we can respond more quickly

17    in three, and if we can, we'll do that.

18              I do think your Honor has been gracious enough

19    to suggest the follow-up chat.  I do think we probably ought

20    to have that, both because of the -- the issue of which

21    patents are going to be tried.  I suspect there will be some

22    difference of opinion on that, number one.  And then on this

23    '078 re-exam claims, 1 through 3, that's obviously a

24    disagreement, so we probably ought to get something on

25    calendar to talk about that.

```
 1                    So let me turn to that.  That's the second, I

 2     guess, issue on the table here.  We can certainly get you a

 3     letter on Tuesday.  That's fine.

 4               THE COURT:  All right.

 5               MR. SCHERKENBACH:  I think -- I was conferring

 6     with Ms. Simmons, who is really the expert on this.  We

 7     pretty much know what they're going to say, they pretty much

 8     know what we're going to say.  I think we can do

 9     simultaneous letters and settle that up.

10               THE COURT:  Good.

11               MR. SCHERKENBACH:  And set a time to talk.

12                    As for the rest of the issues that were

13     originally indicated in the papers to be other matters,

14     disputed matters, I think it makes sense to wait.  I do

15     think we've conceptually worked out most of them, and

16     depending on which patents and claims they choose, more of

17     them will fall away, is my guess, and whatever is left, I

18     think we could deal with, if we had a chance to get before

19     your Honor before trial.

20               THE COURT:  So if I understand your schedule

21     with respect to the open -- right now you've agreed to

22     exchange simultaneous letters on the '078 patent on Tuesday,

23     the 13th.

24                    With respect to the other open matters,

25     including what patents, what defenses, I mean, what prior
```

1    art, et cetera, patents identified on Tuesday, the 13th, the

2    defendants identifying prior art, et cetera, by Friday, the

3    16th.  Parties meet and confer on the 19th?  Is that

4    basically -- I'm just trying to figure out when I can meet

5    with you and still be helpful.  Is that right?

6              MR. BAUER:  That's right, your Honor.

7              THE COURT:  Now, the week -- of course, Monday,

8    the 19th, is Thanksgiving day week, and I'm in trial that

9    Monday.  I don't know whether we need to meet that week or

10   whether it can wait until the following week, when I'm not

11   apparently in trial, and could have time for you pretty much

12   the Monday, Tuesday, Wednesday, whatever, and whether it can

13   be in person as opposed to person depending on how many

14   issues there are.

15             MR. BAUER:  Your Honor, I will say Monday

16   afternoon, the 26th, would be fine.  If we could have that

17   time scheduled and we can talk about whether it needs to be

18   by phone or live after we see what the issues are.

19             MR. SCHERKENBACH:  We can do that.  I was,

20   frankly, going to suggest that we just shave a day off.  I

21   know what we agreed to in the order, but if we could shave a

22   day off of that, we could get this resolved the week of the

23   16th, on that Friday.  I don't know what your calendar looks

24   like, but on Friday, the 16th.  I hate to lose that whole

25   intervening week.  Obviously, trial preparation is sort of,

1    you know, waiting around.

2              THE COURT:  Well, I'm in trial on Monday, the

3    19th.  I mean, Friday -- my problem is I'm in trial unless

4    they settle on the courthouse steps, which they've been so

5    hateful to each other, I can't imagine they will.  But I'm

6    in trial starting next Tuesday and it's supposed to go

7    through the following Monday.

8              MR. SCHERKENBACH:  I see.

9              THE COURT:  So it makes it difficult, and I've

10   got 4:30 proceedings most of those days.

11             Now, I am happy on Tuesday, the 20th, I have an

12   obligation with my father on that Tuesday morning, and I

13   teach Tuesday afternoon, my last class, but I do have time

14   on that Tuesday, if you all have time.

15             MR. BAUER:  Your Honor, I have a summary

16   judgment hearing in Chicago on the 20th.  If we could do it

17   on the 21st in the morning, that would be okay.  Again, if

18   it's by telephone, that would be even better, given it's the

19   Wednesday before Thanksgiving.

20             THE COURT:  Yes.  Given the fact that I'm

21   cooking, it would be excellent, in the morning, by

22   telephone.

23             So I don't know.  Is the 21st too late?  Is that

24   helpful?

25             MR. SCHERKENBACH:  No.  It's fine for us.  I

 1      don't want to impose on the Court, especially with those

 2      weighty duties hanging in the balance there.

 3                   THE COURT:  Well, so give me a time.  I mean,

 4      this will probably be the only thing on my schedule, so no

 5      matter when it is --

 6                   MR. BAUER:  If we say 10:00 a.m.?

 7                   THE COURT:  I don't know.  Is that too early for

 8      you all out in California?

 9                   MR. SCHERKENBACH:  No.

10                   MS. SIMMONS:  That's perfect for me, your Honor.

11                   THE COURT:  So 10:00 o'clock, unless -- I will

12      leave it to you.  I will call it a telephone conference,

13      unless you tell me that it needs to be something other than

14      that.  Okay?

15                   MR. BAUER:  Okay.  Thank you.

16                   THE COURT:  All right?

17                   MR. SCHERKENBACH:  Yes.  That's acceptable, yes.

18                   THE COURT:  All right.

19                   MR. BAUER:  Okay.  Mr. Blumenfeld had some other

20      procedural things.

21                   THE COURT:  Oh.

22                   MR. BAUER:  Just procedure, I think.

23                   THE COURT:  All right.  So just let me make

24      sure.  So Wednesday, November 21st, 2012, at 10:00 o'clock,

25      we're going to have a telephone conference.  And I will let

1    plaintiff's counsel initiate the call, if he would.

2              MR. BAUER:  Yes, your Honor.

3              THE COURT:  All right.  And obviously we'll try

4    to issue our best thoughts on the '078 patent before then so

5    that you have that in hand.  All right.

6              MR. BLUMENFELD:  Your Honor, just a couple

7    little things.  We put in the stipulation that you referred

8    to I think that you hadn't signed --

9              THE COURT:  Yes.

10             MR. BLUMENFELD:  -- asking for jury

11   instructions, voir dire, verdict sheets.  We asked for the

12   20th.  Obviously, we can work with the preliminary

13   instructions and the voir dire and get that done, I would

14   think, very quickly.

15             Given everything we're doing together, I wonder

16   if it wouldn't make more sense to have more time rather than

17   less on the final jury instructions.

18             THE COURT:  Oh, I think so.

19             MR. BLUMENFELD:  And so I guess the question is,

20   on the final jury instructions and voir dire, when would you

21   like to receive them?  And we'll obviously adhere to that

22   schedule.

23             THE COURT:  Well, I never have them -- I don't

24   think it makes sense to have them done the first day of

25   trial because things change so much.  So I think I would be

1    fine if I got them by Wednesday, the 28th, or Thursday, the

2    29th of November, just so I have them in hand and can start

3    reviewing them so I can get my version to you some time that

4    first week.

5              MR. BLUMENFELD:  That's fine.

6              THE COURT:  All right.

7              MR. BLUMENFELD:  And the verdict sheet also, I

8    kind of assume?

9              THE COURT:  Yes.

10              MR. BLUMENFELD:  That's great.  We can do it the

11    28th.  I'm sure that won't be a problem.

12              Just looking at your preliminary jury

13    instructions, there's nothing in here about the patent

14    system, and I assume that's because you plan to use the

15    video --

16              THE COURT:  I do.

17              MR. BLUMENFELD:  -- that has been used every

18    trial?

19              THE COURT:  Yes.  I can't stand to read that

20    anymore, so, yes.

21              MR. BLUMENFELD:  Okay.  Those are the only

22    issues that I had, your Honor.

23              THE COURT:  Okay.  Any of like issues from the

24    defendant?

25              MR. SCHERKENBACH:  I don't think so, your Honor.

1          THE COURT:  All right.

2          MR. BAUER:  And, your Honor, so in terms of the

3  simultaneous letters, I will just -- simultaneous letters as

4  opposed to a joint letter where we both set our own

5  positions, because I'm just wondering, Mr. Scherkenbach says

6  we each know each other's position, but I think it would be

7  helpful to know their position to address it or give you a

8  letter the next day, a one-page -- there's no such thing as

9  a one-page letter.  A two-page letter that would just

10  respond.

11          Just when it's simultaneous, I don't know what

12  they are going to say.  So the alternative is that we

13  exchange the letters in advance, merge them into a single

14  letter where we both can say the other side says this, we

15  disagree, or something like that.

16          THE COURT:  Well, if you have some concerns

17  about Apple's position, then it strikes me that it would be

18  better for someone to go first, whether it's Apple or

19  whether it's MobileMedia, on Tuesday, and have a response

20  on Thursday so I still have it in time to do something with

21  it.

22          MR. BAUER:  My concern was both of us might want

23  to respond to the other side, so if I go first, they respond

24  to me, but you don't want three.  So we will do

25  simultaneous, that's fine, and we will just anticipate what

1    they are saying.

2              THE COURT:  I'm happy to have you do two and

3    one.  I just don't want you to multiply this.  We've got

4    enough paper in this case.

5              MR. BAUER:  No, I understand.  I understand.

6              THE COURT:  So if you want to do simultaneous on

7    Tuesday, and then -- I'm not exactly sure why you would need

8    three pages anyway.  But three pages on Tuesday.  And --

9              MR. BAUER:  One page on Tuesday?

10             THE COURT:  One page on Wednesday or Thursday.

11   I mean, I don't really care.  Just don't give me a whole lot

12   of stuff.

13             MR. BAUER:  No.

14             THE COURT:  Yes.

15             MR. BAUER:  It's just, if there's something

16   there we don't anticipate, it's just, I think, sometimes

17   easier to address it in advance than to have to write a

18   letter or we just submit a one-page letter.

19             THE COURT:  Honestly, if you can agree to

20   that, that's fine.  If you can't, then you each submit

21   something on Tuesday and a one-pager in a day or two after

22   that.

23             MR. BAUER:  All right.  Thank you.  All right.

24             THE COURT:  All right.  Is there anything else?

25   This seems much too easy.

1                   And with respect, just go easy on the motions

2       for reargument because we've exhausted ourselves getting

3       this out, and at least don't reargue until you know what is

4       actually in play.  Okay?  Do me that favor.

5                   All right.  Is there anything else that we

6       should address yet today?

7                   MR. BAUER:  Not from the plaintiff, your Honor.

8                   THE COURT:  Anything, Mr. Scherkenbach?

9                   MR. SCHERKENBACH:  Not for Apple, your Honor.

10                  THE COURT:  All right.  Thank you, counsel.

11      Nice to see you all.

12                  (Hearing concluded at 3:27 p.m.)

13                           -  -  -

14

15

16

17

18

19

20

21

22

23

24

25