# Morris James LLP

Mary B. Matterer
302.888.6960
mmatterer@morrisjames.com

**VIA EFILING AND HAND DELIVERY**               July 20, 2015

The Honorable Sue L. Robinson
United States District Court
844 N. King Street
Wilmington, Delaware 19801

Re:  *MobileMedia Ideas LLC v. Apple, Inc.*, C.A. No. 10-258-SLR-MPT

Your Honor:

Defendant Apple Inc. ("Apple") respectfully requests that the Court enter final judgment of non-infringement of claim 73 of U.S. Patent No. 6,427,078 (the "'078 Patent") and dismiss with prejudice all remaining allegations of infringement relating to the '078 Patent.

After five years of litigation, plaintiff MobileMedia Ideas LLC ("MMI") has failed to establish infringement of any claim of the sixteen patents it asserted, including the '078 Patent. MMI now seeks to re-open discovery and try again with the '078 Patent, even though the Federal Circuit has found that "no reasonable jury could find that claim 73 of the '078 patent is infringed by Apple's accused iPhones." *MobileMedia Ideas, LLC v. Apple Inc.*, 780 F.3d 1159, 1181 (Fed. Cir. 2015). Specifically, during the July 1, 2015 telephonic hearing, MMI argued it should be permitted to pursue in a second trial (1) claim 73 of the '078 Patent against products released by Apple after the close of discovery ("New Products"), and (2) claims 1-3 of the '078 Patent against New Products and against products already addressed in the first trial ("Accused Products").  In furtherance of this second trial, MMI requests that the Court permit fact and expert discovery on the New Products and re-open fact and expert discovery on the Accused Products with respect to claims 1-3.  MMI's requests should be denied because they defy the Federal Circuit's order and would allow MMI to circumvent the established doctrines of res judicata, collateral estoppel, and intervening rights.

**Background**

MMI filed this case against Apple on March 31, 2010.  D.I. 1.  MMI alleged infringement of, among other patents and claims, claims 1-3, 8 and 73 of the '078 patent.  D.I. 470 at ¶1.  Fact discovery closed in October 2011.  *Id*. at ¶2.

On June 4, 2012, Apple moved for summary judgment of non-infringement of the '078 Patent.  D.I. 330 at 59-67.  Apple argued the Accused Products did not infringe the asserted claims because, *inter alia*, they use a unified memory design in which all types of data are stored in a common memory component and lack a memory circuit dedicated to storing camera-captured pictures as required by the asserted claims.  *Id*. at 62-65.  MMI did not dispute that the Accused Products lack a memory circuit dedicated to only storing images, but opposed Apple's motion by arguing that the '078 Patent claims should not be construed to require a dedicated memory component.  D.I. 364 at 35-38.  The Court agreed with MMI and construed the disputed claim terms, including the "means … for storing" limitation of claim 73, as not requiring dedicated memory.  D.I. 461 at 51-52.  The Court also found that the "means … for storing"

Hon. Sue L. Robinson
July 20, 2015
Page 2



limitation could be met by the general-purpose "main memory" of the Accused Products. *Id.* at 51.

Shortly before trial, MMI canceled claim 8 and amended claims 1-3 in a reexamination proceeding. D.I. at 470 at ¶3-5. Finding that the claim scope "substantively changed during reexamination," the Court excluded claims 1-3 from trial. *Id.* at ¶10. The parties proceeded to trial on claim 73, resulting in a jury verdict of infringement. D.I. 513.

On appeal, the Federal Circuit reversed the infringement verdict by construing "means … for storing" as requiring a memory component dedicated to the camera unit. *See MobileMedia Ideas*, 780 F.3d at 1170. Because "the parties do not dispute that the camera module in Apple's accused iPhones has no internal memory for storing image data," the Federal Circuit concluded that "no reasonable jury could find that claim 73 of the '078 patent is infringed by Apple's accused iPhones." *Id.* at 1170-71, 1181. Accordingly, the Federal Circuit "reverse[d] the district court's judgment that claim 73 of the '078 patent is infringed." *Id.* at 1163, 1171.

### **This Court Should Enter Final Judgment of Non-Infringement of Claim 73**

The Federal Circuit's judgment resolved all issues presented at trial for the '078 patent and therefore requires entry of a final judgment of non-infringement.

First, the Federal Circuit's decision makes clear that it contemplated no further proceedings in the trial court for the '078 Patent. In contrast to its instructions regarding the '231 Patent—which was "remanded to the district court for further proceedings"—the Federal Circuit affirmatively held that Apple's Accused Products do not infringe the '078 Patent. *See MobileMedia Ideas*, 780 F.3d at 1162. The Federal Circuit did not address Apple's second non-infringement defense—based on the construction of the claim term "means … for transmitting"—because the court already resolved the parties' disputes relating to the '078 Patent. *See id.* at 1171. Had the Federal Circuit contemplated further litigation involving claim 73 in the district court, it would have addressed the remaining claim construction dispute presented for appeal.

Second, allowing MMI to assert claim 73 against the New Products in this case would effectively provide MMI an end-run around the doctrines of res judicata and collateral estoppel—which preclude a litigant from re-litigating an adjudicated claim or issue—because these doctrines each requires a final judgment in a prior case. *See, e.g., Lubrizol Corp. v. Exxon Corp.*, 929 F.2d 960, 963 (3rd Cir. 1991) ("Federal law of claim preclusion requires a defendant to demonstrate that there has been (1) a ***final judgment on the merits in a prior suit*** involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action.") (emphasis added); *Taylor v. State*, 402 A.2d 373, 375 (Del. 1979) ("The test for applying collateral estoppel requires that (1) a question of fact essential to the judgment, (2) be litigated and (3) determined (4) by ***a valid and final judgment***.") (emphasis added).[1] These doctrines would preclude reassertion of claim 73 in a subsequent case against Apple products that are substantially similar to the Accused Products—i.e., new generations of iPhones that use

---

[1] Without res judicata and collateral estoppel, Apple can argue only that the Federal Circuit's finding is the "law of the case," which is a much narrower doctrine.

Hon. Sue L. Robinson
July 20, 2015
Page 3

Morris James LLP

a similar unified memory design. However, if MMI is allowed to continue litigating claim 73 in *this case* without entry of a final judgment, MMI could avoid triggering res judicata and collateral estoppel altogether. These preclusion doctrines were established to "relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). In other words, they were developed to prohibit a litigant like MMI from trying a new theory on a claim that had already been adjudicated.[2] MMI asserted this claim and lost—it should not be permitted to keep trying again in the same case and avoid the well-established rules of res judicata and collateral estoppel.

Third, allowing a party to continue to assert a patent against new products after losing its infringement claim at the Federal Circuit, as MMI seeks to do here, would effectively extend infringement cases, and this case in particular, indefinitely. Under MMI's proposal, Apple would have no way of concluding this case before expiration of all patents-in-suit. Even if Apple successfully establishes non-infringement of the New Products in a second trial, MMI can come back and seek yet more discovery and a third trial on future products. There is no reason to allow MMI to assert the same patent in successive trials. After five years of litigation (and millions of dollars spent defending against MMI's meritless claims), Apple should be given a final judgment for a claim found not to be infringed by the Federal Circuit.

If MMI asserted the '078 Patent in a single-patent case against Apple, a non-infringement finding by the Federal Circuit would necessarily conclude this litigation. Similarly, if MMI failed to establish infringement at trial (as would have happened under the Federal Circuit's claim construction), MMI would have no right to a second trial on the same patent against new products in the same case absent a reversal on appeal. The appeal to the Federal Circuit was based on a partial final judgment pursuant to Rule 54(b) only because MMI sought bifurcation of other patents it chose not to present at trial, not because MMI preserved a right to a new trial on the '078 Patent in the same case. The fact that MMI filed a sixteen-patent case against Apple does not confer on MMI additional rights with respect to the '078 Patent.[3] If MMI wants to re-assert the '078 Patent against new Apple products, MMI should be required to file a new complaint. The parties can address res judicata and collateral estoppel in the new case, as other litigants have done in similar situations. *See Brain Life, LLC v. Elekta Inc.*, 746 F.3d 1045, 1050 (Fed. Cir. 2014) (affirming "the trial court's refusal to reopen the case" after Federal Circuit's

---

[2] MMI already attempted to present a new infringement theory against the Accused Products in its Petition for Panel Rehearing and Rehearing En Banc to the Federal Circuit. Appeal No. 14-1060, D.I. 66. MMI's arguments were summarily rejected by the Federal Circuit. Appeal No. 14-1060, D.I. 76.

[3] MMI should not be granted a special right to avoid final judgment on the '078 Patent simply because it has kept "placeholder" patents at issue that it evidently does not intend to actually litigate. In fact, MMI should not be permitted to keep these patents at issue in the case. During the July 1, 2015 hearing, MMI did not indicate that it intends to continue to assert the '239, '012, '080, '477, or '170 Patents against Apple. The Court should therefore dismiss with prejudice these patents. Moreover, the asserted claims of the '012, '170, and '080 Patents have been canceled in reexamination proceedings, which presents another reason why these patents should be dismissed.

finding of non-infringement).

**The Court Should Dismiss Claims 1-3 With Prejudice**

MMI's request to pursue claims 1-3 should also be denied. The Federal Circuit has already determined that "no reasonable jury" could find that any Accused Product meets the "means … for storing" limitation recited by claim 73. *See MobileMedia Ideas, LLC*, 780 F.3d at 1170-71. Claims 1-3 have been amended by MMI to recite the same "means … for storing" limitation required by claim 73. D.I. 470 at ¶5. The scope of a means-plus-function term is limited by the structural disclosure in the specification; thus, the "means … for storing" limitation recited by claims 1-3 must share the same claim scope as in claim 73. As the Federal Circuit found, the Accused Products cannot meet this limitation. By asking to assert claims 1-3 against the Accused Products, MMI seeks an outcome that would directly contradict the Federal Circuit's decision. MMI's plan to assert claims 1-3 against the Accused Products would achieve nothing other than waste more of the Court's and the parties' resources. MMI should not be allowed to assert claims reciting a limitation that has already been found to be missing from the Accused Products.

Moreover, MMI is already estopped from obtaining damages against the Accused Products for claims 1-3. This Court has determined that the scope of claims 1-3 "substantively changed during reexamination." D.I. 470 at ¶10. Under the doctrine of intervening rights, "[i]f substantive changes have been made to the original claims, the patentee is entitled to infringement damages only for the period following the issuance of the reexamination certificate." *Laitram Corp. v. NEC Corp.*, 163 F.3d 1342, 1346 (Fed. Cir. 1998). Because the reexamination certificate for claims 1-3 issued in September 2012—nearly a year after discovery ended in this case—there is no conceivable ground upon which MMI can seek damages for any Accused Product subject to discovery in this case. Thus, MMI's assertion of claims 1-3 against the Accused Products would be a futile waste of judicial resources.

As with claim 73, MMI's request to assert amended claims 1-3 against the New Products should be denied. Neither these new claims nor the New Products existed during discovery in this case, and there is no reason to add them after trial. If MMI wants to assert these new claims against Apple's New Products, MMI should be required to file a new complaint against Apple.

            *            *            *

MMI had its day at trial—it asserted the '078 Patent against the Accused Products, and the Federal Circuit found that those products cannot infringe the '078 Patent as a matter of law. MMI should not be allowed to re-assert the same patent for a second time in the same case—pursuant to the Federal Circuit's holding, a final judgment of non-infringement should be entered. If MMI wants to try a new infringement theory or wants to accuse new products, the proper course is to file a new complaint against Apple, following which the parties can properly address the issues of res judicata and collateral estoppel in that second case. Therefore, Apple respectfully requests entry of final judgment of non-infringement of claim 73 and dismissal with prejudice of all remaining allegations of infringement relating to the '078 Patent.



Hon. Sue L. Robinson
July 20, 2015
Page 5

                                  Respectfully,

                                  */s/ Mary B. Matterer*

                                  Mary B. Matterer (I.D. #2696)
                                  *mmatterer@morrisjames.com*

MBM/

cc:      All counsel of record (via efiling and email)