**Morris James** LLP

Mary B. Matterer
302.888.6960
mmatterer@morrisjames.com

**VIA EFILING AND HAND DELIVERY**　　　　　　　　July 20, 2015

The Honorable Sue L. Robinson
United States District Court
844 N. King Street
Wilmington, Delaware 19801

　　　　　　Re:  *MobileMedia Ideas LLC v. Apple, Inc.*, C.A. No. 10-258-SLR-MPT

Your Honor:

　　　　Defendant Apple Inc. ("Apple") respectfully requests leave to move for summary judgment of invalidity of claims 1 and 5 of U.S. Patent No. 6,393,430 ("the '430 Patent") and of claims 2-4 and 12 of U.S. Patent No. RE39,231 ("the '231 Patent").

**A.　　Apple Should Be Permitted to Seek Summary Judgment of Invalidity of the '430 Patent Under the Supreme Court's Recent Alice Decision**

　　　　Apple requests an opportunity to move for summary judgment of invalidity of the '430 Patent based on a change in the law that has occurred since this Court heard summary judgment motions in this case. In 2014, two years after this Court's summary judgment decision in this case, the Supreme Court significantly revised the law of patent-eligible subject matter under 35 U.S.C. § 101. *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 134 S. Ct. 2347 (2014). This new law is directly relevant to the '430 Patent. Under § 101, a claim directed to a patent-ineligible concept—i.e., a law of nature, a natural phenomenon, or an abstract idea—is invalid unless the claim recites elements sufficient to transform the nature of the claim into a patent-eligible application. *Id.* at 2355 (citing *Mayo Collaborative Servs. v. Prometheus Labs., Inc.*, 132 S. Ct. 1289, 1294 (2012)). This requires an "inventive concept'—i.e., an element or combination of elements that is 'sufficient to ensure that the patent in practice amounts to significantly more than a patent upon the [ineligible concept] itself.'" *Id.* (formatting omitted). *Alice* holds that the "abstract ideas" category of patent-ineligible subject matter is not limited to "preexisting fundamental truths," but rather extends broadly to ensure patentees cannot claim "building blocks of human ingenuity." *Alice*, 134 S. Ct. at 2354-57 (formatting omitted). *Alice* also categorically establishes that "mere recitation of a generic computer cannot transform a patent-ineligible abstract idea into a patent-eligible invention." *Id.* at 2358.

　　　　*Alice* marks a watershed in § 101 jurisprudence. Courts have interpreted it to announce a "higher bar" for patentability. E.g., *Enfish, LLC v. Microsoft Corp.*, 56 F. Supp. 3d 1167, 1170-73 (C.D. Cal. 2014). Indeed, the Federal Circuit has repeatedly found patent claims to be directed to abstract ideas—and consequently unpatentable—under *Alice's* framework. See, e.g., *Ultramercial, Inc. v. Hulu, LLC*, 772 F.3d 709, 715 (Fed. Cir. 2014); *Intellectual Ventures I LLC v. Capital One Bank (USA)*, No. 2014-1506, --- F.3d ---, 2015 WL 4068798, at *4 (Fed. Cir. July 6, 2015); *Internet Patents Corp. v. Active Network, Inc.*, No. 2014-1048, --- F.3d ----, 2015 WL 3852975, at *5 (Fed. Cir. June 23, 2015); *Content Extraction & Transmission LLC v. Wells Fargo Bank, Nat. Ass'n*, 776 F.3d 1343, 1347 (Fed. Cir. 2014).

Hon. Sue L. Robinson
July 20, 2015
Page 2



    Apple seeks leave to move for summary judgment that the asserted claims of the '430 Patent are invalid under *Alice*. The '430 Patent is directed to using a personal computer, a recording device linked to the computer (i.e., a CD-ROM drive), and software running on the computer to create a playlist of audio/visual tracks and control the recording device to record the playlist. '430 Patent (D.I. 8, Ex. G) at 2:39-54. MMI asserts independent claim 1 and dependent 5 of the '430 Patent. Id. at 7:24-27; 7:17-20.

    The claims of the '430 Patent are directed to the abstract idea of organizing and processing data—specifically, organizing audio files in a playlist and recording that playlist to a storage medium. Many courts have found such data organization schemes to constitute unpatentable abstract ideas under *Alice*. E.g., *Intellectual Ventures*, 2015 WL 4068798, at *4 (claim relating to tailoring web page content based on the viewer's navigation history and information known about the viewer unpatentable under *Alice*); *Internet Patents Corp.*, 2015 WL 3852975, at *5 (claim drawn to "the idea of retaining information in the navigation of online forms" unpatentable under *Alice*); *Content Extraction & Transmission*, 776 F.3d at 1347 (claims drawn to collecting data, recognizing certain data within the collected data set, and storing that recognized data unpatentable under *Alice*); *Cloud Satchel, LLC v. Amazon.com, Inc.*, No. CV 13-941-SLR, 2014 WL 7227942, at *6-9 (D. Del. Dec. 18, 2014) (claims directed to the "identification and retrieval of documents from storage" unpatentable under *Alice*). And claims 1 and 5 do not recite sufficient additional elements to provide an "inventive concept" sufficient to "transform the nature of the claim into a patent-eligible application." *Alice*, 134 S. Ct. at 2355. Rather, they provide high-level steps for a user to record a playlist to a recordable medium using a generic computer, and *Alice* holds that "mere recitation of a generic computer cannot transform a patent-ineligible abstract idea into a patent-eligible invention." Id. at 2358; see also *Intellectual Ventures*, 2015 WL 4068798, at *2 (noting that "a simple instruction to apply an abstract idea on a computer" does not provide "a sufficient inventive concept."). While the patent purports to provide an efficient alternative to the manual creation of a playlist by a user, '430 Patent at 1:59-2:5, "the improved speed or efficiency inherent with applying the abstract idea on a computer" does not provide a sufficient inventive concept. *Intellectual Ventures*, 2015 WL 4068798, at *3.

    A motion for summary judgment is an efficient and proper vehicle for deciding this issue. Whether a claim is drawn to patent-eligible subject matter under § 101 is a threshold inquiry to be determined as a matter of law. *In re Comiskey*, 554 F.3d 967, 975 (Fed. Cir. 2009). Indeed, since *Alice* was decided, it has become increasingly common for courts to decide § 101 issues on the pleadings and on summary judgment. See, e.g., *OIP Technologies, Inc. v. Amazon.com, Inc.*, No. 2012-1696, --- F.3d ----, 2015 WL 3622181, at *4 (Fed. Cir. June 11, 2015) (affirming district court's order granting motion to dismiss); *Cloud Satchel*, 2014 WL 7227942, at *6-9 (granting summary judgment of invalidity). Because a summary judgment motion on these grounds may narrow the issues for trial and, thus, conserve the resources of the Court and the parties, Apple respectfully requests leave to file a motion for summary judgment of invalidity of the asserted claims of the '430 Patent.

Hon. Sue L. Robinson
July 20, 2015
Page 3



### B. Apple Should Be Permitted to Seek Summary Judgment of Invalidity of the '231 Patent Under the Federal Circuit's New Claim Construction and Under the Federal Circuit's Recent *Williamson* Decision

Apple also requests an opportunity to move for summary judgment of invalidity of the '231 Patent based on changes in the law—both in the law of this case and in Federal Circuit jurisprudence. Under the Federal Circuit's decision in this case and in its en banc opinion in *Williamson v. Citrix Online, LLC*, No. 2013-1130, --- F.3d. ----, 2015 WL 3687459 (Fed. Cir. June 16, 2015), the following two claim terms, which are recited in all asserted claims of the '231 Patent, must be construed as means-plus-function terms, and should be found invalid as indefinite due to the specification's failure to disclose sufficient corresponding structure: (1) "an alert sound generator for generating the alert sound when the call is received from the remote caller" and (2) "control means for controlling said alert sound generator."

The '231 Patent discloses a communication device, such as a mobile phone, that permits a user to control a ringtone alert for an incoming call without notifying the caller. '231 Patent (D.I. 8, Ex. C), Abstract. MMI asserts independent claim 12 and dependent claims 2-4.

During claim construction briefing, Apple argued that the terms "an alert sound generator for generating the alert sound when the call is received from the remote caller" and "control means for controlling said alert sound generator" in claim 12 are means-plus-function terms. See D.I. 327 at 7-10. Without reaching Apple's means-plus-functions arguments, the Court granted Apple's motion for summary judgment of non-infringement with respect to the '231 Patent. D.I. 461 at 43-45. The Court held that under its construction of the term "to change a volume of the generated alert sound", there is no infringement, as it is undisputed that the accused iPhones do not reduce, increase, mute, or otherwise change the volume of an alert sound. Id.

MMI appealed. On appeal, the Federal Circuit held that the term "'control means . . . to change a volume of the generated alert sound' encompasses both stopping and reducing the volume of the alert sound," and reversed the Court's non-infringement judgment and remanded for further proceedings consistent with its new construction. *MobileMedia Ideas LLC v. Apple Inc.*, 780 F.3d 1159, 1179-81 (Fed. Cir. 2015). In reaching its determination, the Federal Circuit expressly held that the "control means" term invokes § 112 ¶ 6. Id. at 1180.

Last month, after the *MobileMedia* appeal was decided, the Federal Circuit issued its en banc opinion in *Williamson* which is significant in at least two ways. First, *Williamson* constitutes new law on the issue of when § 112 ¶ 6 applies: overruling ten years of case law to the contrary, *Williamson* holds that there is no "strong" presumption against application of § 112 ¶ 6 to claim terms that do not use the word "means." 2015 WL 3687459 at **6-8. Rather, "[g]eneric terms such as 'mechanism,' 'element,' 'device,' and other nonce words that reflect nothing more than verbal constructs may be used in a claim in a manner that is tantamount to using the word 'means' because they 'typically do not connote sufficiently definite structure.'" Id. at *8.

Second, *Williamson* clarifies what the specification must disclose for claim terms subject to § 112 ¶ 6. *Williamson* holds that "[s]tructure disclosed in the specification qualifies as 'corresponding structure' if the intrinsic evidence clearly links or associates that structure to the

function recited in the claim." 2015 WL 3687459 at **9-10. "Where there are multiple claimed functions. . . the patentee must disclose adequate corresponding structure to perform all of the claimed functions." *Id.*

Apple seeks leave to move for summary judgment that the asserted claims of the '231 Patent are invalid for failure to disclose sufficient structure under *Williamson*, combined with the Federal Circuit's opinion in this case.

In its opinion in this case, the Federal Circuit held that the "control means" term is subject to § 112 ¶ 6. And under *Williamson*, the "alert sound generator" term should also be held subject to § 112 ¶ 6. Like the term "distributed learning control module" at issue in *Williamson*, the "alert sound generator" term employs purely functional language and fails to recite sufficient structure for performing that claimed function: a "generator" does not connote any structure, and a person of ordinary skill in the art would not understand what it constitutes other than any conceivable means of generating a sound. Apple therefore requests leave to argue that "alert sound generator" is also subject to § 112 ¶ 6.

Under the second part of the *Williamson* opinion, both terms—the "control means" term and the "alert sound generator" term—are indefinite because the specification fails to disclose sufficient corresponding structure. The '231 Patent makes only "black box" disclosures regarding both of these limitations. The specification reflexively identifies a box labeled "alert sound generator 13" in Figure 2 as the "alert sound generator," without ever describing the structure of the alert sound generator or explaining how an alert sound generator works. See '231 Patent at Fig. 2, 2:48-52.

The specification similarly identifies a box labeled "CPU 7" and a box labeled "alert on/off controller 13" as the structure for the "control means." '231 Patent at Fig. 2, 2:18-21, 48-52. It never describes the structure of the "alert on/off controller," nor does it explain how the CPU acts as control means to control the alert sound generator. *Williamson* holds that merely disclosing a microprocessor to perform computer-implemented functionality is insufficient—the specification must disclose an algorithm for performing the claimed function. 2015 WL 3687459 at *10; see also *EON Corp. IP Holdings LLC v. AT & T Mobility LLC*, 785 F.3d 616, 621 (Fed. Cir. 2015) (finding patents invalid because they failed to disclose an algorithm for performing various computer-implemented means-plus-function elements). The '231 Patent discloses no algorithm for the function of controlling the alert sound generator. Thus, neither term is sufficiently disclosed in the '231 Patent.

A motion for summary judgment is the most efficient vehicle for deciding these issues, particularly given that the Court is the appropriate arbiter of whether claim language invokes § 112 ¶ 6 and whether sufficient corresponding structure is disclosed. *Williamson*, 2015 WL 3687459, at *9.

*          *          *

Apple respectfully requests leave to move for summary judgment of invalidity of all asserted claims of the '430 and '231 Patents. The Court's resolution of these two motions could significantly narrow the issues remaining for trial.

Hon. Sue L. Robinson
July 20, 2015
Page 5



        Respectfully,

        */s/ Mary B. Matterer*

        Mary B. Matterer (I.D. #2696)
        *mmatterer@morrisjames.com*

MBM/

cc:    All counsel of record (via efiling and email)