IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MOBILEMEDIA IDEAS LLC,      )
                                )
               Plaintiff,     )
                                )
                                )   C.A. No. 10-258 (SLR)(MPT)
         v.                 )
                                )
APPLE INC.,                  )
                                )
              Defendant.    )

**PLAINTIFF MOBILEMEDIA IDEAS LLC'S BRIEF IN OPPOSITION TO
APPLE'S MOTION FOR SUMMARY JUDGMENT OF INVALIDITY
AND NON-INFRINGEMENT OF U.S. PATENT NO. RE 39,231**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
Jeremy A. Tigan (#5239)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
rsmith@mnat.com
jtigan@mnat.com

OF COUNSEL:

Steven M. Bauer
Justin J. Daniels
Safraz W. Ishmael
PROSKAUER ROSE LLP
One International Place
Boston, MA  02110-2600
(617) 526-9600

Kenneth Rubenstein
Anthony C. Coles
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY  10036-8299
(212) 969-3000

*Attorneys for MobileMedia Ideas, LLC*

November 24, 2015

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ...................................................................................................1

NATURE AND STAGE OF THE PROCEEDINGS ....................................................................2

SUMMARY OF THE ARGUMENT ...........................................................................................3

STATEMENT OF FACTS ...........................................................................................................3

ARGUMENT................................................................................................................................3

    I.     APPLICABLE LAW ...................................................................................................3

    II.    THERE ARE DISPUTES OF MATERIAL FACT AS TO WHETHER THE CLAIM TERMS CHALLENGED BY APPLE ARE INDEFINITE..............3

        A.    There are at least disputes of material fact as to whether "alert sound generator for generating an alert sound when the call is received from the remote caller" is indefinite...............................................5

            1.    There is a dispute of material fact as to whether "alert sound generator" is means plus function ..............................5

            2.    There is substantial evidence that the '231 patent discloses more than sufficient structure for "alert sound generator" under either party's claim construction....................................................................................9

        B.    There are at least disputes of material fact as to whether "control means for controlling said alert sound generator" is indefinite ................12

        C.    There are at least disputes of material fact as to whether "RF signal processing means for transmitting and/or receiving radio waves" is indefinite ...................................................................................................13

    III.   THERE ARE AT LEAST DISPUTES OF MATERIAL FACT AS TO WHETHER APPLE's ACCUSED PRODUCTS INFRINGE THE '231 PATENT ......................................................................................................15

        A.    There is at least a dispute of material fact as to whether the accused iPhones practice "alert sound generator for generating the alert sound when the call is received from the remote caller"...........................15

        B.    There is at least a dispute of material fact as to whether the accused iPhones practice "control means for controlling said alert sound generator"...................................................................................................16

CONCLUSION............................................................................................................................18

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Advanced Aerospace Techs., Inc. v. United States*,
   122 Fed. Cl. 445 (2015) ...........................................................................................8

*Ariad Pharm., Inc. v. Eli Lilly and Co.*,
   598 F.3d 1336 (Fed. Cir. 2010) .............................................................................10

*Augme Techs., Inc. v. Yahoo!, Inc.*,
   755 F.3d 1326 (Fed. Cir. 2014) .............................................................................10

*BJ Servs. Co. v. Halliburton Energy Servs., Inc.*,
   338 F.3d 1368 (Fed. Cir. 2003) ...............................................................................4

*Budde v. Harley-Davidson, Inc.*,
   250 F.3d 1369 (Fed. Cir. 2001) .............................................................................15

*Core Wireless Licensing S.A.R.L. v. LG Elecs., Inc.*,
   No. 2:14-CV-0911-JRG, 2015 WL 6956722 (E.D. Tex. Nov. 9, 2015)................8, 9

*Cox Commc'ns Inc., et al. v. Sprint Commc'ns Co.*,
   No. 12-487-SLR, 2015 WL 2338091 (D. Del. May 15, 2015) ...............................11

*E.I. DuPont De Nemours & Co. v. Millennium Chemicals., Inc.*,
   No. C.A. 97-237-SLR, 1999 WL 615164 (D. Del. Aug. 2, 1999) ...........................4

*Eli Lilly & Co. v. Barr Labs., Inc.*,
   251 F.3d 955 (Fed. Cir. 2001) .................................................................................3

*ePlus, Inc v. Lawson Software, Inc.*,
   700 F.3d 509 (Fed. Cir. 2012) ...............................................................................10

*Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*,
   796 F.3d 1312 (Fed. Cir. 2015) .......................................................................10, 11

*Fortinet, Inc. v. Sophos, Inc.*,
   C.A. No. 13-5831, 2015 WL 6513655 (N.D. Cal. Oct. 28, 2015) ...........................5

*Halliburton Energy Servs. v. M-I LLC*,
   514 F.3d 1244 (Fed. Cir. 2008) .............................................................................11

*Innovative Scuba Concepts, Inc. v. Feder Indus., Inc.*,
   26 F.3d 1112 (Fed. Cir. 1994) .................................................................................3

*Interval Licensing LLC v. AOL, Inc.*,
  766 F.3d 1364 (Fed. Cir. 2014)......................................................................................11

*ISCO Int'l, Inc. v. Conductus, Inc.*,
  No. C.A. 01-cv-487-GMS, 2003 WL 279561 (D. Del. Feb. 10, 2003) ...................................4

*Lifeport Sciences LLC v. Endologix, Inc.*,
  No. 12-1791, 2015 WL 4141819 (D. Del. July 9, 2015) ...........................................................8

*Lighting Ballast Control LLC v. Philips Elecs. N. Am. Corp.*,
  790 F.3d 1329 (Fed. Cir. 2015)..................................................................................10, 11

*M2M Sols. LLC v. Sierra Wireless Am., Inc.*,
  No. CV 12-30-RGA, 2015 WL 5826816 (D. Del. Oct. 2, 2015)...............................................6

*MeadWestVaco Corp. v. Rexam Beauty and Closures, Inc.*,
  731 F.3d 1258 (Fed. Cir. 2013)........................................................................................4

*MobileMedia Ideas, LLC v. Apple Inc.*,
  780 F.3d 1159 (Fed. Cir. 2015).......................................................................................13

*Monsanto Co. v. Scruggs*,
  459 F.3d 1328 (Fed. Cir. 2006).......................................................................................16

*Nautilus, Inc. v. Biosig Instruments, Inc.*,
  134 S. Ct. 2120 (2014)................................................................................................4, 10

*Personalized Media Communications, LLC v. Int'l Trade Com'n*,
  161 F.3d 696 (Fed. Cir. 1998)...........................................................................................8

*Teva Pharm. USA, Inc. v. Sandoz, Inc.*,
  789 F.3d 1335 (Fed. Cir. 2015)...........................................................................................4

*Trusted Knight Corp. v. Int'l Bus. Mach. Corp.*,
  C.A. No. 14-1063-LPS, 2015 WL 7307134 (D. Del. Nov. 19, 2015) .......................................4

*Typhoon Touch Techs., Inc. v. Dell, Inc.*,
  659 F.3d 1376 (Fed. Cir. 2011).......................................................................................13

*Vantage Point Tech., Inc. v. Amazon.com, Inc.*,
  No. 2:13-cv-909-JRG, 2015 WL 575167 (E.D. Tex. Feb. 11, 2015) ......................................8

*Williamson v. Citrix Online, LLC*,
  792 F.3d 1339 (Fed. Cir. 2015)................................................................................. passim

*Young v. Lumenis, Inc.*,
  492 F.3d 1336 (Fed. Cir. 2007)...........................................................................................4

**STATUTES**

35 U.S.C. § 282................................................................................................................................4

**OTHER AUTHORITIES**

Fed. R. Civ. P. 56(a) ......................................................................................................................3

Local Rule Civ. P. 5(a)(3)............................................................................................................19

## PRELIMINARY STATEMENT

MobileMedia's U.S. Patent No. RE 39,231 ("the '231 patent"), developed by Sony Corporation at the advent of the smartphone revolution in the mid-1990s, is directed to an apparatus for silencing the alert sound of a communication terminal (such as a cellphone) that receives a call without notifying the caller.  The call receiving device includes an alert sound generator, and an operation key with associated hardware and software, that silences the alert sound for an incoming call, without either abruptly canceling the call or silencing future calls. D.I. 578, Declaration of Luann Simmons Ex. A, ("'231 patent") 1:12-15, 1:34-46, 2:48-52, 3:39-51.

MobileMedia asserts that Apple's iPhones infringe claims 2, 3, 4 and 12.  (The text of those claims is reproduced in an attachment hereto.)  Apple moves for summary judgment of invalidity arguing that three limitations of the claims are indefinite:  (1) "alert sound generator for generating an alert sound when the call is received from the remote caller," (2) "control means for controlling said alert sound generator," and  (3) "RF signal processing means for transmitting and/or receiving radio waves."  Apple also argues non-infringement as to the first two of those terms.

With respect to Apple's indefiniteness arguments, summary judgment should be denied because in this case there are clear factual disputes underlying the indefiniteness determination and Apple has failed to provide clear and convincing evidence that those disputes should be resolved in its favor.  *See infra* § II.

With respect to Apple's non-infringement claims, Apple does not deny that the infringing elements are in the iPhone. Instead, Apple argues that MobileMedia's experts failed to adequately point to the evidence of infringement.  But, there is more than sufficient evidence in MobileMedia's expert report showing this infringement, including his identification for example, of elements in source code, schematics and user manuals. *See infra* § III.

Apple's summary judgment motion should be denied.

## NATURE AND STAGE OF THE PROCEEDINGS

During the liability phase of this case, Apple filed a motion for partial summary judgment of non-infringement of the '231 patent, arguing only that its products did not infringe the asserted claims.  In contrast, Apple never sought summary judgment on any issue relating to the validity of the '231 patent. D.I. 328, D.I. 323.  In particular, with respect to the three claim terms that Apple now challenges, neither Apple in submissions to the Court (including the Pretrial Order, D.I. 459), nor its expert, ever contended that the '231 patent or any of its claim terms were indefinite.   That is the case even though Apple's experts opined with respect to indefiniteness on other patents.  In other words, indefiniteness was never previously raised in this case regarding the '231 patent, even though Apple had every opportunity to do so.[1]

On November 8, 2012, this Court issued its claim construction and summary judgment opinion, granting Apple summary judgment of non-infringement based on its construction of one term.  D.I. 461 at 44-45.   The Federal Circuit vacated that summary judgment ruling and remanded for further proceedings. *Id.* at 1181.

On remand, Apple requested leave to file a new motion for summary judgment as to the '231 patent to advance arguments under the Federal Circuit's decision in *Williamson v. Citrix Online, LLC*, 792 F.3d 1339 (Fed. Cir. 2015), which MobileMedia opposed.  D.I. 567; 570.  On remand, this Court invited additional briefing as to how to proceed on the '231 patent.  D.I. 571.  In response to this, Apple filed a motion for summary judgment of non-infringement and invalidity as

---

[1]     In recent filings, Apple told the Court that it was entitled to raise indefiniteness now because the Federal Circuit's decision in *Williamson v. Citrix Online, LLC*, 792 F.3d 1339 (Fed. Cir. 2015), purportedly constituted a "change[] in the law."  D.I. 567 at 3.  Yet the only law that was arguably changed by *Williamson* was the standard by which a term should be considered means plus function.  That, however, is not an issue as to two of the three terms challenged here, because the parties agreed in 2012 that those two terms *were* means plus function.  Apple had its chance as to those two terms, and should not be raising the arguments now.

to the '231 patent, going beyond the scope of what it had requested permission to file.  D.I. 578.

## SUMMARY OF THE ARGUMENT

1.     There are genuine disputes of material fact with respect to invalidity of the asserted claims of the '231 patent.  *See infra* § II.

2.     There are genuine disputes of material fact with respect to non-infringement of the '231 patent.  *See infra* § III.

## STATEMENT OF FACTS

The relevant facts are provided in the body of this memorandum, as necessary.

## ARGUMENT

### I.     APPLICABLE LAW

A court may only grant summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In addition, because all patents enjoy a presumption of validity, the party challenging a patent's validity "bears the burden of proving invalidity by clear and convincing evidence."  *Innovative Scuba Concepts, Inc. v. Feder Indus., Inc.*, 26 F.3d 1112, 1115 (Fed. Cir. 1994).  Consequently, "a moving party seeking to invalidate a patent at summary judgment must submit such clear and convincing evidence of invalidity so that no reasonable jury could find otherwise." *Eli Lilly & Co. v. Barr Labs., Inc.*, 251 F.3d 955, 962 (Fed. Cir. 2001).

### II.    THERE ARE DISPUTES OF MATERIAL FACT AS TO WHETHER THE CLAIM TERMS CHALLENGED BY APPLE ARE INDEFINITE

Apple argues that three limitations in independent Claim 12 of the '231 patent are indefinite: (1) "alert sound generator for generating the alert sound when the call is received from the remote caller"; (2) "control means for controlling said alert sound generator," and (3) "RF signal processing means for transmitting and/or receiving radio waves."

A patent is indefinite only "if its claims, read in light of the specification delineating the patent, and the prosecution history, fail to inform, with reasonable certainty, those skilled in the art about the scope of the invention." *Teva Pharm. USA, Inc. v. Sandoz, Inc.*, 789 F.3d 1335, 1340-41 (Fed. Cir. 2015) (citing *Nautilus, Inc. v. Biosig Instruments, Inc.*, 134 S. Ct. 2120, 2124 (2014)).

While "[i]ndefiniteness is a question of law[,] … [t]he facts underlying an indefiniteness determination must be proved by clear and convincing evidence." *See Young v. Lumenis, Inc.*, 492 F.3d 1336, 1347 (Fed. Cir. 2007); 35 U.S.C. § 282; *see also Nautilus, Inc. v. Biosig Instruments, Inc.*, 134 S. Ct. 2120, 2130 n.10 (2014)." *Trusted Knight Corp. v. Int'l Bus. Mach. Corp.*, C.A. No. 14-1063-LPS,   2015 WL 7307134, *8 (D. Del. Nov. 19, 2015).   "Like enablement, definiteness, too, is amenable to resolution by the jury where the issues are factual in nature." *BJ Servs. Co. v. Halliburton Energy Servs., Inc.*, 338 F.3d 1368, 1372 (Fed. Cir. 2003).   On summary judgment it is "<u>legally erroneous</u> to view the facts in favor of the [movant]." *MeadWestVaco Corp. v. Rexam Beauty and Closures, Inc.*, 731 F.3d 1258, 1270 (Fed. Cir. 2013) (emphasis added) (upholding denial of summary judgment on indefiniteness).

Summary judgment of indefiniteness should be denied when the movant has failed to offer clear and convincing evidence that there are no disputes of material fact, including on the question of what those skilled in the art would have understood at the time.   In *E.I. DuPont De Nemours & Co. v. Millennium Chemicals., Inc.*, No. C.A. 97-237-SLR, 1999 WL 615164, at *3 (D. Del. Aug. 2, 1999) (summary judgment denied because "defendant has failed to demonstrate the absence of genuine issues of material fact with respect to whether one skilled in the art would understand the disputed terms"); *ISCO Int'l, Inc. v. Conductus, Inc.*, No. C.A. 01-cv-487-GMS, 2003 WL 279561, at *7 (D. Del. Feb. 10, 2003) (summary judgment of indefiniteness denied because defendant "presents no evidence as to how one skilled in the art would understand claim

10 in light of the specification.  Absent such evidence, … the court cannot conclude that there is no genuine issue of material fact.")

A good example is the recent California decision in *Fortinet, Inc. v. Sophos, Inc.*, C.A. No. 13-5831, 2015 WL 6513655 (N.D. Cal. Oct. 28, 2015), where Fortinet (the accused infringer) had argued that the means plus function term "means in a first data processor ... for providing a second data processor ... with a copy" was invalid as indefinite.  *Id.* at *4.  The court rejected the argument because Fortinet had failed to come forward with evidence proving that the data processor required special programming rather than serving as a general purpose processor:

> But for Fortinet to prevail at summary judgment, it must show that there is clear and convincing evidence that the claimed function (i.e., providing a copy from one processor to another) is a function that can only be accomplished through special programming.  In contrast to *EON*, where there was expert testimony that the claims at issue recited complicated, customized computer software, here, Fortinet has not offered any evidence, expert or otherwise.  This is especially troubling given that, as *Katz* indicates, copying and sending are arguably functions that can be accomplished by a general purpose computer.  <u>Accordingly, the Court denies Fortinet's motion for summary judgment on this issue.  This ruling, however, does not bar Fortinet from later arguing indefiniteness (a legal question which may or may not be informed by disputed facts) at trial.</u>

*Id.* at *8 (emphasis added).

Here, Apple has failed to meet its burden of showing that the structure identified in the patent was not sufficient for a person of ordinary skill in the art to understand.  In fact, like in *Fortinet*, it has no expert opinion at all.  To the contrary, MobileMedia has established, at a minimum, that genuine disputes of material fact exist as to each of the three challenged terms.

**A.     There are at least disputes of material fact as to whether "alert sound generator for generating an alert sound when the call is received from the remote caller" is indefinite**

**1.     There is a dispute of material fact as to whether "alert sound generator" is means plus function**

Apple argues that the "alert sound generator …" limitation is a means plus function

limitation.[2]  There is, at a minimum, a dispute of material fact on this question.

When a claim does not use the word "means" and "the words of the claim <u>are understood</u> <u>by persons of ordinary skill in the art</u> to have a sufficiently definite meaning as the name for structure," then the term is not considered means plus function.  *Williamson v. Citrix Online, LLC*, 792 F.3d 1339, 1349 (Fed. Cir. 2015) (emphasis added).  The determination of whether a claim term should be subject to § 112, ¶ 6 involves underlying questions of fact.  Indeed, where a party fails to put forth such evidence, courts have found that that party failed to overcome the presumption against application of § 112, ¶ 6.  For example, in *M2M Sols. LLC v. Sierra Wireless Am., Inc.*, No. CV 12-30-RGA, 2015 WL 5826816, at *4 (D. Del. Oct. 2, 2015), plaintiff presented expert testimony "support[ing Plaintiff's] assertion that the entire claim limitation recites sufficient structure for a person of skill in the art to be 'able to write a software program for implementing such an algorithm'."  *Id.* at *4.  Defendants, on the other hand, "present[ed] no expert testimony to prove that person of skill in the art would not understand the claim limitation as providing sufficient structure."  *Id.*  On such a record, the Court held that "[d]efendants do not establish by any evidence – let alone clear and convincing evidence – that the above claim limitation does not provide sufficient [] structure.  … [T]hey have failed to overcome the presumption that the claim is not subject to § 112, ¶ 6."  *Id.*

Here, the claim does not use the term "means," and there is substantial evidence that the term "generator" was well-understood by persons of ordinary skill in the art to be the name for structure.  For example, Dr. Meldal testifies that the term would have been understood by persons of ordinary skill in the art to have a sufficiently definite meaning, namely, an electronic

---

[2]      Apple contends that the claimed functions of this alert sound generator are (1) "generating an alert sound when the call is received from the remote caller" and (2) "changing a volume of the generated alert sound only for the received call when controlled by the control means to do so."

circuit, including a speaker or vibrator, that was capable of generating sounds, as well as stopping the generation of such sounds. Meldal Decl. ¶ 16-21. He attests that "[a]t the time of filing of the '231 patent, the term 'generator' when preceded by the word 'sound,' or words that describe sounds, was understood by persons of ordinary skill in the art to refer to an electronic circuit, including a speaker or vibrator, that was capable of generating sounds, as well as stopping the generation of such sounds." Meldal Decl. ¶ 16. Dr. Meldal notes the prolific use of "generator" in contemporaneous documents – including in electronics catalog and hobbyist publications at the time – in precisely this context with this meaning. *See, e.g.,* U.S. Patent No. 5,657,372 ("ring signal <u>generator</u>") Fig. 2, 6:35-45, 9:51-54, 10:20-25 and 10:52-57; U.S. Patent No. 5,191,607 ("ring tone <u>generator</u>") Fig. 1, 2:3-7; EP Patent Application No. 275,193 A2 ("ring signal <u>generator</u> 3"), Fig 2, 2:39-54; U.S. Patent No. 6,125, 264 ("Watanabe") ("sound <u>generator</u>," "calling sound <u>generator</u>") 1:10-16, 4:7-22, 4:32-55, 7:22-29; Radio Shack Catalog 1979, p. 101 (Texas Instruments SN76477N "Complex <u>Sound Generator</u>"); B.A. Paturzo, "IC Applications: 1-IC Programmable," Radio-Electronics, April 1981, p. 56-61, at p. 57 (General Instruments AY-3-8910 and AY-3-8912 "Programmable <u>Sound Generator</u>"). Meldal Decl. ¶ 16. As such, Dr. Meldal explains that the terms "sound generator" and "alert sound generator" were well-understood electronic circuit structures. Meldal Decl. ¶¶ 18-19.

Further, Apple offers no evidence addressing the issue besides three dictionary definitions of the word "generator" (not "sound generator") and a portion of its expert, Dr. Ravin Balakrishnan's, report addressing whether the patent is invalid, not for indefiniteness, but for lack of written description. Apple Br. 8 (citing Simmons Decl. Ex. D ¶¶ 121-123). That same expert also admitted that the "alert sound generator" is a "mechanism for creating the sound itself … in other words, the speaker and the signal that needs to be generated in order to provide

[a] transducer with the ability to create that particular sound," and not a function. Declaration of Laura Stafford, Ex. A, April 26, 2012 Balakrishnan Deposition at 117:17-118:12. Apple's failure to present relevant testimony leaves this Court with no evidence on which to overcome the presumption against means plus function claiming.

Apple's argument that a more definite structure must be conveyed has no support in the law. For example, in *Personalized Media Communications, LLC v. Int'l Trade Com'n*, 161 F.3d 696, 705 (Fed. Cir. 1998), the Federal Circuit held that "neither the fact that a 'detector' is defined in terms of its function, nor the fact that the term 'detector' does not connote a precise physical structure in the minds of those of skill in the art detracts from the definiteness of structure. … [The term] does convey to one knowledgeable in the art a variety of structures known as 'detectors'." Similarly, the term "alert sound generator" would evoke, in the mind of one of ordinary skill in the art, one of several structures that can be used to generate alert sounds for telephones, as well as stop the generation of such sounds as noted above.[3] Likewise, in *Core Wireless Licensing S.A.R.L. v. LG Elecs., Inc.*, No. 2:14-CV-0911-JRG, 2015 WL 6956722, at *17-18 (E.D. Tex. Nov. 9,

---

[3] Apple also argues that the term is functional on the basis of an invented rule against "rewr[iting] the claimed function as a noun." D.I. 578 at 8. But in both of the cases Apple cites, the claimed "structure" lacked any clear structural reference. The expert in *Lifeport Sciences LLC v. Endologix, Inc.*, No. 12-1791, 2015 WL 4141819, at *5 n. 8 (D. Del. July 9, 2015), could only opine that an introducer "refers to a system commonly used in the field … [that] can be designed in any number of ways." Claim 12's alert sound generator, by contrast, can only be an electronic circuit, including a speaker or vibrator, that was capable of generating sounds, as well as stopping the generation of such sounds. There is a clear structural boundary here that was lacking in *Lifeport*. *Vantage Point Tech., Inc. v. Amazon.com, Inc.*, No. 2:13-cv-909-JRG, 2015 WL 575167, at *16-18 (E.D. Tex. Feb. 11, 2015), is even further from the mark. There, plaintiff could not identify any "snooper structure" or demonstrate that "a snooper is a well-known structure in the relevant art," instead relying on passages referring to "snooping" and a "snoop capability." *Id.* Here, by contrast, both parties' experts were able to recognize what an "alert sound generator" would be, supporting the proposition that an "alert sound generator" is a well-known structure in the relevant art. In fact, other post-*Williamson* authority demonstrates that Apple's purported "rule" does not hold water. In *Advanced Aerospace Techs., Inc. v. United States*, 122 Fed. Cl. 445, 478 (2015), the Court found that "[t]he fact that 'sensor' in claim 5 is described in functional terms … does not demonstrate[] that the claim term fails to recite sufficiently definite structure or else recites function without reciting sufficient structure for performing that function."

2015), the Court also rejected an argument for the application of § 112, ¶ 6, noting that "though Defendants provide attorney argument that 'circuitry' is a nonce word, defendants have not pointed to persuasive evidence that the term 'circuitry' does not connote structure to one skilled in the art." *Id.* at \*17.[4]

### 2. There is substantial evidence that the '231 patent discloses more than sufficient structure for "alert sound generator" under either party's claim construction

Using its means plus function claim construction, Apple argues that the "alert sound generator" claim term is indefinite because the '231 patent disclosure is limited to a "black box" labeled "alert sound generator 13" in Figure 2 and therefore does not provide sufficient description of the structure for performing the claimed functions.  Apple Br. 9-12.  Alternatively, Apple argues that the claim term is indefinite under MobileMedia's proposed construction because it would cover any mechanism capable of generating an alert sound.  *Id.* at 12-13.  There is at least a question of fact under either party's claim construction as to whether the specification provides an adequate disclosure for this claim term.

**Apple's New Means Plus Function Construction**

In addition to all of the testimony Dr. Meldal has given with respect to how the terms "sound generator" and "alert sound generator" were well-understood electronic circuit structures, referring to the '231 patent specification 2:48-52 and 3:39-46, Dr. Meldal attests that "[a]ccording to the specification of the '231 patent, the alert sound generator 13 of Figure 2 performs the two functions alleged by Apple."  *Id.* ¶ 17. Therefore, the disclosure of "alert sound generator 13" in Figure 2 is adequate corresponding structure to achieve the claimed function and informs a person

---

[4]    Nor does Dr. Meldal's reference to the "alert sound generator" as a "mechanism" prove the contrary.  The *Williamson* citation provided by Apple asserts that the word "mechanism" can be a "nonce word" in the context of a claim limitation. *Williamson* hardly stands for the proposition that <u>all</u> uses of "mechanism" are nothing more than nonce words, devoid of any structural reference.

skilled in the art about the scope of the invention with reasonable certainty. *Id.* ¶ 18.

In contrast, Apple has no evidence from its expert on the question of indefiniteness. Its only testimony concerns the written description requirement, which concerns a distinct inquiry and an entirely different statutory provision.[5] Courts have regularly found the existence of a factual dispute which precludes summary judgment of indefiniteness where, as here, the moving party has failed to provide expert testimony demonstrating that one skilled in the art would be unable to discern the scope of the invention. For example, in *Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, 796 F.3d 1312 (Fed. Cir. 2015), in response to a challenge that the patent claims were invalid for indefiniteness, plaintiff put forth expert testimony concluding "that a person of ordinary skill in the art would understand" how certain measurements recited in the claims could be obtained. *Id.* at 1318. Defendant "offer[ed] nothing to contest this explanation," and consequently, the Federal Circuit held that the patent was not indefinite. *Id.* at 1319. Similarly, in *Lighting Ballast Control LLC v. Philips Elecs. N. Am. Corp.*, 790 F.3d 1329 (Fed. Cir. 2015), the Federal Circuit upheld a district court's denial of a motion for summary judgment of indefiniteness, noting that "the unchallenged expert testimony" supported a finding that the term at issue conveyed sufficient structure. *Id.* at 1339, 1339.[6]

---

[5]     *Cf. Ariad Pharm., Inc. v. Eli Lilly and Co.*, 598 F.3d 1336, 1351 (Fed. Cir. 2010) ("the test for sufficiency [of the written description] is whether the disclosure of the application relied upon reasonably conveys to those skilled in the art that the inventor had possession of the claimed subject matter as of the filing date"); *Nautilus*, 134 S. Ct. at 2124 ("[A] patent is invalid for indefiniteness if its claims, read in light of the specification delineating the patent, and the prosecution history, fail to inform, with reasonable certainty, those skilled in the art about the scope of the invention.").

[6]     Apple's cited cases are inapposite. In *Augme Techs., Inc. v. Yahoo!, Inc.*, 755 F.3d 1326, 1338 (Fed. Cir. 2014), the Federal Circuit addressed whether an algorithm was sufficiently disclosed, rather than analyzing whether the specification provided any corresponding structure. And in *ePlus, Inc v. Lawson Software, Inc.*, 700 F.3d 509, 518 (Fed. Cir. 2012), the _only_ structure provided in the patent for the disclosed function was a box labeled "purchase orders," which does not even purport to connote structure. By contrast, the '231 patent clearly discloses a component – the alert sound
(Continued . . .)

**MobileMedia's Claim Construction**

Apple next argues that the term "alert sound generator" is also indefinite under MobileMedia's proposed construction, saying that that construction fails to define objective boundaries of claim scope, because it would cover any mechanism capable of generating an alert sound. But here again, Apple's argument is meritless. As described above, the term "alert sound generator" does in fact refer to a clear structural component: in the context of a cellular phone, this term was understood by persons of ordinary skill in the art to refer to an electronic circuit, including a speaker or vibrator, that was capable of generating sounds, as well as stopping the generation of such sounds. Meldal Decl. ¶ 16-21. Consequently, the term viewed in light of the specification and prosecution history informs those skilled in the art about the scope of the invention with reasonable certainty. It cannot be, as Apple threatens in its brief, literally anything that creates a loud sound. D.I. 578 at 12. Rather, viewed within the context of the specification and the field of art of the invention, the term refers to an electronic circuit, including a speaker or vibrator, that was capable of generating sounds, as well as stopping the generation of such sounds, namely, an alert sound in a phone.[7]

---

(. . . continued)

generator 13 – that would have been known to those of ordinary skill in the art as an electronic circuit, including a speaker or vibrator, that was capable of generating an alert sound, as well as stopping the generation of such sounds, for a telephone.

[7] The cases on which Apple relies are not to the contrary. The term at issue in *Interval Licensing LLC v. AOL, Inc.*, 766 F.3d 1364, 1371 (Fed. Cir. 2014), "unobtrusive manner," was "highly subjective" and "provide[d] little guidance to one of skill in the art." The term "unobtrusive manner" clearly does not connote structure, as "alert sound generator" does. Similarly, in *Cox Commc'ns Inc., et al. v. Sprint Commc'ns Co.*, No. 12-487-SLR, 2015 WL 2338091, at *6 (D. Del. May 15, 2015), the proposed construction simply described the term by reference to its function, proposing that the term "processing system" be construed to mean "a system that processes signaling to assist in call control." By contrast, MobileMedia has provided a clear, definite structural explanation for what the term "alert sound generator" signifies. Apple's reference to *Halliburton Energy Servs. v. M-I LLC*, 514 F.3d 1244, 1255 (Fed. Cir. 2008) is no more helpful to its cause; there, the Court found a claim indefinite largely because of the patentee's inability to sufficiently distinguish its invention from the prior art.

Like in *Ethicon* and *Lighting Ballast*, Apple's failure to rebut the credible expert testimony provided by MobileMedia requires that this Court deny Apple's request for summary judgment of indefiniteness, as factual disputes remain.  Because Apple has presented no expert testimony to support its argument that the claim terms at issue are indefinite – and MobileMedia has presented credible testimony demonstrating that one skilled in the art is able to discern the scope of the invention with reasonable certainty – a genuine issue of material fact exists sufficient to defeat Apple's motion for summary judgment.

**B.     There are at least disputes of material fact as to whether "control means for controlling said alert sound generator" is indefinite**

Apple alleges that this limitation should be interpreted to require as structure the communication terminal's CPU, which Apple alleges is a general purpose processor, the alert sound generator on/off controller, and an algorithm for performing the claimed function of controlling the alert sound generator to change a volume of the generated alert sound.  Apple Br. 13-14.  Apple alleges that the specification discloses no such algorithm, and therefore, this claim term is indefinite.

 MobileMedia has established that there is a question of fact as to whether a person skilled in the art would find the required algorithm disclosed in the '231 patent specification.

If a means plus function claim element is directed to a general purpose processor, the specification must disclose an algorithm for performing the claimed function.  Dr. Meldal attests that a person skilled in the art would find the required algorithm disclosed in one or more of the following portions of the '231 patent referenced in *MobileMedia*, 780 F.3d at 1180: 2:49-55, 3:3-6, 4:36-43, 5:7-11, Figures 3 and 4; and/or one or more of the following additional portions of the '231 patent specification: 2:48-49, 3:11-14, 3:16-30, 3:39-46, 3:52-56 and 4:43-60. Meldal Decl. ¶ 29-30.

Further, Apple's repeated insistence that the specification "fails to describe how the general-purpose processor ... interacts with and controls the alert sound generator on/off controller" and "fails to disclose … an algorithm" appears to demand that nothing less than disclosure of the source code implementing a computer's tasks would be sufficient – but this is plainly not the law.  *See, e.g.*, *Typhoon Touch Techs., Inc. v. Dell, Inc.*, 659 F.3d 1376, 1384 (Fed. Cir. 2011) ("For computer-implemented procedures, the computer code is not required to be included in the patent specification.").  An algorithm may be expressed as a mathematical formula, in prose, or in any other manner that provides sufficient structure.  *Williamson*, 792 F.3d at 1352.  And, as the Federal Circuit recognized, the '231 patent does just that. The Federal Circuit noted "[i]n response to the depression of the phone's power key, the specification indicates that the CPU and on/off controller can 'stop the generation of the alert sound.' *Id.* at 3:3-6; *see also id.* at 2:49-52.  As an alternative, the specification indicates that depression of the power key can instead result in the 'volume of an alert sound being reduced.' *Id.* at 4:37-43, 5:7-11. *Compare id.* at Fig. 3 (stopping a sound), *with id.* at Fig. 4 (reducing a volume)."  One or more of '231 patent Figs. 3, 4, 3:3-6, 2:53-55, 4:36-43 and 5:7-11—all referenced by the Federal Circuit Court in *MobileMedia*, 780 F.3d at 1180—discloses sufficient algorithm to define the structure and make the bounds of the claim understandable, namely, by state transition schematic diagrams and descriptions of the operation of the CPU 7 and alert on/off controller 12.  *See also* '231 patent 2:48-49; 3:11-14, 3:16-43, 3:39-46, 3:52-56, and 4:43-60.   That is more than sufficient evidence to show that the term is sufficiently definite.

## C.  There are at least disputes of material fact as to whether "RF signal processing means for transmitting and/or receiving radio waves" is indefinite

The parties agree that the structure for this means plus function limitation is "RF signal processing circuitry" and that the function is "transmitting and/or receiving radio waves".  Apple

argues for the first time that the "RF signal processing means …" limitation is indefinite because the disclosure of structure is limited to a "black box" labeled "RF signal processing 10" in Figure 2, and as such does not provide sufficient description of the structure for performing the claimed functions.

MobileMedia has established that there is a question of fact as to whether the '231 patent specification provides an adequate disclosure of the structure "RF signal processing circuitry" corresponding to the claimed function for the claim to be definite. Specifically, Dr. Meldal testifies that "[a] person having ordinary skill in the art would understand from the descriptions in the '231 patent specification [1:58-60, 2:29-47 and Figure 2] that the 'RF signal processing' portion 10 is RF signal processing circuitry, i.e., an RF signal processor." Meldal Decl. ¶ 33. Dr. Meldal also testifies that "[a]t the time of filing of the '231 patent, "RF signal processing portion" (alternatively, "RF signal processing circuitry" or "RF signal processor") was understood by persons of ordinary skill in the art to refer to an electronic circuit that was capable of processing, e.g., transmitting and/or receiving, radio waves or radio frequency signals." *Id.* ¶ 34. RF signal processing circuitry, such as an RF signal processor, was a well-known component at the time of filing of the '231 patent, as evidenced by the prolific usage of such term in connection with the wireless phones. *See, e.g.*, U.S. Patent No. 5,737,687 at 1:32-37 ("a digital wireless telephone system includes…an RF transceiver system including…RF signal processing circuitry."); U.S. Patent No. 5,749,057 at 3:15-19 ("In the portable telephone 100 circuit…an RF signal processor 104 transmits or receives these bass band signals."); U.S. Patent No. 5,014,346 at Abstract ("A rotatable contactless RF signal coupler, which couples RF signals between an antenna and an RF signal processor in a portable radio, along with an antenna capable of operating in two modes."); and U.S. Patent No. 6,125,264 at 2:38-47, 3:6-12 ("a signal received at

- 14 -

antenna 1is…supplied to RF signal processor 3[]  in which a signal of a predetermined transmission channel is frequency-converted to an intermediate frequency (IF) signal. … The frequency converted signal from the RF signal processor 3 is…supplied to the antenna 1, from which it is transmitted via radio waves.")  Meldal Decl. ¶ 35.  This is nothing more than a readily recognizable and available component to those of ordinary skill in the art.  Where a claim term refers to a readily available component such as this, no further description is required. *See Budde v. Harley-Davidson, Inc.*, 250 F.3d 1369, 1381 (Fed. Cir. 2001) (upholding district court decision finding that a vacuum sensor described as "commercially available" provided sufficient structure for one of skill in the art).

Apple has no countervailing evidence.  Therefore, there is at least a question of fact as to whether the disclosure of the "RF signal processing" portion 10 is an adequate disclosure corresponding to the claimed function for the claim to be definite.

## III.   THERE ARE AT LEAST DISPUTES OF MATERIAL FACT AS TO WHETHER APPLE'S ACCUSED PRODUCTS INFRINGE THE '231 PATENT

Apple also reasserts arguments it made in the earlier round of summary judgment briefing as to the sufficiency of MobileMedia's expert's infringement analysis.  These arguments fare no better now than they did previously.  As MobileMedia made clear in its earlier briefing, its expert, Dr. Meldal, provided more than sufficient support for his infringement opinions.

### A.   There is at least a dispute of material fact as to whether the accused iPhones practice "alert sound generator for generating the alert sound when the call is received from the remote caller"

Apple alleges that MobileMedia failed to show the structure in the accused iPhones covered by this claim limitation under either party's claim construction.[8]

---

[8]   Apple contends that "alert sound generator is a means plus function element with the structure of "alert sound generator" and the functions (1) "generating an alert sound when the
(Continued . . .)

- 15 -

MobileMedia has established that there is a dispute of fact on this point.  To prove infringement, MobileMedia must show that the properly interpreted claim covers the accused device.  *Monsanto Co. v. Scruggs*, 459 F.3d 1328, 1334 (Fed. Cir. 2006).  A means plus function claim element is literally infringed when the structure in the accused device is (1) "identical or equivalent to the corresponding structure in the specification" and (2) "perform[s] the identical function recited in the claim."  *MobileMedia*, 780 F.3d at 1170.  Dr. Meldal identifies the iPhones' receiver, audio codec, audio interface and speaker as structure in the iPhones that is identical or equivalent to the structure in the '231 patent identified by Apple that performs the identical functions identified by Apple.  Alternatively, he identifies these same structures in the iPhone as covered by MobileMedia's claim construction of this term.  Meldal Decl. Ex. A ¶¶ 318-319. He also identifies iPhone user manuals disclosing the receiver and speaker, as well as iPhone schematics disclosing the audio codec and audio interface and precise portions of Apple's source code.   Meldal Decl. Ex. A ¶ 320-322.  Dr. Meldal has shown the structure in the accused iPhones covered by this claim limitation under either party's claim construction, raising at least a dispute of material fact.

**B.    There is at least a dispute of material fact as to whether the accused iPhones practice "control means for controlling said alert sound generator"**

Apple alleges that MobileMedia failed to show which structure in the accused iPhones is covered by this limitation.

MobileMedia has established that there is a question of fact on this point.  Dr. Meldal

---

(. . . continued)
call is received from the remote caller" and (2) "changing a volume of the generated alert sound only for the received call when controlled by the control means to do so."  MobileMedia contends that "alert sound generator" is "a sound generator capable of generating an alert sound when a call is received from the remote caller."

identified in his first expert report structures that are identical or equivalent to the corresponding structures in the specification for performing the identical functions recited under Apple's new claim construction.  Dr. Meldal specifically identified the iPhone's central processing unit, audio codec and supporting software and circuitry meeting this claim limitation under Apple's claim construction.  Dr. Meldal also identifies the central processing unit and source code executed to perform the function of "controlling [the] alert sound generator" as part of the "control means" under such claim construction.  These are also for "controlling the alert sound generator to change a volume of the generated alert sound."  Dr. Meldal also identifies specific pages of Apple product schematics where the elements were illustrated, as well as precise portions of Apple's source code." See Meldal Dec Ex. A at ¶ 321-322.[9]  Therefore Dr. Meldal has shown the structure in the iPhones that is identical or equivalent to the structure of this claim term under both claim constructions, including the algorithm required under Apple's claim construction. Furthermore, Dr. Meldal identified these same structures, noted in paragraphs 38-39 of his Declaration, and that he identified in his first expert report, are identical or equivalent to the corresponding structure in the specification for performing the identical functions recited in the claim under Federal Circuit Court's construction.

---

[9]       As discussed above in Section II.B, Apple's interpretation requires an algorithm.

## <u>CONCLUSION</u>

Apple has failed to demonstrate a lack of genuine issues of material fact as to either invalidity or non-infringement.  Apple's motion for summary judgment should be denied.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jeremy A. Tigan*
Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
Jeremy A. Tigan (#5239)
1201 North Market Street
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
rsmith@mnat.com
jtigan@mnat.com

*Attorneys for MobileMedia Ideas LLC*

OF COUNSEL:

Steven M. Bauer
Justin J. Daniels
PROSKAUER ROSE LLP
One International Place
Boston, MA  02110-2600
(617) 526-9600

Kenneth Rubenstein
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY  10036-8299
(212) 969-3000

November 24, 2015
9660788

## CERTIFICATE OF SERVICE

I hereby certify that on November 24, 2015, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on November 24, 2015, upon the following in the manner indicated:

Richard K. Herrmann, Esquire                                  *VIA ELECTRONIC MAIL*
Mary B. Matterer, Esquire
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE  19801
*Attorneys for Apple Inc.*

Tara D. Elliott, Esquire                                      *VIA ELECTRONIC MAIL*
FISH & RICHARDSON P.C.
222 Delaware Avenue, 17th Floor
P.O. Box 1114
Wilmington, DE  19899-1114
*Attorneys for Apple Inc.*

John M. Farrell, Esquire                                      *VIA ELECTRONIC MAIL*
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, CA  94063
*Attorneys for Apple Inc.*

Lauren A. Degnan, Esquire                                     *VIA ELECTRONIC MAIL*
FISH & RICHARDSON P.C.
1425 K Street, NW, 11th Floor
Washington, DC  20005
*Attorneys for Apple Inc.*

Frank E. Scherkenbach, Esquire                                *VIA ELECTRONIC MAIL*
FISH & RICHARDSON P.C.
One Marina Park Drive
Boston, MA  02110
*Attorneys for Apple Inc.*

George A. Riley, Esquire        *VIA ELECTRONIC MAIL*
Luann L. Simmons, Esquire
O'MELVENY & MYERS LLP
Two Embarcadero Center
San Francisco, CA  94111
*Attorneys for Apple Inc.*


Vision Winter, Esquire         *VIA ELECTRONIC MAIL*
Xin-Yi Zhou, Esquire
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA  90071
*Attorneys for Apple Inc.*

            /s/ *Jeremy A. Tigan*
            Jeremy A. Tigan (#5239)